RECEIVED
JAN 2 4 2024
U.S.C.A. 3rd. CIR.

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**Case Number:** _23-3140_

**Case Name:** _Abraham Ituah (Appellant)_
_City of Philadelphia et al. (Appellee)_

### INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. The total number of pages cannot exceed 30. Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

1. **Jurisdiction:** What order(s) of the district court or agency are you appealing?

   District Court Case No 2: 19-CV-5088
   District Court ✓    ✓    17-2562

   What is the date of the order(s)?

   November 6, 2023

   When did you file your notice of appeal or petition for review?

   December 4, 2023

2. **Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

Appellant, Abranam Ituah, a pro se sued the City of Philadelphia and individual City employees, alleging constitutional violations arising from the City's fraudulent sale of the property at 3843 Fairmount Avenue as the court of common pleas records docket 1504T0504 reveals and premeditated demolition of my property at 508 W. Tabor Street shortly after my chapter 13 bankruptcy petition in New York involving a Deputy city solicitor to officially attend a hearing in New York court. The Honorable Judge Pappert with bias dismissed all claims against Defendants responsible for the fraudulent sale of my property with prejudice. No hearing or Jury trial took place as I requested on my complaint. See evidence marked A attached.

It was in effort to recover Fairmont property, I started to filed three (3) different Chapter 13 Bankruptcy petitions. See exhibit A2 attached.

On this my second lawsuit against the city of Philadelphia and the employees. Honorable Judge Pappert attempted to dismiss all claims. I filed appeal when I realized Honorable Judge Pappert was biased about to dismissing my claims against some of the defendants after I was asked to file amended complaint by the court. I immediately filed appeal before the Judge entered the final unfair judgment. After review, the Third Circuit Court of Appeals affirmed and vacated the dismissal of the First Amendment retaliation claim against attorney Pamela Thurmond Deputy city Attorney and Fifth Amendment Takings Clause claim against attorney Brendan Philbin and Joseph Carrol, All Defendants work with the City of Philadelphia and the case was remanded to the U S District Court for retrial. Unfortunately, Honorable Judge Pappert was again assigned to preside over the matter. At the pretrial hearing, I was not in agreement having him preside. He did because there was no other options. Therefore, I requested that Honorable Gerald J. Pappert recuse himself from the case because I felt justice would not be served as the matter was previously decided by him and it was a conflict of interest for him to preside. I then shared my concerns with Honorable Judge Pappert and asked what different result would I expect if he takes up the matter he attempted to dismiss earlier before the three panel of Judges vacated his judgment for retrial. Honorable Judge responded that it wasn't a conflict of interest for him to retrial the case. I said to him, I have no legal right to challenge his expert opinion but I have a reservation to believe it wasn't conflict of interest. I therefore requested for jury trial. Honorable judge explained that the matter can go to jury trial after Defendant motion for summary judgment failed. Honorable Judge Pappert shown no interest to recuse himself. I then asked if there was alternative ways to resolve the matter. Honorable Judge Pappert agreed to arrange for settlement conference to try if we can reached settlement. The settlement conference was unsuccessful as the city Attorneys were unwilling to put the matter to rest especially as I am a pro se litigant. During discovering, the Defendants refused to provide reasonable responses to my interrogatories and production of documents and their counsel responses was that the defendants have absolute immunity not to provide me with their Answers. As a result, no meaningful Answers was received from the Defendants, while I responded to every questions they asked. Because of the constitutional violation. I asked the Court to appoint for me a counsel to address the constitutional violation element and I petition the court to relate my emergency oversea's assignment. I was to return on December 2nd 2023. I received no response to these request. I received no response. On the day I returned, I received a letter from the defendants briefing the court about the trial scheduled set to begin on November 14, 2023. See the letter marked Exhibit B attached. On November 6,

2023 Honorable Judge Pappert surprisingly granted Defendants Motion for summary judgement claiming that "…the movants proves that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Honorable Pappert erred to conclude that there is no genuine dispute and wrote "A mere scintilla of evidence supporting the nonmoving party, however will no suffice" whereas, there were supporting evidence on record that were intentionally omitted. From all indications, Defendants does not deserve summary judgment as the evidence on record shows there is genuine material facts disputed based on the material evidences presented on my responses to Defendants motion for summary judgement and on my answers to Defendants discovery questions shows several disputed material facts, as well as SUR Reply opposing Defendants Motion for Summary Judgment are evidences on record which were previously submitted to oppose granting the summary Judgment for Defendants. See my answers to Defendants discovery questions marked exhibit C attached. For some reasons, Honorable Judge Pappert omitted my relevant evidence on record to grant Defendants motion for summary judgment. I am not sure how Honorable Judge Pappert founds for the Defendants and undermined the material facts disputed that the three panels of Judges of the third circuit court of appeal considered before remanding the matter for retrial.

3. Statement of facts: Explain the facts and events that led to the complaint in the district court or the action before the agency.

It's a fact that my two (2) properties were unlawfully taking by the city of Philadelphia and Philadelphia employees based on fraudulent misrepresentation on record that some individuals are trying to conceal permanently. Honorable Judge Pappert was judicially biased on the decision I appealed. Otherwise, my request for jury trial and counsel should have been granted to avoid judicial misconduct accusations.

My first action alleging fraudulent sale of my constitutional protected property was dismissed with prejudice by Honorable Judge Pappert by discretionally omitted the evidences I submitted on my responses to favor dismissal of my claims with prejudice I believed he was bias to conceal the fraudulent misrepresentation I alleged against the city of Philadelphia and the employees on record. A fair review of the record should establish that there is genuine material facts disputed. For instance, Stavrakis Cynthia, the former city Attorney responded to my motion for redemption and motion to set aside sheriff sale. A sheriff sales that never occurred. Shortly after she resigned from the city of Philadelphia when she knew I filed the first lawsuits with the U. S. District Court. On that action, Honorable Judge Pappert presided and dismissed all my claims against defendants with prejudice. Whereas, there were elements of fraudulent misrepresentation and concealment of material fact disputed. Defendants claimed that the sale of tax default property action started from April 2015 and sold on sheriff sale to Dimitrious Dimopoulos (Greek Citizen) on September 16 2015 without offering me the opportunity to be heard. By October 1 2015, the said buyer's name was changed to read Cool Spaces LLC. On November 5 2015, Jewell Williams of sheriff department transferred the deed to Cool Space LLC. See exhibits D attached that was one of the evidence submitted to the court for review. The Civil Docket Access was fraudulently altered to correct the address to match the address they claimed the services were made as is on the record. See exhibit marked D2 and D3 attached. Under normal circumstances, Honorable Judge Pappert knew, it was impossible to complete sheriff sale of property in 2 weeks after judgment by law. As soon as I knew from city employees that my property was taking or sold I filed chapter 13 bankruptcy petition in effort to redeem the property but I was unsuccessful since I was poorly represented by Attorney I later dismissed his representation for failing to provide effective representation. He however filed a motion with the bankruptcy

court shown as exhibit D4 attached. However, I was hopeful that fair justice would prevail in the court of law one day because the manner the property was taking evidently had fraudulent misrepresentation elements as exhibits Ds shows on the records and identified as docket #1504T0504. According to law "Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons, including "mistake, inadvertence, surprise, or excusable neglect..." Based on this rule I respectfully request the court to vacate the dismissed order entered by and grant me relieve from the final judgment of dismissal entered by Honorable Judge Pappert and remand the matter to be retailed by jury or impartial Judge. Granting a judgment for the Defendants in the pending case will set unfair precedent as the panel of Judges recently noted "to create a special exception would defy our nation's foundational principle that our law applies to all, without regard to numbers, wealth or ranks" I deserve fair justice and want to be compensated at least $750000 for the two (2) properties and incomes unfairly taking from me and financial torture, illnesses, psychological and emotional distress or as the court may deem appropriate. Both incidents violated my constitutional rights to property ownership. Other areas my constitutional were violated are discussed below.

RETALIATION CLAIM

On March 16, 2018, I filed my second bankruptcy in the Southern District of New York. Thurmond was always assigned to handle all bankruptcy petitions. Since I couldn't afford one to redeem the property that was fraudulently sold and expeditiously transferred to Cool Spaces LLC. See exhibit Ds attached. Before the hearing, Thurmond asked me to consent to telephone hearing. I declined her request. On December 11, 2018 the bankruptcy petition was finally terminated because I was unable to fund the trips to New York and I requested the petition discontinued. At the bankruptcy court, Thurmond refunded $11112.54 out of $34500 collected for the sale of the property at 3843 Fairmount Avenue, Philadelphia. Thurmond knew, the court order authorized the refund of the excess money the property was sold. Shortly after the sale of the property. Judge Carpenter on March 23, 2016 entered another judgment on the same matter after denying my motion to redeem the property during unfair trial. At the trial, I asked the Judge for time to obtain an attorney and to review the exhibits presented by the buyer's counsel at the court proceedings and the exhibits to be presented in court was not given to me for inspection before the hearing stated. Meanwhile, the property was already sold on September 16 2015 before the hearing. A copy of the judgment marked exhibit E attached was presented

on my response to show the instruction Judge Carpenter ordered as regard the excess funds. The order reads "shall remit all excess funds to original owner/petitioner ITVAH not Ituah…." In actuality, the said sheriff sale took place on September 2015 before another Judgement was re-entered on March 23, 2016 after unfair proceedings. At all time, Thurmond was the bankruptcy lawyer when I ultimately filed my first chapter 13 bankruptcy petition. Thurmond deliberately refused to refund the excess order by the court and failed to report it the bankruptcy court before the bankruptcy was voluntarily terminated. Thurmond decided to refund $11,112.54 instead of $34,500 to satisfied the judgment after 3 years. The Letter, p. 10, ECF 41-17 referenced by Judge Pappert was not the court order authorizing the refund of the excess funds. Thurmond had the court order as the bankruptcy lawyer but she simply ignored the court order. For the court to reference Defendants Thurmond Decl. at ¶ 15 was unfairly biased. My 3rd bankruptcy was filed on January 6, 2020 in Eastern District of Pennsylvania. (Defs.' SUMF ¶ 27). All in effort to found justice and redeem my property sold. Thurmond occupies 5th floor with other employees that rudely walked me out of the office which I reported to the State inspector General office, city mayor, and paid about $30000 for water bills I wasn't responsible. I continues to receive financial torture in the city of Philadelphia. Additionally, Thurmond filed inaccurate proofs of claims with the bankruptcy court to slim the chance of having my petition approved. Thurmond filed inaccurate debts with the City's Water Revenue Bureau. (Water Debt Proof of Claim 1, ECF 41-19; Water Debt Proof of Claim 2, ECF 41-20). All these activities were supervised by Thurmond as the Deputy city Attorney. Unfortunately Judge Pappert identified the bankruptcy lawyer as 'Another City attorney', Megan Harper, filed the claims as assistant to Thurmond. Thurmond is responsible to file a proof of claim against "Appellant for tax debts, which indicated that the City's claim was secured by Ituah's real estate. (Tax Debt Proof of Claim, ECF 41-21). The proof of claim for tax debt incorporated an exhibit listing Ituah's properties, including his 33 S. 53rd Street property valued at $210,355. (*Id.* at p.8)" Honorable Judge Pappert remark. The actual property value was less than the valued quoted but it was intentionally stated to affect approving my bankruptcy petition. Thurmond as the city Deputy Attorney, filed objections to the my bankruptcy plan that triggered trustee motion for bankruptcy dismissal. Thurmond also connived with my lawyer to collect $10500 legal fees for 9 months legal representation during Covid-19. I filed an objection to the excessive fee requested. At the bankruptcy court hearing Thurmond testified as a witness in favor of my lawyer's to get the the amount approved by bankruptcy judge. Judge Pappert omitted this material fact and commented that Thurmond has no retaliation tendency.

Other few important material facts information justifying Retaliation actions the city of Philadelphia and the employees are subject me to financial dilemmas and causing me illnesses, emotional and psychological harm, since 2019 after my bankruptcy petition failed:

EXHIBITS

A1-Rule Returnable Civil Tax petition were issued to seven (7) of my properties attached

A2-Commercial trash and water bills sent to me for payment on the property the city demolished in 2019.

A3- Real estate tax bill for account 00-001870547 showing charges from 2012 through 2023. Whereas, in 2018-19 properties were sold and money was withheld by the title company to payoff all outstanding bills up to 2019.

A4-My objection to excessive payment requested by my bankruptcy lawyer. Thurmond connived with the lawyer to get unearned service charge of $10500

A5-Letter for payment agreement for delinquent taxes already paid at settlement of the sale of 53rd street property.

A6-unusual account created to defraud. Titled "WRIT OF REVIVAL" five (5) of my properties were affected and stopped me to hardly made settlement.

A7-payment were in appropriately credited. For the year 2022, full tax year payment were made in four (4) properties and wasn't created and tax bills from 2014 continuous to show unpaid. All taxes prior to 2018/19 were supposed not to be part of my bills because they were paid at settlements on 2018/19.

A8-All the payments with held by title company at settlements by Mike Riley which I notified the tax department to confirm has not been received in spite of failed legal action I took so far in Philadelphia. I intend to refile the lawsuit I dismissed in the jurisdiction I currently reside.

A9-creating of miscellaneous accounts on February 5 2019 shortly after my building was demolished and payment was received at settlement on 2019.

A10-Research by title company on 8/27/2020 revealed that most the money paid at settlements were not updated to reflect the payment made. I am still waiting to get responses on these information.

A11-The document shows unpaid bills against my name. All payment made at settlements was supposed to offset the cases referenced. The account was created using absolute immunity to name the collection by Writ of Revival.

A12-other exhibits in support of the fraudulent misrepresentation I alleged and the Exhibits Ds on my brief form parts of my claims.

Respectfully

## DEMOLITION OF 508 W. TABOR ROAD

My second bankruptcy petition filed in New York was terminated on December 11, 2018. See exhibit E as evidence I previously submitted with my response. At this time my bankruptcy protection ended. On December 27, 2018, unknown police officer showed up on my property to pronounced condemnation of the building and asked all the tenants to move out immediately. There was no notice on the building at the time. The tenants in fear called me to asked if I was aware that they have been asked by police officer to leave the property. I asked to speak with the policeman. The policeman said to me on the phone that the property was condemned and hanged up the phone. At this time no inspector or Carroll was on site. I called the L&I office to speak with Carrol. He said to you to me you have 10 days to correct the violations and hanged up. I immediately contacted my home insurance company, Dr. Alex Rong, Ph.D., P.E. AR Engineers Office to conduct the building inspection and Building Contractor to get estimates for repairs on January 2 2019. They both sent me reports and estimates to complete the repairs. See exhibits F, F2 & F3 previously submitted with my response to defendants. Honorable Judge Pappert omitted the material fact and remarked that "L&I inspector Carrol issued a Notice of Violation for Ituah's Tabor Property. (Mot. to Demolish, Ex. A, ECF 41-4)" All these events occurred after the unknown police officer pronounced condemnation of the building. On January 3 2019 Philbin, on behalf of the City, filed a Petition for a Temporary Restraining Order and Preliminary Injunction in the Philadelphia Court of Common Pleas, to allow the City to demolish the Tabor Property. (Tabor Dock. P. 4, ECF 41-3). I filed opposition to demolition immediately on the same day of emergency hearing. At the time of hearing, there were no evidence of obvious building collapse and the building was with active paid rental license as four (4) apartments building and no tenants complained about structural problems. Above all, the hired expert witness with Ph.D in Structural Engineer conducted the building structural inspection and concluded that "the rear 28-feet section of the east wall is in imminent danger of collapse and should be removed and replaced immediately" not demolition. I had a contractor estimate ready to do the repairs and my home insurance was active and the company were notified to pay for the repairs. In effect, all that was needed to immediately correct the violation was ready after January 3 2019 but order was entered to demolished the building by abuse of discretion. The CRS # 181203469 produced for the city as city V. Ituah pages 18 through 24 revealed my cross examination questions regarding the inspector who testified for the city admitted that he had no engineering certificate and the court allowed him to testify as expert witness. See exhibit marked G representing the discuss we testified. I filed appeal

the same day the order was entered, was ignored by Defendants as the judgment was premeditated. Before we entered for hearing, I spoke with Defendant Philbin to give me up to ten (10) days to make the repairs. He bluntly refused and said " it must be demolished. shortly after, the court room was opened to begin hearing. During my cross examination, I asked the City inspector Thomas Rybakowski, if he had engineering certifications. He answered no. Meanwhile he testified as expert to condemn a property as he testified that "…the ground, and the third floor of the structure had been illegally added without a permit" while testifying in the court, I asked him to confirm the number of units in the building. He acknowledged that th eggy were four (4) units. I obtained four (4) units rental license from the city. So the third floor can't be illegal. Rybakowski also presented photos showing the conditions he described and concluded that there was "the potential of a very serious collapse" By Rybakowski admission he had no engineering certificate to form such opinion. See exhibit G previously submitted on record. My expert witness Dr. Alex recommended immediate repairs. As usual, Honorable Judge Pappert agreed with Rybakowsk's claims without an engineering certification and omitted the Ph.D Structural Engineer expert report. The expert inspection was done on January 2 2019, after the city inspection. See copy of the report as evidence previously submitted with my response to defendants on record. The court erred for claiming that there was no evidence on records.

The Court of Common Pleas Judge simply erred by "determining that the structure was imminently dangerous and demolition was appropriate, and entered a temporary restraining order authorizing the City to demolish the property and for the Police Department to remove any occupants" on January 3 2019 based on a testimony offered by city building inspector that had no engineering background and also erred for denying my request to allow me to provide Dr. Alex expert witness report that was to be received after the day of hearing and before 10 days inspector Carrol promised. On January 3 2019 after the hearing, I filed appealed to commonwealth court for review. As a pro se, I understand that appeal filed to the higher court suspends execution of the decision entered at the lower court. Defendants went on to demolished the property two weeks later, thereby undermining the authority of the higher court.

4. Statement of related cases: Have you filed an Appeal or petition for review in this case before? If so, give title of case and docket number.

Abraham Ituah V. City of Philadelphia et Al
District Court case 2:19-CB-05088

District Court case 17-2562

Do you have any case related to this case pending in the district court, in the court of Appeals or before the agency? If so, give title of the case and docket number.

Myrtle Gordon V. City of Philadelphia
District Court case 2:07-CB-05039

**Exceptions to Res Judicata:** The principle of res judicata would not apply if the decree has been obtained by practicing misrepresentation or fraud on the court, or where the proceedings had been taken all together under a special Statute. More so, every finding in the earlier judgment would not operate as res judicata. Therefore, there were no justification for dismissing my claims summarily. On my statement of claims. There were evidence of misrepresentation and fraudulent defends presented by the city of Philadelphia that were evidently on court records showing address changed in the document entries on the court records to mislead the court. Review the court entries from April 22, 2015 through September 16 2015 that my constitutional guaranteed property was illegally sold shown on court case ID 1504T0504. The city of Philadelphia legal team knows that there are no other similar case in the history of selling tax default property in the city of Philadelphia that were expeditiously sold without the owner having the opportunity to appear in the court for hearing. Without a doubt, my guaranteed constitutional right to homeownership were consumed with ignominy. Consequently, I am facing health challenges and financial misery nowadays because of the incident of destroying two of my properties and retaliation from the city of Philadelphia staffs. The city of Philadelphia position in this matter was simply to conceal the factual and material information necessary to do the right thing.

The City's notices should have stated clearly and unequivocally exactly what action the City intended to take and on what date it intended to take such action. By failing to do so, Plaintiff was left to assume from the one notice she did see that she *was* in compliance with the City's order and that, even if she weren't compliant, demolition by the City was only one possible option. The Court concludes that Plaintiff is entitled to judgment in her favor and against Defendants. The Court finds that Plaintiff is not liable for the costs of demolition, and that the City is liable to Plaintiff for the value of the Property on the date she purchased it — $31,421.

## 5. Did the district court or the agency incorrectly decides the facts of your case? Yes. If so, what facts?

The court failed to consider that the violation noted was issued on December 27 2018

(Thursday). On January 3 2019 (2 working days later) a hearing took place. On January 2 2019 the expert witness conducted inspection on the subject property. On January 3 2019 I filed Appeal. On January 11 2019 demolition permit was issued for immediate demolition. No reasonable time was given to repair the violation as required by law. As a result, I filed 42 U.S.C. § 1983 action against the City of Philadelphia and some named employees to request $750000 on my amended complaint as compensation for the property demolished plus other damages suffered against the employees , and City of Philadelphia for violating my constitutional rights starting on September 16 2015 when the City's of Philadelphia fraudulent sold the property and intentional demolition of the property located at 508 W. Tabor Road. Unfortunately, Judge Pappert for no apparent reasons dismissed all the claims against all Defendants and recently granted defendants Motion for summary judgment by intentionally omitting my evidence supporting the disputed material facts on record. I found it very disturbing that Honorable Judge Pappert simply biased to dismissed the claims involving unreasonable demolition of my property by omitting all evidences submitted with the responses I filed to oppose Defendants motions for summary Judgment. Honorable Judge Pappert did so to grant Defendants motion for summary judgment. I like to make it clear as a productive citizen that I worked very hard to acquire the two (2) properties the defendants unreasonably took from me. Although, I am not a lawyer and I cannot afford one to represent my interest on this matter. I have constitutional rights to know the justification of violating my constitutional rights. The truth shall remain the truth, I am not prepared to forgone the two (2) properties unjustifiably taking from without compensation. I acknowledged the power the defendants holds and they simply used it to intimidate, frustrate and made citizens life miserable as many publication has proved.

6. Did the district court or the agency apply the wrong law (either cases or statutes) If so, what law do you want applied?

From all indications, it is evident that Honorable Judge Pappert demonstrated that he had special interest to oppress and terminate my legitimate claims alleging violation of my constitutional rights to property ownership. I filed legal action as a pro se against the city of Philadelphia and the city's employees that had over 250 professional lawyers. Honorable Judge Pappert to state that "…But Ituah's retaliation claim fails because there is no record evidence showing that Thurmond engaged in any alleged retaliation, or a causal link between such retaliation and Ituah's initiation of bankruptcy proceedings" This comment is no doubt biased because it's a known fact that Thurmond is a Deputy City Attorney, she holds a high position in the city of Philadelphia. I compelled her to attend a hearing outside her jurisdiction definitely shocked the city of Philadelphia. The

action the city took to condemn my property was not unexpected. As soon as my bankruptcy protection was over on December 11 2018. The highest violation notice was issued on December 27 3018. No reasonable specific time was mentioned to make the repairs as required by law. I took this bold action to alert the public about the city of Philadelphia unfair treatments of Citizens because they felt we have no right to challenge their "absolute immunity" as the Defendants claims on their answers to my discovery questions. Thurmond was assigned to defend the city case in New York. I refused to allow to be heard on telephone. My refusal to allow telephone hearing caused the city of Philadelphia gave rise to retaliation as Thurmond knew my bankruptcy protection was over. As a result, the city of Philadelphia dishonored for taking the city business outside their jurisdiction. Thurmond and the city of Philadelphia employees doubled their move to demolish Tabor Property perhaps to serve as immediate punishment because they have absolute immunity privileges. The demolition was premeditated considering the circumstances surrounding the demolition. The proximity of the time of the demolition and my bankruptcy dismissal confirmed that the city actions was personal than official decision. Thurmond should have known that the actions of the City government was cruel and unreasonable to demolish my property contrary to the expert witness Dr. Alex recommendations. The court received evidence that my bankruptcy was termination ends bankruptcy protection. Honorable Judge Pappert contended that "The Takings Clause of the Fifth Amendment provides that private property shall not 'be taken for public use, without just compensation.' U.S. Const. amend. V. He also stated that "Ituah does not provide any evidence substantiating the core elements of a Takings Claim" It was disheartening to read that Honorable Judge Pappert stated that I did not provide no evidence substantiating the core elements of takings. The Court simply erred for presenting this facts that only supported Defendants arguments to undermine my (pro se) concerns. I submitted exhibit as evidence on my responses to Defendants Motion for summary judgement for the court consideration. A copy of the evidence previously submitted are attached here for review. The elements of taking was previously noted by third circuit court of appeal which resulted in the 3 panel Judges decision to vacate and remanded the claims for retrial.

7. Are there any other reasons why the district court's judgment or the agency's decision was wrong? If so, briefly state these reasons.

The Third Circuit panel of Judges, affirmed the dismissal but vacated and remanded some of my claims for retrial with respect to the First Amendment retaliation claim against Thurmond and the Fifth Amendment takings claim against Philbin and Carrol. *Ituah v.*

*City of Philadelphia*, No. 21-1213, 2022 WL 4464380, at *5 (3d Cir. Sept. 26, 2022). I filed motion to request that the remanded matter should be trialed by jury as I requested on my complaint filed with U S District Court of Eastern District of Pennsylvania (See exhibit F that I previously submitted) and on another motion I asked the court to appoint for me a counsel to address the constitutional violation like some cases I read in the past. and I also petitioned the court to delay any response to motions filed in the court that would require my response because I was out of the country. On October 23 2023, Defendants filed a letter with the court to outline that "pre trial submission be filed by November 3 2023 with trial schedule to commence November 14 2023" See exhibit A attached. Honorable Judge Pappert prematurely delivered summary judgement on November 6 2023 without given me an opportunity to respond to any of the issues raised on the letter. I expect the Honorable Judge Pappert to honor the schedule all party the action agreed to observe. The First Amendment retaliation claim involves Thurmond when I filed bankruptcy petition in New York, as I discussed above. As to the Fifth Amendment Takings Clause claim, My constitutional rights were violated by Carrol and Philbin for issuing a condemnation notice on the Tabor Property. Thurmond, Philbin and Carrol move for summary judgment on these remaining claims must not be granted as Summary judgment is not proper if there is genuine disputed as to any material fact movant is not entitled to judgment as a matter of law. A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." without a doubt, there is no reasonable citizen in the United State or everywhere else that would agreed that it was alright to sell a citizen property for tax default lien claims of $5468.01 without offering the citizen the opportunity to have a hearing. Like in my first case Honorable Judge Pappert dismissed with prejudice is a case in view. In the same way, no reasonable citizen in United state would agree to demolished active rental building occupied by paying tenants within 2 weeks without any apparent reason than the house was in a state of repairs as reported by Dr. Alex who inspected the building to confirm the state repairs needed. In my view, the action taking by Defendants to demolish a building that had no history of collapse was premeditated. There was no evidence of urgency when the Defendant Philbin filed emergency hearing after two (2) working days when violation notices was issued. The Defendants offered no reasonable time to repair the violations as required by law. Also, my expert witness with Ph.D credentials in PE Engineer, there was a proof of insurance and repair contractor estimate to make the repairs needed to correct the violation. Ironically, Defendants building inspector who testified in the court had no engineering certification but his opinion was considered to demolish a property. See exhibit B previously submitted on court records. "A summary judgment, a court may

consider any material in the record that would be admissible at trial" Omitting these relevant evidence by Honorable Judge Pappert was biased and injustice.

8. What action do you want the court of Appeals to take in this case?

Appellant, respectfully request that the judgments entered by Honorable Judge Gerald J. Pappert is vacated and remand the matter for a trial by jury *not a judicial trial or as the court may deem it appropriate.*

# Government Violations of Civil Rights

People who work for the government hold substantial authority due to their position, but this authority is not unlimited. Government officials and employees generally cannot violate the civil rights of people who interact with them. Someone who has suffered a violation of their civil rights at the hands of a state or local government official can bring a Section 1983 claim. Section 1983 (**42 U.S.C. Section 1983**) is a federal law that allows citizens to sue in certain situations for violations of rights conferred by the U.S. Constitution or federal laws. Section 1983 only provides a right of access to state or federal courts.

_____
Signature

The entire district court record is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

        *Plaintiff,*

   v.

CITY OF PHILADELPHIA, et al.,

        *Defendants.*

CIVIL ACTION

NO. 19-5088

## ORDER

**AND NOW**, this 6th day of November 2023, upon consideration of Defendants' Motion for Summary Judgment, (ECF 41), Ituah's Response, (ECF 42), Defendants' Reply, (ECF 43), and Ituah's Sur-reply, (ECF 46), it is **ORDERED** that Defendants' Motion is **GRANTED** and **JUDGMENT IS ENTERED** in favor of Defendants and against Ituah on all counts.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

## IN THE UNITED STATES DISTICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah

   **Plaintiff**   )
        )
   **V.**    )
        )
City of Philadelphia, et al  )
        )
   **Defendants**  )

           **CIVIL ACTION**
           **NO. 19-05088**

———————————————— )

## AMENDED COMPLAINT

Plaintiff, Abraham Ituah brings this action for damages against Defendants, the city of Philadelphia and the employees violated plaintiff constitutional rights pursuant to 42 U.S. Code § 1983.Civil actions for deprivation of rights, in support hereof Plaintiff respectfully show unto the court the following facts:

1. Plaintiff, Abraham Ituah is a residence of the states of New York and Pennsylvania whose addresses are 92 Robinson Avenue, Newburgh NY 12550 and 419 W. Godfrey Avenue, Philadelphia, PA 19120.

2. Defendants, City of Philadelphia, James Zwolak, Brenda J. Philbin, Joseph Carrol, Pamela Elchert Thurmond, Carmen Sanchez, Rosyln Speller, John Doe 1 and John Doe 2 Police officers, all are employees of the city. Their addresses are 1515 Arch Street, Philadelphia PA 19143 and 1401 JFK Blvd, 5th and 11th floor Philadelphia PA 19102.

3. Plaintiff, Abraham Ituah, alleges that Defendant, James Zwolak Esquire is the head of Tax default unit was the legal cause of damages to plaintiff. By the following acts or omission to act, defendant caused the damages to plaintiff for intentionally discriminating against plaintiff based on Race and National origin for refusing to honor plaintiff invitation to discuss the illegal sale of the property as recommended by the state inspector general's office. Mr Zwolak

was intentionally not willing to return the property. He passed on the tradition of humiliation and Carmen Sanchez the account analyst continues to manipulate and inaccurately compute the tax amounts. The tax office doubled the 3 properties that were physically assessed to cause me financial problem. Ms. Sanchez Carmen intentionally prepared payment agreements a property the tax was fully paid. She used up the down payments made to protect some of the property from tax default to payoff accumulated interest and penalty without reductions on the principal amounts of the tax bills. The account on liens and claims are paid without updates. More taxes are collected again when the property are sold. The unfair experience caused plaintiff to file bankruptcy.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the amount of $250000 in the compensatory damages for intentionally violating Plaintiff constitutional rights to private property, which was sold under his supervision and punitive damages as the court may consider appropriate.

Respectfully Submitted,

PLAINTIFF

Date____10/6/2020____

4. Plaintiff, Abraham Ituah alleges that defendants, Joseph Carrol and Brenda J. Philbin Esquire action was the legal cause of damages to plaintiff. By the following acts or omission to act. Defendants intentionally caused the damages to plaintiff on December 2018 shortly after plaintiff bankruptcy was dismissed on November 2018. John Doe 1, showed up at my building declaring it condemned and asked the 4 tenants to vacate the building immediately. At this time no violation was on record and the rental license was active. Mr. Joseph Carrol a building code supervisor who once worked plaintiff out of the office for unknown reason issue condemnation notice on December 27 2018. Mr. Brenda Philbin Esquire called plaintiff on the phone and the phone dropped. He gets offended and filed an action to demolish the

property on January 3 2019. On January 2, 2019, I hired Ph.D structural

Engineer who contended that it was a fixable damage and Plaintiff pleaded

for time to correct the problem but Mr. Philbin would not accept my pleading

and pressed to obtain judgment to demolish. Plaintiff immediately filed

appeal on January 3 2019. Mr. Philbin would not stop the process and the

building was demolished in 2 weeks.  Since the income property my life have

never be the same again. Plaintiff has been experiencing several illnesses and

sleepless nights and constantly having headache. Pains, depressions,

restlessness and lost of monthly income of $2100 from the property that was

demolished. The loss of income placed Plaintiff in a serious psychological and

mental distress to extent I am currently placed on 10mg of Fluoxetine

capsules as medication.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the

amount of $500000 in the compensatory damages for negligently and

intentionally violating Plaintiff constitutional rights to property ownership and

punitive damages, as the court may consider appropriate.

Respectfully Submitted,

PLAINTIFF

Date___10/8/2020___

5. Plaintiff Abraham Ituah, alleges that defendant Pamela E. Thurmond was the
   legal cause of damages to Plaintiff. By the following act or omission to act.
   Defendant intentionally retaliated because I filed bankruptcy in New York
   State and she was compared to personally attend all hearings because
   Plaintiff declined to have a telephone hearing. As soon as the New York State
   bankruptcy was dismissed.  She engineered inaccurate bills collections and
   encouraged the licensing units to demolish Plaintiff building. All payments
   received from escrow after settlements were not updated and the city
   continues to create bills and claims already paid.  She recently pressed the
   bankruptcy court to dismiss Plaintiff bankruptcy filed on January 6 2020

based on inaccurate personal income tax claims that the city generated from 2005 through 2020 at the time plaintiff was not a residence of Philadelphia. She intentionally presented to the bankruptcy court the assessed value of 33 S 53RD Street, Philadelphia for $210,000 to deceive the bankruptcy Trustee and it was impossible for Plaintiff to negotiate a reduced payoff with the creditor. The property at 3843 Fairmount Avenue was sold for $34500. She refunded $11, 112.54 on August 2018 contrary to court order issued on 2015. No explanation was given for the reduce payment.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the amount of $250000 in the compensatory damages for Retaliations and violating Plaintiff constitutional rights to sue under Diversity of citizenship and any other relief the court may consider appropriate.

Respectfully Submitted,

PLAINTIFF

Date __10/8/2020__

6. Plaintiff, Abraham Ituah, alleges that defendant Rosyln Speller was the legal cause of damages to Plaintiff. By the following act or omission to act. Defendant intentionally caused damages of $30,000 water bills to Plaintiff by simply refusing to stop the accounts at 5229 Germantown avenue building that was declared vacant by the city. In spite of plaintiff official request 3 times to stop the account. She intentionally refused and said 'I don't care someone must pay for it' she kept the water wasting until when the property was sold. Plaintiff was forced to pay the $30000 owed on the account. Her action was a retaliation of the lawsuit Plaintiff filed against the city.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the amount of $25000 in the compensatory damages for intentionally causing water wastage and violating plaintiff constitutional rights and other relief the court may consider appropriate.

Respectfully Submitted,

**PLAINTIFF**

Date _10/ 8/ 20 20_

7. Plaintiff, Abraham Ituah, alleges that defendant Police Department and John
Doe 2 was the legal cause of damages to Plaintiff. By the following act or
omission to act. Defendant intentionally caused damages of the Mercedes
Benz ML 320 Truck worth $15000 was towed from Plaintiff private property
without prior notices of violations. Plaintiff, have never heard before that the
police have the power to impound a vehicle without prior violations. The
event occurred shortly after plaintiff filed actions against the city of
Philadelphia.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the
amount of $20000 in the compensatory damages for violating my constitutional
rights and other relief the court may consider appropriate.

Respectfully Submitted,

**PLAINTIFF**

Date _10/ 8/ 2020_

8. As additional damages against defendant Plaintiff, Abraham Ituah, alleges
defendant the city of Philadelphia and employees mentioned above were
guilty of malice and oppression as defined in civil code section 3294-3296
and plaintiff should recover, in addition to actual damages.

**WHEREFORE,** Plaintiff hereby demands judgment of and from defendant in the
amount of $350000 in the compensatory damages for negligently violating
Plaintiff constitutional rights and punitive damages the court may consider
appropriate.

Respectfully Submitted,

**PLAINTIFF**

Date _10/ 8/ 2020_

**WHEREFORE,** the actions of the Defendants 3 through 8 reveals that Plaintiff constitutional rights were intentionally and negligently violated pursuant to 42 U.S. Code § 1983.Civil actions for deprivation of rights. Other evidences shows that plaintiff was discriminated against based on Race and National origin as James Zwolak and his subordinate demonstrated. The most serious discrimination and constitutional rights violation occurred when plaintiff income property was demolished causing Plaintiff to lost monthly income of $2100 and the 5 properties sold proceeds are paid to the city of Philadelphia to pay the excessive tax claims created bankrupt Plaintiff. Plaintiff, hereby pray that this court stop the city from collecting the charges of the cost of demolition, because the demolition was abuse of power especially as the structural engineer never suggested demolition. Plaintiff also requests that the city stopped the the city from collecting personal income tax of $22000 created from 2005 through 2020 tax years. Plaintiff was not a Philadelphia residence at the time the accounts were created. These amendments were necessary for the just and equitable pursuit of and trial of this action.

Respectfully Submitted,

PLAINTIFF

Date_____10/8/ 2020_____

# IN THE UNITED STATES DISTICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah )

      Plaintiff )

             )          CIVIL ACTION

      V. )          NO. 19-05088

             )

City of Philadelphia, et al )

             )

      Defendants )

_____ )

## CERTIFICATE OF SERVICE

I. Abraham Ituah hereby certify that service upon all interested parties, listed below, was

made by sending a true and correct copy of **Plaintiff Amended Complaint** filed by

Plaintiff in the above captioned civil Action by first class mail

on_____.

Abraham Ituah

92 Robinson Avenue

Newburgh, NY 12550

James Zwolak, Esquire

1515 Arch Street,
Philadelphia PA 19143

Pamela Elchert Thurmond
1401 JFK Blvd, 5th and 11th floor
Philadelphia PA 19102.

# IN THE UNITED STATES DISTICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah                    )

    Plaintiff                    )
                                 )                    CIVIL ACTION
    V.                           )                    NO. 19-05088
                                 )
City of Philadelphia, et al      )
                                 )
    Defendants                   )

_____ )


## ORDER

**AND NOW, this        day of                    , 2020, upon consideration of**

**Plaintiff, Abraham Ituah Amended Complaint, it is hereby ORDERED that the**

**Judgment of $_____is granted.**


## BY THE COURT:

**GERALD J. PAPPERT**

**U.S. District Judge**

Carmen Sanchez

1401 JFK Blvd, 5th floor

Philadelphia PA 19102.


Brenda J. Philbin

1401 JFK Blvd, 11th floor

Philadelphia PA 19102.

Joseph Carrol

1401 JFK Blvd, 11th floor

Philadelphia PA 19102.

 Rosyln Speller

1401 JFK Blvd, 5th floor

Philadelphia PA 19102.


 John Doe 1

John Doe 2 Police officers,

1515 Arch Street,

Philadelphia PA 19143


By: _____10/8/2020_____   Sign _____

# IN THE UNITED STATES DISTICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

|                                  |     |                              |
|----------------------------------|-----|------------------------------|
| Abraham Ituah                    | )   |                              |
| Plaintiff                        | )   | CIVIL ACTION                 |
|                                  | )   | NO. 19-05088                 |
| V.                               | )   |                              |
|                                  | )   |                              |
| City of Philadelphia, et al      | )   |                              |
|                                  | )   |                              |
| Defendants                       | )   |                              |
|                                  | )   |                              |

## ORDER

AND NOW, this          day of                    , 2020, upon consideration of

Plaintiff, Abraham Ituah Amended Complaint, it is hereby ORDERED that the

Judgment of $_____is granted.

## BY THE COURT:

### GERALD J. PAPPERT

### U.S. District Judge

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:19-cv-05088-GJP
## Internal Use Only

| | |
|---|---|
| ITUAH v. CITY OF PHILADELPHIA et al | Date Filed: 10/30/2019 |
| Assigned to: HONORABLE GERALD J. PAPPERT | Date Terminated: 11/06/2023 |
| all others Case: 2:16-cv-05772-GJP | Jury Demand: Plaintiff |
| Case in other court: THIRD CIRCUIT, 21-01213 | Nature of Suit: 440 Civil Rights: Other |
|        US COURT OF APPEALS, 23-03140 | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**ABRAHAM ITUAH**       represented by **ABRAHAM ITUAH**
419 W. GODFREY AVENUE
PHILADELPHIA, PA 19120
Email: aituah@aol.com
*PRO SE*

V.

**Defendant**

**CITY OF PHILADELPHIA**       represented by **MICHAEL WU-KUNG PFAUTZ**
CITY OF PHILADELPHIA LAW
DEPARTMENT
1515 ARCH STREET, 15TH FLOOR
PHILADELPHIA, PA 19102
215-683-5233
Email: michael.pfautz@phila.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES ZWOLAK**       represented by **MICHAEL WU-KUNG PFAUTZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRENDAN J. PHILBIN**       represented by **MICHAEL WU-KUNG PFAUTZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH CARROL**       represented by **MICHAEL WU-KUNG PFAUTZ**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ZACHARY STRASSBURGER**                    represented by  **MICHAEL WU-KUNG PFAUTZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CARMEN SANCHEZ**                    represented by  **MICHAEL WU-KUNG PFAUTZ**
*TAX ANALYST II*                                      (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROSLYN SPELLE**                    represented by  **MICHAEL WU-KUNG PFAUTZ**
*/ - REV. COLLECTION SUPERVISOR*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**POLICE DEPARTMENT**                    represented by  **MICHAEL WU-KUNG PFAUTZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pamela Thurmond**                    represented by  **MICHAEL WU-KUNG PFAUTZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2019 | 1 | COMPLAINT against JOSEPH CARROL, CITY OF PHILADELPHIA, BRENDAN J. PHILBIN, POLICE DEPARTMENT, CARMEN SANCHEZ, ROSLYN SPELLE, ZACHARY STRASSBURGER, JAMES ZWOLAK ( Filing fee $400.00 receipt number PPE206041.), filed by ABRAHAM ITUAH. (Attachments: # 1 Civil Cover Sheets)(kw, ) (Entered: 10/31/2019) |
| 10/30/2019 | | DEMAND for Trial by Jury by PRO SE PLFF ABRAHAM ITUAH. (kw, ) (Entered: 10/31/2019) |
| 10/30/2019 | | (8) Summons Issued as to JOSEPH CARROL, CITY OF PHILADELPHIA, BRENDAN J. PHILBIN, POLICE DEPARTMENT, CARMEN SANCHEZ, ROSLYN SPELLE, ZACHARY STRASSBURGER, JAMES ZWOLAK. Forwarded To: pro se plff on 10/31/19. (kw, ) (Entered: 10/31/2019) |
| 10/30/2019 | 🔒 | (Court only) ***Set Flag STANDARD CASE MANAGEMENT TRACK (kw, ) (Entered: 10/31/2019) |
| 10/30/2019 | 2 | PRO SE NOTICE RE:GUIDELINES. Mailed to pro se plff on 10/31/19. (kw, ) (Entered: 10/31/2019) |

| 11/20/2019 | 3 | 1 SUMMONS Returned Executed by ABRAHAM ITUAH re: MOLLY WALSH served Summons and Complaint upon CITY OF PHILADELPHIA by PERSONAL. CITY OF PHILADELPHIA served on 11/15/2019, answer due 12/6/2019. (amas) (Entered: 11/21/2019) |
|---|---|---|
| 12/03/2019 | 4 | NOTICE of Appearance by MICHAEL WU-KUNG PFAUTZ on behalf of JOSEPH CARROL, CITY OF PHILADELPHIA, BRENDAN J. PHILBIN, POLICE DEPARTMENT, CARMEN SANCHEZ, ROSLYN SPELLE, ZACHARY STRASSBURGER, JAMES ZWOLAK (PFAUTZ, MICHAEL) (Entered: 12/03/2019) |
| 12/06/2019 | 5 | First MOTION to Dismiss *for Lack of Jurisdiction and Failure to State a Claim* filed by JOSEPH CARROL, CITY OF PHILADELPHIA, BRENDAN J. PHILBIN, POLICE DEPARTMENT, CARMEN SANCHEZ, ROSLYN SPELLE, ZACHARY STRASSBURGER, JAMES ZWOLAK.with Proposed Order, Memorandum of Law, and Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(PFAUTZ, MICHAEL) (Entered: 12/06/2019) |
| 02/05/2020 | 6 | ORDER THAT PLAINTIFF SHALL RESPOND TO DEFENDANTS' MOTION TO DISMISS ON OR BEFORE 3/2/2020. SIGNED BY HONORABLE GERALD J. PAPPERT ON 2/5/20. 2/6/20 ENTERED AND COPIES MAILED TO PRO SE AND E-MAILED.(mbh, ) (Entered: 02/06/2020) |
| 03/02/2020 | 7 | PLAINTIFF'S RESPONSE TO THE CITY OF PHILADELPHIA MOTION TO DISMISS, FILED BY ABRAHAM ITUAH. (NO ENVELOPE ATTACHED)(amas) (Entered: 03/03/2020) |
| 03/26/2020 | 8 | MEMORANDUM. SIGNED BY HONORABLE GERALD J. PAPPERT ON 3/26/20. 3/26/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 03/26/2020) |
| 03/26/2020 | 9 | MEMORANDUM ORDER THAT DEFENDANTS' MOTION TO DISMISS IS GRANTED. ITUAH'S DUE-PROCESS CLAIM IS DISMISSED WITH PREJUDICE. ALL REMAINING CLAIMS ARE DISMISSED WITHOUT PREJUDICE. ITUAH MAY AMEND HIS COMPLAINT ON OR BEFORE 5/1/20.SIGNED BY HONORABLE GERALD J. PAPPERT ON 3/26/20. 3/26/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 03/26/2020) |
| 03/26/2020 | 🔒 | (Court only) ***Set/Reset Deadlines: AMENDED PLEADINGS DUE BY 5/1/2020. (amas, ) (Entered: 03/26/2020) |
| 06/23/2020 | 10 | ORDER THAT PLAINTIFF MAY AMEND HIS COMPLAINT ON OR BEFORE 7/24/20, OR HIS CASE MAY BE DISMISSED FOR FAILURE TO PROSECUTE. SIGNED BY HONORABLE GERALD J. PAPPERT ON 6/23/20. 6/23/20 ENTERED AND COPIES TO BE MAILED TO PRO SE BY CHAMBERS; E-MAILED.(amas, ) (Entered: 06/23/2020) |
| 06/24/2020 | | DOC. NOS. 8 AND 9 MAILED TO PRO SE 6/24/20. (amas, ) (Entered: 06/24/2020) |
| 09/02/2020 | 11 | ORDER THAT PLAINTIFF ABRAHAM ITUAH MAY AMEND HIS COMPLAINT ON OR BEFORE 10/9/20. SIGNED BY HONORABLE GERALD J. PAPPERT ON 9/2/20. 9/2/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 09/02/2020) |
| 09/02/2020 | | PLEADING #10, #11 MAILED TO PRO SE (JL ) (Entered: 09/02/2020) |

| 10/08/2020 | 12 | AMENDED COMPLAINT WITH CERTIFICATE OF SERVICE against CITY OF PHILADELPHIA, filed by ABRAHAM ITUAH.(jaa, ) (Entered: 10/13/2020) |
| 10/20/2020 | 13 | AFFIDAVIT of Service by ABRAHAM ITUAH (JL ) (Entered: 10/21/2020) |
| 10/27/2020 | 14 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by JOSEPH CARROL, CITY OF PHILADELPHIA, BRENDAN J. PHILBIN, POLICE DEPARTMENT, CARMEN SANCHEZ, ROSLYN SPELLE, ZACHARY STRASSBURGER, JAMES ZWOLAK.with Proposed Order, Memorandum of Law, and Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(PFAUTZ, MICHAEL) (Entered: 10/27/2020) |
| 11/17/2020 | 15 | ORDER THAT PLAINTIFF ABRAHAM ITUAH SHALL RESPOND TO DEFENDANTS' MOTION TO DISMISS ON OR BEFORE 11/30/20. SIGNED BY HONORABLE GERALD J. PAPPERT ON 11/17/20. 11/17/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 11/17/2020) |
| 11/17/2020 | | MAILED OUT ORDER ENTRY #15 TO PLAINTIFF ON 11/16/20. (jaa, ) (Entered: 11/17/2020) |
| 12/01/2020 | 16 | PLAINTIFF'S RESPONSE TO THE CITY OF PHILADELPHIA MOTION TO DISMISS AMENDED COMPLAINT, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. (NO ENVELOPE ATTACHED) (Attachments: # 1 Exhibit, # 2 Exhibit)(amas, ) (Entered: 12/02/2020) |
| 12/29/2020 | 17 | MEMORANDUM. SIGNED BY HONORABLE GERALD J. PAPPERT ON 12/29/20. 12/29/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 12/29/2020) |
| 12/29/2020 | 18 | MEMORANDUM ORDER THAT DEFENDANTS' MOTION TO DISMISS (DOC. NO. 14 ) IS GRANTED AS OUTLINED HEREIN. ITUAH MAY AMEND HIS AMENDED COMPLAINT ON OR BEFORE 2/1/21. SIGNED BY HONORABLE GERALD J. PAPPERT ON 12/29/20. 12/29/20 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas, ) (Entered: 12/29/2020) |
| 12/29/2020 | | COPY OF DOC. NOS. 17 AND 18 HAVE BEEN MAILED TO PRO SE, ITUAH. (bw, ) (Entered: 12/29/2020) |
| 01/22/2021 | 19 | NOTICE OF APPEAL as to 18 Order (Memorandum and/or Opinion), by ABRAHAM ITUAH. RETURNED INTIAL PAYMENT DUE TO NOT RIGHT AMOUNT. LETTER WAS SENT TO PLAINTIFF SAYING THE CORRECT FEE FOR NOTICE OF APPEAL. Copies to Judge, Clerk USCA, Appeals Clerk and (jaa, ) (Entered: 02/04/2021) |
| 02/04/2021 | 20 | NOTICE of Docketing Record on Appeal from USCA re 19 Notice of Appeal, filed by ABRAHAM ITUAH. USCA Case Number 21-1213 (ke, ) (Entered: 02/04/2021) |
| 03/16/2021 | | Filing fee: $ 505, receipt number PPE225358 (sbt, ) (Entered: 03/17/2021) |
| 03/19/2021 | 21 | Letter dated 2/16/21 by ABRAHAM ITUAH (sbt, ) (Entered: 03/19/2021) |
| 03/19/2021 | 22 | Letter dated 3/19/21 Re: Status Update (Attachments: # 1 Docket Entries)(sbt, ) (Entered: 03/19/2021) |
| 11/28/2022 | 23 | USCA MANDATE AS TO 19 , NOTICE OF APPEAL, FILED BY ABRAHAM ITUAH, THAT THE JUDGMENT OF THE DISTRICT COURT ENTERED 12/29/20, BE AND THE SAME IS HEREBY AFFIRMED IN PART, VACATED IN PART, AND THIS MATTER IS REMANDED FOR FURTHER PROCEEDINGS. |

| | | |
|---|---|---|
| | | EACH SIDE TO BEAR ITS OWN COSTS. ALL OF THE ABOVE IN ACCORDANCE WITH THE OPINION OF THIS COURT. (Attachments: # 1 OPINION)(amas) (Entered: 11/28/2022) |
| 12/05/2022 | 24 | ORDER THAT THE DEFENDANTS SHALL FILE A RESPONSE TO THE AMENDED COMPLAINT ON OR BEFORE 12/19/22. SIGNED BY HONORABLE GERALD J. PAPPERT ON 12/5/22. 12/5/22 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas) (Entered: 12/05/2022) |
| 12/06/2022 | | DOC. NO. 24 MAILED TO PRO SE ON 12/6/22. (amas) (Entered: 12/06/2022) |
| 12/19/2022 | 25 | ANSWER to Complaint together with to Amended Complaint *with Certificate of Service* by JOSEPH CARROL, BRENDAN J. PHILBIN, Pamela Thurmond. (PFAUTZ, MICHAEL) (Entered: 12/19/2022) |
| 01/11/2023 | 26 | ORDER THAT A PRETRIAL CONFERENCE WILL BE HELD ON 2/7/2023, AT 11:00 AM, IN COURTROOM 11A. THE CLERK OF COURT IS DIRECTED TO AMEND THE DOCKET TO REFLECT PLAINTIFF'S CURRENT MAILING ADDRESS AS OUTLINED HEREIN. SIGNED BY HONORABLE GERALD J. PAPPERT ON 1/11/23. 1/11/23 ENTERED AND COPIES NOT MAILED TO PRO SE; E-MAILED.(amas) (Entered: 01/11/2023) |
| 01/12/2023 | | DOC. 26 MAILED TO PRO SE. (sg) (Entered: 01/12/2023) |
| 01/20/2023 | 27 | REQUEST FOR DATE CHANGE, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. (amas) (Entered: 01/23/2023) |
| 01/23/2023 | 28 | ORDER THAT THE REQUEST IS GRANTED AND THE PRETRIAL CONFERENCE PREVIOUSLY SCHEDULED FOR 2/7/23 HAS BEEN RESCHEDULED TO 4/3/2023, AT 11:00 AM, IN COURTROOM 11A, BEFORE HONORABLE GERALD J. PAPPERT, ETC. SIGNED BY HONORABLE GERALD J. PAPPERT ON 1/23/23. 1/23/23 ENTERED AND COPIES E-MAILED.(amas) (Entered: 01/23/2023) |
| 03/23/2023 | 29 | PLAINTIFFS INITIAL DISCOVERY DISCLOSURE, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH.(amas) (Entered: 03/24/2023) |
| 03/29/2023 | 30 | Discovery Plan by JOSEPH CARROL, BRENDAN J. PHILBIN.(PFAUTZ, MICHAEL) (Entered: 03/29/2023) |
| 04/03/2023 | 🔒 31 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A. Re: A Pretrial Conference was held on 4/3/23. Court Reporter: ESR. (fdc) (Entered: 04/03/2023) |
| 04/03/2023 | 32 | (VACATED PER ORDER NO 47 ) SCHEDULING ORDER. ORDER THAT THE CASE IS REFERRED TO MAGISTRATE JUDGE ELIZABETH HEY FOR SETTLEMENT. A FINAL PRETRIAL CONFERENCE IS SET FOR 11/9/23 AT 9:30 AM IN COURTROOM 11A BEFORE HONORABLE GERALD J. PAPPERT. FACT DISCOVERY IS DUE BY 8/1/23; EXPERT DISCOVERY IS DUE BY 8/29/23. MOTIONS IN LIMINE DUE BY 10/24/23. ALL MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS ARE DUE BY 9/12/23. PLAINTIFF PRETRIAL MEMO DUE BY 11/3/23. DEFENDANT PRETRIAL MEMO DUE BY 11/3/23. A THREE (3) DAY TRIAL IS SET FOR 11/14/23 AT 9:30 AM IN COURTROOM 11A BEFORE HONORABLE GERALD J. PAPPERT. SIGNED BY HONORABLE GERALD J. PAPPERT ON 4/3/23. 4/3/23 ENTERED & E-MAILED.(fdc) Modified on 10/25/2023 (amas). (Entered: 04/03/2023) |
| 04/03/2023 | 33 | Proposed Jury Instructions by ABRAHAM ITUAH. (fdc) (Entered: 04/04/2023) |

| 04/04/2023 | 34 | NOTICE of Policies and Procedures for U.S. Magistrate Judge Elizabeth T. Hey. (fdc) (Entered: 04/04/2023) |
|---|---|---|
| 04/13/2023 | 🔒 | (Court only) ***Set/Clear Flags Set Flag MJ-Settlement (fdc) (Entered: 04/13/2023) |
| 04/19/2023 | 35 | PLAINTIFFS REQUEST FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO DEFENDANTS FOR RESPONSE, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. (amas) (Entered: 04/20/2023) |
| 05/03/2023 | 36 | RESPONSE TO INTERROGATORIES, FILED BY ABRAHAM ITUAH. (amas) (Entered: 05/04/2023) |
| 05/12/2023 | 37 | ORDER THAT A SETTLEMENT CONFERENCE WILL BE HELD ON 7/12/2023, AT 1:30 PM, BEFORE MAGISTRATE JUDGE ELIZABETH T. HEY, ETC. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 5/12/23. 5/12/23 ENTERED AND COPIES E-MAILED.(amas) (Entered: 05/12/2023) |
| 07/10/2023 | 38 | ORDER THAT SETTLEMENT CONFERENCE PREVIOUSLY SCHEDULED ON WEDNESDAY, JULY 12, 2023, AT 1:30 P.M. HAS BEEN RESCHEDULED AND WILL NOW TAKE PLACE ON MONDAY, JULY 24 AT 1:30 P.M. BEFORE MAGISTRATE JUDGE ELIZABETH T. HEY, ETC. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 7/10/23. 7/10/23 ENTERED AND COPIES E-MAILED.(amas) (Entered: 07/10/2023) |
| 07/26/2023 | 🔒 39 | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEYin Courtroom 3-I Settlement Conference held on 7/24/23. (amas) (Entered: 07/26/2023) |
| 07/31/2023 | 40 | REQUEST FOR A JURY TRIAL, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. (amas) (Entered: 08/01/2023) |
| 09/12/2023 | 41 | MOTION for Summary Judgment filed by JOSEPH CARROL, BRENDAN J. PHILBIN, Pamela Thurmond.Memorandum of Law. (Attachments: # 1 Exhibit 1-Pfautz Declaration, # 2 Exhibit 2-Fairmount Docket, # 3 Exhibit 3-Tabor Docket, # 4 Exhibit 4-City Demo Motion, # 5 Exhibit 5-Ituah Demo Opposition, # 6 Exhibit 6-Hearing Transcript, # 7 Exhibit 7-Hearing Photos, # 8 Exhibit 8-Demolition Order, # 9 Exhibit 9-Ituah NOA, # 10 Exhibit 10-1925 Opinion, # 11 Exhibit 11-CW Ct Docket, # 12 Exhibit 12-SCOPA Docket, # 13 Exhibit 13-Rybakowski Affidavit, # 14 Exhibit 14-Ituah Interrogatory Answers, # 15 Exhibit 15-Thurmond Declaration, # 16 Exhibit 16-2018 NY Bkrtcy Docket, # 17 Exhibit 17-Check Letter, # 18 Exhibit 18-2020 PA Bkrtcy Docket, # 19 Exhibit 19-Water PoC1, # 20 Exhibit 20-Water PoC2, # 21 Exhibit 21-Tax PoC, # 22 Exhibit 22-City Objection, # 23 Exhibit 23-Trustee MTD, # 24 Statement of Material Facts, # 25 Text of Proposed Order, # 26 Certificate of Service)(PFAUTZ, MICHAEL) (Entered: 09/12/2023) |
| 10/02/2023 | 42 | PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. (amas) (Entered: 10/03/2023) |
| 10/10/2023 | 43 | REPLY to Response to Motion re 41 MOTION for Summary Judgment *with Certificate of Service* filed by JOSEPH CARROL, BRENDAN J. PHILBIN, Pamela Thurmond. (PFAUTZ, MICHAEL) (Entered: 10/10/2023) |
| 10/17/2023 | 44 | PLAINTIFF'S MOTION TO FILE A SUR-REPLY, FILED BY ABRAHAM ITUAH.(FORWARDED FROM CHAMBERS)(amas) (Entered: 10/17/2023) |

| | | |
|---|---|---|
| 10/17/2023 | [45] | ORDER THAT PLAINTIFFS MOTION TO FILE A SUR-REPLY (DOC. NO. 44) IS GRANTED AND THE SUR-REPLY IS DEEMED FILED AS OF TODAY. SIGNED BY HONORABLE GERALD J. PAPPERT ON 10/17/23.10/18/23 ENTERED AND COPIE E-MAILED.(amas) (Entered: 10/18/2023) |
| 10/17/2023 | [46] | PLAINTIFF SUR-REPLY TO DEFENDANTS REPLY IN SUPPORT OF PLAINTIFF OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, FILED BY ABRAHAM ITUAH. (amas) (Entered: 10/18/2023) |
| 10/24/2023 | [47] | ORDER THAT THE COURTS APRIL 3 SCHEDULING ORDER (ECF32) IS VACATED. THE COURT WILL CONDUCT A STATUS CONFERENCE AND IMPLEMENT A FINAL PRETRIAL CONFERENCE AND TRIAL SCHEDULE, IF NECESSARY, AFTER RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT. SIGNED BY HONORABLE GERALD J. PAPPERT ON 10/24/23. 10/25/23 ENTERED AND COPIES E-MAILED.(amas) (Entered: 10/25/2023) |
| 10/24/2023 | 🔒 | (Court only) ***Deadlines terminated. (amas) (Entered: 10/25/2023) |
| 11/06/2023 | [48] | MEMORANDUM AND OPINION. SIGNED BY HONORABLE GERALD J. PAPPERT ON 11/6/23. 11/6/23 ENTERED & E-MAILED.(fdc) (Entered: 11/06/2023) |
| 11/06/2023 | [49] | MEMORANDUM AND ORDER THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT 41 IS GRANTED AND JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AND AGAINST ITUAH ON ALL COUNTS. THE CLERK OF COURT SHALL MARK THIS CASE CLOSED. SIGNED BY HONORABLE GERALD J. PAPPERT ON 11/6/23. 11/6/23 ENTERED & E-MAILED.(fdc) (Entered: 11/06/2023) |
| 11/06/2023 | 🔒 | (Court only) ***Civil Case Terminated. (fdc) (Entered: 11/06/2023) |
| 12/04/2023 | [50] | NOTICE OF APPEAL by ABRAHAM ITUAH. Copies to Judge, Clerk USCA, Appeals Clerk. (FEE NOT PAID, NO IFP FILED) (DOCUMENT FORWARDED FROM JUDGE'S CHAMBERS)(amas) (Entered: 12/04/2023) |
| 12/04/2023 | [51] | NOTICE OF APPEAL, WITH CERTIFICATE OF SERVICE, FILED BY ABRAHAM ITUAH. Copies to Judge, Clerk USCA, Appeals Clerk. (FEE NOT PAID, NO IFP FILED) (amas) (Entered: 12/05/2023) |
| 12/05/2023 | [52] | NOTICE of Docketing Record on Appeal from USCA re 51 Notice of Appeal filed by ABRAHAM ITUAH. USCA Case Number 23-3140 (amas) (Entered: 12/06/2023) |
| 12/15/2023 | [53] | USCA Appeal Fees received $ 605 receipt number 20015691 re 50 Notice of Appeal filed by ABRAHAM ITUAH (rf, ) (Entered: 12/15/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

                *Plaintiff,*

    v.

CITY OF PHILADELPHIA, et al.,

                *Defendants.*

CIVIL ACTION

NO. 19-5088

**Pappert, J.**                                **November 6, 2023**

## <u>MEMORANDUM</u>

Abraham Ituah, acting *pro se*, sued the City of Philadelphia and individual City employees, alleging various constitutional violations arising from the City's sale of his property at 3843 Fairmount Avenue (the "Fairmount Property") and the demolition of his property at 508 W. Tabor Street (the "Tabor Property"). The Court previously dismissed all claims.

The Third Circuit Court of Appeals affirmed the dismissal of all claims against the City, Ituah's First Amendment claim against employee Roslyn Speller and all Fourth Amendment, equal-protection and tax-related claims against individual employees, but vacated the dismissal of his First Amendment retaliation claim against attorney Pamela Thurmond and Fifth Amendment Takings Clause claim against attorney Brendan Philbin and Joseph Carrol, an inspector for the City's Department of Licenses and Inspection ("L&I"). After discovery, Thurmond, Philbin and Carrol moved

for summary judgment on these remaining claims. After considering the parties'

submissions and reviewing the record, the Court grants the Motion for the reasons that

follow.

I

A

On March 16, 2018, Ituah filed for bankruptcy in the Southern District of New

York. (Defs.' SUMF ¶ 14, ECF 41–24). Thurmond represented the City of

Philadelphia, one of Ituah's creditors, in the bankruptcy proceeding. (*Id.* at ¶ 15).

Because the case was in New York, Thurmond asked for Ituah's consent to appear by

telephone, but Ituah declined the request. (*Id.*). The New York Bankruptcy was

subsequently dismissed on December 10, 2018 based on Ituah's motion for voluntary

dismissal. (*Id.* at ¶ 18).

While the case was pending, the Philadelphia Sheriff's Office was holding excess

proceeds owed to Ituah from the Sheriff's sale of the Fairmount Property. (Thurmond

Decl., ¶ 11, ECF 41–15). The Sheriff's Office had determined Ituah was owed

$11,112.54 from the Fairmount Property. (Check Letter, p. 10, ECF 41–17). Because

Ituah had filed for bankruptcy, Thurmond sent a letter to the bankruptcy trustee with

the Sheriff's check for the excess proceeds and a title distribution report listing the

amount owed to each distributee. (Check Letter, p. 5; Thurmond Decl. at ¶ 15).

Ituah filed another bankruptcy case on January 6, 2020, this time in the Eastern

District of Pennsylvania. (Defs.' SUMF ¶ 27). Because Ituah still had outstanding

debts to the City, the City was notified and Thurmond was assigned the case. (*Id.* at

¶ 28). Thurmond filed proofs of claims for Ituah's debts with the City's Water Revenue

2

Bureau. (Water Debt Proof of Claim 1, ECF 41-19; Water Debt Proof of Claim 2, ECF

41-20). Another City attorney, Megan Harper, filed a proof of claim for Ituah's tax

debts, which indicated that the City's claim was secured by Ituah's real estate. (Tax

Debt Proof of Claim, ECF 41–21). The proof of claim for tax debt incorporated an

exhibit listing Ituah's properties, including his 33 S. 53rd Street property valued at

$210,355. (*Id.* at p.8).

Ituah filed a proposed bankruptcy plan as part of the bankruptcy proceeding.

(Pennsylvania Bankruptcy Docket, p. 4, ECF 41–18). On July 7, 2020, Thurmond filed

an objection to the bankruptcy plan based in part on the plan's failure to provide full

payment on the City's claims. (ECF 41–22). The bankruptcy trustee subsequently filed

a motion to dismiss the bankruptcy due to delay and it was granted on September 23,

2020. (Pennsylvania Bankruptcy Docket, p. 10).

B

Between Ituah's two bankruptcy proceedings, on December 27, 2018, L&I

inspector Carrol issued a Notice of Violation for Ituah's Tabor Property. (Mot. to

Demolish, Ex. A, ECF 41–4). Carrol's inspection was in response to a report from the

Police Department about a bulging wall. (*Id.*). Carrol determined the structure was in

violation of the Philadelphia Code of General Ordinances, § PM-110, because it was in

imminent danger of collapse. (*Id.*).

Soon after, Philbin, on behalf of the City, filed a Petition for a Temporary

Restraining Order and Preliminary Injunction in the Philadelphia Court of Common

Pleas, to allow the City to demolish the Tabor Property. (Tabor Dock. P. 4, ECF 41–3).

At a hearing on the City's petition, City inspector Thomas Rybakowski, who also

3

inspected the Tabor Property, testified that the wall had separated from the window by several inches and it had "lost all of its structural integrity," the bracing for the wall was not permitted and improperly designed because it was only nailed into the ground, and the third floor of the structure had been illegally added without a permit thereby increasing the weight load on the wall. (Ct. of Comm. Pleas Hr'g Tr., 13:24-14:20, 15:12-16:7, 16:18-17-13, ECF 41–6). Rybakowski also presented photos showing the conditions he described and concluded that there was "the potential of a very serious collapse" of the building that would pose a danger to the public, remaining occupants of the property and the adjoining property. (*Id.* at 16:18-17-13). Ituah testified the Tabor Property could be repaired but did not present any evidentiary support or expert testimony. (*Id.* at 17:14-16, 21-25). Based on this record, the Court of Common Pleas found the structure was imminently dangerous and demolition was appropriate, (*Id.* at 25:7-26), and entered a temporary restraining order authorizing the City to demolish the property and for the Police Department to remove any occupants. (ECF 41–8). The City demolished the property two weeks later. (Rybakowski Aff. ¶ 2, ECF 41–13).

C

Ituah filed a *pro se* 42 U.S.C. § 1983 action against the City of Philadelphia, the Philadelphia Police Department, and several City employees, alleging various constitutional violations arising from the City's 2015 sale of the Fairmount Property, and the 2019 demolition of the Tabor Property. (ECF 1).

The Court dismissed all claims against all Defendants in Ituah's initial and amended complaints. (ECF 9; ECF 18). The Third Circuit affirmed the dismissal of all claims against the City, Ituah's First Amendment retaliation claim against employee

4

*Id.* A mere scintilla of evidence supporting the nonmoving party, however, will not suffice. *See id.* at 252.

At summary judgment, a court may consider any material in the record that would be admissible at trial. *See* Fed.R.Civ. P. 56(c); *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 387–88 (3d Cir. 1999). In doing so, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). But it may not make credibility determinations or weigh the evidence. *See Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

III

A

To prevail on a First Amendment retaliation claim, a plaintiff must prove that (1) he is engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019).

B

Ituah alleges Thurmond, who represented the City in Ituah's bankruptcy proceedings, took the following retaliatory actions as "soon as the New York State bankruptcy was dismissed": (1) "encouraged the licensing units" to demolish the Tabor Property; (2) sent Ituah a proceed check that was too small an amount and "contrary to court order issued" in 2015 for property; (3) "pressed the bankruptcy court to dismiss

6

Roslyn Speller and all Fourth Amendment, equal-protection and tax-related claims against individual employees, but vacated and remanded this Court's decision with respect to the First Amendment retaliation claim against Thurmond and the Fifth Amendment takings claim against Philbin and Carrol. *Ituah v. City of Philadelphia*, No. 21-1213, 2022 WL 4464380, at *5 (3d Cir. Sept. 26, 2022).

The First Amendment retaliation claim involves a series of actions that Thurmond allegedly took against Ituah after Ituah filed for bankruptcy in New York, necessitating Thurmond's participation in the bankruptcy proceedings. (Am. Compl. ¶ 3, ECF 12). As to the Fifth Amendment Takings Clause claim, Ituah alleges that his rights were violated by Carrol and Philbin issuing a condemnation notice on the Tabor Property and Philbin filing "an action to demolish the property." (*Id.* at ¶ 4). Thurmond, Philbin and Carrol now move for summary judgment on these remaining claims.

## II

Summary judgment is proper if the movant proves that there is no genuine dispute as to any material fact and if the movant is entitled to judgment as a matter of law. *See Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018). A fact is "material" if it may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

[Ituah's] bankruptcy [case]"; (4) "presented to the bankruptcy court the assessed value of 33 S. 53rd Street, Philadelphia for $210,000 to deceive the bankruptcy trustee"; (5) failed to credit payments to Ituah's accounts and created bills already paid; and (6) "engineered inaccurate bills." (Am. Compl. at 3-4, ¶ 5).

Ituah's filing of a petition for bankruptcy protection in federal court was protected conduct for purposes of his retaliation claim. *See Safety-Kleen, Inc. v. Wyche,* 274 F.3d 846, 862 (4th Cir. 2001) (noting a retaliatory action taken in response to filing a bankruptcy petition would have constituted a viable First Amendment retaliation claim if the plaintiff had satisfied the other elements). But Ituah's retaliation claim fails because there is no record evidence showing that Thurmond engaged in any alleged retaliation, or a causal link between such retaliation and Ituah's initiation of bankruptcy proceedings.

There is no evidence Thurmond had any connection to the demolition of the Tabor Property. Ituah claims Thurmond should have known what actions others in the City government were allegedly taking against him, (Pl.'s Resp. to Mot. for Summ. Judg., p. 7-8, ¶¶ 50, 57-61), but a defendant in a civil rights action must be personally involved in the alleged wrongs. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). The record includes no evidence of Thurmond's personal involvement in the demolition, any contact with officials in the Department of License and Inspection regarding Ituah's properties, or any knowledge of the Tabor Property's violation and demolition before Ituah sued Thurmond in this case. (Thurmond Decl. ¶¶ 36-37). And there is no evidence supporting Ituah's belief that the proximity of the New York bankruptcy case's dismissal and the demolition indicates causation. *See* (Am. Compl. at

7

3-4, ¶ 5; Pl.'s Resp. to Mot. for Summ. Judg., p. 7, ¶ 58). Contrary to Ituah's suggestion

that the demolition occurred shortly after the New York bankruptcy case's dismissal

because the bankruptcy stayed the demolition, there is an exception to bankruptcy

stays for litigation to enforce police powers—as was the case here. *See* 11 U.S.C. §

362(b)(4); *infra* Section IV.

Nor is there any evidence in the record to support Ituah's claim that the amount

of the August 2018 proceeds check Thurmond sent to the bankruptcy trustee was too

low or contrary to a court order in 2015. The $11,112.54 amount of the check matches

the amount shown as excess proceeds on the title distribution report, (Check Letter, p.

10), and no court order or evidence shows otherwise. And although Thurmond, in her

role as the City's attorney, mailed the check to Ituah, (Defs.' SUMF ¶¶ 20-21), there is

no evidence showing Thurmond was involved in determining the excess proceeds

check's amount.

The claims that Thurmond pressed the bankruptcy court to dismiss Ituah's

Pennsylvania bankruptcy case and presented false information about the value of

Ituah's property also lack any evidentiary support. The record shows it was the

bankruptcy trustee, not Thurmond, who moved to dismiss the bankruptcy case.

(Thurmond Decl. ¶ 25; ECF 41-1). Thurmond did reference the proof of claim for

Ituah's tax debt and the S. 53rd Street's valuation when objecting, on behalf of the City,

to Ituah's proposed bankruptcy plan. (City Object., ECF 41-22). But it was attorney

Megan Harper—not Thurmond—who filed the proof of claim for tax debt. (Tax Proof of

Claim, ECF 41-21). Ituah points to nothing in the record from which a jury could find

that the proof of claim was wrong or that Thurmond was aware of any error.

Ituah contended that Thurmond was aware of the City's payment records, (Pl.'s

Resp. to Mot. for Summ. Judgment, p. 8, ¶ 63), but there is no evidence that Thurmond

had any involvement in crediting payments to Ituah's accounts or communication with

those who do.  There is also no evidence that Thurmond had any role in calculating or

sending Ituah's utility and tax bills, or communication about the bill amounts with

those who do.  In discovery, Ituah explained that when he alleged Thurmond

"engineered inaccurate bills collection" he meant that Thurmond filed the "statement of

claims presented to the bankruptcy court" based on allegedly inaccurate bills prepared

by others.  (Ituah Inter., p. 7, ¶ 4, ECF 41-14).  There is no evidence of Thurmond doing

anything of the sort.

## IV

## A

The Takings Clause of the Fifth Amendment provides that private property shall

not 'be taken for public use, without just compensation.' U.S. Const. amend. V.  This

prohibition applies to state and local governments under the Fourteenth Amendment.

*Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001).  There is no requirement that

a claimant exhaust state remedies before bringing a Takings Clause claim to federal

court. *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167 (2019).  However,

property is not "taken" where a city or other appropriate public authority has acted

pursuant to its right and obligation to ensure public safety in remediating a dangerous

condition.  *See In re 106 N. Walnut, LLC*, 447 F. App'x 305, 309 (3d Cir. 2011) ("A

municipality may, in the exercise of its police power, without compensation destroy a

building or structure that is a menace to the public safety or welfare, or require the

owner to demolish the dangerous piece of property.").

B

Section 110 of the Philadelphia Property Maintenance Code exists "to ensure public health, safety, and welfare insofar as they are affected by the continued occupancy and maintenance of structures and premises" and governs the inspection, citing, noticing and demolition of imminently dangerous structures. *See* PM Code §§ PM-101.3, PM-110 *et. seq.* City officials are authorized to inspect buildings and classify them as "imminently dangerous." *Id.* at § PM-110.1. A structure is defined as such when there is "imminent danger of failure or collapse of a structure or any part thereof which endangers life, or when any structure or part of a structure has fallen and life is endangered by the occupation of the structure." *Id.* If city officials determine a building is imminently dangerous, they are then required to notify the property owner in writing with a description of the imminently dangerous condition, specifying the required repair to make, or requiring the imminently dangerous structure to be demolished within a stipulated time. *Id.* at § PM-110.2.

Ituah argued that the Tabor Property was not imminently dangerous, pointing to the fact that the structure did not collapse on its own during the two weeks between the Notice of Violation and the Demolition, and that it was "repairable." (Pl.'s Resp. to Mot. for Summ. Judg. at 6-7 ¶¶ 44, 49, ECF 43).

But the evidence shows, and Ituah does not dispute, that the structure could not remain safely in its then condition. Multiple inspectors determined the structure was imminently dangerous. *See* (Mot. to Demolish; Ct. of Comm. Pleas Hr'g Tr.). The Philadelphia Court of Common Pleas considered all evidence offered by the City and

Ituah and found that the structure was imminently dangerous and that demolition was appropriate. (ECF 41–8).  Ituah does not provide any evidence substantiating the core elements of a Takings Claim.  The City, through Philbin and Carrol, acted to protect public safety pursuant to the City's police power, not eminent domain.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

# PROOF OF SERVICE

I certify that on ___1/24/2024___ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Michael Wu-Kung Pfautz Esq.
City of philadelphia et al.
1515 Arch. Street, 15th floor
philadelphia PA 19102
(215) 683-5233
Email: michael.Pfautz @ phila.gov

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: _1/24/2024_

*Rev. 06/2018*

# EXHIBIT A $A2

Colony Abstract Co., Inc.
283 Second Street Pike – Suite 190
Southampton, PA 18966
215-364-5845
www.ColonyAbstractInc.com

Settlement Escrow Agreement

06/24/22                                    107582-CA

To Whom It May Concern:

I/we request **Colony Abstract Co., Inc.** to retain in escrow the sum of $30,000.00__ From our Settlement No.107582-CA for premises 2507 N. 19th STREET, PHILADELPHIA, County of PHILADELPHIA, PA for the following purposes, viz

FUNDS ARE BEING HELD FOR SELLER TO PROVIDE PROOF OF PAYMENT OR REVISED PAYOFF FIGURES FOR 5 JUDGMENTS (attached) SHOWING AGAINST THE SELLER OF THE ABOVE PREMISES

In the event the owner/lender title insurance policy is imperiled, Colony Abstract Co., Inc. is hereby authorized to use any or all of the sums retained to protect their insurance. I/we do hereby agree to indemnify and save Colony Abstract Co., Inc. harmless from any loss Colony Abstract Co., Inc. may sustain by reason of your issuing Title Insurance Policy clear of the above objection. If collected escrow funds are insufficient for paying off the liens, seller will provide additional funds within 10 days to Colony Abstract to enable the liens to be paid off.

Upon fulfillment of the above conditions, which are to be approved by:
_____ Colony Abstract Co., Inc._____

You are authorized to pay the stated sum to:
_City of Philadelphia and/or ABRAHAM ITUAH_____

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 13 of the United States Bankruptcy
Code, entered on 01/06/2020 at 12:03 PM and filed on
01/06/2020.



Abraham O. Ituah
419 W. Godfrey Avenue
Philadelphia, PA 19120
SSN / ITIN: xxx-xx-1699
Tax ID / EIN: 48-1305711
*dba* A.I. Osaze & Sons Enterprise

Abraham O. Ituah
MAILING ADDRESS
PO Box 7791
Philadelphia, PA 19104
SSN / ITIN: xxx-xx-1699
Tax ID / EIN: 48-1305711

The case was filed by the debtor's attorney:

**MICHAEL A. CIBIK2**
Cibik & Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215-735-1060

The bankruptcy trustee is:

**SCOTT F. WATERMAN (Chapter 13)**
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313

The case was assigned case number 20-10058-jkf to Judge Jean K. FitzSimon.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Timothy B McGrath**
Clerk, U.S. Bankruptcy Court

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 03/16/2018 at 3:05 PM and filed on 03/16/2018.

**Abraham O Ituah**
92 Robinson Avenue
Newburgh, NY 12550
SSN / ITIN: xxx-xx-1699

The bankruptcy trustee is:

**Krista M. Preuss**
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603
(914) 328-6333

The case was assigned case number 18-35408-cgm to Judge Cecelia G. Morris.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 355 Main Street, Poughkeepsie, NY 12601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Vito Genna
Clerk, U.S. Bankruptcy**



x x x Communication Result Report ( Jun. 5. 2018 5:35PM ) x x x

P. 1

Date/Time: Jun. 5. 2018  5:22PM

File
No. Mode | Destination | Pg(s) | Result | Page Not Sent
--- | --- | --- | --- | ---
1322 Memory TX | 18667736152 | P. 45 | OK |

Reason for error
E. 1) Hang up or line fail      E. 2) Busy
E. 3) No answer                 E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size E. 6) Destination does not support IP-Fax

---

United States Bankruptcy Court
Eastern District of Pennsylvania

866 773-6152

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 06/28/2016 at 11:39 AM
and filed on 06/28/2016.

Abraham O. Itiuh
92 Robinson Avenue
Newburgh, NY 12550
SSN / ITIN: xxx-xx-1659

Abraham Ozze Itiuh
PO BOX 48024
Philadelphia, PA 19144

The case was filed by the debtor's attorney:    The bankruptcy trustee is:

MICHAEL P. KUTZER          FREDERICK L. REIGLE
1420 Walnut Street, Suite 800    Chapter 13 Trustee
Philadelphia, PA 19102-3604     2901 St. Lawrence Ave.
215-687-6370               P.O. Box 4010
                         Reading, PA 19606
                         (610)779-1313

The case was assigned case number 16-14559-sr to Judge Stephen Raslavich.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our Internet home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400,
Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

Page 1 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



Abraham Ituah
92 Robinson Avenue, Newburgh NY 12550

*(In the space above enter the full name(s) of the plaintiff(s))*

5088

- against -

City of Philadelphia
James Zwolak
Brendan J Philbin
Joseph Carrol
Zachary Strassburger
Carmen Sanchez - Tax Analyst II
Rosyln Speller-Rev. Collection Supervisor
Police Department

**COMPLAINT**

Jury Trial:  ☒ Yes  ☐ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s)  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names  The names
listed in the above caption must be identical to those contained in
Part I  Addresses should not be included here )*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your identification
        number and the name and address of your current place of confinement.  Do the same for any additional
        plaintiffs named.  Attach additional sheets of paper as necessary

Plaintiff      Name                Abraham Ituah
               Street Address      92 Robinson Avenue
               County, City        Orange , Newsburgh
               State & Zip Code    New York, 12550
               Telephone Number    (310) 381-9859

Rev  10/2009



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_Abraham Ituah_

16    5772

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

_The City of philadelphia_
_Sheriff Department (philadelphia)_
_Synthia Stavrakis (city lawyer)._
_Dimitrios Dimopoulos (Greek citizen)._
_(Foreign third party purchaser)._

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

**A.**    List your name, address and telephone number.  If you are presently in custody, include your identification
number and the name and address of your current place of confinement.  Do the same for any additional
plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | Name | _Abraham Ituah_ |
|---|---|---|
| | Street Address | _97 Robinson Avenue_ |
| | County, City | _Newburgh_ |
| | State & Zip Code | _NY 12550_ |
| | Telephone Number | _(310) 381-9859_ |

*Rev. 10/2009*

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

**Defendant No. 1**

Name _The City of Philadelphia_
Street Address _1401 JFK Boulevard 5th floor_
County, City _Philadelphia PA 19102_
State & Zip Code _PA 19102_

**Defendant No. 2**

Name _Sheriff Department Jewell Williams_
Street Address _100 S. Broad Street, 5th flr_
County, City _Philadelphia_
State & Zip Code _PA 19110_

**Defendant No. 3**

Name _Cynthia Stavrakis (city lawyer)_
Street Address _1401 JFK Boulevard, 5th floor_
County, City _Philadelphia, Philadelphia_
State & Zip Code _PA 19102_

**Defendant No. 4**

Name _Dimitrios Dimopoulos/Cool Spaces LLC_
Street Address _105 Academy lane_
County, City _Broomall_
State & Zip Code _PA 19008_

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
   ☐ Federal Questions          ☑ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at

issue? _____

_____

_____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _New York_

Defendant(s) state(s) of citizenship _Pennsylvania and Foreign_

## III.   Statement of Claim:

State as briefly as possible the _facts_ of your case. Describe how _each_ of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _At the City of Philadelphia Lawyers and Sheriff Department_

B.   What date and approximate time did the events giving rise to your claim(s) occur? _On Sept 16 2015 my property was sold by the Sheriff department without notice. No service_

C.   Facts: _My property located 3843 Fairmount Avenue, Philadelphia within the area of Drexel University and Penn University was sold without property notice from the City of Philadelphia and Sheriff Department to Dimitros Dimopoulos for $34,500. Deposit of $3,500 was paid when I filed petition on Sept. 21, 2015. Cynthia Stavrakis organized the Sale and responded to my petitions to set aside Sheriff Sale at 5.25 pm on the 20th day and also responded to my petition to Redeem._

> What happened to you?

> Who did what?

_The Sheriff Department failed to deliver notices regarding the Judgment, Sales of the property, transfered the Deed quickly from Dimitros Dimopoulos to Cool Space LLC without legally processing the transfer of Deep and making payment for the transfer as required by the City. Court of Common Pleas record reflect that complaint was filed on 4/22/2015; property was Sold on 9/16/2015 (See Case No 15047050A)_

> Was anyone else involved?

> Who else saw what happened?

IV.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I am currently in a serious financial and sychological pain, to the extent that I now see a Sychologist and filed Ch#13 Bankruptcy, with the U.S. Bankruptcy Court. All my hope depends of the property, to settle the debt I owed to the City, banks and other creditors.

V.   **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. I humbly request that this honorable court ask the City, to return my property that worth $150,000 at the time of sdie and provide me with payment record reflecting all my payments to the City and award me compensation, damages of $100,000 for the treatment and Sychological pain and of financial problem I am presently suffering as a result the Defendants abuse of office and fraudulently conive to deceive the legal system or the Judge.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _7H_ day of _November_ , 20_15_.

Signature of Plaintiff _ALw_

Mailing Address _92 Robinson Ave_
_Newburgh, NY 12550_

Telephone Number _(910) 881-9859_

Fax Number *(if you have one)* _____

E-mail Address _aoc23 @ drexel.edu_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20____. I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

# EXHIBIT B

Any expense incurred by Colony Abstract Co., Inc. as a result of litigation or otherwise, arising out of the holding of the fund, will be paid by us and may be retained by Colony Abstract Co., Inc. out of the funds held.

In the event the amount retained is not sufficient I /we will on demand deposit the additional amount necessary.

It is further agreed and understood that this fund is to be disbursed within_____ _____30_____days. If revised payoff figures are not provided within this timeframe, all funds held in escrow will immediately be used to payoff the liens with the remainder returned to the seller.

It is agreed that no interest will be paid on any funds held by Colony Abstract Co., Inc. for the disposition of exceptions or their protection; such funds may be deposited with their funds and used by them; any income from funds held by Colony Abstract Co., Inc. will become their property.

_____          6/24/2022
**ABRAHAM ITUAH**

_____          _____


**CONTACT INFORMATION:**

*actuah @ aol-com*
EMAIL address
*P O box 7791, philadelphia PA 19101*
Mailing address
*(310) 281-9859*
Phone #


Colony Abstract Company, Inc. by

Michael J. McGofrey



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**DIANA CORTES**
Philadelphia City Solicitor
(215) 683-5003
Diana.Cortez@phila.gov

**Michael Pfautz**
Deputy City Solicitor
Aff. & Special Litigation
(215) 683-5233
michael.pfautz@phila.gov

October 23, 2023

The Honorable Gerald J. Pappert
United States District Court Judge
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:** *Abraham Ituah v City of Philadelphia et al., 19-cv-5088*

Dear Judge Pappert:

I write regarding the remaining trial-related deadlines in the above-captioned matter.

Pursuant to the Court's Scheduling Order, ECF No. 32, Defendants filed a motion for summary judgment on September 12, 2023. Plaintiff filed a Response in Opposition on October 2, 2023, Defendants filed a Reply in Support on October 10, 2023, and Plaintiff filed a Sur-Reply in Opposition on October 17, 2023. That fully dispositive motion is now fully briefed and pending before the Court. The current Scheduling Order also directs motions in limine be filed by October 24, 2023, pretrial submissions be filed by November 3, with trial scheduled to commence November 14, 2023.

Given the pending dispositive motion, and the extent to which disposition of this motion will affect the scope of any eventual trial, I write to request that the remaining trial-related deadlines be stayed pending disposition of the motion for summary judgment. Because the scope of the issues and parties before the Court could vary significantly depending on the outcome of this motion, Defendants submit there is good cause to abstain from pretrial preparation when the issues to be tried are not yet clear. Defendants were unable to obtain Plaintiff's position on this request.

I thank the Court for its consideration of this request.

Sincerely,

*/s/ Michael Pfautz*

Deputy City Solicitor
City of Philadelphia Law Department

Cc: Plaintiff Abraham Ituah (via email and mail)

# EXHIBIT C

Copy of Ituah partial refund of escrow funds held

Balance remaining in escrow account $19,948.02



From: **ITUAH ABRAHAM** aituah@aol.com
Subject: **Fwd: Final Responses to Defendants Motion for summary judgment**
Date: **Oct 2, 2023 at 6:28:57 PM**
To: **Chambers_of_Judge_Pappert@paed.uscourts.gov, Michael Pfautz**
Michael.Pfautz@phila.gov, **ITUAH ABRAHAM** aituah@aol.com

Mr Michael Pfautz,

Attached documents are my response to your motion for summary judgement you filed. I hoped the court will treat the matter fairly. In case you want to reach me for additional information. Kindly communicate with me on email.

Regards,

Abraham Ituah (citizen)

Pro se Plantiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ABRHAM ITUAH,

      Plaintiff,

    v.               CIVIL ACTION

                   Case: 2- 19-cv-5088

CITY OF PHILADELPHIA, et al.

           Defendants PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT


I, Abraham Ituah a pro se plaintiff hereby files this response to Defendants motion for summary judgment received on September 20, 2023 as the Court ignored my request to be appointed counsel as the action involves constitutional violation depriving my property ownership similar to the previous action I filed with the U S District Court docketed as 17-2562 resulting from illegal sale of my property which was wrongly decided at the common pleas court of Philadelphia docketed as 1504T0504. Unfortunately, U. S. Court dismissed the action with prejudice without a hearing. The same experience was about to occur on this pending action. To avoid premature dismissal of the action. Plaintiff immediately filed an appeal to 3rd Circuit Court of Eastern District of Pennsylvania. The appeal court remanded the case for reconsideration on two grounds "Retaliation and Unreasonableness of demolition" Now Defendants requested for summary judgment as if there were no genuine disputes to be decided by Jury not judicial Judge who in the past trailed the case that was dismissed. Plaintiff refused to agreed for him to act as the presiding judge on this pending case would amount to conflict of interest. Plaintiff hereby forward my responses to show that there are no genuine reasons to grant Defendants motion for summary Judgment instead it would be fair to grant the judgment for the plaintiff

based on the facts presented herein. Plaintiff response to all material facts raised by Defendants are as follows:

I. The sheriff's sale of the Fairmount property

1. Undisputed

2. Undisputed

✓ 3. Disputed. On May 8 2015 Rule was entered to sell the premises <u>3843 Fairmount Avenue</u>. No notices regarding this hearing was served on the Plaintiff. Defendants had no evidence to show plaintiff received notices such as returned receipts plaintiff signed to knowledge that the service was received by plaintiff.

✓ 4. Disputed. Sheriff's sale was entered on September 21, 2015 not September 16 2015 was claimed sold on sheriff sale unlawfully.

5. Disputed. Plaintiff filed motion to set aside sheriffs sale on September 21 2015. Cynthia Stavrakis ex-attorney of the defendant filed an answered to plaintiffs motion. No notice was received and no certified returned receipt signed by plaintiff was filed.

✓ 6. Disputed. The city through its attorney Cynthia Stavrakis filed an answer to the motion on October 13 2015 at 5:15 pm the response date was due. Under normal circumstances the answer was untimely and it was a conflict of interest for the city attorney to filed an answer on behalf of the buyer-Defendant.

7. Undisputed

8. Undisputed

✓ 9. Disputed. The city through its attorney Cynthia Stavrakis filed answers to plaintiff motion to Redeem the premises on December 22 2015 at 5:09 pm. Under normal circumstances the answer was untimely because the working period was over and it was a conflict of interest for the city attorney to file answer on behalf of Defendant (the buyer)

✓ 10. Disputed. Hearing was held prematurely because the discovery request and motion for sanction filed by Plaintiff on March 21 2016 response date was April 11 2016. No response was provided.

11. Undisputed.

13. Undisputed.

II. Ituah's Bankruptcies

A. New York Bankruptcy

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Disputed in part. Thurmond was aware of sheriff's office held the excess money at the time plaintiff filed the first chapter 13 bankruptcy petition in Pennsylvania but refused to refund the money as shown on exhibit D.

Disputed in part. There were no statements provided regarding the money collected prior to filing the second bankruptcy petition in 2018 was contrary to the court order.

20. Undisputed.

21. Undisputed.

22. Disputed. Plaintiff have no knowledge of the creditors owed. The subject property that was sold was occupied by plaintiff and the property experienced fire damage hence plaintiff would not continuously stay in at the property. The supposed proceeds was the full sales price of $34,500 if the sale was legitimate. No sheriff's sale was held as the Defendants claimed because five months of court proceedings and sheriff publications to conduct sales made it unrealistic. Tax sale court action started in April 22 2015 and completed proceedings on August 2015 and the court ordered the balance proceeds returned not $11,112.54 as shown on exhibit H attached.

23. Disputed. Plaintiff had no knowledge of the information because no notification was given about the proceeds the court ordered.

24. Plaintiff have no knowledge of the information Defendant claimed.

25. Disputed. Thurmond failed to notify plaintiff about the proceeds until plaintiff filed response to the Defendant motions.

26. Disputed. Thurmond ought to know that plaintiff was entitled to know what happened to the proceeds.

B. Pennsylvania Bankruptcies

27. Undisputed.

28. Undisputed.

29. Disputed. Thurmond filed inaccurate proof of claims for water, taxes and liens generated by the department of license and inspection. Meanwhile, the city of Philadelphia failed to credit about $143000 withheld by Mike Riley of title company from the sale of plaintiff five (5) properties as shown on the settlement's statement exhibit E attached.

30. Disputed. Same response as in # 29 above.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed.

35. Undisputed.

36. Undisputed.

37. Disputed. Thurmond and plaintiff attorney agreed to dismiss plaintiff petition because plaintiff attorney was aware that the monthly bankruptcy payments was over $10500 the plaintiff attorney wants to fraudulently collect. Thurmond pressed for the motion to be dismissed and plaintiff attorney filed no objection to the motion to dismiss. As a result plaintiff petition was dismissed. Plaintiff bankruptcy petition started on January 2020 and it was dismissed on September 2020. Immediately plaintiff attorney filed claims of $10500 for 9 months ineffective representation. Plaintiff objected to plaintiff attorney's claim. Ultimately, a hearing was held. Thurmond showed up at the hearing to testified for plaintiff Attorney. Based on Thurmond testimony the Judge granted the amount requested for plaintiff Attorney. See plaintiff objections as exhibit F attached.

38. Disputed. Thurmond requested for the dismissal of the petition by motion and plaintiff attorney agreed.

III. The demolition of 508 W. Tabor Road

39. Disputed. On December 27, 2018 no violations notice was received by plaintiff on the day but the unknown police officer ordered the tenants out of the building premises and told me on the phone that my building was condemned and all the 4 tenants must move immediately. On the phone plaintiff asked what was his role as police officer to condemn a building. He hanged up. Plaintiff called Inspector Joseph

Carroll to know the time allowed to address the problem. He said you have up to 10 days to correct the violation. The next day violation notice was placed on plaintiff property as shown on exhibit G attached. Emergency court hearing to demolish the plaintiff building was ordered.

40. Disputed. No previous citation was issued to exert such claims. PhD structural engineer never specifically mentioned as the Defendant claimed. None of the 4 tenants reported such violations to the Defendant.

41. Disputed in part. The case was not docket as No. 1504T#504 Undisputed.

42. Undisputed.

43. Disputed in part. That was the day, the inspectors visited the premises to gather picture exhibits. No part of the building was reported collapsed.

44. Disputed. The description given by the inspector would suggest the building ought to have collapsed as described "..the wall had separated from the window by several inches" but no part of the building collapsed.

45. Disputed. The job was done by experienced contractor who explained the work done was fine.

46. Disputed. Plaintiff has 4 units rental permit including the third floor.

47. Disputed. The inspector working with the Defendant made this conclusion within the level of his knowledge that is inferior to the conclusion of plaintiff hired engineer with a doctorate credential in structural engineering who made no mention of "..a very serious collapse" The inspector acted exactly as his superior ask him to say, in order to accomplish their mission of the premeditated demolition of plaintiff constitutionally protected property.

48. Disputed in part. The black and white pictures was presented in court as exhibits. Plaintiff was not given any opportunity to examine the exhibits before hearing as required by law.

49. Disputed in part. Plaintiff testified that a PhD structural engineering was at the property on January 2 2019 to inspect the property. He found nothing not fixable or repairable.

50. Undisputed.

51. Undisputed.

52. Disputed in part. Plaintiff filed appeal to higher court and served upon all Defendants to acknowledge that demolition of my constitutional protected property would not be accepted since plaintiff hired contractor who provided an estimate and the house was insured.

53. Undisputed.

54. Disputed. Defendants demolished the building caused plaintiff sicknesses and psychological distress.

55. Undisputed.

56. Undisputed. I

IV. Thurmond's Role

57. Disputed. Thurmond knew my bankruptcy petition was over on December 11 2018 when my bankruptcy petition was dismissed voluntarily.

58. Disputed. Defendants issued no notice of any severe violation prior to December 11 2018. As soon as my bankruptcy petition was dismissed on December 11, 2018 demolitions citation was issued on December 27 2018.

59. Disputed. Defendant Thurmond can't claim she knew nothing about the action the legal office she worked were involved.

60. Disputed. Plaintiff admitted that the building was brace by plaintiff contractor.

61. Plaintiff have no knowledge of Thurmond function as senior legal officer but she knows that my property was no longer having bankruptcy protection.

62. Plaintiff have no knowledge of Thurmond function in her office.

63. Disputed. Thurmond was aware through payments record that the 5 property settlements completed between 2018 and 2020 were some of the claims presented at my bankruptcy petition filed in January 2020 shown as Exhibit E.

64. Disputed. Thurmond included the payments already made on her opposition to my bankruptcy petition because she paid no attention to reconciling the account paid.

65. Disputed. The premeditated action to demolish my property was initiated from the city legal department Thurmond works after plaintiff bankruptcy petition filed in New York State was dismissed on December 11 2018 at this time my bankruptcy protection was over. On December 27 2018 the city legal and licensing department condemned my property at 508 W Tabor Road without prior violation notice to

address the said violation. On January 11 2019 demolished the property.

Respectfully submitted,

Date:                    Abraham Ituah (Plaintiff)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Abraham Ituah

Plaintiff

V.                                                                        Case Number

CITY OF PHILADELPHIA et al. 2: 19- cv- 5088

Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the date below, Plaintiff's Response to Defendants Motion for summary Judgment was filed with the District Court clerk and I certify a copy of my response to Defendants Motion has been served upon the Defendants by email and first class mail, postage prepaid, as follows:

Michael Pfautz

Deputy City Solicitor

City of Philadelphia Law Department

1515 Arch Street, 15th floor

Philadelphia PA 19102

215-683-5233

Michael.pfautz@phila.gov


Date—————-          Abraham Ituah

Plaintiff


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Abraham Ituah filed this response to Defendants Motion for summary judgment pursuant to Federal Rule of civil procedure 56. In support of plaintiff response to Defendants Motion for summary judgement, plaintiff incorporated the attached Memorandum of law within the scope of my understanding as a pro se

plaintiff as the court failed to provide me a counsel to help to justify Defendants constitutional rights violated and have this remanded pending action trialed by jury as I requested from the date the action was filed with U S District Court see exhibit A. Plaintiff respectfully request that the court deny Defendants Motion for summary judgment or grant in favor of the plaintiff as third circuit court judges opined. Without a doubt, Defendants response to plaintiff discovery was not adequately responded to by reason of immunity because the Defendants knew they have no legitimate reason to demolish my constitutionally protected property and fraudulently sold the property which was the origin of the pending case. Defendants collectively humiliate, intimidate and subjected me to all kinds of psychological and emotional torture because they are privileged to do so. It was my understanding that the city of Philadelphia has over 100 lawyers as well as private legal practitioners working for the city. Defendants claims that they are entitled to qualify immunity is absurd. Where on earth, can city employee initiate legal action to demolish citizen property not falling apart in 15 days and obtained judgment for tax default and have the property sold in sheriff's sale within 5 months, without compensation? The said sheriff's sale never occurred because tax default sales law and procedures doesn't support the Defendants claims.

I. BACKGROUND AND PROCEDURAL HISTORY.

On March 2018, I filed my second chapter 13 Bankruptcy in effort to redeem the property the city of Philadelphia sheriff department claimed it was sold in auction can not hold because the law wouldn't permit the property to be sold within the period the city sheriff department claimed the property sold. On April 2015 tax default action was filed against plaintiff in the amount of $5468. The proceedings lasted through August 2015 and said sheriff's sale on September 16 2015 but it was docket on September 22 2015. All 3 court hearings took place without notification by certified mail or signed return receipts. Thurmond handled the first city of Philadelphia bankruptcy cases filed on June 6 2016 and intentionally ignored the court order requesting the returns of the excess funds from the proceeds. At the bankruptcy proceedings, the presiding Judge mentioned to me that a final decision entered in the state becomes the final judgment in real estate. Based on this fact, I requested the bankruptcy petition dismissed and a final dismissal order was

entered on December 11 2018.

B. The demolition of the property

On December 27 2018, unknown police officer ordered plaintiff 4 tenants to leave the building premises, claiming that the building was condemned and Joseph Carrol issued eminent dangerous citation and pasted it on the building the next day. The tenants were in panic and called me to report that the police asked them to vacate the building premises immediately. I asked the tenants to give the phone to the police officer to hear from him. He did. On the phone the unknown police officer asked, if I was the landlord to the building. I said yes. He mentioned that the tenants in my building must leave immediately because the building was condemned. I asked him to stop embarrassing my tenants because he doesn't work at the building inspection department. He hanged up. Some how, I communicated with Joseph Carrol the building inspector on the phone to know what was the reason for the building condemnation and I asked the Joseph of the time allowed to correct the violation. He said 10 days was allowed to correct the violations. Immediately, I contacted my home insurance company, building contractor and Dr. Alex (Structural Engineer) to inspect the building for structural assessment and the work to be down to correct the structural violations. On January 2 2019, Dr. Alex assessed the building and promised to make the report ready before 10 days. The building contractor provided estimates for the corrections he physical observed. Copy of the insurance, estimate and Dr. Alex inspection reports as exhibits A, B and C attached for inspection. Meanwhile there was no part of the building collapsed and none of the tenants felt threatened. Above all, the rental building rental license was active and it was issued at the city of Philadelphia. On January 2 2019, Attorney Brenda called me on the phone to report that a hearing will take place on January 3 2019 to seek judgment to demolish the property and asked that I must appear to preserve my right. I logged into the court website to check the complaint and prepared answers which I filed with the court clerk before going to the court room for hearing. At the hearing, I requested for 10 days to provide a report to the court since the presiding Judge wanted a report justifying my defense that Doctor in Structural Engineer visited the site. Judge refused to grant my request and ordered the property demolished. I left the court room to file appeal Defendants ignored. On

January 11, 2019 the demolition contractor moved equipments to demolish the property on the site. The demolition started the next day. In shocked I fell sick and psychologically depressed. I visited the clinic for treatment and founds that my high blood and cholesterol reading was elevated. I have been on the medication and meeting with my doctor and psychologist since then to control the medical problems.

C. Ituah's 2020 Pennsylvania Bankruptcy

On January 6 2020, I filed my 3rd Bankruptcy petition through Cibik and Cataldo, PC after consulting with Mr Cibik who said he was one time a bankruptcy trustee. Based on the credential of Mr Cibik I hired the firm in effort to negotiate with the city of Philadelphia legal department on my behalf since Thurmond was constantly asking me to get myself a lawyer. I felt hiring experienced law would help. Unfortunately, Mr Cataldo connived with Thurmond to request dismissal of my 3rd bankruptcy petition at the time the money saved with the trustee reaches the amount to cover $10500 Cibik and Cataldo office charged. I objected to the claim of $10500 filed by my ineffective counsel Cataldo and a hearing was held. The fees was granted by the bankruptcy judge because Thurmond was at the hearing to testify in favor of Cataldo 9 months representation. At the end of trial, Cataldo was granted the fees. In other occasions, Defendants colleagues asked the security staff to work plaintiff out of the office building and refuses to provide services. Plaintiff reported the incidents that occurred on January 2 2023 was reported to the State Attorney General's office and Joseph Carrol also asked plaintiff to leave his office with police escort sometime ago before plaintiff property was illegally sold and demolished.

D. The Instance Litigation

On November 7 2019, plaintiff filed this pending complaint. The Defendants filed motion to dismiss plaintiff complaint against several defendants working with the city of Philadelphia and the District Court dismissed claims against some of the defendants in error and the Court requested that plaintiff filed amendments complaint. Plaintiff did. The District Court further dismissed plaintiff claims against almost all defendants and the court requested plaintiff to amend the complaint again on the remaining Defendants. To preserve the complaint, Plaintiff filed

appealed to the 3rd Circuit Court. The appeal court opined that two specific constitutional violation claims of Retaliation and unreasonable demolition of 508 Tabor road were to be reconsidered. As a result the case was remanded for retrial. At the pre trial conference, plaintiff requested for Jury trial as plaintiff originally requested on the complaint. See exhibit x attached and plaintiff also asked the presiding Judge who once dismissed Plaintiff first District court complaint against the City of Philadelphia defendants with prejudice and dismissed several of plaintiff claims. Under normal circumstances, Honorable judge decision amounted to conflict of interest. However, the presiding Honorable Judge maintained that the action does not constitute a conflict of interest. At the conference, plaintiff mention that I was not comfortable having the same Honorable Judge retrial the case against the defendants. As alternative, plaintiff asked for alternative way to resolve the matter. Consequently, the Court agreed to schedule time for a confidential settlement conference. At the end of the settlement conference, plaintiff noticed the defendants counsel was ready to file this motion for summary judgement knowing that the Judge was likely to agree with their arguments as usual. With this belief, plaintiff filed motion to request for a counsel as plaintiff claims under retrial involved constitutional violations. No response was received regarding plaintiff request before defendants counsel filed this opposition to Defendants motion for summary judgement. As plaintiff stated on the previous response, this matter and the previous complaint dismissed with prejudice deserved to be reviewed by the Supreme Court by filing application for writ of certiorari because the constitutional violations should be very interesting to be reviewed. Plaintiff first case dismissed with prejudice had fraudulent elements and several genuine disputes as to material fact and Defendants were not entitled to judgment as a matter of law. See docket 1504T0504 marked exhibit A. The court records revealed that the evidence justifying unresolved disputes was overwhelming. The case was initiated by the Defendants on April 22 2015 and proceedings ended on August 2015. The property was purportedly sold on September 16 2015 at sheriff sale. Sheriff sale was not done because it was impossible to conduct a lawful sheriff sale within 5 months. All proceedings and sheriff sale was completed without notices sent to plaintiff. All the events recorded on the court docket were questionably fraudulent and it reveals

that there were genuine disputes unresolved.

II. Legal standards

Defendants states "Summary Judgment should be granted,  if the movant can show, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" without a doubt, there were several disputes as to material facts presented by the Defendants as plaintiff responses indicated. Defendants ought to know and accept that the demolition of plaintiff constitutional guarantees property ownership was violated. Its unfair that Defendants demands payment of about $100000 for cruelly and successfully demolished property was cruel and torturing. In the same way, the verbal abuse and retaliation evidenced by demolishing plaintiff property expeditiously in 15 days without reasonable reasonable facts was also cruel and tortuous. See exhibit marked B showing documents justifying that the building was intentionally demolished. Plaintiff evidence were overwhelming and they justified genuine disputes.

B. Absolute Immunity

Defendants claims of Absolute immunity is absurd. Plaintiff discovery questions were avoided by defendants as almost all questions plaintiff asked were avoided by responding with immunity privileges. "Vicarious liability holds a person or company responsible for actions committed by employees. Typically, it applies to those who are in control of people who cause harm to victims" The city of Philadelphia legal employee abuses their authority because of this belief. The defendants subjected plaintiff to all kinds of intimidation, disrespect, abuse and psychological torture and founds nothing wrong with their actions.

Defendants actions violated plaintiff constitutional right and forced plaintiff to files 3 bankruptcy petitions in search of refuge against defendants aggression and torture. Here Defendants claims to possess absolute immunity for intentionally destroying plaintiff dreamed properties.

C. Ituah's Taking Claim fails as a Matter of Law

I. No taking occurred Because Ituah's property was demolished under the city's police power. But

"Defendants claimed Philbin and Carroll are entitled to judgment as a matter of law because the city demolished the Tabor property under its police powers to protect

health and safety, meaning that the takings clause is not implicated and no compensation is owed" Defendants vicariously destroyed plaintiff federally constitutionally protected four (4) apartment property and deprived plaintiff of yearly rental income of over $20000 and on going rents lost and not compensated and the matter was silence by this same court for unknown reason. Defendants decided to fraudulently demolished plaintiff constitutionally protected property again. Plaintiffp deserves compensation as required by law. Philbin and Joseph Carrol allegedly claimed that plaintiff property has violation that was noticed and no part of the building collapsed that Defendants can present as evidence. Defendants was issued violation notice on December 27 2018 after plaintiff New York bankruptcy petition was voluntarily dismissed on December 11 2018. On January 3 2019 Defendants obtained judgment to demolish plaintiff property and plaintiff immediately filed appeal which was ignored by Defendants. On January 11 2019 permit was issued for demolition and demolition occurred, in spite of unresolved pending appeal.

II. Philbin and Carroll are entitled to immunity. Defendants defense can't stand because their actions was unreasonable not to allow time to repair the violations. By Defendants admission "if the code official determines that a building is imminently dangerous, they're then required to notify the property owner in writing with description of the imminently dangerous condition, specifying the required repair to make, or requiring the imminently dangerous structure to be demolished within a stipulated time Id at PM-110.2" Defendants stipulated no time to repair the violations as stated above. Defendants issued violation December 27 2018 and moved to demolish the property by filing complaint action on January 2019. Defendants action was clearly a violation of plaintiff constitutional right to property ownership. For Defendants to request that plaintiff pay the demolition cost is unreasonable and compensation to replace the building is hereby demanded.

ARGUMENT

Evidently, it was unreasonable not to specify time to perform repairs. Defendants moved to file complaint to demolish immediately after the violation notice was issued. Defendants action was possible because the bankruptcy petition filed by Plaintiff was inactive. Thurmond was the bankruptcy attorney and she testified in

favor of my attorney at a motion hearing opposing plaintiff attorney excessive fees for his ineffective representation in 9 months during my 3rd Bankruptcy petition in 2020. In both claims, Defendants actions were unreasonable and retaliatory. In all respects, plaintiff fifth Amendment violation claims is legitimate and plaintiff deserve to be compensated as a matter of law.

Defendants argument in my view points Defendant attempt to mislead the court to believe that all unreasonable actions taken by the Defendants were alright because of "Absolutely Immunity" perhaps Defendants might also believe they have absolutely immunity to undermine Federal law. Based on the above plaintiff explanation as a pro se. Plaintiff sufficiently justified the unreasonable action taken by the Defendants that made them liable as plaintiff alleged on the complaint. Therefore, plaintiff deserved to be compensated as a matter of law.

Conclusion

Defendants request for Summary Judgment must be denied because Defendants defenses lacks credible reason to justify Judgment. Defendants failed to justify their unreasonable demolition of Plaintiff constitutionally protected property and show show reason for the retaliation actions taking against plaintiff. In fact, Plaintiff deserved a judgment to be compensated as a matter of law.

Respectfully Submitted,


Abraham ituah (citizen)

Date:——————-         Pro Se PLAINTIFF


UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Abraham Ituah
                    Plaintiff
        V.                                 Case Number
CITY OF PHILADELPHIA, et. Al.   2: 19- cv- 5088
                    Defendants
        CERTIFICATE OF SERVICE

I hereby certify that on the date below, Plaintiff's Response to Defendants Motion for summary Judgment was filed with the District Court clerk and I certify a copy of my response to Defendants Motion has been served upon the Defendants by email and first class mail, postage prepaid, as follows:

# EXHIBIT D,

D2 & D3, and D4

Altered the address
on Court docket

**Mike MC**

| | |
|---|---|
| **From:** | ITUAH ABRAHAM <aituah@aol.com> on behalf of ITUAH ABRAHAM |
| **Sent:** | Tuesday, August 9, 2022 8:57 AM |
| **To:** | Mike MC |
| **Subject:** | Re: satisfaction |

Mike,

I received your response to my request to release my money you held in escrow. Your position was that you would not release the funds because you were told by the city staff that 3 judgments are still opened unsatisfied. You recognized that those said judgments were not for the subject property you Settled. For some reason, you maintained you have to enforce the said judgments because you are in possession of my money. You mentioned that you can only refund the balance after the judgments are satisfied. Please, go ahead snd request a payoff for the settlement of 2507 N 19th street, Philadelphia which is the subject property you issued title insurance. I hope you will do so today because the delay in releasing my funds already had financial consequences.

Sincerely yours,

Abraham Ituah (citizen)

Sent from my iPhone

> On Aug 2, 2022, at 4:59 PM, Mike MC <mikemc@colonyabstractinc.com> wrote:
>
> Hi Mr. Ituah,
>
> Unfortunately, we are unable to release any escrow funds held until the remaining 3 judgments are paid in full and satisfied of record. They remain an issue against the property that was sold until they are satisfied of record.
>
> Upon calling the City of Philadelphia, we were informed that there are still outstanding balances due and owing in the amount of approximately $14,500.00 for all 3 judgments. You will need to negotiate with the City of Philadelphia and pay whatever is owed in order to get the judgments cleared and satisfied.
>
> Alternatively, Colony Abstract can order the payoffs for all 3, pay what is owed, and return the remaining escrow balance back to you if you desire.
>
> Sincerely,
>
> **Mike McGorrey**
> **Colony Abstract**
> **283 2nd Street Pike**
> **Southampton, PA 18966**
> **(215) 364-5845**
> **mikemc@colonyabstractinc.com**
>
> # BEWARE!
> ## WIRE FRAUD IS ON THE RISE.

1

From: a.tuah @ aol com; &
Subject:
Date: March 22, 2016 at 8:14 AM
To: Abraham Ituah  ap.23.@ drexel.edu.

Sent from my HTC





# OFFICE OF THE SHERIFF
## City and County Philadelphia
The land title building
100 S. Broad Street 5th Floor
Philadelphia, Pa 19110
Phone (215)-686-3534 Fax (215) 686-3971

## *SHERIFF JEWELL WILLIAMS*

# Sheriff's Office Real Estate Division
## *Assignment of Bid*

BOOK: __1509__     WRIT: __115__     RECEIPT NUMBER __JW00000 38550__

SHERIFF SALE PROPERTY: __3843 Fairmount Ave__

I __Dimitrios Simopoulos__, Successful Bidder from the Sheriff Sale conducted

on __9/16/15__ relinquish all interest and Claims, to Book/Writ and Property

address sold at Sheriff Sale and assigns all claims and interest to the assignee below.

Assigned to:

Name / Business __Cool Spaces, LLC__

Address: __105 Academy Lane__     City: __Broomhll__     State: __PA__

Phone: __267 258 7140__

Sworn to and subscribed
before me this __6__ day
of __October__, 20 __15__

_____
Signature of successful Bidder

_____
Notary Public

**SHERIFF RECEIVED**

DATE: __10.7.15__

Sheriff's Clerk: __Bahiyah Beasley__

My Commissions Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN D. LIBERT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 7, 2018

Witness:

Phone (215) 686-3534     100 S. Broad Street 5th Fl Philadelphia Pa 19110     Fax (215) 686-3971

Reconsideration which was denied by this Court on November 18, 2015. On December 2, 2015,

Petitioner filed this instant Petition.

## IV.    ARGUMENT

This Court should deny Petitioner's Motion to Redeem Property as he has not met his

burden of demonstrating the Property is eligible for redemption per 53 P.S. § 7293.

Furthermore, Petitioner has not convincingly evinced a financial ability and readiness to pay the

redemption money.

### A. THIS PROPERTY CANNOT BE REDEEMED AS IT HAS BEEN VACANT AND HAS NOT CONTINUOUSLY BEEN OCCUPIED AS A RESIDENCE AS IS REQUIRED BY 53 P.S. §7293.

This Court should deny this Motion to Redeem because the property has been vacant

since November 2013, approximately two (2) years before it was sold at Tax Sale on September

16, 2015. The MCTLA affords owners of property a right to redeem that property after it has

been sold at Tax Sale. 53 P.S. § 7293. Section 7293(a) states, in pertinent part, "The owner of

any property sold under a tax or municipal claim . . . may, except as provided in subsection (c) of

this section, redeem the same at any time within nine months . . . ." 53 P.S. § 7293(a).

Subsection (c) provides an important exception limiting the property subject to redemption.

Section 7293(c) states, in pertinent part:

> There shall be no redemption of vacant property by any person
> after the date of the acknowledgment of the sheriff's deed
> therefor...property shall be deemed to be "vacant property" unless
> it was continuously occupied by the same individual or basic
> family unit as a residence for at least ninety days prior to the date
> of the sale and continues to be so occupied on the date of the
> acknowledgement of the sheriff's deed therefor.

53 P.S. § 7293(c) (emphasis removed).

3

Among the conditions placed on any owner's right to redeem is that the property must be non-vacant property occupied as a residence, currently and continuously starting ninety (90) days prior to the sale. 53 P.S. § 7293(c);  See *Paul J. Dooling Tire Co. v. City of Philadelphia*, 789 A.2d 364, 366 (Pa.Cmwlth. 2001) (finding "the language of Subsection (c) of the [Act] is unambiguous and limits redemption to non-vacant property occupied as a residence.");  See also *First Union Nat. Bank v. Estate of Shevlin*, 897 A.2d 1241, 1435 (Pa.Super. 2006) (finding that an adjoining parcel of property containing only a swimming pool and non-residential accoutrements is vacant as it was not occupied on a continuous basis).  Here, Petitioner has not met his burden of demonstrating that the Property was not vacant.  Petitioner, himself, filed a Motion to Set Aside the Tax Sale with this Court and alleged that the property had been vacant since November 2013.  *See* Exhibit B, Petitioner's Motion to Set Aside the Sheriff Sale.

Petitioner states that he has the right to redeem the Property as long as the property owner exercises the right to redeem prior to the acknowledgment of the Sheriff's deed.  *City of Philadelphia v. F.A. Realty Investors*, 95 A.3d 377 (Pa.Cmwlth. 2014).  This does not apply to Petitioner because the Sheriff's deed was acknowledged on October 21, 2015 and Petitioner filed this Petition on December 1, 2015.  *See* Exhibit A, Sheriff's deed.  Therefore, this Property is not eligible to be redeemed.

## B. PETITIONER HAS NOT PROVIDED ANY EVIDENCE OF READINESS AND ABILITY TO PAY THE RELATED FEES TO REDEEM.

Even if this Property is subject to the right to redeem, this Motion should be denied as the Petitioner cannot convincingly show his readiness to pay the redemption money as is required under Section 7293(b) of the MCTLA.   In order to redeem a property under the MCTLA, a petitioner is required to evince his readiness to pay the redemption money, including but not limited to the amount of the bid at such sale, all taxes and municipal claims, and other necessary

4

expenses of the property. 53 P.S. § 7293(b). The successful bid at the Tax Sale for the Property was $34,500. The Petitioner has to reimburse the Purchaser for the amount bid plus interest at 10% per year, as well as other expenses incurred by the Purchaser, Sheriff's Office, and the City of Philadelphia. Petitioner needs to show strict proof of her financial ability to do so. Here, Petitioner has not provided any such evidence. Petitioner states that he is willing to pay the taxes due. However, in order to redeem the Property, Petitioner must, and the very least, reimburse the Purchaser for the amount bid at the Tax Sale. Petitioner has not provided any evidence that he can pay $34,500. Therefore, this Petition should be denied.

## V.    RELIEF REQUESTED

The City respectfully requests that this Honorable Court deny the Motion to Redeem Property as the Petitioner has failed to provide any evidence demonstrating that the Property is subject to the right to redemption. Moreover, Petitioner has not demonstrated readiness and the ability to pay the Purchaser the redemption monies. Therefore, this Petition should be denied.

Dated: December 22, 2015

Respectfully Requested,
CITY OF PHILADELPHIA

_____/s/_____

Cynthia E. Stavrakis, Esq.
Assistant City Solicitor
City of Philadelphia Law Department

5

CITY OF PHILADELPHIA, LAW DEPARTMENT
BY: CYNTHIA E. STAVRAKIS, ESQUIRE
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 314409
1401 JFK BLVD., 5TH FLOOR
PHILADELPHIA, PA. 19102
(215) 686-0522
Cynthia.Stavrakis@Phila.Gov

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

|  |  |  |
|---|---|---|
| CITY OF PHILADELPHIA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ABRAHAM ITUAH, | : | APRIL TERM 2015 |
| Defendant. | : | NO. T0504 |
| | : | |

### CERTIFICATE OF SERVICE

I, Cynthia E. Stavrakis, hereby certify under penalty of 18 Pa. C.S.A. §4904 that I served

a true and correct copy of the foregoing pleading via First Class United States Mail, postage

prepaid, on the date indicated to:

Abraham Ituah
4021 Neilson Street
Philadelphia, PA 19124

Dimitrios Dimopoulos
105 Academy Road
Broomall, PA 19008

5229 Germantown Ave.
Philadelphia, PA 19144

Respectfully Requested,
CITY OF PHILADELPHIA

Dated: December 22, 2015

_____/s/_____

Cynthia E. Stavrakis, Esq.
Assistant City Solicitor
City of Philadelphia Law Department

Case ID: 1504T0504
Control No.: 15117059

# Select Business Entity

Search Results for term *cool space llc* type: *Starting with*

Show
entries

Filter Records

| Business Entity Name | Name Type | Address | Entity Number | Entity Type | Status | Citizenship |
|---|---|---|---|---|---|---|
| COOL SPACE LOCATOR | Current Name | 50 S 14TH ST PITTSBURGH ALLEGHENY PA 15203-0 | 3054320 | Fictitious Names | Active | Domestic |
| COOL SPACES, LLC | Current Name | 105 Academy Lane BROOMALL PA 19008 | 6304812 | Limited Liability Company | Active | Domestic |

Showing 1 to 2 of 2 entries
Previous 1 Next
Please click on an entity name or number for viewing details

# Order Business Documents

❷

# Order Business Documents

❷

**Date:** 01/19/2016

## Business Name History

| Name | Name Type |
|---|---|
| COOL SPACES, LLC | Current Name |

## Business Entity Details
## Officers

| Name | COOL SPACES, LLC |
|---|---|

| | |
|---|---|
| **Entity Type** | Limited Liability Company |
| **Status** | Active |
| **Citizenship** | Domestic |
| **Entity Creation Date** | 10/01/2015 |
| **Effective Date** | 10/01/2015 |
| **State Of Inc** | PA |
| **Address** | 105 Academy Lane<br>BROOMALL<br>PA<br>19008 |

6797312407- 500          5328945- 1000
6797312406- 500     6797312405- 500     5328943- 1000

| RECEIPT | | JEWELL WILLIAMS, *SHERIFF* | |
|---|---|---|---|
| SHERIFF SALE OF REAL ESTATE | | PHILADELPHIA COUNTY 100 SOUTH BROAD STREET • PHILADELPHIA, PA 19110 | |
| DATE 9-16-15 | BOOK NO. 1509 | WRIT NO. 115 | RECEIPT NO. JW 000038550 |
| AMOUNT BID $ 34,500- | | DEPOSIT PAID $ 3500 | ☑ CHECK ☐ CASH ☐ JUDICIAL SALES UNIT |

PURCHASER'S NAME (PLEASE PRINT)

Dimitrios Dimopoulos  267-258-7140

PURCHASER'S ADDRESS (NO., STREET)

105 Academy Ln

PAID SEP 16 2015

CITY, STATE, ZIP CODE

Broomall, PA 19008

RECEIVED BY (DEPUTY)

JW

12-103 (Rev. 1/14)

CUSTOMER

3843 Fairmount

EXHIBIT

exhibitsticker.com

"A"



**CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**
**TAX REVENUE BUREAU**

# CERTIFICATE OF COMPLIANCE

## TO THE OFFICE OF THE SHERIFF OF PHILADELPHIA:

The subject taxpayer/purchaser is in compliance with the Sheriff's Conditions of Tax Sale for the purpose of settling the following bid(s):

NAME OF PURCHASER: _Dimitrias Dimopoulos_

SALE DATE: _9/16/15_

ADDRESS OF PROPERTY: _3843 Fairmount Ave_

WRIT NUMBER: _1509-115_

SIGNATURE: _____

DATE: _10/6/15_

TSI
OCT 6 2015
#11

B.B.
10.7.15

*PHILA. SHERIFF'S OFFICE REAL ESTATE   2015 OCT -7   10:39*




**CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE
TAX REVENUE BUREAU**

## CERTIFICATE OF COMPLIANCE

TO THE OFFICE OF THE SHERIFF OF PHILADELPHIA:

The subject taxpayer/purchaser is in compliance with the
Sheriff's Conditions of Tax Sale for the purpose of settling the
following bid(s):

NAME OF PURCHASER: _Coal Spare LLC_

SALE DATE: _9/16/15_

ADDRESS OF PROPERTY: _3843 Fairmount Ave_

WRIT NUMBER: _1509-115_

SIGNATURE: _Al. Brown_

**TSI
OCT 6 2015
#11**

DATE: _10/6/15_

B.B.
10.7.15

PHILA. SHERIFF'S OFFICE
REAL ESTATE
2015 OCT -7 AM 10:37



Commonwealth of Pennsylvania :
County of Philadelphia :

On this, the Nov 5, 2015 , before me, the undersigned Officer, personally appeared
JEWELL WILLIAMS, BY HIS UNDERSHERIFF, Joseph C. Vignola, Sheriff of the County of
Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing
instrument, and acknowledged that he/she executed the same in the capacity therein stated and
for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Office of Judicial Records
Steven J. Wulko
Deputy Director

Book No. 1509
Writ No. 115
Control No. ____

# Deed = Poll

JEWELL WILLIAMS

TO

Cool Spaces, LLC

SHERIFF

City of Philadelphia

vs.

Abraham Inah

PREMISES: 3843 Fairmount Avenue
Philadelphia, PA

Apr. T. 2015

No. ___ T0504

James Zwolak, Esq.
1401 John F. Kennedy Boulevard
Suite 518
Philadelphia, PA 19103

The Address of the within-named
Grantee is
105 Academy Lane
Broomall, PA 19008
On behalf of the Grantee

3

*The same having been sold, on the 16th day of September Anno Domini Two Thousand and Fifteen after due advertisement, according to the law, under and by virtue of a writ of Execution issued/Decree entered on the 7th day of August Two Thousand and Fifteen out of the Court of Common Pleas as of April Term, Two Thousand Fifteen Number T0504 at the suit of*

City of Philadelphia

Vs.

Abraham Ituah

In witness whereof, I have hereunto affixed my signature, this 21st day of October Anno Domini Two Thousand and Fifteen

SEALED AND DELIVERED
IN THE PRESENCE OF

Marilyn R Franks

Joseph C. Vignola

Richard Tyer

Jewell Williams, SHERIFF

2

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS, Sheriff of the County of Philadelphia in the Commonwealth of*

*Pennsylvania, for and in consideration of the sum of Thirty-four Thousand Five Hundred*

*($34,500.00), to me in hand paid, do hereby grant and convey to Cool Spaces, LLC*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the North side of Fairmount Avenue at the distance of 226 feet Eastward from the East side of 39th Street in the 24th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Fairmount Avenue 16 feet and extending in length or depth Northward of that width 90 feet to a certain 4 feet wide alley leading into another 4 feet wide alley leading into Olive Street.

BEING TAX ID NO.: 57-N-12-189-3843 - Fairmount Ave.

BEING THE SAME PREMISES VESTED IN Abraham Ituah, by Deed from Wells Fargo Bank Minnesota, N.A., sbm to Norwest Bank Minnesota, N.A., as Trustee, of Salomon Brothers Mortgage Securities, VII, Inc., Floating Rate Mortgage Pass-and Through Certificates, Series 1999-AQ1 Under The Pooling and Servicing Agreement Dated as of March 1, 1999 by Amc Mortgage Services its Attorney in Fact, dated 07/11/2005, recorded 11/18/2005 in Document ID 51316961.

FRONTAGE: 16' x 90'

BEING NO.: 3843 Fairmount Avenue

1



EXHIBIT
" *B* "

| BOOK NO. | PAGE NO. |
|----------|----------|

# PHILADELPHIA REAL ESTATE

# TRANSFER TAX CERTIFICATION

DATE RECEIVED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT** – All inquiries may be directed to the following person:

NAME
CITY LINE ABSTRACT CO.

TELEPHONE (AREA)

15 ST. ASAPH'S ROAD, BALA CYNWYD, PA 19004

**B. TRANSFER DATA**

| GRANTOR(S)/LESSOR(S) | NAME OF GRANTEE(S)/LESSEE(S) |
|---|---|
| Sheriff of PHILADELPHIA County | Cool Spaces, LLC |
| STREET ADDRESS | STREET ADDRESS |
| 100 SOUTH BROAD STREET | 105 Academy Lane |
| CITY STATE ZIP CODE | CITY STATE ZIP CODE |
| PHILADELPHIA, PA 19110 | Broomall, PA 19008 |

**C. PROPERTY LOCATION**

| STREET ADDRESS | CITY, TOWNSHIP, BOROUGH |
|---|---|
| 3843 Fairmount Avenue | |
| COUNTY | SCHOOL DISTRICT | TAX PARCEL NUMBER |

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $34,500.00 | = | $34,500.00 |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| $92,500.00 | 1.01 | = $93,425.00 |

**E. EXEMPTION DATA**

| 1a. AMOUNT OF EXEMPTION | 1b. PERCENTAGE OF INTEREST CONVEYED |
|---|---|
| | |

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____

                                                   (NAME OF DECEDENT)                     (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement.)

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____, Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed.)

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| *Nicole Lynch* | |

## REALTY TRANSFER TAX
### STATEMENT OF VALUE
STATEMENT OF VALUE

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
POST OFFICE BOX 8910
HARRISBURG, PA 17105-8910

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

See Reverse for Instructions.

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on: (1) family relationship or (2) public utility easement. If more space is needed, attach additional sheet(s).

### A  CORRESPONDENT – All inquiries may be directed to the following person:

Name  CITY LINE ABSTRACT CO.
Grantee(s)/Lessee(s)

15 ST. ASAPH'S ROAD, BALA CYNWYD, PA 19004

### B  TRANSFER DATA
Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Sheriff of PHILADELPHIA County | Cool Spaces, LLC |
| Street Address | Street Address |
| 100 SOUTH BROAD STREET | 105 Academy Lane |
| City    State    Zip Code | City    State    Zip Code |
| PHILADELPHIA, PA 19110 | Broomall, PA 19008 |

### C  PROPERTY LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 3843 Fairmount Avenue | |
| County    School District | Tax Parcel Number |

### D  VALUATION DATA

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $34,500.00 | + $ | = $34,500.00 |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
| $92,500.00 | X    1.01 | = $93,425.00 |

### E  EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Interest Conveyed |
|---|---|
| | |

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____
              (Name of Decedent)              (Estate File Number)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $_____

☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____, Page Number _____

☐ Corrective deed (Attach copy of the prior deed).

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| *Micoale Lynch* | |

**2001-351**

# SHERIFF SALE

### By Virtue of a Writ of Decree Will be exposed to

## PUBLIC SALE

## Tuesday, January 07, 2020
## AT: 9:00 AM E.S.T.

### The First District Plaza, 3801 Market Street
### Philadelphia, PA 19104

#### C.P. FEB 2019 02403

| | | | |
|---|---|---|---|
| Ward: 60 | Sq. Ft: 1134 | Real Debt: | $42,024.14 |

ADDRESS: 33 S 53RD ST, PHILADELPHIA, PA 19139-3412

DEFENDANT(S): ABRAHAM O. ITUAH

ATTORNEY: STERN & EISENBERG, P.C.

### Jewell Williams, Sheriff
#### Richard Verrecchio, Real Estate Chief Inspector
#### Richard Tyer, Executive Director, Real Estate

#### Land Title Building, 100 South Broad Street 5th Floor, (215) 686-3535

under Provisions of Act of assembly of May 16, 1928, P.L. 207, as amended, which provides that purchaser takes property free and clear of incumbrances, subject only to rights of redemption.

---

## NOTICE:
A schedule of distribution will be on file in the office of the Sheriff, 100 South Broad Street 5th Floor, thirty (30) days after the date of sale, and distribution will be made in accordance with that schedule unless exceptions are filed in writing within ten (10) days thereafter with the Sheriff.

For additional information about Sheriff Sales go to: www.phillysheriff.com



The Philadelphia Courts
# Civil Docket Access

☐ No Items in Cart | LOGOUT [logout]

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 1504T0504 |
| **Case Caption:** | CITY OF PHILADELPHIA VS ITUAH |
| **Filing Date:** | Wednesday, April 22nd, 2015 |
| **Court:** | REAL ESTATE TAX LIEN PETITION |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | REAL ESTATE TAX LIEN PETITION |
| **Status:** | ORDER AND DECREE - FINAL DISPO |
| **Cross Reference:** | TL 243013900 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | ZWOLAK, JAMES J |
| **Address:** | MUNICIPAL SERVICES BUILDING 1401 JOHN F. KENNEDY BLV. 5TH FLOOR PHILADELPHIA PA 19102 (215)686-0523 | | Aliases: | *none* | |
| 2 | | 1 | | PLAINTIFF | CITY OF PHILADELPHIA |
| **Address:** | c/o LAW DEPARTMENT 1515 ARCH ST, 14TH FLOOR PHILADELPHIA PA 19107 | | Aliases: | *none* | |
| 3 | | | | DEFENDANT | ITUAH, ABRAHAM |
| **Address:** | 3843 FAIRMOUNT AVENUE PHILADELPHIA PA | | Aliases: | *none* | |
| | | | | PRO SE FILER | ITUAH, ABRAHAM |
| **Address:** | PO BOX 7791 PHILADELPHIA PA 19104 (267)471-5511 | | Aliases: | *none* | |





No Items in Cart **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| Case ID: | 1504T0504 |
| Case Caption: | CITY OF PHILADELPHIA VS ITUAH |
| Filing Date: | Wednesday, April 22nd, 2015 |
| Court: | REAL ESTATE TAX LIEN PETITION |
| Location: | City Hall |
| Jury: | NON JURY |
| Case Type: | REAL ESTATE TAX LIEN PETITION |
| Status: | ORDER AND DECREE - FINAL DISPO |
| Cross Reference: | TL 243013900 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | ZWOLAK, JAMES J |
| **Address:** | MUNICIPAL SERVICES BUILDING 1401 JOHN F. KENNEDY BLV. 5TH FLOOR PHILADELPHIA PA 19102 (215)686-0523 | **Aliases:** | *none* | |

EXHIBIT
"A"

| 2 | 1 | PLAINTIFF | CITY OF PHILADELPHIA |
|---|---|---|---|
| **Address:** c/o LAW DEPARTMENT 1515 ARCH ST, 14TH FLOOR PHILADELPHIA PA 19107 | **Aliases:** *none* | | |

| 3 | | DEFENDANT | ITUAH, ABRAHAM |
|---|---|---|---|
| **Address:** 3843 FAIRMOUNT AVENUE PHILADELPHIA PA | **Aliases:** *none* | | |

| 4 | | PRO SE FILER | ITUAH, ABRAHAM |
|---|---|---|---|
| **Address:** 5229 GERMANTOWN AVENUE P O BOX 48024 PHILADELPHIA PA 19144 (267)471-5511 | **Aliases:** *none* | | |

| 5 | 1 | ATTORNEY FOR PLAINTIFF | STAVRAKIS, CYNTHIA |
|---|---|---|---|
| **Address:** 1601 CHERRY STREET SUITE 1210 PHILADELPHIA PA 19102 (215)557-5652 | **Aliases:** *none* | | |

| 6 | | JUDGE | CARPENTER, LINDA |
|---|---|---|---|
| **Address:** PHILADELPHIA | **Aliases:** *none* | | |

| 7 | | ATTORNEY FOR RESPONDENT | MYLONAS, PETER G |
|---|---|---|---|

| Address: | MARPLE EXECUTIVE CENTER 2725 WEST CHESTER PIKE BROOMALL PA 19008 (610)355-1000 | Aliases: | none | | |
|---|---|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 22-APR-2015 05:15 PM | ACTIVE CASE | | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | E-Filing Number: 1504046124 | | | |
| | | | | |
| 22-APR-2015 05:15 PM | COMMENCEMENT OF CIVIL ACTION | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | none. | | | |
| | | | | |
| 22-APR-2015 05:15 PM | AMENDED TAX CLAIM FILED | ZWOLAK, JAMES J | $5,468.01 | 23-APR-2015 10:37 AM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>3843 Fairmount Avenue.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AMENDED CLAIM FILED. FOR RULE INFORMATION, SEE RECORD. | | | |
| | | | | |
| 22-APR-2015 05:15 PM | CITY CHARGE | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | none. | | | |
| | | | | |

| 13-MAY-2015 09:23 AM | RULE ISSUED | | | 13-MAY-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents RLFTX_5.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | RULE ENTERED UPON ALL INTERESTED PARTIES TO SELL THE PREMISES 3843 FAIRMOUNT AVE. AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, BY THE SHERIFF OF PHILADELPHIA COUNTY BECAUSE OF DELINQUENT REAL ESTATE TAXES, FREE AND CLEAR OF ANY ENCUMBRANCES. EO-DIE PETITION FILED. ...BY THE COURT - CARPENTER, J., 5/8/15 | | | |
| | | | | |
| 09-JUL-2015 02:55 PM | AFFIDAVIT OF SERVICE FILED | | | 09-JUL-2015 02:55 PM |
| Documents: | Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |
| | | | | |
| 10-JUL-2015 07:56 AM | AFFIDAVIT OF SERVICE FILED | | | 10-JUL-2015 08:56 AM |
| Documents: | Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |
| | | | | |
| 04-AUG-2015 06:41 PM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 05-AUG-2015 08:43 AM |
| Documents: | Click link(s) to preview/purchase the documents 1504T0504.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF UPON BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 07/20/2015 FILED. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |
| | | | | |
| 10-AUG-2015 11:37 AM | ORDER AND DECREE - FINAL DISPO | | | 10-AUG-2015 12:00 AM |
| Documents: | Click link(s) to preview/purchase the documents | | Click HERE to purchase all documents related to this one docket entry | |

ORDRT_9.pdf

| Docket Entry: | DECREE ENTERED. THE COURT ORDERS AND DECREES THAT THE PREMISES, TO WIT: 3843 FAIRMOUNT AVE, AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, SHALL BE SOLD BY THE SHERIFF, CLEAR OF ALL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES, TO THE HIGHEST BIDDER AT SUCH SALE; AND THE PROCEEDS REALIZED THEREFROM SHALL BE DISTRIBUTED IN ACCORDANCE WITH THE PRIORITY OF SUCH CLAIMS; AND THE PURCHASE AT SUCH SALE SHALL TAKE AND FOREVER THEREAFTER HAVE, AN ABSOLUTE TITLE TO THE PROPERTY SOLD, FREE AND DISCHARGED OF ALL TAX AND MUNICIPAL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES OF WHATSOEVER KIND, SUBJECT ONLY TO THE RIGHT OF REDEMPTION AS PROVIDED BY LAW. ...BY THE COURT - CARPENTER, J., 8/7/2015 |
| --- | --- |

| 11-SEP-2015 11:05 AM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 11-SEP-2015 11:05 AM |
| --- | --- | --- | --- | --- |
| Documents: | ✎ Click link(s) to preview/purchase the documents 1504T0504.pdf | | 🖴 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF DECREE UPON ABRAHAM ITUAH BY FIRST CLASS REGULAR MAIL ON 09/03/2015 FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 21-SEP-2015 02:04 PM | SHERIFF'S SALE (R.E. WRITS) | | | 22-SEP-2015 10:11 AM |
| --- | --- | --- | --- | --- |
| Docket Entry: | PROPERTY SOLD TO DIMITRIOS DIMOPOULOS FOR THE SUM OF $34,500.00 ON 09/16/2015. - WRIT NUMBER 1509-115 | | | |

| 21-SEP-2015 02:25 PM | MOTION SET ASIDE SHERIFF SALE | ITUAH, ABRAHAM | | 21-SEP-2015 02:32 PM |
| --- | --- | --- | --- | --- |
| Documents: | ✎ Click link(s) to preview/purchase the documents 20150921141343681.pdf Motion CoverSheet Form MTSAS_11_001.pdf | | 🖴 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 RESPONSE DATE 10/13/2015. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |

| 13-OCT-2015 05:15 PM | | STAVRAKIS, CYNTHIA | | 14-OCT-2015 09:12 AM |
| --- | --- | --- | --- | --- |

| | ANSWER (MOTION/PETITION) FILED | | | |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>Ituah 1504T0504.pdf<br>Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 15-OCT-2015 11:14 AM | MOTION ASSIGNED | | | 15-OCT-2015 11:14 AM |
|---|---|---|---|---|
| Docket Entry: | 43-15092343 MOTION SET ASIDE SHERIFF SALE ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: OCTOBER 15, 2015 | | | |

| 22-OCT-2015 12:42 PM | REPLY FILED | ITUAH, ABRAHAM | | 22-OCT-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>REPLY_15.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 REPLY TO PLF'S ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. | | | |

| 26-OCT-2015 12:03 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 26-OCT-2015 12:03 PM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>ORDER_16.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 IT IS HEREBY ORDERD AND DECREED THAT SAID MOTION TO SET ASIDE SHERIFF'S SALE FILED UNDER CONTROL #15092343 AND THE RESPONSES THERETO, IS BEEN DENIED. ...BY THE COURT: CARPENTER, J. 10/23/15 | | | |

| 26-OCT-2015 12:03 PM | NOTICE GIVEN UNDER RULE 236 | | | 26-OCT-2015 01:34 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 26-OCT-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-OCT-2015. | | | |

| 17-NOV-2015 11:28 AM | MOTION FOR RECONSIDERATION | ITUAH, ABRAHAM | | 17-NOV-2015 11:29 AM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>20151117111341020.pdf<br>Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION OF JUDGE CARPENTER'S ORDER DATED 10/26/15 (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |
| | | | | |
| 18-NOV-2015 10:17 AM | MOTION ASSIGNED | | | 18-NOV-2015 10:17 AM |
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: NOVEMBER 18, 2015 | | | |
| | | | | |
| 19-NOV-2015 12:36 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 19-NOV-2015 12:36 PM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>ORDER_20.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 UPON CONSIDERATION OF THE MOTION FOR RECONSIDERATION, AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT MOTION OS DENIED... BY THE COURT: CARPENTER, J. 11/18/2015 | | | |
| | | | | |
| 19-NOV-2015 12:36 PM | NOTICE GIVEN UNDER RULE 236 | | | 19-NOV-2015 04:16 PM |
| Docket Entry: | NOTICE GIVEN ON 19-NOV-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-NOV-2015. | | | |
| | | | | |
| 02-DEC-2015 12:17 PM | MOTION TO REDEEM PREMISES | ITUAH, ABRAHAM | | 02-DEC-2015 12:00 AM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>MTRPR_22_001.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 RESPONSE DATE 12-22-15. | | | |
| | | | | |
| 22-DEC-2015 05:09 PM | | STAVRAKIS, CYNTHIA | | 23-DEC-2015 08:29 AM |

| | ANSWER (MOTION/PETITION) FILED | | | |
|---|---|---|---|---|
| **Documents:** | ♻ Click link(s) to preview/purchase the documents <br> Ituah redemption 1504T0504.pdf <br> Motion CoverSheet Form | | 🗎 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |
| | | | | |
| **23-DEC-2015 09:50 AM** | AFFIDAVIT OF SERVICE FILED | | **23-DEC-2015 12:00 AM** | |
| **Documents:** | ♻ Click link(s) to preview/purchase the documents <br> AFDVT_24.pdf | | 🗎 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | OF MOTION TO REDEEM PREMISES BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON CITY OF PHILADELPHIA ON 4-DEC-2015. | | | |
| | | | | |
| **24-DEC-2015 09:59 AM** | MOTION ASSIGNED | | **24-DEC-2015 09:59 AM** | |
| **Docket Entry:** | 59-15117059 MOTION TO REDEEM PREMISES ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: DECEMBER 24, 2015 | | | |
| | | | | |
| **28-DEC-2015 11:23 AM** | RULE ISSUED | CARPENTER, LINDA | **28-DEC-2015 11:26 AM** | |
| **Documents:** | ♻ Click link(s) to preview/purchase the documents <br> RLFIS_26.pdf | | 🗎 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 59-15117059 A RULE IS ISSUED UPON THE REPSONDENT AND THIRD PARTY PURCHASER TO SHOW CASE WHY THE PETITIONER IS NOT ENTITLED TO REDEEM THE SUBJECT PREMISES. HEARING SHALL BE HELD ON FEBRUARY 11, 2016 IN ROOM 232 CITY HALL, AT 2:30PM IN WHICH PETITIONER SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. NOTICE OF THE ENTRY OF THIS ORDER SHALL BE PROVIDED TO ALL PARTIES, INCLUDING THIRD PARTY PURCHASER BY PETITIONER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J. DECEMBER 28, 2015 | | | |

| 28-DEC-2015 11:23 AM | NOTICE GIVEN UNDER RULE 236 | | | 29-DEC-2015 10:21 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 29-DEC-2015 OF RULE ISSUED ENTERED ON 28-DEC-2015. | | | |

| 28-DEC-2015 11:27 AM | MOTION HEARING SCHEDULED | | | 28-DEC-2015 11:27 AM |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 HEARING ON FEBRUARY 11, 2016 AT 2:30PM IN ROOM 232 CITY HALL, PHILA, PA | | | |

| 30-DEC-2015 12:30 AM | NOTICE GIVEN | | | 30-DEC-2015 12:30 AM |
|---|---|---|---|---|
| Docket Entry: | none. | | | |

| 30-DEC-2015 04:19 PM | REPLY FILED | ITUAH, ABRAHAM | | 30-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚲ Click link(s) to preview/purchase the documents REPLY_30.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO MOTION TO REDEEM PREMESIS FILED | | | |

| 22-JAN-2016 01:05 PM | AFFIDAVIT OF SERVICE FILED | | | 22-JAN-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚲ Click link(s) to preview/purchase the documents AFDVT_31.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | OF RULE TO SHOW CAUSE, PETITION AND REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON DIMITROS DIMOPOULOS AND JAMES J ZWOLAK ON 12/23/16 AND 1/5/16. | | | |

| 11-FEB-2016 12:01 PM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 11-FEB-2016 02:29 PM |
|---|---|---|---|---|
| Documents: | ⚲ Click link(s) to preview/purchase the documents doc20160211120249.pdf | | Click HERE to purchase all documents related to this one docket entry | |

Motion CoverSheet Form

| Docket Entry: | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF COOL SPACES, LLC AND DIMITRIOS DIMOPOULOS) | | | |
|---|---|---|---|---|

| 17-FEB-2016 09:46 AM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 17-FEB-2016 09:50 AM |
|---|---|---|---|---|
| Documents: | ♪ Click link(s) to preview/purchase the documents ORDER_33.pdf | | 🖼 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 THIRD PARTY PURCHASER HAS BEEN GRANTED INTERVENOR STATUS AT THE BAR OF THE COURT. FURTHER HEARING SHALL BE HELD ON MARCH 23, 2016, IN ROOM 232, CITY HALL, AT 1:30 PM IN WHICH THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. THE PARTIES TO ENGAGE IN DISCOVERY ON THE REDEMPTION ISSUES TO BE COMPLETED WITHIN 30 DAYS OF THIS ORDER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J., 2/17/16 | | | |

| 17-FEB-2016 09:46 AM | NOTICE GIVEN UNDER RULE 236 | | | 18-FEB-2016 09:13 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 18-FEB-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 17-FEB-2016. | | | |

| 17-FEB-2016 09:56 AM | MOTION HEARING SCHEDULED | | | 17-FEB-2016 09:56 AM |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 HEARING SCHEDULED FOR 3/23/16 AT 1:30 IN 232 PER JUDGE'S ORDER ISSUED 2/16/16 | | | |

| 19-FEB-2016 12:30 AM | NOTICE GIVEN | | | 19-FEB-2016 12:30 AM |
|---|---|---|---|---|
| Docket Entry: | *none.* | | | |

| 24-FEB-2016 02:39 PM | MOTION/PETITION REPLY FILED | ITUAH, ABRAHAM | | 24-FEB-2016 12:00 AM |
|---|---|---|---|---|

| Documents: | ✎ Click link(s) to preview/purchase the documents<br>REPLM_37.pdf | | | ▨ Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 59-15117059 DEFENDANTS REPY TO MOTION TO REDEEM PREMISES FILED. | | | |

| 04-MAR-2016 12:59 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 04-MAR-2016 12:00 AM |
| Documents: | ✎ Click link(s) to preview/purchase the documents<br>AFDVT_38.pdf | | | ▨ Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED ON 18-FEB-2016. | | | |

| 21-MAR-2016 01:02 PM | MOTION FOR SANCTIONS | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
| Documents: | ✎ Click link(s) to preview/purchase the documents<br>MTSAN_39.pdf | | | ▨ Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 60-16035860 RESPONSE DATE 4-11-16. | | | |

| 21-MAR-2016 01:06 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
| Documents: | ✎ Click link(s) to preview/purchase the documents<br>AFDVT_40.pdf | | | ▨ Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF RESPONSE TO PRODUCTION OF DOCUMENTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON ATTORNEY FOR PETER MYLONA ON 29-FEB-2016, 9-MAR-2016, 9-MAR-2016, AND 26-FEB-2016. | | | |

| 28-MAR-2016 12:16 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 28-MAR-2016 12:16 PM |
| Documents: | ✎ Click link(s) to preview/purchase the documents<br>ORDER_41.pdf | | | ▨ Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 59-15117059 IT IS HEREBY ORDERED THIS COURT HAS FOUND THE PROPERTY AT ISSUE WAS VACANT NINETY(90) DAYS BEFORE THE SHERIFF SALE AND, THUS, IS NOT SUBJECT TO REDEMPTION FOR THE REASONS SET FORTH ON THE RECORD. THE SHERIFF OF | | | |

| | PHILADELPHIA SHALL REMIT ALL EXCESS FUNDS TO THE ORIGINAL OWNER/PETITIONER, ITVAH. JURISDICTION RELINQUISHED.........BY THE COURT: CARPENTER, J. 03/23/2016 | | | |
| --- | --- | --- | --- | --- |
| 28-MAR-2016 12:16 PM | NOTICE GIVEN UNDER RULE 236 | | | 28-MAR-2016 04:49 PM |
| Docket Entry: | NOTICE GIVEN ON 28-MAR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 28-MAR-2016. | | | |
| 30-MAR-2016 09:05 AM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 30-MAR-2016 09:08 AM |
| Documents: | Click link(s) to preview/purchase the documents doc20160330090552.pdf Motion CoverSheet Form | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 60-16035860 ANSWER IN OPPOSITION OF MOTION FOR SANCTIONS FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |
| 01-APR-2016 01:11 PM | POST TRIAL MOTION | ITUAH, ABRAHAM | | 01-APR-2016 12:00 AM |
| Documents: | Click link(s) to preview/purchase the documents PTTMF_44.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 20-16046020 MOTION FOR POST-TRIAL RELIEF FILED. | | | |
| 01-APR-2016 02:16 PM | POST TRIAL MOTION ASSIGNED | | | 01-APR-2016 02:16 PM |
| Docket Entry: | 20-16046020 POST TRIAL MOTION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 01, 2016 | | | |
| 11-APR-2016 02:15 PM | ANS-OPP. TO POST-TRIAL MOTION | MYLONAS, PETER G | | 11-APR-2016 02:25 PM |
| Documents: | Click link(s) to preview/purchase the documents doc20160411141707.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 20-16046020 ANSWER IN OPPOSITION OF POST-TRIAL MOTION FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |

| 13-APR-2016 02:32 PM | MOTION ASSIGNED | | | 13-APR-2016 02:32 PM |
|---|---|---|---|---|
| Docket Entry: | 60-16035860 MOTION FOR SANCTIONS ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 13, 2016 | | | |

| 19-APR-2016 04:38 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 19-APR-2016 04:38 PM |
|---|---|---|---|---|
| Documents: | ♪ Click link(s) to preview/purchase the documents ORDER_48.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 AND NOW, THIS 15TH DAY OF APRIL, 2016, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE DEFENDANT'S MOTION FOR POST TRIAL RELIEF IS HEREBY DENIED.... BY THE COURT; CARPENTER,J | | | |

| 19-APR-2016 04:38 PM | NOTICE GIVEN UNDER RULE 236 | | | 20-APR-2016 12:20 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 20-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-APR-2016. | | | |

| 22-APR-2016 10:57 AM | APPEAL TO SUPERIOR COURT | ITUAH, ABRAHAM | | 22-APR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ♪ Click link(s) to preview/purchase the documents APSUP_50.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | *************************************** NOTICE IS HEREBY GIVEN THAT ABRAHAM ITUAH APPEALS FROM THE ORDER DATED MARCH 23, 2016 AND DOCKETED ON MARCH 28, 2016 BY JUDGE LINDA CARPENTER. PROOF OF SERVICE FILED*************************************** | | | |

| 26-APR-2016 04:13 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 26-APR-2016 04:13 PM |
|---|---|---|---|---|
| Documents: | ♪ Click link(s) to preview/purchase the documents ORDER_51.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 60-16035860 IT IS HEREBY ORDERED AND DECREED THAT THE MOTION IS DENIED. ...BY THE COURT: CARPENTER, J. 4/21/2016 | | | |

| 26-APR-2016 04:13 PM | NOTICE GIVEN UNDER RULE 236 | | | 27-APR-2016 08:26 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 27-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-APR-2016. | | | |
| | | | | |
| 27-APR-2016 12:08 PM | FEE PD PURSUANT TO ORDER | | | 27-APR-2016 12:00 AM |
| Docket Entry: | CHECK NO. 6709 IN THE AMOUNT OF $85.50 DISBURSED TO SUPERIOR COURT OF PENNSYLVANIA | | | |
| | | | | |
| 13-SEP-2016 10:12 AM | APPEAL DISMISSED/APPELLAT CT | | | 13-SEP-2016 12:00 AM |
| Documents: | ♪ Click link(s) to preview/purchase the documents APDSM_54.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AT 1276 EDA 2016......6/24/16. PER CURIAM | | | |
| | | | | |
| 20-JAN-2017 09:26 AM | PERMISSION TO APPEAL DENIED | | | 20-JAN-2017 12:00 AM |
| Documents: | ♪ Click link(s) to preview/purchase the documents APPRD_55.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | TO SUPREME COURT AT 182 EM 2016.....12/28/16 PER CURIAM | | | |

▸ Case Description   ▸ Related Cases   ▸ Event Schedule   ▸ Case Parties   ▸ Docket Entries

[ Search Home ]   [ Return to Results ]

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
CIVIL TRIAL DIVISION

RECEIVED

MAR 28 2016

OFFICE OF JUDICIAL
RECORDS

CITY OF PHILADELPHIA

            :    CASE NO.: 1504T0504

       V.          :

ITVAH            :    CONTROL NO.: 15117059

## ORDER

AND NOW, this 23rd day of March, 2016, upon the Rule to Show Cause issued by this Court on February 16, 2016, and the hearing held on this date; this Court has found the property at issue was vacant ninety (90) days before the Sheriff Sale and, thus, is not subject to redemption for the reasons set forth on the record.[1] The Sheriff of Philadelphia SHALL remit all excess funds to the original owner/petitioner, ITVAH. Jurisdiction relinquished.

BY THE COURT:

_____
CARPENTER, J.

3/28/16

City Of Philadelphia Vs-ORDER

15040050404041

DOCKETED

MAR 28 2016

MICHAEL TIERNEY
JUDICIAL RECORDS

---

[1] Vacant since fire in November, 2013 and was not under active rehabilitation.



EXHIBIT
"C"

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

D4

IN RE: Abraham Ituah          :          Chapter 13
                              :          Bankruptcy Case No. 16-14559 sr
     Debtor.                  :

---

Abraham O. Ituah                    :

     Debtor/Plaintiff          :
                               :
          v.                   :
                               :
                               :
Cool Spaces LLC                :
105 Academy Lane               :
Broomall, PA 19008             :
                               :
          Defendant            :

### COMPLAINT PURSUANT TO 11 U.S.C. §548 TO AVOID A FRAUDULENT TRANSFER, TO RECOVER ANY INTEREST TRANSFERRED PURSUANT TO 11 U.S.C. §550(a)(1) AND TO DETERMINE EXTENT OF LIEN PURSUANT TO II U.S.C. §550(e)(1)

1.  The instant Complaint is filed by Abraham O. Ituah , "Debtor", "Plaintiff" or Mr. ("Ituah"),

    pursuant to Bankruptcy Rule 7001 and §548(a)(1)(B) and 550(a)(1) and (e) to set aside the

    transfer of property and recover the property at 3843 Germantown Avenue, Philadelphia, PA for

    the benefit of the Debtor and for the benefit of the Debtor's estate.

<u>JURISDICTION</u>

2.  Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§1334 and 157(a).  This

    matter is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2), (A), (B), (C), (K) and (O).

    Debtor consents to a final order in this case by the Bankruptcy Court.

<u>PARTIES</u>

3.  Plaintiff Abraham O. Ituah ("Ituah" or "Debtor") is a natural person and the Debtor in the above

    captioned voluntary Chapter 13 proceeding.

*Exhibit "B"*

4. Defendant Cool Spaces LLC is a Limited Liability Corporation with a principal place of business at 105 Academy Lane, Broomall, PA 19008.

## FACTS

5. Debtor owns real property at 3843 Germantown Avenue, Philadelphia, PA 19104-1819 (the "Property") and is the rightful owner of the Property.

6. On or around April 23, 2015, the City of Philadelphia (the "City") filed a Petition for a Rule to Show Cause in the Court of Common Pleas seeking permission to sell Debtor's Interest in his property in satisfaction of alleged delinquent real estate taxes in a total amount of $5,468.01 including interest, penalty, attorney fees and lien costs. (Hereinafter "2015 City Tax Case").

7. On or about May 13, 2015, the court of Common Pleas for the City of Philadelphia issued a Rule granting the City's Petition to show cause why a Decree should not be entered permitting the sale of the Property.

8. In violation of the Requirements of the Municipal Claims Lien Act ("MCTLA") the Rule did not provide for a hearing to be held before the issuance of a Decree permitting a sale. *City of Philadelphia v. Manu*, 76 A.3rd 601, 605-608 (Pa Cmwlth. 2013). Municipal Claims Lien Act section 31.2.

9. On or about August 10, 2015 the Court of Common Pleas for the City of Philadelphia issued a decree permitting the property to be sold by the Sheriff.

10. This Order was facially and fatally defective as it was issued in the absence of a hearing. Without a hearing the court was without authority to order the sale. *City of Philadelphia v. Manu,* 76 A.3rd at 605-608. Municipal Claims Lien Act section 31.2.

11. The Philadelphia Sheriff's Office sold the Property at a tax sale on or about September 16, 2015. The sale of the Property was not advertised as is required by the Municipal Claims Lien Act.

12. Cool Spaces LLC was the winning bidder for a bid of $34,500.00.

13. At the time of the time sheriff sale, the approximate Fair Market Value of the Property according to the City of Philadelphia was $93,425.00, almost three times the sale price. The approximate fair market value of the property on the open market is $143,500.00

14. On or about November 5, 2015 the sheriff of the County of Philadelphia acknowledged a deed to Cool Spaces LLC reciting consideration in the amount of $34,500.00. The Sheriff's deed was subsequently recorded.

### COUNT 1 – AVOIDANCE PURSUANT TO 11 U.S.C. §548 AND RECONVEYANCE PURSUANT TO 11 U.S.C. §550(a)(1)

15. Plaintiff incorporates by reference paragraphs 1-14 *supra* as if fully set forth herein.

16. At the time of the Sheriff sale, the Debtor was insolvent.

17. To the extent the Debtor was not already insolvent , he was rendered insolvent by any transfer resulting from the sheriff sale.

18. The value paid by Cool Spaces LLC was 24% of the Fair Market Value of the Property at the time of the sale and was not a fair equivalent value.

19. The value paid by Cool Spaces LLC was grossly inadequate under state law and under applicable bankruptcy law.

20. In obtaining the Decree authorizing the sale of the Property to satisfy delinquent taxes, the City of Philadelphia failed to comply with Pennsylvania Law.

21. The City f Philadelphia did not comply with Pennsylvania law when it sold the Debtor's property on September 16, 2015. The pending sale was not publicized, all lien holders were not notified.

22. The sheriff sale of September 16, 2015 was not conducted in accordance with applicable Pennsylvania Law. As a result, any transfer of the Debtor's interest in the Debtor's property resulting from the September 16, 2015 sale is avoidable pursuant to 11 U.S.C. § 548.

23. Cool Spaces LLC was the initial transferee of the transfer resulting from the sheriff sale,

24. Cool Spaces LLC was not a good faith transferee within the meaning of 11 U.S.C. § 550(e) because Cool Spaces LLC knew or should have known that it was purchasing the property for less than its reasonable equivalent value.

WHEREFORE, Debtor prays this court to:

a.  Avoid any transfer of Debtor's interest in his property that may have resulted from the September 16, 2015 sheriff sale pursuant to 11 U.S.C. § 548;

b.  Pursuant to 11 U.S.C. § 551, preserve any transfer which may have resulted from the September 16, 2015 sale for the benefit of the Debtor and the benefit of the estate;

c.  Pursuant to U.S.C. § 550(a)(1), order Cool Spaces LLC to re-convey the property to the Debtor and to record with the City of Philadelphia Department of Records a corrective deed evidencing such re-conveyance;

d.  Grant such other relief as may be necessary and proper under applicable law.

## COUNT II – DETERMINE LIEN PURSUANT TO 11 U.S.C. § 550(e)

25. Plaintiff incorporates by reference paragraphs 1-24 as if fully set forth herein.

26. Pursuant to 11 U.S.C. §550(e), when a transfer is avoided pursuant to 11 U.S.C. §548 and the property recovered from the initial transferee pursuant to 11 U.S.C. §550(a)(1), the initial transferee, if he acted in good faith without knowledge of the avoidability of the transfer is entitled to a lien equal to the lessor of the increase in value of the property resulting from the transfer or the cost of the transfer.

27. In the instant case Cool Spaces LLC was not a good faith transferee because Cool spaces because according to the transfer tax certification Cool Spaces LLC filed with the City of Philadelphia Cool spaces LLC knew the Fair market Value was at least $93,500.00 . thus it knew or should have known that the transfer was subject to being set aside as a fraudulent transfer or for payment of a grossly inadequate sales price under applicable law.

28. In any event the increase in the value of the property resulting from the transfer was the elimination of the real estate taxes that were due at the time of the sale which equaled at most $5,468.01, less any charges that were included in that amount that were not for unpaid taxes.

29. Alternatively, if the court finds the property was improved allow a claim in the amount for costs actually expended by Cool Spaces LLC that were reasonable and benefitted the Debtor and the estate. Strict proof of all costs expended, the reasonableness thereof and the utility to the Debtor and the estate less amounts for rent and use of the Property by the Debtor shall modify any claim asserted by Cool spaces LLC

WHEREFORE, Debtor prays this court to:

a. Determine that Cool spaces LLC is the holder of an allowed secured claim in the amount of $0.00 because it was not a good faith transferee within the meaning of 11 U.S.C. §550(e)(1);

b. Alternatively, if the court finds that Cool spaces was a good faith transferee; find that he has an allowed secured claim in the amount of $5,468.01.

c. Alternatively, if the court finds Cool Spaces was a good faith transferee, a claim for costs expended, the reasonableness thereof and the utility to the Debtor and the estate less amounts for rent and use of the Property by the Debtor shall modify any claim asserted by Cool spaces LLC, if the court determines the value of the property was increased.

d. Award Debtor attorney fees and reasonable expenses.

Respectfully submitted,

*/s/Michael P. Kutzer*
Michael P. Kutzer, Esquire
Attorney for Abraham O. Ituah
1420 Walnut St., Suite 1188
Philadelphia, PA 19106
(215) 687) 6370
(215) 687-6370
*mpkutzer@gmail.com*

# EXHIBIT E



**First American
Title Insurance Company**

CLAIMS SERVICES

EASTERN CLAIMS

Direct Dial: 610-233-4209
Fax: 866-253-3607
Email: tmunson@firstam.com

September 22, 2022

Abraham Ituah
PO Box 7791
Philadelphia, PA 19101

Reference No.: PA-2209406119
Claimant: Abraham Ituah
Property: 2507 North 19th Street, Philadelphia, PA 19138

Dear Mr. Ituah:

Please be advised that I was assigned to investigate and respond to the notice of claim (the "Claim") which you submitted to First American Title Insurance Company (the "Company"). You advised that Colony Abstract ("Colony"), the Company's policy-issuing agent, is holding the sum of $20,000.00 in escrow pursuant to a "Settlement Escrow Agreement" dated June 24, 2022, between you and Colony, pending final disposition of three judgments entered against you. Colony is an agent of the Company strictly for the purpose of issuing title insurance policies and is not an agent of the Company for conducting closings or holding escrows.

The Settlement Escrow Agreement originally provided that $30,000.00 would be held in escrow until you provided proof of payment or revised payoff figures for five judgments entered against you. The Company understands that the sum of $10,051.98 was released to you by check dated July 5, 2022, after you furnished proof that two of the judgments had been resolved. You believe Colony is improperly holding the remaining funds -- $19,848.02 -- as you contend the three remaining judgments have also been resolved. However, the Company's investigation discloses that the trial court recently denied your motions to open the three judgments, finding that you had not provided a valid reason for failing to appear at the original hearing, and you have appealed that denial. In the interim, the three judgments remain open of record.

Please note the benefits of a title insurance policy run in favor of the named insured and the Company does not have any evidence that you are a named insured under a policy of insurance with the Company. Furthermore, the Company is not a party to the escrow agreement between the you and Colony and is unable to provide you with any assistance regarding the escrow claim. Accordingly, the Company respectfully denies the Claim

This letter is written without waiver of or prejudice to any other rights, defenses, or contentions, heretofore or hereinafter accruing under the policy or which may also be available to us under the

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
### 355 Main Street
### Poughkeepsie, NY 12601

IN RE: Abraham O Ituah

Social Security/Taxpayer ID/Employer ID/Other Nos.:
xxx-xx-1699

CASE NO.: 18-35408-cgm

CHAPTER: 13

## NOTICE OF DISMISSAL

An order of dismissal was entered by the Honorable Cecelia G. Morris in this Chapter 13 case.

Abraham O Ituah was dismissed from the case on December 11, 2018 .

Dated: December 11, 2018

Vito Genna
Clerk of the Court

*Bankruptcy dismissed and the city of philadelphia condemned my property on 12/27/2018*

# EXHIBIT F

facts of the Claim and the terms of the policy, which rights are expressly reserved. Further, First American expressly reserves the right to cite additional grounds for denial of coverage.

In all cases in which a claim is submitted to this Company, First American thoroughly reviews the facts and circumstances so that each claimant is afforded that degree of coverage to which the claimant is entitled. If you have any additional information that would suggest a different conclusion, or if the facts or circumstances change, please provide this information to us and we will be happy to reconsider our decision.

Very truly yours,

Teresa M. Munson
Senior Claims Counsel
Eastern Claims Center
First American Title Insurance Company
Claims Services Division





G



**CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES AND
INSPECTIONS**

**Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2480
CSU@phila.gov**

FINAL NOTICE OF VIOLATION AND ORDER
IMMINENTLY DANGEROUS BUILDING

ITUAH ABRAHAM
508 W TABOR RD
PHILADELPHIA PA 19120-2718

Case Number:668607

PROPERTY IN VIOLATION: 508 W TABOR RD SIDE BEARING W   Date of Notice:12/27/18

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on
12/27/18  and has declared it IMMINENTLY DANGEROUS, in whole or in part, pursuant to Section PM15-110.1
of the Philadelphia Property Maintenance Code. The results are included in the violation section below.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the
structure to remove the imminently dangerous condition. Failure to comply with this order forthwith shall
result in the City taking action to demolish the structure and stucco remaining party walls exposed by the
demolition as per Department policy. You, the owner, will be billed for all costs incurred by the City, including
administrative fees.

This is your final notice, if you have any questions regarding this matter please contact: INSPECTOR CARROLL
at JOSEPH.CARROLL@phila.gov or the district office noted above.


**VIOLATIONS:**


STRUCTURES OR COMPONENTS THEREOF THAT HAVE REACHED THEIR LIMIT STATE PM-304.1(3)
LOCATION: Side Bearing Wall


You are hereby ordered to obtain the services of a Pennsylvania Licensed Professional Engineer to serve as
the design professional in responsible charge pursuant to Administrative Code Section A-304, and maintain, at
a minimum, the following responsibilities:
1) Immediately assess the structure to determine the extent of the structural defects and submit those
findings along with a timeline of corrective actions to the Department.
2) Design and observe the immediate installation of temporary protections of the public way and adjacent
properties.
3) Develop a remediation plan, detailing the extent of the required removal and replacement of structural
components and temporary shoring required for the remediation. The remediation plan must contain
adequate construction details to confirm code compliance as well as provide the responsible contractor with
necessary direction in approaching and completing the necessary repairs.
4) Submit such remediation plan with details to the Department along with an application for a building

1      of      2

Case ID: 181203469
Control No.: 19010128

Ituah  v.  City  000007



### *AR* Engineers
191 Presidential Blvd., #616, Bala Cynwyd, PA 19004
Telephone No.: 610-368-8234 / Email: <u>arengineers@hotmail.com</u>

January 10, 2019

Mr. Abraham Atiuah
508 W. Tabor Road
Philadelphia, PA 19148
Telephone No.: 267-481-5511
Email: <u>aituah@aol.com</u>

Subject: <u>Inspection 508 W. Tabor Road, Philadelphia, PA 19120</u>

Dear Mr. Atiuah:

Alex Rong and Victor Rong of *AR* Engineers inspected the property at 508 W. Tabor Road, Philadelphia, PA 19120 on January 7, 2019. The building structure consisted of masonry bearing walls and wood floor framing.

The scope of our work was limited to inspecting the readily visible and accessible areas of the east wall and determining its structural condition. The scope of work did not cover inspection of any other structural or non-structural elements such as roofing, electrical elements, etc.

During the time of inspection, we noted serious bulging and deterioration of the east wall (see Photos No. 4-6) and the tilted chimney (see Photo No. 7). Based on the field inspection and engineering judgment, it is concluded that the rear 28-feet section of the east wall is in imminent danger of collapse and it should be removed and replaced immediately. The tilted chimney should be repaired. Temporary shoring made of 2x6 wood studs at the spacing of 16-inch shall be installed approximately 2.5-feet from the east wall to support the floor framing of the 1st floor framing, 2nd floor framing, and roof framing, prior to demolishing and rebuilding the east wall. The temporary shoring shall be installed at the basement, 1st floor and 2nd floor.

The findings and conclusions of this report with respect to the inspection of the east wall of the property on are based on normal visual observations of the readily visible and accessible areas. No conclusions, expressed or implied, shall represent that *AR* Engineers has made an evaluation of the material, fabrication, or erection deficiencies beyond that which would be detectable by a normal visual inspection. Please feel free to contact me if you have any questions. Thank you.

Regards,



Alex Rong, Ph.D., P.E.
President of *AR* Engineers

1



**Photo No. 2. Front View of 508 W. Tabor Road, Philadelphia**



**Photo No. 3. Rear View of 508 W. Tabor Road, Philadelphia**



**Photo No. 4. East Side Wall of 508 W. Tabor Road, Philadelphia**



**Photo No. 5. East Side Wall of 508 W. Tabor Road, Philadelphia**



**Photo No. 6. East Side Wall of 508 W. Tabor Road, Philadelphia**

**EXHIBIT "A"**

Exhibit
A1

**VERIFICATION**

I, _Joseph A. Carroll_ have read the foregoing interrogatories and the answers to

those interrogatories, which are true according to the best of my knowledge, information, and

belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this _16_ day of May, 2023

_[signature]_

[NAME] _Joseph A. Carroll_

## VERIFICATION

I, Brendan J. Philbin, have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of May, 2023

_Brendan J. Philbin_

Brendan J. Philbin

**Interrogatory No. 21:**

*State which of the defendants actions mentioned above does support plaintiff retaliation claim?*

Answer:       Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that "actions mentioned above" actually occurred.

Notwithstanding the foregoing objections, Defendants respond that no facts support Plaintiff's retaliation claim and that no Defendant retaliated against Plaintiff.

**Interrogatory No. 18 [22]:**

*Identify any expert whom your plan to obtain for use in this Action.*

Answer:       Defendants incorporate their general objections, above. Defendants further object to the extent the request calls for privileged or trial preparation information.

Notwithstanding the foregoing objections, Defendants have not yet identified an expert to be used in this litigation. As discovery is ongoing, Defendants reserve the right to supplement or amend this response.

<br>

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: May 19, 2023                    *s/ Michael Pfautz*
                                      Michael Pfautz
                                      Deputy City Solicitor
                                      Pa. Attorney ID No. 325323
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 15th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5233
                                      Michael.Pfautz@phila.gov

Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051.**. The Court's Order holding Plaintiff responsible for the costs of demolition can be found at the pages bates numbered **Ituah_v._City_000068-Ituah_v._City_0000070**.

**Interrogatory No. 19:**

*Explain the factual basis for demolition of plaintiff building based on judgment entered on January 3 2019 and ignored plaintiff appeal filed on January 4 2018.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that the Interrogatory calls for a legal conclusion.

Notwithstanding the foregoing objections, the fact showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051**.

**Interrogatory No. 20:**

*What's the basis of not receiving responses from Ms Thurmond and other city employees of 12 inquiries plaintiff submitted if not retaliation.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit. Defendants further object on the grounds that they are unable to answer due to the vagueness of the Interrogatory.

**Interrogatory No. 17:**

*Explain the factual basis for sending demolition charges of the subject property to plaintiff for payment?*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that it calls for a legal conclusion regarding the Court of Common Pleas's Order that Plaintiff is responsible for the costs of demolition.

Notwithstanding the foregoing objections, the facts showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051.**. The Court's Order holding Plaintiff responsible for the costs of demolition can be found at the pages bates numbered **Ituah_v._City_000068-Ituah_v._City_0000070**.

**Interrogatory No. 18:**

*Explain the factual basis and why plaintiff must pay the bills for demolished property?*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that it calls for a legal conclusion.

Notwithstanding the foregoing objections, the facts showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for

**Interrogatory No. 15:**

> *Explain the factual and legal basis for Ms Thurmond to file a motion to dismissed plaintiff third bankruptcy petition.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it does not seek information relevant to the claims remaining in the lawsuit. Defendants further object to the extent that the Interrogatory calls for legal conclusions and seeks privileged information.

Notwithstanding the foregoing objections, Defendant Thurmond responds that she did not file a Motion to Dismiss Plaintiff's third bankruptcy case.

**Interrogatory No. 16:**

> *Explain the factual basis for issuing a condemnation notice on December 2018 shortly after plaintiff Bankruptcy filed in New York was dismissed on November 2018. State the date and time the violation was first noticed.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that it calls for a legal conclusion.

Notwithstanding the foregoing objections, the facts showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051**.

9

**Interrogatory No. 13:**

> *Can Defendant Joseph Carrol identify any other owner of property in Philadelphia that was issued eminent dangerous violation and petition the court to get judgment to demolish the property within 5 days? State why the building was considered eminently dangerous.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that it calls for a legal conclusion.

Notwithstanding the foregoing objections, the facts showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051**.

**Interrogatory No. 14:**

> *Explain the factual basis for Defendant Pamela Thurmond motion to dismiss plaintiff bankruptcy petition without objections from plaintiff attorney and testified in a hearing opposing the dubiously requested for payment of $10000 for ineffective representation from January 20 2020 through September 2020.*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it does not seek information relevant to the claims remaining in the lawsuit. Defendants further object to the extent that the Interrogatory calls for legal conclusions and seeks privileged information. Defendants further object that they cannot answer because the Interrogatory is too vague.

**Interrogatory No. 11:**

>  *Explain the factual basis for Mr Carrol to issue eminent danger violation notice on December 28 and Mr. Philbin called plaintiff on the phone on January 2 2019 to request that plaintiff reports for emergency hearing on January 3, 2019.*

>  *ANSWERS:*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it is irrelevant to the extent it seeks the reasons for any communications between Mr. Philbin and Plaintiff.

Notwithstanding the foregoing objections, the facts showing the imminent danger posed by Plaintiff's property at 508 W. Tabor St. are set forth in the City's Complaint and Petition for Preliminary Injunction at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000027**, the transcript of the hearing on the city's Petition at the pages bates numbered **Ituah_v._City_000073-Ituah_v._City_0000081**, and the exhibits introduced at that hearing at the pages bates numbered **Ituah_v._City_000028-Ituah_v._City_0000051**.

**Interrogatory No. 12:**

>  *Plaintiff received first violation notice on December 28th 2018 and unknown police officer ordered plaintiff tenants to vacate the building and declared the building condemned. What's the name of the police officer? Was the violation notice issued by the police officers?*

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it seeks information that is not relevant to any of the claims remaining in this lawsuit.

**Interrogatory No. 8:**

*Defendant, Pamela Thurmond and other Defendants must give reasons why plaintiff shouldn't consider their actions as a retaliations?*

<u>Answer:</u>    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory to the extent it seeks information regarding alleged retaliation by persons other than Defendant Thurmond because that information is not relevant to the claims remaining in this lawsuit. Defendants further object that on the grounds that this Interrogatory assumes that there are any facts that support a claim of retaliation. Defendants further object on the grounds of burden and vagueness because no "actions" are specified such they can respond.

Notwithstanding the foregoing objections, Defendant Thurmond responds that none of her actions were retaliatory because she did not take any action because Plaintiff engaged in constitutionally protected conduct.

**Interrogatory No. 9:**

*For each verbal communication Plaintiff had with Defendants Pamela Thurmond, Brendan Philbin, and Joseph Carrol at different occasions ended without mutual understanding. Why?*

<u>Answer:</u>    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground of vagueness such that Defendants cannot answer and that the Interrogatory does not appear to seek relevant information.

**Interrogatory No. 10:**

*Defendant, Mr Joseph Carrol humiliated Plaintiff in many occasions and asked police officer to escort me out of his office without remorse? How would you described such experiences?*

<u>Answer:</u>    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it does not seek information relevant to any of the claims remaining in this lawsuit.

the events that lead to the inspection and demolition of the 508 W. Tabor St. property are detailed

in the testimony at the pages bates numbered Ituah_v._City_000001-Ituah_v._City_0000081.

**Interrogatory No. 6:**

> *Defendants counsel must state the reason Plaintiff was escorted out of defendants office on February 1 2023?*

Answer:    Defendants incorporate their general objections, above. Defendants further object

to this Interrogatory on the ground that it does not seek information relevant to the claims

remaining in the lawsuit. Defendants further object on the grounds that they cannot respond

because the Interrogatory does not identify whose office Plaintiff was allegedly escorted from.

**Interrogatory No. 7:**

> *Does Defendant Ms Thurmond agreed that the Bankruptcy Plaintiff filed in New York was dismissed on November 2018 and eminent danger notice was issued on December 2018?*

Answer:    Defendants incorporate their general objections, above.

Notwithstanding the foregoing, Defendant Thurmond responds that Plaintiff's Bankruptcy

petition filed in the Southern District of New York as case 18-35408-cgm was dismissed as a result

of Plaintiff's motion to dismiss on December 11, 2018. Defendants further respond that a Final

Notice of Violation and Order for an Imminently Dangerous Building at 508 W. Tabor Rd. was

issued on December 27, 2018. By way of further response, Defendants note that the automatic stay

for bankruptcy actions under 11 U.S.C. § 362 does not apply to "the commencement or

continuation of an action or proceeding by a governmental unit . . . to enforce such governmental

unit's or organization's police and regulatory power, including the enforcement of a judgment

other than a money judgment, obtained in an action or proceeding by the governmental unit to

enforce such governmental unit's or organization's police or regulatory power."

of that order while an appeal is taken under Pa.R.Civ.P. 1732, as recognized by the Third Circuit in footnote five of its opinion in this matter.

**Interrogatory No. 4:**

> Defendant, Mr Philbin and Carrol must states the number of violation notices sent to plaintiff concerning the building demolished before issuing eminent danger notice on December 28 2018.

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that it does not seek information relevant to the claims remaining in the lawsuit.

**Interrogatory No. 5:**

> State the factual basis Pamela Thurmond and other defendants disagreed that Defendants actions up to present does not support plaintiff claim of retaliation ?

Answer:    Defendants incorporate their general objections, above. Defendants further object to this Interrogatory to the extent it seeks information regarding alleged retaliation by persons other than Defendant Thurmond because that information is not relevant to the claims remaining in this lawsuit. Defendants further object that on the grounds that this Interrogatory assumes that there are any facts that support a claim of retaliation.

Notwithstanding the foregoing objections, Defendant Pamela Thurmond responds that Plaintiff's allegations do not support Plaintiff's retaliation claim because Defendant Thurmond did not take any action against Mr. Ituah, and in particular did not take any action against him because he initiated a bankruptcy proceeding in New York that required Ms. Thurmond's participation and or because he did not consent to telephonic proceedings; Ms. Thurmond also did not engineer inaccurate bills, have any involvement with the demolition of the property at 508 W. Tabor St or have any awareness of demolition proceeding until after it occurred. By way of further response,

seek information relevant to the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that that it calls for a legal conclusion. Defendants further object to the extent the Interrogatory seeks privileged or trial preparation information. Defendants further object to this Interrogatory to the extent it seeks to force Defendants to disclose any forthcoming summary judgment motion before the deadline set by the Court. Defendants further object to this Interrogatory as unduly burdensome given that many of the grounds for dismissal are stated in Defendants prior motions, Defendants' Answer, and this Court's rulings.

**Interrogatory No. 2:**

*Explain the reason Plaintiff claims was dismissed before  trial?*

Answer:        Defendants incorporate their general objections, above. Defendants further object on the ground that the Interrogatory to the extent it relates to dismissed claims because it does not seek information relevant to the claims remaining in this lawsuit. Defendants further object to this Interrogatory on the ground that that it calls for a legal conclusion. Defendants further object to the extent the Interrogatory seeks privileged or trial preparation information. Defendants further object to this Interrogatory to the extent it seeks to force Defendants to disclose any forthcoming summary judgment motion before the deadline set by the Court. Defendants further object to this Interrogatory as unduly burdensome given that many of the grounds for dismissal are stated in Defendants prior motions, Defendants' Answer, and this Court's rulings.

**Interrogatory No. 3:**

*Mr Philbin and Carrol must State the section of law that permits Defendants to ignore appeal filed by plaintiff and contracted the subject property for demolition within 2  weeks.*

Answer:        Defendants incorporate their general objections, above. Defendants further object to this Interrogatory on the ground that the Interrogatory calls for a legal conclusion regarding the effect of an order of the Court of Common Pleas when there is no motion or order to stay the effect

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, attorney-work product doctrine, and/or any other applicable privilege.

2.  Defendants object to the Interrogatories to the extent that they require the City to search for and produce documents or information that are not within its possession, custody, or control.

3.  Defendants object to the Interrogatories to the extent they seek information or documents that cannot be located by the City after reasonably diligent inquiry, are readily available from public sources, or are available to Plaintiffs' counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

4.  Defendants object to the Interrogatories to the extent they seek legal conclusions and/or would require the City to reach a legal conclusion in order to prepare a response.

5.  Defendants object to the Interrogatory to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

6.  Defendants object to the Definitions to the extent that certain Definitions imply legal conclusions or facts not proven.

7.  Defendants object to the default time period as seeking information that is not likely to lead to the discovery of admissible evidence relevant to the claims remaining in this lawsuit.

## INTERROGATORIES

### Interrogatory No. 1:

*For each " Action " referenced in Plaintiff Complaints that was filed, explain which of the claims has no merits to be tried in a perfected jury trial and explain the reason for dismissing the complaint.*

Answer:    Defendants incorporate their general objections, above. Defendants further object on the ground that the Interrogatory to the extent it relates to dismissed claims because it does not

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case Number** |
| | : | **19-cv-5088** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Pamela Elchert Thurmond, Brendan J. Philbin, and Joseph Carroll hereby

respond and object to Plaintiff's First Set of Interrogatories (the "Interrogatories") in the above

captioned case, as set forth below. The following responses are made solely for the purposes of

this action. Each response is subject to all objections as to relevance, materiality, and

admissibility, and to any and all objections on any ground that would require exclusion of any

response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that

Defendants have objected or responded to any Interrogatory shall not be deemed an admission

that Defendants accept or admit the existence of any facts set forth or assumed by such

Interrogatories or that such objection or response constitutes admissible evidence. The fact that

Defendants have responded to part or all of any Interrogatory is not intended to and shall not be

construed to be a waiver by Defendants of any part of any objection to any Interrogatory.

Defendants reserves their right to supplement any response below if additional information

becomes available.

## CERTIFICATE OF SERVICE

I, Michael Pfautz, Attorney for Defendants, certify that on this date, I caused a true and correct copy of the foregoing to be served on the following via e-mail and mail:

**TO:**
Abraham Ituah
419 W. Godfrey Avenue
Philadelphia, PA 19120
aituah@aol.com
ituahabraham@gmail.com
*Plaintiff pro se*

Date: May 19, 2023                    /s/ Michael Pfautz
                                      Michael Pfautz
                                      Deputy City Solicitor
                                      Pa. Attorney ID No. 325323
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 15th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5233
                                      Michael.Pfautz@phila.gov

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: May 19, 2023                                  */s/ Michael Pfautz*

Michael Pfautz
Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5233
Michael.Pfautz@phila.gov

this lawsuit. Defendants further object on the grounds that the request calls for a legal

conclusion. Defendants further object on the grounds that the requested documents would be

publicly available.

**Request No. 9:**

> *All laws or rules permitting the demolition of Plaintiff property without regard to Pennsylvania Constitution Article 1 Section 1, 6, 7, 8 and 12.*

Response:    Defendants incorporate their general objections, above. Defendants further object

that the requested documents are not relevant because Plaintiff has not brought any claims under

the Pennsylvania Constitution. Defendants further object to the extent the request seeks

documents .

Notwithstanding the foregoing objections, documents and communications supporting

the dismissal of Plaintiff's federal Takings claim relating to the demolition of Plaintiff's property

at 508 W. Tabor St.p can be found at the pages bates numbered **Ituah_v._City_000001-**

**Ituah_v._City_0000081**. As discovery is ongoing, Defendants reserve the right to supplement or

amend this response.

**Request No. 9 [10]:**

> *Any expert report Defendants plan to use in this action.*

Response:    Defendants incorporate their general objections, above. Defendants further object

to the extent the request calls for privileged or trial preparation information.

Notwithstanding the foregoing objections, Defendants have not yet identified an expert

report to be used in this litigation.  As discovery is ongoing, Defendants reserve the right to

supplement or amend this response.

**Request No. 6:**

*A copy of Pennsylvania tax law that permits sales of property tax default action commenced on April 22, 2015 and Court Order to sell free and clear, entered on May 8, 2015.*

Response:    Defendants incorporate their general objections, above. Defendants further object on the grounds that the requested documents would not be relevant to the claims remaining in this lawsuit. Defendants further object on the grounds that the request calls for a legal conclusion. Defendants further object on the grounds that the requested documents would be publicly available.

**Request No. 7:**

*All documents and rules. Defendants contend to support their actions that demolition of plaintiff property was according to Pennsylvania constitution.*

Response:    Defendants incorporate their general objections, above. Defendants further object on the grounds that the request does not seek relevant documents because Plaintiff has not brought a claim under the Pennsylvania Constitution. Defendants further object to the extent the request seeks privileged information.

Notwithstanding the foregoing objections, documents and communications supporting the dismissal of Plaintiff's federal Takings claim relating to the demolition of Plaintiff's property at 508 W. Tabor St. can be found at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000081**. As discovery is ongoing, Defendants reserve the right to supplement or amend this response.

**Request No. 8:**

*All documents and rules permitting tax sales of property the Order and Decree was entered on August 7 2015 and the property sold September 16, 2015.*

Response:    Defendants incorporate their general objections, above. Defendants further object on the grounds that the requested documents would not be relevant to the claims remaining in

Notwithstanding the foregoing objections, Defendants have produced documents and communications they contend support the dismissal of Plaintiff's remaining claims. As discovery is ongoing, Defendants reserve the right to supplement or amend this response.

**Request No. 4:**

> *All documents relating to the demolition of 4 units building located at 508 W Tabor Road and states the part of law that authorized defendants to ignored appeal timely filed from the common pleas court judgement.*

Response:      Defendants incorporate their general objections, above. Defendants further object on the grounds that the Request contends that "ignored" any appeal . Defendants further object to the extent the request seeks privileged information.

Notwithstanding the foregoing objections, documents relating to the demolition of Plaintiff's property at 508 W. Tabor St. can be found at the pages bates numbered **Ituah_v._City_000001-Ituah_v._City_0000081**. As discovery is ongoing, Defendants reserve the right to supplement or amend this response.

**Request No. 5:**

> *A copy of the "court order or rules" permitting the ex-city attorney Cynthia Stavrakis to represent named defendant on a motion to set aside sheriff sale filed by plaintiff*

Response:      Defendants incorporate their general objections, above. Defendants further object on the grounds that the requested documents would not be relevant to the claims remaining in this lawsuit. Defendants further object on the grounds that the request calls for a legal conclusion. Defendants further object on the grounds that the requested documents would be publicly available.

this lawsuit. Defendants further object on the grounds that they are unable able to answer due to

the vagueness of the request seeking documents that supported nonparties' unidentified

contentions. Defendants further object to the extent the requested documents are protected by

attorney-client or other legal privilege. Defendants further object on the grounds that the

requested documents are not in their possession, custody, or control.

**Request No. 2:**

> *All documents and communications Defendants contend to support dismissal of
> plaintiff claim and the Pennsylvania law that waived any part of Pennsylvania
> Constitution.*

Response:    Defendants incorporate their general objections, above. Defendants further object

that Plaintiff has not brought any claims under Pennsylvania law or the Pennsylvania

Constitution. Defendants further object to the extent the request seeks documents that supported

the dismissal of the now-dismissed claims no longer part of this lawsuit.

Notwithstanding the foregoing objections, documents and communications Defendants

contend support the dismissal of Plaintiff's remaining claims can be found at the pages bates

numbered **Ituah_v._City_000001-Ituah_v._City_0000081**. As discovery is ongoing,

Defendants reserve the right to supplement or amend this response.

**Request No. 3:**

> *All documents defendants counsel contend or intend to use to support defendants
> defense violate plaintiff constitutional rights.*

Response:    Defendants incorporate their general objections, above. Defendants further object

to the extent the request seeks privileged or trial preparation information. Defendants further

object to the extent the request assumes that Defendants violated Plaintiff's constitutional rights.

## GENERAL OBJECTIONS

1.     Defendants object to the Requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, attorney-work product doctrine, and/or any other applicable privilege.

2.     Defendants object to the Requests to the extent that they require the City to search for and produce documents or information that are not within its possession, custody, or control.

3.     Defendants object to the Requests to the extent they seek information or documents that cannot be located by the City after reasonably diligent inquiry, are readily available from public sources, or are available to Plaintiffs' counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

4.     Defendants object to the Requests to the extent they seek legal conclusions and/or would require the City to reach a legal conclusion in order to prepare a response.

5.     Defendants object to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

6.     Defendants object to the Definitions to the extent that certain Definitions imply legal conclusions or facts not proven.

7.     Defendants object to the default time period as seeking information that is not likely to lead to the discovery of evidence relevant to the claims remaining in this lawsuit.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Request No. 1:

*All "documents" referenced in the Complaints that James Zwolak and Cynthia Stavrakis contended were the reasons for selling plaintiff property from April 22 2015 and September 16 2015 which was the basis of plaintiff filing complaints*

Response:     Defendants incorporate their general objections, above. Defendants further object on the grounds that the requested documents would not be relevant to the claims remaining in

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ABRHAM ITUAH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case Number** |
| | : | **19-cv-5088** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants Pamela Elchert Thurmond, Brendan J. Philbin, and Joseph Carroll hereby respond and object to Plaintiff's First Set of Requests for Production (the "Requests") in the above captioned case, as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Defendants have objected or responded to any Request shall not be deemed an admission that Defendants accept or admit the existence of any facts set forth or assumed by such Requests or that such objection or response constitutes admissible evidence. The fact that Defendants have responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Defendants of any part of any objection to any Request. Defendants reserves its their right to supplement any response below if additional information becomes available.

1

Page 25

[1] bought the property like that. You have an
[2] obligation to fix it if it was purchased like
[3] that. And up to this point, it hasn't been
[4] done.
[5]     MR. ITUAH: I have contact with a
[6] contractor.
[7]     THE COURT: I understand you contacted
[8] people. But that doesn't translate into the
[9] work being done. I understand you contacted
[10] people. I'm not saying you did not.
[11]     But I'm saying, for today, in a court
[12] of law, I have to have some evidence to show
[13] contrary to what the City is representing to
[14] the Court that this property is imminently
[15] dangerous. You have not given me that
[16] information. I don't have that.
[17]     MR. ITUAH: Your Honor, I just
[18] mentioned that brace was done by a contractor.
[19] He was coming back to do the job, as I
[20] mentioned.
[21]     THE COURT: But you don't have a
[22] contractor here stating otherwise the property
[23] is safe because of X, Y, and Z. I don't have
[24] any of that. In a court of law, I need
[25] evidence, which you have not provided.

Page 26

[1]     So because of that, I'm going to have
[2] to grant the City's request for the injunction.
[3] It's granted.
[4]     MR. PHILBIN: Thank you, Your Honor.
[5]         - - -
[6]     (Matter is concluded.)
[7]         - - -

Page 27

[1]     C E R T I F I C A T E   O F   O F F I C E R.
[2]     I, Virginia Leyendecker, a Certified
[3] Shorthand Reporter and Notary Public, do hereby
[4] certify that the foregoing is a true and accurate
[5] transcript of the proceedings as taken
[6] stenographically by and before me at the date, time
[7] and location aforementioned.
[8]     I do further certify that I am neither
[9] a relative nor employee, nor attorney or counsel to
[10] any parties involved; that I am neither related to
[11] nor employed by any such attorney or counsel, and
[12] that I am not financially interested in the action.
[13]     /s/Virginia Leyendecker, CSR RPR

Court Reporting System (Generated 2023/05/04 08:22:51)

## Page 21

[1] THE COURT: Any more evidence to
[2] present?
[3] MR. PHILBIN: No, just argument.
[4] THE COURT: With that, you rest?
[5] MR. PHILBIN: Yes.
[6] THE COURT: Go ahead, sir. What did
[7] you have to present to rebut? Just show it to
[8] the Court.
[9] MR. ITUAH: Your Honor, I can see the
[10] bossy nature of the counsel. They had a copy
[11] to present that I should have been able to take
[12] a clear look at it and see if it is my building
[13] or not.
[14] But I do know that the portion that
[15] was braced, it shows like it's just like the
[16] one attached to my response to the petition
[17] filed. There has never been a time that I have
[18] done anything of remodeling or any touch of the
[19] building look. It is the way I bought it, that
[20] is the way it has been. I have never done
[21] anything on my own in that building since I
[22] bought it.
[23] So I have, I know, when counsel
[24] mentioned that there was only five days that
[25] was given, it was 10 days I was told that that

## Page 22

[1] place have to vacate. And then I went into
[2] full contact, to make sure that the bank that
[3] have interest in the property, that have
[4] interest in the property are fully aware of the
[5] situation.
[6] MR. PHILBIN: I object.
[7] THE COURT: Overruled.
[8] MR. ITUAH: -- the insurance company
[9] and they also said they were going to do the
[10] violation.
[11] THE COURT: Sir, the bottom line is
[12] you're in court today because the City deemed
[13] your property imminently dangerous. Okay?
[14] You're saying no, it's not dangerous.
[15] MR. ITUAH: It's not dangerous because
[16] the --
[17] THE COURT: I need you to hear me.
[18] You're saying it's not dangerous. They are
[19] saying that it is. They provided me testimony
[20] showing why it's dangerous and how it's
[21] dangerous. The Court has looked at the
[22] property and sees that the property certainly
[23] looks dangerous, especially with an apparatus
[24] holding up what looks like the side of the
[25] building with a bulge, that looks like it's

## Page 23

[1] separating itself.
[2] I don't have any other testimony,
[3] expert testimony, from you saying contrary to
[4] what the City is saying, that the property is
[5] not dangerous.
[6] Here is the deal. As a judge, I have
[7] to make sure the safety of the individuals in
[8] that area of the city are protected. If that
[9] property happens to fall down right now,
[10] somebody could be in danger and be hurt.
[11] That's why we have licenses and inspections go
[12] out and inspect the properties to see if that
[13] was the case.
[14] You know you were cited that the
[15] property was unsafe. You come here to court
[16] and there is no one, an expert or anyone, that
[17] could tell me this property is not unsafe.
[18] Only thing I have in the record for testimony
[19] and evidence is that the property looks to be
[20] unsafe.
[21] Do you have anything else to say?
[22] And moreover, when they cited you, you
[23] didn't appeal anything. You didn't appeal the,
[24] I think it was the citation that came from
[25] December 27.

## Page 24

[1] Is that correct?
[2] MR. PHILBIN: Yes, Your Honor.
[3] MR. ITUAH: The citation just arrived
[4] on December 27. I never got citation. It was
[5] on the wall. I wasn't actually given it.
[6] THE COURT: December 27, 28, 29, 30.
[7] You didn't appeal it.
[8] MR. ITUAH: This was holiday period,
[9] Your Honor. There is no way --
[10] THE COURT: The city is not closed the
[11] entire holiday time. The city is only closed
[12] Christmas day and New Year's Day.
[13] MR. ITUAH: Even if I appealed the
[14] order, I should have 10 days --
[15] THE COURT: That is beside the point.
[16] The point is you can't have an unsafe property
[17] in the city and people living there. They have
[18] a job to make sure properties in the city are
[19] safe so that other people that are living there
[20] and/or people that are walking around, happen
[21] to walk on the sidewalk, this building is not
[22] falling down, hurting people. That's the
[23] point.
[24] And you were aware there were problems
[25] with this property. You can't say that you

Page 17

[1] occupants were removed from the property.
[2]        When I was there on January 2nd, I did
[3] hear a voice via cough on the rear of the property
[4] on the first floor. I knocked on the side door.
[5] There was no answer. It leads me to believe there
[6] are still occupants to the inside of the property.
[7]        The property was deemed imminently
[8] dangerous. It has the potential of a very serious
[9] collapse happening at the location. And for the
[10] danger of the public, the danger of the occupants
[11] inside the property, the danger to the adjoining
[12] properties, the department is suggesting or desiring
[13] abatement by demolition.
[14] Q.    Inspector, has the defendant provided the
[15] department with any engineering reports?
[16] A.    None whatsoever.
[17] Q.    Finally, Inspector, you reviewed the case
[18] history of this property.
[19]        Was there a violation issued in August
[20] of 2017?
[21] A.    There were violations issued in 2016 and 2017
[22] for an illegal boarding house. That case was
[23] closed. Specifically, we could not gain access to
[24] the property to investigate that the occupancy had
[25] changed. That case was closed in 2017, in the

Page 18

[1] summer of 2017, for not being able to gain access to
[2] the property.
[3]        But through our investigation and
[4] being called out to the property on December 27, it
[5] was found to have five units in the property and
[6] several of those units were occupied. It was a
[7] total of 10 occupants removed from the property.
[8]        MR. PHILBIN: At this time, I don't
[9] have any more questions for Inspector
[10] Rybakowski.
[11]        THE COURT: Do you have any questions?
[12]        MR. ITUAH: May I ask questions?
[13]        -- CROSS-EXAMINATION --
[14] BY MR. ITUAH:
[15] Q.    Do you have any engineering certification to
[16] form those, to form the opinion that this is
[17] imminently dangerous or something like that? Do you
[18] have any engineering certification to say, yes, the
[19] structure of the building is imminently dangerous?
[20] A.    Engineering, no. But I have declared
[21] properties imminently dangerous and unsafe several
[22] times.
[23] Q.    Was there any of that portion you observed of
[24] the brace other than that particular portion that
[25] was four inch where the brace, was there any?

Page 19

[1]        MR. PHILBIN: Your Honor, I object to
[2] this line of questioning. The Philadelphia
[3] Code provides an administrative remedy to the
[4] defendant to appeal these violations to the
[5] Board of Licenses and Inspections Review, and
[6] he has not done so.
[7]        THE COURT: The Court knows that but
[8] the Court overrules.
[9]        THE WITNESS: I didn't understand the
[10] question.
[11] BY MR. ITUAH:
[12] Q.    Was there any other portion in the building
[13] where you observed that brace?
[14] A.    Not that I'm aware.
[15] Q.    Did you specifically see the place you say was
[16] occupied in the building?
[17] A.    I'm sorry?
[18] Q.    Did you see somebody? You said you tap and
[19] you have a conclusion that somebody was living
[20] there.
[21]        Did you physically see anybody there?
[22] A.    On January 2, when I accessed the side yard, I
[23] went to the back of the property to get pictures and
[24] I heard somebody to the left, which is the rear of
[25] the property. I heard a cough. I yelled out to see

Page 20

[1] if anybody answered. Nobody answered. But it came
[2] from the left, which is the rear of 508 West Tabor
[3] Road. I knocked on the side door and there was no
[4] answer. But there was definitely a sound. And last
[5] time I knew, dogs and cats don't make the sound of a
[6] cough.
[7] Q.    Do you see the fifth unit, as you claim in
[8] that building?
[9] A.    I cannot.
[10] Q.    Did you check the city records to verify what
[11] permits there were for that building since 2006 when
[12] I bought the property?
[13] A.    The property is zoned for four units, and it
[14] continues to still be zoned for four units.
[15] Q.    The violation, you said it was closed.
[16]        Was it just closed at department
[17] discretion all because of the violation noted at
[18] that time was not correct?
[19] A.    It was not correct. The violation was closed.
[20] It was closed for lack of being able to gain access
[21] to the property.
[22]        MR. ITUAH: No further questions.
[23]        THE COURT: Any further redirect based
[24] on that?
[25]        MR. PHILBIN: No, Your Honor.

**Page 13**

[1] at.

[2] THE COURT: Okay.

[3] THE WITNESS: The pictures of the

[4] property, it's a three-story masonry structure

[5] on the 500 block of West Tabor Road.

[6] The first picture shows the entire

[7] frontage of the property. The next photograph

[8] shows the posting that was posted on the

[9] property to the front window of the structure.

[10] That posting is dated December 27, 2018. That

[11] posting was posted by the area inspector who

[12] responded to an emergency call for that

[13] property at 508 West Tabor Road. That area

[14] inspector's name is Inspector Joseph Carroll.

[15] The third photograph shows the reason

[16] the property was deemed unsafe. There is

[17] bracing that has been installed to the side

[18] load-bearing wall on this property, and there

[19] are several photographs after that photograph

[20] showing the bracing and the bulge of the wall.

[21] BY MR. PHILBIN:

[22] Q. Inspector, have you had the opportunity to

[23] view a bracing that's been properly installed?

[24] A. Yes. Typically when bracing is installed to a

[25] side of a load-bearing wall or any type of exterior

**Page 14**

[1] wall, it is anchored into the sidewalk with either

[2] some sort of anchor point, typically rebar or some

[3] sort of bolting system or mechanical system.

[4] Whoever installed this bracing, number

[5] one, it was never issued a permit to have

[6] inspections done. We don't know if it was designed

[7] by a design professional or if some contractor or

[8] individual property owner or whoever installed it.

[9] It was place-nailed (phonetic), which means that

[10] someone just took regular nails and shot it into the

[11] pavement of the adjoining property, which is 510

[12] West Tabor Road, along a common alleyway that is

[13] shared between both properties. It also is -- the

[14] framing or the bracing that is attached to the wall,

[15] it's not attached. It's attached to the bracing

[16] structure points, and then it is just laid up

[17] against the bulged section of this wall. The only

[18] contact point that this bracing is making is to an

[19] approximate four-inch section of the bulged board

[20] itself.

[21] Q. Inspector, pages five and six of City-1, does

[22] that indicate where the bracing is away from the

[23] wall?

[24] A. Correct. The last photograph in the packet

[25] actually shows where the wall has actually pulled

**Page 15**

[1] away from the window. It's approximately a

[2] four-inch gap.

[3] I would like to point out that the

[4] interior framing of this wall, these joists are

[5] typically set into these widths of brick typically

[6] between three and four inches. In my opinion, it

[7] looks like this wall has stepped out between three

[8] and four inches, which leads us to conclude that

[9] these floor joists aren't even supported in the

[10] wall, which means this wall has lost all of its

[11] structural integrity.

[12] Q. Inspector Rybakowski, I want to point you to

[13] page nine. It's a photograph looking up at the top

[14] of the bracing.

[15] A. Yes.

[16] Q. In the top middle of the photograph, it looks

[17] like that brick is a different color than the brick

[18] lower.

[19] A. Yes.

[20] Q. What does that indicate to you?

[21] A. Also there was a section of the building that

[22] had been added to the portion of the wall at one

[23] point. That leads us to believe that an addition

[24] was added to the third-floor portion of the

[25] structure. That was never permitted. There is no

**Page 16**

[1] issued permits for adding a third-floor addition to

[2] this property.

[3] That also increased the weight load of

[4] the framing and the weight load on this exterior

[5] side load-bearing wall. That could possibly be

[6] adding more reasons to the reason this wall is

[7] buckling or bulging at this time.

[8] Q. Inspector Rybakowski, did you have the

[9] opportunity to review the permit history of this

[10] property?

[11] A. Yes.

[12] Q. Were there any permits pulled to put the

[13] bracing in?

[14] A. There has not been any issued permits for any

[15] work on this property. There has been a permit

[16] application that was turned in to the department,

[17] but there's never been anything issued.

[18] Q. Based on your experience in inspecting

[19] imminently dangerous properties, what is the risk

[20] that you saw that's caused by these violations?

[21] A. During the emergency call that was called in

[22] to the department on the 25th of December, there

[23] were approximately 10 occupants to the property.

[24] There were five units to the property. The area

[25] inspector gained access to all the units. All the

**Page 9**

[1]         The property is a mortgage company --
[2] I mean, it's financed. And the mortgage
[3] company, JP Morgan, I contacted them and told
[4] them about it and those people said they would
[5] want to wait for the insurance to do their
[6] action before they can do anything about it.
[7]         As far as that imminently dangerous,
[8] or whatever word they use, which sounds very
[9] severe, which it's not so. My property is as
[10] solid as anything. It does not have interior
[11] foundation problem, only at the side because of
[12] the edge of the building; the bulge at one
[13] position, just one small spot. And that's when
[14] I got someone, who is a contractor, to put
[15] something against, to prevent it from further
[16] shifting.
[17]         So fortunately police officer came
[18] around that neighborhood and saw that very
[19] brace and the brace that they had on the wall
[20] and that's when they called licenses and
[21] inspections. And they simply put them in a
[22] dangerous step.
[23]         So first I knew, I think this is more
[24] pest than an issue than official writing. The
[25] inspector of the office, the building inspector

**Page 10**

[1] in that building, at one time, actually
[2] humiliated me at the office when I went there
[3] to ask questions. He simply called police to
[4] ask me to walk out. And since then, there has
[5] never been on good terms and that is why I
[6] believe he took this action to say it was
[7] imminently dangerous, because he knows that's
[8] the only way to prove his case to, you know,
[9] push it to the curb.
[10]         That building is sound. And none of
[11] the contractors who are so experienced who came
[12] to try to give me the estimate has said that
[13] that is a difficult job to do. It's something
[14] they can resolve.
[15]         THE COURT: Okay. Go ahead.
[16]         MR. PHILBIN: Your Honor, with your
[17] leave, I would like to rebut the defendant's
[18] statement by providing the testimony of
[19] Inspector Rybakowski regarding the condition of
[20] the property.
[21]         THE COURT: Okay.
[22]         – DIRECT EXAMINATION –
[23]         BY MR. PHILBIN:
[24] Q.    Inspector Rybakowski, state your name for the
[25] record.

**Page 11**

[1] A.    Thomas Rybakowski, City of Philadelphia
[2] Licenses and Inspections.
[3] Q.    What is your position at licenses and
[4] inspections?
[5] A.    Building inspector assigned to contractor
[6] services unit for emergency services for L&I.
[7] Q.    What are your duties in that role?
[8] A.    We inspect and declare properties unsafe and
[9] imminently dangerous, and inspect the associated
[10] issued permits for those properties.
[11] Q.    What makes a property imminently dangerous?
[12] A.    It's declared imminently dangerous for the
[13] possibility of a collapse being imminent, and the
[14] danger of the adjoining property or public at large.
[15] Q.    And in execution of your duties, did you have
[16] the opportunity to inspect the address 508 West
[17] Tabor Road?
[18] A.    Yes.
[19] Q.    When was the last time you were at the
[20] property?
[21] A.    The last time I was there was January 2, 2019.
[22] Q.    And did you conduct an inspection on
[23] January 2?
[24] A.    Yes.
[25] Q.    And as part of your inspection, did you take

**Page 12**

[1] photographs?
[2] A.    Yes.
[3] Q.    I'm going to show you what we will mark as
[4] City Exhibit 1.
[5]         - - -
[6]         (Designated exhibit is marked and
[7] shown to the witness.)
[8]         - - -
[9]         BY MR. PHILBIN:
[10] Q.    Do you see these?
[11] A.    Yes, these are pictures I took of the property
[12] at 508 West Tabor Road, on January 2, 2019.
[13] Q.    And do they accurately reflect the condition
[14] of the property as you saw it on January 2, 2019?
[15] A.    Yes.
[16]         MR. PHILBIN: Your Honor, I will pass
[17] a copy of City-1 up to the bar and to the
[18] defendant.
[19]         THE COURT: Okay. Thank you.
[20]         - - -
[21]         (Handing to the Court and defendant.)
[22]         - - -
[23]         MR. PHILBIN: Your Honor, I just ask
[24] that Inspector Rybakowski walk us through the
[25] City Exhibit 1 and show us what we are looking

Page 5

[1]          - - -
[2]          MR. PHILBIN: Good afternoon, Your
[3]   Honor.
[4]          The City comes to you seeking an
[5]   emergency order to demolish the property at 508
[6]   West Tabor Road. Your Honor, our evidence will
[7]   show there is a three- to four-inch bulge in
[8]   the wall. Additionally, there is a third floor
[9]   that has been built without any permanent
[10]  record. There is an illegal, unpermitted
[11]  wooden bracing that was purportedly put there
[12]  to hold up the wall. However, upon inspection
[13]  and photographic evidence, you will see it's
[14]  not flush against the wall. It's simply nailed
[15]  into the sidewalk, where typically these are
[16]  dug in and secured, and it's using the side
[17]  wall of the adjoining property.
[18]         THE COURT: Do you have a copy of the
[19]  petition? I can't load it.
[20]         - - -
[21]         (Handing to the Court.)
[22]         - - -
[23]         MR. PHILBIN: As I said, it's using
[24]  the side wall of the adjoining property. And
[25]  again, there is no permit to have this bracing.

Page 6

[1]          Additionally, in August of 2017, the
[2]   owner was informed and cited for violations of
[3]   the zoning code. This zone is a four-unit
[4]   property. However --
[5]          THE COURT: In 2017?
[6]          MR. PHILBIN: Yes.
[7]          However, he has been using it as a
[8]   five-unit property. On December 27, 2018, the
[9]   Philadelphia Police Department were responding
[10]  to a call within the area and informed licenses
[11]  and inspections of this bulging wall.
[12]         The L&I went out to the scene, deemed
[13]  the property imminently dangerous, issued
[14]  notification.
[15]         THE COURT: When was that?
[16]         MR. PHILBIN: December 27, 2018.
[17]         THE COURT: Okay.
[18]         MR. PHILBIN: Deemed the property
[19]  imminently dangerous due to the wall, and
[20]  notified the owner via a notification violation
[21]  and via text message, which, under the code,
[22]  would qualify as valid notification.
[23]         Now, he has five days to appeal this
[24]  violation. He has not filed any appeal, nor
[25]  has there been any engineering reports, no

Page 7

[1]   contractors and no permits applied for.
[2]          Additionally, the property was posted,
[3]   on December 27, 2018, informing everybody that
[4]   it was imminently dangerous.
[5]          Upon the most recent inspection
[6]   yesterday, Inspector Rybakowski, standing
[7]   beside me here, will also testify that he
[8]   believes there was someone still inside that
[9]   property. And that just increases the danger
[10]  both to the public and to that occupant.
[11]         So at the end of this, we will seek an
[12]  order to demolish the property.
[13]         THE COURT: You handed me your
[14]  petition, but I don't have a proposed order.
[15]         What is your response?
[16]         MR. ITUAH: I want to confirm my
[17]  response to the claim.
[18]         THE COURT: I don't have the response.
[19]         MR. ITUAH: Your Honor, I'm so amazed
[20]  that even a city attorney would claim here that
[21]  the property is supposed to be four units but
[22]  is used as five units. That is not true. At
[23]  the time I purchased my property in 2006 that
[24]  property was as is. Up to today it's still
[25]  four units and remains four units. All the

Page 8

[1]   downstairs has conformed to four units.
[2]          There has never been an issue that he
[3]   is raising.
[4]          THE COURT: Let me ask you a question.
[5]   They cited the property as being imminently
[6]   dangerous.
[7]          Were you aware of that?
[8]          MR. ITUAH: They delivered a citation
[9]   which they posted on the house to say that it's
[10]  imminently dangerous. They called me up on the
[11]  phone, while we are on holiday, on December 27.
[12]  I was in Pittsburgh when they called me on the
[13]  phone and say, police is here. I said, okay,
[14]  what is the situation? They said licenses and
[15]  inspections has come. They want to vacate the
[16]  only tenant that was available that day. So
[17]  they told me. I said, okay. You have to
[18]  comply with the police. They all moved out.
[19]         So when I came back, I took various,
[20]  seven days since they posted anything. I
[21]  called the insurance company. They said they
[22]  were going to come out and do the inspection.
[23]  I called the contractors. I had three list of
[24]  contractors that came out to try to provide
[25]  estimates.

## Page 1

[1]        IN THE COURT OF COMMON PLEAS
[2]      FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[3]              CIVIL TRIAL DIVISION
[4]                  - - -
[5]    CITY OF PHILADELPHIA     :
[6]                            :
[7]                            :
[8]        vs.                 :
[9]                            :
[10]    ABRAHAM ITUAH          :
[11]              : NO. 181203469
[12]
[13]              January 3, 2019
[14]           Courtroom 426-City Hall
[15]           Philadelphia, Pennsylvania
[16]                  - - -
[17]    BEFORE: THE HONORABLE PAULA PATRICK, J.
[18]                  - - -

## Page 2

[1]    APPEARANCES:
[2]         CITY OF PHILADELPHIA
[3]         LAW DEPARTMENT
[4]         BY: BRENDAN PHILBIN, ESQUIRE
[5]         Attorneys for the City of Philadelphia
[6]         Abraham Ituah, Pro Se

## Page 3

[1]              INDEX
[2]    WITNESS        DR  CR  RDR  RCR
[3]    Thomas Rybakowski    10  18
[4]              EXHIBITS
[5]    NUMBER    DESCRIPTION       PAGE
[6]    City 1    Photographs       12

## Page 4

[1]         COURT CRIER: Next, Number 25, City of
[2]    Philadelphia versus Ituah, I-t-u-a-h, Docket
[3]    No. 181203469.
[4]         All parties please step forward.
[5]                  - - -
[6]         (Parties approach and stand at bar of
[7]    court.)
[8]                  - - -
[9]         COURT CRIER: Counsel, please state
[10]    your name for the record.
[11]         MR. PHILBIN: Good afternoon, Your
[12]    Honor. Brendan Philbin, for the City of
[13]    Philadelphia.
[14]         COURT CRIER: Sir, state and spell
[15]    your name for the record.
[16]         MR. RYBAKOWSKI: Thomas Rybakowski.
[17]    T-h-o-m-a-s, R-y-b-a-k-o-w-s-k-i.
[18]         COURT CRIER: State and spell your
[19]    name for the record.
[20]         MR. ITUAH: Abraham Ituah,
[21]    A-b-r-a-h-a-m I-t-u-a-h.
[22]                  - - -
[23]         THOMAS RYBAKOWSKI and ABRAHAM
[24]    ITUAH, having been duly sworn, were examined and
[25]    testified as follows:

# First Judicial District of Pennsylvania

*181203469*
*City Vs. Ituah*

*Motion Volume 1*
*January 03, 2019*



**Court Reporting System**

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

*Original File 2019-01-03^City-Ituah.txt, 27 Pages*
*CRS Catalog ID: 23050077*

# EXHIBIT G



**FOREMOST®**
INSURANCE COMPANY
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™
DECLARATIONS PAGE**

*Linda  Adjuster*
*(215) 901.8281*

*Claim# 301 2150059*

AMENDED DECLARATION * EFFECTIVE 09/27/18
SUPERSEDES ANY PREVIOUS DECLARATION PAGE BEARING
THE SAME POLICY NUMBER FOR THIS POLICY PERIOD.
REASONS FOR CHANGE FOLLOW:
- CHANGE/CORRECTION OF THE INSURED'S MAILING ADDR

**POLICY NUMBER:**   381-0091201668-03
**RENEWAL OF:**
**POLICY PERIOD** BEGINNING 02/17/18   **ENDING** 02/17/19   12:01 A.M. STANDARD TIME

**YOU AS NAMED INSURED AND YOUR ADDRESS**

ABRAHAM ITUAH
PO BOX 7791
PHILADELPHIA PA 19101-7791

**YOUR POLICY IS SERVICED BY**

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

**AGENCY CODE:**
372430039

**TELEPHONE:**
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

## LOCATION # 1

### IMPORTANT RATING INFORMATION

| PREMISES DESCRIPTION: | 508 W TABOR RD PHILADELPHIA PA 19120-2718 | | |
|---|---|---|---|
| CONSTRUCTION: | BRICK/MASONRY | TERRITORY: B | YR. BUILT: 1949 |
| FAMILIES: | 2 | PROT. CLASS: 1 | FORM: DF1 |
| OCCUPANCY: | RENTAL | RESP. FIRE DEPT.: PHILA ENG 61 | |
| HYDRANT: | WITHIN 1,000 FEET | COUNTY: PHILADELPHIA | |
| FIRE DEPT.: | WITHIN 5 MILES | | |

### SECTION I COVERAGES

| | | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|---|
| A. | DWELLING | $ 100,000 | | $ 715.00 |

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:   $5,000 ALL PERILS

### SECTION II COVERAGES

| | | LIMIT OF LIABILITY | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|---|
| F. | PREMISES LIABILITY | $ 300,000 EA ACCIDENT | | $ 165.00 |
| G. | MEDICAL PAYMENTS | $ 500 EA PERSON | | |
| | | $ 10,000 EA ACCIDENT | | INCLUDED |

Policy Number: 381-0091201668-03

INSURED COPY



**FOREMOST BASICS™**
**DECLARATIONS PAGE**

*Rebeta Gyiti* F3

301 2150 J58

6/6 974 888

709 9273?51

POLICY NUMBER:   381-0091201668-02
RENEWAL OF:      381-0091201668-01
POLICY PERIOD BEGINNING 02/17/17   ENDING 02/17/18   12:01 A.M. STANDARD TIME

**YOU AS NAMED INSURED AND YOUR ADDRESS**

ABRAHAM ITUAH
PO BOX 48024
PHILADELPHIA PA 19144-8024

**YOUR POLICY IS SERVICED BY**

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

**AGENCY CODE:**
372430039

**TELEPHONE:**
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

**LOCATION #  1**

**IMPORTANT RATING INFORMATION**

PREMISES        508 W TABOR RD
DESCRIPTION:    PHILADELPHIA PA 19120-2718

| CONSTRUCTION: | BRICK/MASONRY | TERRITORY: | B | YR. BUILT: | 1949 |
| FAMILIES: | 2 | PROT. CLASS: | 1 | FORM: | DF1 |
| OCCUPANCY: | RENTAL | RESP. FIRE DEPT.: | PHILA ENG 61 | | |
| HYDRANT: | WITHIN 1,000 FEET | COUNTY: | PHILADELPHIA | | |
| FIRE DEPT.: | WITHIN 5 MILES | | | | |

**SECTION I COVERAGES** | **AMOUNT OF INSURANCE** | **ADD'L/RETURN PREMIUM** | **ANNUAL PREMIUM**

A. DWELLING                $ 100,000                                    $   715.00

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:   $5,000 ALL PERILS

**SECTION II COVERAGES** | **LIMIT OF LIABILITY** | **ADD'L/RETURN PREMIUM** | **ANNUAL PREMIUM**

| F.  PREMISES LIABILITY | $ 300,000 EA ACCIDENT | | $   165.00 |
| G.  MEDICAL PAYMENTS | $     500 EA PERSON | | INCLUDED |
| | $  10,000 EA ACCIDENT | | |

**FORMS/ENDORSEMENTS THAT APPLY TO LOCATION #  1** | **ADD'L/RETURN PREMIUM** | **ANNUAL PREMIUM**

| 11001 | 03/06 | DWELLING FIRE ONE – LANDLORD |
| 11010 | 05/10 | REDUCTION IN COV WHEN VACANT/UNOCC. |
| 11110 | 11/13 | REQUIRED CHANGE – PENNSYLVANIA |

Policy Number: 381 -0091201668 -02
Form 80999 03/12        ON
7223921  381-0091201668

**AGENT COPY**                    **PAGE 1  CONTINUED**

| | | |
|---|---|---|
| **BUILDING PERMIT** | City of Philadelphia<br>Department of Licenses and Inspections<br>1401 John F. Kennedy Blvd.<br>Philadelphia, PA 19102 | **Permit Number:** 939999 |

| | | |
|---|---|---|
| This permit may be revoked if the information has been misrepresented or not provided. | | **Fee:**<br>$0.00 | **Date Issued:**<br>01/11/19 |

**Location of work:**  00508 W TABOR RD PHILADELPHIA, PA 19120-2718

**COMPLETE DEMO CITY**

**Contractual Services Unit (CSU)**

**Phone Number: 215-686-2588**

**Owner:**
ITUAH ABRAHAM
00508 W TABOR RD
PHILADELPHIA,PA 19120-2718

**Licensed Contractor:**
PEDRO PALMER CONSTRUCTION INC
2971 N EMERALD STREET
PHILADELPHIA,PA 19134-
(267)972-4210 x

**Area:**
1200 S.F.

**Estimated Cost:**
$52,222.00

**Plan Examiner:** PAUL POESSL

## If no Licensed Contractor is named, the Owner assumes all responsibility for compliance with the Code.

Description of work authorized by this permit:

FOR THE COMPLETE DEMO OF A VACANT SFD AS PART OF THE CITY OF PHILADELPHIA DEPT. OF LICENSES & INSPECTIONS DEMOLITION PROGRAM. Additional Specs: 1 stucco c/w 510 W Tabor RD.




## INSPECTIONS

The owner or contractor is required to notify the District Office listed above prior to starting any work, and at least 24 hours in advance of the required inspections.  Failure to notify the District will result in the issuance of a $75 ticket by the Department.  Inspections will not be made unless the Department-Approved plans are on the job.

The Department is authorized by the Code to Charge a $100 reinspection fee if:

1. The inspection reveals that the work is not constructed in accordance with the Code;
2. The work is not ready for inspection; or
3. Access to the work to be inspected is not provided.

## THIS PERMIT REQUIRES THE FOLLOWING INSPECTIONS:
## INITIAL/SITE - UNDER SLAB/FLOOR - PREFINAL/WALLBOARD - FRAMING/CLOSE-IN - FINAL

Separate permits are required for plumbing, electrical, fire suppression, and for the use of streets and sidewalks, including shelter platforms, scaffolding, dumpsters, closures, etc.

**Limitation:**  For permits issued in connection with imminently dangerous structures or conditions, the permit shall become invalid if the work does not commence within 48 hours after issuance or does not progress continuously until the structure or condition is made safe, unless the permit is otherwise extended by the Department.

PA ONE CALL SYSTEM  is required to be notified by PA Act 38 of 1991, three (3) working days prior to disturbing the earth with any type of powered equipment.  Also, this permit does not constitute approval from any State or Federal agency, if required.

Where a Certificate of Occupancy (C.O.) is required, such buildings and spaces shall not be occupied until Final Inspection is made and the Certificate is issued by the Department.

All provisions of the Code and other City Ordinances must be complied with, whether specified herein or not.

This Permit does not constitute Zoning Approval.

## WORK MUST BEGIN WITHIN 10 DAYS OF ISSUANCE OF THIS PERMIT
UNLESS ORDERED BY THE DEPARTMENT TO BEGIN SOONER, AND CONTINUE UNTIL THE STRUCTURE IS DEEMED SAFE BY THE DEPARTMENT.

Protection of the public way and adjacent structures are to be implemented IMMEDIATELY. Contact the Contractual Services Unit for inspection  or approval of any revisions to this schedule at 215-686-2588.

## POST A TRUE COPY OF THIS PERMIT IN A CONSPICUOUS LOCATION ON THE PREMISES
FAILURE TO POST THIS PERMIT WILL RESULT IN THE ISSUANCE BY THE DEPARTMENT OF A $75 TICKET

81-490A

FOR ALL NEW CONSTRUCTION, ADDITIONS, AND WHERE A CERTIFICATE OF OCCUPANCY IS REQUIRED, THE ASSOCIATED ZONING / USE PERMIT SHALL BE POSTED ALONGSIDE THIS BUILDING PERMIT.





# EARTHA

January 1, 2019

Abraham Ituah
508 W Tabor Rd
Philadelphia, PA 19120

**(CONT'D   Proposal for the Removal & Rebuilding of the
Eastside Bearing Wall at 508 W Tabor Road
Phila., PA 19120**

### COST BREAKDOWN

| | | |
|---|---|---:|
| 1. | Additional inspections, engineers report and design and application for building permit. | 5,200.00 |
| 2. | Shoring exterior and interior. | 9,500.00 |
| 3. | Demolition of masonry wall, 1st thru 3rd floors. | 11,000.00 |
| 4. | Reconstruction of 8" CMU wall with stucco. | 27,000.00 |

We declare that we will supply all labor and material, scaffoldings, necessary tools and apparatus for the undertaking of the above-mentioned project.

Eartha Construction Company, LLC appreciates the opportunity given to bid on this project.

Please call if you have any questions.

Yours truly,

*B.D.*

Barry Davidson
Construction Manager

*(Pg 2 of 2)*

Eartha Construction Company, LLC



**Map No. 1. Location of 508 W. Tabor Road, Philadelphia**



**Photo No. 1. Aerial View of 508 W. Tabor Road, Philadelphia**



**Photo No. 7. Tilted Chimney of 508 W. Tabor Road (on east side wall)**

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| CITY OF PHILADELPHIA | MARCH TERM 2019 |
| V. | No. T0364 |
| ~~ABRAHAM ITUAH~~ | |
| Respondent(s) | Property: **419 W GODFREY AVENUE,** Philadelphia, Pennsylvania |

## RULE RETURNABLE
## CIVIL TAX PETITION

AND NOW, this **MARCH 20, 2019**, upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1. Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. S7193.2.

2. Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3. A Rule Returnable hearing is scheduled for **June 25, 2019**, at 9:00 am in Court Room 676, City Hall, Philadelphia, Pennsylvania.

BY THE COURT:

**IDEE C. FOX**
**SUPERVISING JUDGE**
**TRIAL DIVISION – CIVIL**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

CITY OF PHILADELPHIA | **MARCH** TERM **2019**
V. | No. **T0199**

~~ABRAHAM  ITUAH~~
Respondent(s) | Property: **4624  N 12TH STREET,**
**Philadelphia, Pennsylvania**

**RULE RETURNABLE**
**CIVIL TAX PETITION**

AND NOW, this **MARCH    13, 2019**, upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1.  Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. S7193.2.

2.  Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3.  A Rule Returnable hearing is scheduled for **June 18, 2019**, at 9:00 am in Court Room 676, City Hall, Philadelphia, Pennsylvania.

BY THE COURT:

**IDEE C. FOX**
**SUPERVISING JUDGE**
**TRIAL DIVISION – CIVIL**

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

| | |
|---|---|
| **CITY OF PHILADELPHIA** | **MARCH**   TERM   **2019** |
| V. | No. **T0197** |
| ~~INTERNAL REVENUE SERVICE~~ | |
| **ABRAHAM ITUAH** | Property:   **5551 MORRIS ST, Philadelphia, Pennsylvania** |
| Respondent(s) | |

## RULE RETURNABLE
## CIVIL TAX PETITION

**AND NOW**, this **MARCH     13, 2019**, upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1. Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. S7193.2.

2. Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3. A Rule Returnable hearing is scheduled for **June 18, 2019**, at 9:00 am in Court Room 676, City Hall, Philadelphia, Pennsylvania.

**BY THE COURT:**

**IDEE C. FOX**
**SUPERVISING JUDGE**
**TRIAL DIVISION – CIVIL**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| CITY OF PHILADELPHIA | MARCH  TERM  2019 |
| V. | No. T0162 |
| ABRAHAM ITUAH | |
| Respondent(s) | Property: 508 W TABOR ROAD, Philadelphia, Pennsylvania |

## RULE RETURNABLE
## CIVIL TAX PETITION

AND NOW, this **MARCH   12, 2019**, upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1. Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. S7193.2.

2. Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3. A Rule Returnable hearing is scheduled for **June 11, 2019**, at 9:00 am in Court Room 676, City Hall, Philadelphia, Pennsylvania.


BY THE COURT:

**IDEE C. FOX**
**SUPERVISING JUDGE**
**TRIAL DIVISION – CIVIL**



## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION — CIVIL

| CITY OF PHILADELPHIA | June Term 2019 |
|---|---|
| VS | No. T5961 |
| ITUAH | Property Address: _3301 A Street_ |

### RULE RETURNABLE
### CIVIL TAX PETITION

**AND NOW, 19-JUN-2019,** upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1. Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. §7193.2.

2. Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3. A Rule Returnable hearing is scheduled for **Tuesday, September 10, 2019,** at 9:00 a.m. in Court Room 676, City Hall, Philadelphia PA.

BY THE COURT:
ARNOLD L. NEW
SUPERVISING JUDGE
TRIAL DIVISION — CIVIL

K8881379-(Rev 11-9-18)

City Of Philadelphia Vs Ituah-AMTCF



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| CITY OF PHILADELPHIA | <u>MARCH</u>   TERM   2019 |
| V. | No. <u>T0634</u> |
| <u>ABRAHAM   ITUAH</u> | |
| Respondent(s) | Property:   **3765 N BOUVIER STREET,**<br>**Philadelphia, Pennsylvania** |

**RULE RETURNABLE**
**CIVIL TAX PETITION**

AND NOW, this <u>MARCH      28, 2019</u>, upon consideration of the Petition filed in the Civil Tax Action, it is hereby **ORDERED** as follows:

1. Petitioner shall serve a copy of this Order and the Petition on all Respondents. Service shall be in accordance with 53 P.S. S7193.2.

2. Respondents shall have fifteen (15) days from the date of service to file a response to the Petition.

3. A Rule Returnable hearing is scheduled for <u>July 2, 2019</u>, at 9:00 am in Court Room 676, City Hall, Philadelphia, Pennsylvania.

BY THE COURT:

<u>**IDEE C. FOX**</u>
**SUPERVISING JUDGE**
**TRIAL DIVISION – CIVIL**

# EXHIBIT A.2



**CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE**

| | |
|---|---|
| Letter Date: | 01-Nov-2023 |
| Letter ID: | L0001709406 |
| OPA Number: | 612003800 |

ITUAH ABRAHAM
419 W GODFREY AVE
PHILADELPHIA PA  19120-1433

# 2024 Commercial Trash Bill

**Property Address: 508 W TABOR RD PHILADELPHIA PA 19120-2718**

| Account Number | Period Begin | Period End | Fee Due | Due Date |
|---|---|---|---|---|
| 00001210933 | 01-Jan-2024 | 30-Jun-2024 | $250.00 | 31-Dec-2023 |
| 00001210933 | 01-Jul-2024 | 31-Dec-2024 | $250.00 | 30-Jun-2024 |
| | | Amount due 31-Dec-2023 | | **$250.00** |

To avoid interest and penalty, you should pay your Commercial Trash Fee by the due date above. If you do not pay on time, we may send your account to the City's Law Department or a collection agency.

**This bill only includes your fee for 2024.** If you owe past due debt on this property, you will receive a separate bill and payment voucher. **To view your up-to-date balance, log into your online account at tax-services.phila.gov.**

The fastest and easiest way to pay is online at **tax-services.phila.gov.** eCheck payments are **FREE!** Fees apply for payments by credit or debit card.

------------------------------------------------------------------------

 **Please cut along the line and return the bottom portion with your payment.**

| | |
|---|---|
| Amount to Pay: | $500.00 |
| Amount Enclosed: | |

**To pay online with eCheck (FREE) or
credit card, visit tax-services.phila.gov.**

Letter ID: L0001709406
Taxpayer: ITUAH ABRAHAM
OPA Number: 612003800
Account: Commercial Trash Fees 00-001210933
Filing Period: 30-Jun-2024

0009741





MAKE CHECKS PAYABLE TO: **CITY OF PHILADELPHIA**

**Philadelphia Dept. of Revenue
P.O. Box 966
Philadelphia, PA 19105-0966**

33399000000060000000800125167260100005000000000000000000000000000006

For translation services, please call (215) 686-6442.

Para recibir servicios de traducción llame al (215) 686-6442
مم راعشإ اذه :ةباتنا 442-686 (215) مقرلاب لصتا ،ةمجرتلا
Для предоставления услуг переводчика,
наберите (215) 686-6442

如需翻译服务, 请致电 (215) 686-6442
Vui lòng gọi (215) 686-6442 để tìm đến dịch vụ phiên dịch
Pour obtenir des services de traduction,
appelez le (215) 686-6442

**CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE**

## 2019 REFUSE COLLECTION FEE

*Para español vea el reverso de esta página.* 

May 1, 2019

Acct#: 1200048455
OPA: 612003800
NOTICE NUMBER: 5317406190415

ITUAH ABRAHAM
92 ROBINSON AVE
NEWBURGH NY 12550-4402

**PROPERTY ADDRESS: 508 W TABOR RD**

| Account Number | Period: Beginning - Ending | Fee Due | Due Date |
|---|---|---|---|
| 1200048455 | 07/01/2019 - 12/31/2019 | $150.00 | 07/01/2019 |

**PAYMENT AMOUNTS THAT EXCEED THE CURRENT DUE AMOUNT WILL BE CREDITED TO THE NEXT BILLING PERIOD**

**NOTICE OF INTENT TO FILE LIEN FOR REFUSE COLLECTION DELINQUENCY**
All charges are subject to lien. You are hereby notified that if this bill becomes delinquent, a lien will be placed thereafter against your property.

**See the other side of this bill for the details of each delinquent period.**

| | |
|---|---|
| **Current Charges** | **$150.00** |
| **Total Delinquent** | **$6,376.92** |
| Total if paid by July 1, 2019 | $6,526.92 |

**Pay by e-check at www.phila.gov/pay**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

✂ **DETACH THIS PORTION AND RETURN WITH YOUR PAYMENT IN THE ENCLOSED ENVELOPE**

PAYMENT DUE:  $6,526.92
ON OR BEFORE: JULY 1, 2019
AMOUNT ENCLOSED:

NOTICE NUMBER: 5317406190415
NAME: ITUAH ABRAHAM
Account: 1200048455
OPA: 612003800

Make Checks Payable To:
CITY OF PHILADELPHIA

DEPARTMENT OF REVENUE
PO BOX 966
PHILADELPHIA PA 19105-0966

333120701190000531740619041500000000000000000000000000000000381215809

# EXHIBIT A3

 **CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**

Letter ID:     L0001586545

Page 4 of 4

# Real Estate Tax

## Account Number: 00-001870547

| Period | Principal | Interest | Penalty | Other | Credit | Balance |
|---|---|---|---|---|---|---|
| 31-Dec-2012 | $1,364.07 | $430.47 | $95.48 | $380.56 | -$1,364.10 | $906.48 |
| 31-Dec-2013 | $1,413.10 | $1,049.04 | $98.91 | $239.69 | -$1,142.31 | $1,658.43 |
| 31-Dec-2014 | $1,733.61 | $1,209.93 | $121.38 | $273.21 | $0.00 | $3,338.13 |
| 31-Dec-2015 | $1,733.61 | $1,053.81 | $121.38 | $263.85 | $0.00 | $3,172.65 |
| 31-Dec-2016 | $998.07 | $224.70 | $69.86 | $104.95 | -$998.06 | $399.52 |
| 31-Dec-2017 | $1,810.97 | $774.06 | $126.77 | $252.34 | $0.00 | $2,964.14 |
| 31-Dec-2018 | $1,810.97 | $160.26 | $95.93 | $215.20 | -$1,541.68 | $740.68 |
| 31-Dec-2020 | $1,141.55 | $179.76 | $79.87 | $177.52 | $0.00 | $1,578.70 |
| 31-Dec-2021 | $1,188.05 | $80.19 | $83.16 | $177.96 | $0.00 | $1,529.36 |
| 31-Dec-2022 | $1,188.05 | $0.00 | $0.00 | $91.45 | $0.00 | $1,279.50 |
| 31-Dec-2023 | $1,189.83 | $0.00 | $0.00 | $0.00 | $0.00 | $1,189.83 |
| **Totals** | **$15,571.88** | **$5,162.22** | **$892.74** | **$2,176.73** | **-$5,046.15** | **$18,757.42** |

**Total:**     **$18,757.42**

  CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE

1 B8252 E90 P2/2

# Have questions about this letter? We're here to help!

You can call Taxpayer Services at **(215) 686-6442** to ask your question. Please be ready to share your OPA Number and Letter ID, found at the top of this letter.

For translation services, please call (215) 686-6442.

Para recibir servicios de traducción llame al (215) 686-6442

如需翻译服务, 请致电 (215) 686-6442

Vui lòng gọi (215) 686-6442 để tìm đến dịch vụ phiên dịch

الترجمة، اتصل بالرقم (215) 686-6442 لهذا الإشعار راغب مم

Pour obtenir des services de traduction,

Для предоставления услуг переводчика,
наберите (215) 686-6442

appelez le (215) 686-6442

Department of Revenue | Municipal Services Building | 1401 JFK Blvd. | Concourse, Taxpayer Services | Philadelphia PA 19102
P: (215) 686-6442  www.phila.gov/revenue

# EXHIBIT A 4



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
    Abraham Ituah                         Chapter 13 Bankruptcy

    Debtor                               Case No. 20-10058

---

### OBJECTION TO MR. MICHAEL CATALDO CLAIM

The Debtor object to additional claim filed by Mr.Michael Cataldo on behalf of Cibik & Cataldo P.C. for the following reasons:

1. Debtor entered into Agreement with Mr. Michael Cibik Esquire (former chapter 7 bankruptcytrustee), who demanded for a cash payment of $5000 to begin the process. Debtor borrowed $3000 from a friend to complete the payment. He prepared the payment plan of $1400 monthly payable to the Trustee. Debtor completed the financial management course to file the Chapter 13 Bankruptcy petition. Debtor hired Mr Cibik to file the bankruptcy petition. Unfortunately, Mr Cibik assigned Mr. Michael Cataldo Esquire to continue the process. Mr Cataldo was not a lawyer I would hire by choice.

2. Mr. Michael Cataldo Esquire failed to attend the Trustee,s meeting with me but we only met briefly to review the document. He did not show up at the trustee's meeting as if he had no interest to do a better job for me.

3. At the time I met Mr Cataldo, I emphasized that the City of Philadelphia refused to update the payments escrow settlement sent to the City to pay the liens, claims and judgment as shown on the 5 settlement sheets submitted to his office.

4. The first job Mr. Cataldo addressed was to file motion to sell with the unsigned proposed agreements and 2 signed agreements. The court granted the five orders to sell. See the attached agreements for your perusal. The sales could not settle because the accounts paid were not updated.

5. The escrow company could not do settle the transactions because most of the payment already made from the sales shown on the exhibit A attached were not

updated may be because of COVID- pandemic. I communicated the information to Mr. Cataldo to help address the issue with the city counsel. His response was that I should hire a real estate Attorney to handle the real estate deals.

6. Finally, he connived with the City of Philadelphia counsels to address the said fabricated inaccurate unpaid personal income tax liability and the city Counsel used that as a reason to request for dismissal of my Bankruptcy petition. Mr. Cataldo simply agreed with the city to request dismissed of my case, so that he can earn payments due in 5 years immediately.

7. Mr. Cataldo intentionally refused to object to the city request to dismiss my case for unreasonable reason for claiming that the Debtor is unnecessarily delaying the settlement so as not to pay the liability to the city is unrealistic.

8. Mr. Cataldo knew 508 W Tabor Road was demolished by the city in January 2019 a month after my bankruptcy filed in New York State was dismissed in November 2018. The city continues to generate bills as if the property still exists and the amount paid at escrow was not updated. Mr. Cataldo offered no objections to all these wrong claims.

9. Mr Cataldo demanded for extra $1000 to file motion for sale. I refused but suggested to pay him after settlement. He felt offended. This was a sale that Debtor already executed with a buyer who deposited $42,500 that was 50% of the sales price and the buyer was willing to settle in 2 weeks. Mr. Cataldo deliberately refused to file the motion and the buyer's Attorney canceled the offer. As a result I lost the sale.

10. Mr. Cataldo knew that $1400 payments to the Trustee were current and I completed my 2nd management course as required by bankruptcy court. He did not submit any of these information to the court. Attached here as exhibits.

11. The city indicated the value of 33 S 53rd street as $210,000 and this is same property Mr. Cataldo filed motion to sell for $100,000 and order was issued. Meanwhile Mr. Cataldo simply agreed with the city counsel that the claims were appropriate instead of filing objections to the claims.

12. Mr. Cataldo filed motion to sell for 3 unexecuted agreements to justify that he rendered service before the court. He also intentional refused to submit documents

forwarded to him for submission. See copy of agreement and others documents not submitted attached.

13. The Debtor hereby officially drops Mr. Michael Cataldo Esquire of Cibik & Cataldo P.C. for ineffective representation effective 9/23/2020 and the office is henceforth stopped from using my personal information in their possession for any purpose. I regretted believing Mr. Cibik, a former Chapter 7 Bankruptcy trustee. I would have been better off if I never filed at all.

WHEREFORE, the Debtor respectfully requests that this Honorable Court disallow the additional claim requested by Mr. Michael Cataldo Esquire because the service he rendered was unprofessional and refund $3000 I borrowed to complete the $5000 Mr Cibik collected because it was excessive for the service rendered. In addition, Debtor further seeks other relief the court may consider just and proper.

Respectfully Submitted,

Abraham Ituah (Debtor)

Date: October 8, 2020

# EXHIBIT A5



**CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**

| | |
|---|---|
| Letter Date: | December 23, 2021 |
| Letter ID: | L0000017412 |
| Philadelphia Tax ID: | 0008086860 |

ᶥᵊᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖᵖᵎᶖ

ABRAHAM ITUAH
419 W GODFREY AVE
PHILADELPHIA PA 19120-1433

## Payment Agreement for Delinquent Taxes

In consideration of the approval by the Department of Revenue of this payment agreement, I (we) jointly and severally, and intending to be legally bound hereby, promise to pay to the order of the City of Philadelphia delinquent taxes and charges in the sum of **$13,677.97**, as follows:

**Down Payment:** 3,419.49          **Payments:** 1

**Monthly Payment:** 10,258.48          **Beginning Date:** 21-Dec-2021

**Last Month Payment:** 10,258.48          **Ending Date:** 21-Feb-2022

This agreement is for the tax liabilities itemized in Attachment A.

This agreement is conditioned upon (a) the taxpayer's consent to forego the right to appeal the liabilities subject to this agreement, or any pervious delinquent tax billing for the same taxes or years; (b) the taxpayer's consent to forego pursuit of a refund for the taxes, *interests, and* penalties, if any, for the years covered by this agreement; and (c) timely payment of the agreement sum as specified above.  Additionally, this agreement is conditioned upon the accuracy of the information contained in the taxpayer's returns for the years and taxes set forth in Attachment A and does not preclude the City of Philadelphia from assessing any additional liabilities for those periods.

I (we) understand that:
- Failure to timely remit agreement payments and/or to file or pay current taxes when due shall be considered a default of this agreement.
- Upon default, all delinquent taxes remaining unpaid, along with amounts waived pursuant to this agreement and interest and penalty which accrued while the agreement was active, shall become immediately due and payable.

I (we) certify that:
- All payments pursuant to this agreement are being made in the normal course of business or financial affairs.



**CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**

Letter ID:        L0000017412

Page 2  of  4

- No fire loss has occurred for any property in which I (we) have a financial interest in the 6 months *prior to* the date of this agreement.

I (we) confirm that this payment agreement has been read and that the terms and conditions are fully understood.

I (we) understand that by remitting the first scheduled payment as specified above, I (we) accept the terms and conditions of this payment agreement as set forth herein.

 

**CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**

| | |
|---|---|
| Letter Date: | December 23, 2021 |
| Letter ID: | L0000050180 |
| Philadelphia Tax ID: | 0008086860 |

ᴵᶫᵖᵘᶫᶤᵖᶫᵗᵘᶫᶫᶫᶤᵘᵖᵘᶫᶫᶫᶫᶫᵖᶫᶫᶤᶫᵖᶫᶤᶫᵖᶫᵘᶫᵘᶤᵖᶤᶫᵘᶤᵖᶤᵖᶫ

ABRAHAM ITUAH
419 W GODFREY AVE
PHILADELPHIA PA 19120-1433

# Payment Agreement Installment Notice

Dear ABRAHAM ITUAH,

Please pay your scheduled monthly payment of **$3,419.49** for your payment agreement due on 21-Jan-2022. You can pay:

- online by going to **tax-services.phila.gov.** From the homepage, go to the "Payments" box and choose how you would like to pay: eCheck or credit card. After clicking your chosen link, select the payment type "Bill notice payment" and enter the Letter ID found at the top of this letter. OR
- by mailing a check with the attached voucher. Please write your account number and Letter ID (shown above) in the memo line. Keep the original notice for your records.

---

✂ **Please cut along the line and return the bottom portion with your payment.**

---



| | |
|---|---|
| Amount to Pay: | $3,419.49 |
| Amount Enclosed: | |

**To pay online with eCheck (FREE) or credit card, visit tax-services.phila.gov.**

Letter ID: L0000050180
Taxpayer: ABRAHAM ITUAH
Philadelphia Tax ID: 0008086860
Standard Payment Plan 430553



MAKE CHECKS PAYABLE TO: **CITY OF PHILADELPHIA**

**Philadelphia Dept. of Revenue**
**P.O. Box 1630**
**Philadelphia, PA 19105**

33399000000070000000000000001036660000341949000000000000000000000000000002

 **CITY OF PHILADELPHIA**
**DEPARTMENT OF REVENUE**

# Have questions about this letter? We're here to help!

The best way to reach us is through the **Philadelphia Tax Center's secure, online messaging feature.** It allows you to track all messages to and from Revenue in one place. Your message is linked to your account automatically, which means no waiting on the phone or in person while someone looks up your account. If you include the Letter ID (found at the top of this letter) in your message, we can view this letter electronically and answer your question more quickly and accurately.

- **Already have a Philadelphia Tax Center account?** Log in at tax-services.phila.gov.
- **Haven't set up a Tax Center account yet?** Create a username and password at tax-services.phila.gov. If you need help, you can view step-by-step instructions and Frequently Asked Questions at www.phila.gov/guides/philadelphia-tax-center.
- **No Internet access?** You can call Taxpayer Services at **(215) 686-6600** to ask your question. Please be ready to share your Philadelphia Tax ID and Letter ID.

For translation services, please call 215-686-5090.

Para recibir servicios de traducción llame al 215-686-5090

مم راعش‌إ اذه :هاب‌تن‌ا5090-686-215ةق‌رلاب ل‌ص‌ت‌ا ةمجرتل‌ا
Для предоставления услуг переводчика,
наберите 215-686-5090

如需翻译服务, 请致电 215-686-5090
Vui lòng gọi 215-686-5090 để tìm đến dịch vụ phiên dịch
Pour obtenir des services de traduction,
appelez le 215-686-5090

Department of Revenue | Municipal Services Building | 1401 JFK Blvd. | Concourse, Taxpayer Services | Philadelphia PA 19102
P: (215) 686-6600

# EXHIBIT A6



# THE PHILADELPHIA MUNICIPAL COURT
## JUDGMENTS & PETITIONS UNIT
**ROOM 1003,** 1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
### 215-686-7989

Marsha H. Neifield, President Judge
**PRESIDENT JUDGE**

CLAIM NO. CE-10-06-72-0828

Commonwealth of Pennsylvania, City of
Philadelphia
Water Revenue Bureau
Philadelphia, PA 19102

**PLAINTIFF(S)**

ABRAHAM ITUAH
508 W TABOR RD
PHILADELPHIA, PA 19120

**DEFENDANT(S)**

**TERRE-TENANT(S)**

## WRIT OF REVIVAL

(1) You are notified that the Plaintiff(s) has (have) commenced a proceeding to revive and continue the lien of the judgment in the above entitled cause.

(2) The Plaintiff(s) claims (claim) that the amount due and unpaid is $ 4976.80 _____ with interest from 10/21/2010 _____.

(3) You are required within twenty (20) days after service of this writ to file an answer or otherwise plead to this writ. If you fail to do so judgment of revival will be entered.

Office of Judicial Records

BY: Water and Sewer _____

**FILED IN BULK**

DATE: 10/18/2016 _____

REV. 6/15/2012



# THE PHILADELPHIA MUNICIPAL COURT
## JUDGMENTS & PETITIONS UNIT
### ROOM 1003, 1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
### 215-686-7989

Marsha H. Neifield, President Judge
**PRESIDENT JUDGE**

CLAIM NO. CE-10-06-72-0416

Commonwealth of Pennsylvania, City of Philadelphia
Water Revenue Bureau
Philadelphia, PA 19102

**PLAINTIFF(S)**

ABRAHAM ITUAH
5229 GERMANTOWN AVE
PHILADELPHIA, PA 19144

**DEFENDANT(S)**

**TERRE-TENANT(S)**

## WRIT OF REVIVAL

(1) You are notified that the Plaintiff(s) has (have) commenced a proceeding to revive and continue the lien of the judgment in the above entitled cause.

(2) The Plaintiff(s) claims (claim) that the amount due and unpaid is $ 5942.58 with interest from 10/05/2010.

(3) You are required within twenty (20) days after service of this writ to file an answer or otherwise plead to this writ. If you fail to do so judgment of revival will be entered.

Office of Judicial Records

BY: Water and Sewer

**FILED IN BULK**

DATE: 10/07/2015

REV. 6/15/2012

# EXHIBIT A7

Real Estate Tax    4121

## Real Estate Tax

⚠ Collection

4021 NEILSON ST
332526600

> **Real Estate Tax**
4021 NEILSON ST
PHILADELPHIA PA 19124-
5302
01-000254121

## Attributes                              Cease

Account : 01-000254121

Filing : Annual

Commence : 01-Jan-1939

Next Activity : 01-Feb-2023

## Balance                    Tax Clearance

Balance : 10,142.84

Outstanding : **10,142.84**

---

## Open Tasks              View All

| Property Lien | Lien/Judgment |
| Property Lien | Lien/Judgment |
| Property Lien | Lien/Judgment |

## Recent Notes              Add  Browse

There are no recent notes.

---

**Financial**  CRM  Task  Collection  Adjustment  Registration  Web  Other  🔍

Periods  Attributes  **Payments**  ACH Debits  ACH Review  Refunds  Carry Forwards  Transactions

Allocations  Payments  Pending

## Allocations                    Date From: All  Show History  ⇩  ⋮

| Pay | Me | Origin | Accou | Period | Bill Item | Effective | Posted | Allocated |
|-----|-----|--------|-------|--------|-----------|-----------|--------|-----------|
| R5- | Che | Point | 01-00 | 31-Dec-2014 | | 21-Oct-2022 | 24-Oct-2022 | 469.60 |
| R5- | Che | Point | 01-00 | 31-Dec-2015 | | 21-Oct-2022 | 24-Oct-2022 | 219.38 |
| 2 Rows | | | | | | | | 688.98 |

 Real Estate Tax 70838

## Real Estate Tax

⚠ **Collection**

419 W GODFREY AVE
611296000

> **Real Estate Tax**
419 W GODFREY AVE
PHILADELPHIA PA 19120-
1433
01-000500838

| Attributes | Cease |
| --- | --- |
| Account : | 01-000500838 |
| Filing : | Annual |
| Commence : | 01-Jan-1939 |
| Next Activity : | 01-Feb-2023 |

| Balance | Tax Clearance |
| --- | --- |
| Balance : | 18,678.05 |
| Outstanding : | **18,678.05** |

---

| Open Tasks | View All |
| --- | --- |
| Property Lien | Lien/Judgment |
| Property Lien | Lien/Judgment |
| Property Lien | Lien/Judgment |

| Recent Notes | Add    Browse |
| --- | --- |
| There are no recent notes. | |

---

**Financial**    CRM    Task    Collection    Adjustment    Registration    Web    Other    🔍

**Periods**    **Attributes**    **Payments**    **ACH Debits**    **ACH Review**    **Refunds**    **Carry Forwards**    **Transactions**

Allocations    Payments    Pending

**Allocations**    Date From: All    Show History    ⚙

| Pay Me | Origin | Accou | Period | Bill Item | Effective | Posted | Allocated |
| --- | --- | --- | --- | --- | --- | --- | --- |
| R5- | Che | Point | 01-0( | 31-Dec-2013 | | 21-Oct-2022 | 24-Oct-2022 | 1,033.05 |
| | | | | | | | 1,033.05 |

☰  Real Estate Tax 10756                                    ⬚  ?  🔖  ✕

| Real Estate Tax | Attributes | Cease | Balance | Tax Clearance |
|---|---|---|---|---|
| ⚠ Assigned to OCA, Collection | Account : 01-000400756 | | Balance : | 10,406.55 |
| | Filing : Annual | | Outstanding : | **10,406.55** |
| 4624 N 12TH ST  491457800 | Commence : 01-Jan-1939 | | | |
| ❯ **Real Estate Tax** | Next Activity : 01-Feb-2023 | | | |
| 4624 N 12TH ST | | | | |
| PHILADELPHIA PA 19140-1228 | | | | |
| 01-000400756 | | | | |

| Open Tasks | View All | Recent Notes | Add  Browse |
|---|---|---|---|
| Property Lien | Lien/Judgment | There are no recent notes. | |
| Property Lien | Lien/Judgment | | |
| Property Lien | Lien/Judgment | | |

**Financial**   CRM   Task   Collection   Adjustment   Registration   Web   Other   🔍

Periods   Attributes   Payments   ACH Debits   ACH Review   Refunds   Carry Forwards   Transactions

Allocations   Payments   Pending

Allocations                    Date From: All   Show History   ⇌   ⋮

| Pay Me | Origin | Accou | Period | Bill Item | Effective | Posted | Allocated |
|---|---|---|---|---|---|---|---|
| R5· Che | Point | 01-0C | 31-Dec-2022 | | 21-Oct-2022 | 24-Oct-2022 | 677.50 |
| | | | | | | | 677.50 |

 

## Real Estate Tax

⚠ Assigned to OCA, Collection

3301 A ST   073060600

> **Real Estate Tax**
3301 A ST
PHILADELPHIA PA 19134-1601
01-000083283

| Attributes | Cease |
|---|---|
| Account : | 01-000083283 |
| Filing : | Annual |
| Commence : | 01-Jan-1939 |
| Next Activity : | 01-Feb-2023 |

| Balance | Tax Clearance |
|---|---|
| Balance : | 2,243.47 |
| Outstanding : | **2,243.47** |

---

**Open Tasks**    View All

Property Lien    Lien/Judgment
Property Lien    Lien/Judgment

**Recent Notes**    Add  Browse

There are no recent notes.

---

**Financial**  CRM  Task  Collection  Adjustment  Registration  Web  Other  🔍

Periods  Attributes  Payments  ACH Debits  ACH Review  Refunds  Carry Forwards  Transactions

Allocations   Payments   Pending

**Allocations**    Date From: All  Show History  ⇊  ⋮

| Pay Me | Origin | Accou | Period | Bill Item | Effective | Posted | Allocated |
|---|---|---|---|---|---|---|---|
| R5· | Che | Point | 01-0C | 31-Dec-2022 | | 21-Oct-2022 | 24-Oct-2022 | 80.38 |
| R5· | Che | Point | 01-0C | 31-Dec-2021 | | 21-Oct-2022 | 24-Oct-2022 | 475.05 |
| R5· | Che | Point | 01-0C | 31-Dec-2020 | | 21-Oct-2022 | 24-Oct-2022 | 55.55 |
| R5· | Che | Point | 01-0C | 31-Dec-2021 | | 21-Oct-2022 | 24-Oct-2022 | 176.85 |
| R5· | Che | Point | 01-0C | 31-Dec-2020 | | 21-Oct-2022 | 24-Oct-2022 | 610.95 |

5 Rows    1,398.78

# EXHIBIT A.8

**From:** Titles@PhillyClosings.com 215-332-7600 <titles@phillyclosings.com>
**To:** aituah@aol.com <aituah@aol.com>
**Subject:** Payoffs for all
**Date:** Mon, Jun 10, 2019 5:07 pm
**Attachments:** SA-20800, 1700 N. Dover.pdf (279K), SA-21871, 3765 N. Bouvier.pdf (169K), SA-21870, 5554 Morris Street.pdf (170K)

Abraham,

Attached are the payoffs for each file designated in the saved document.

Thank you,

*Denise*

STATEWIDE ABSTRACT GROUP INC.

7901 Bustleton Avenue, Suite 203

Philadelphia, PA 19152

215-332-7600 (phone)

215-332-7603 (fax)

Titles@PhillyClosings.com

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: SA-21870

## SETTLEMENT STATEMENT

PAGE 2

TitleExpress Settlement System  Printed 10/10/2019 at 14:06 JC

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $75,000.00 = | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $ | to | | |
| 702. $ | to | | |
| 703. Commission paid at Settlement | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee | % | | |
| 802. Loan Discount | % | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. | | | |
| 806. | | | |
| 807. | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest  From | to | @$ | /day | | |
| 902. Mortgage Insurance Premium for | to | | |
| 903. Hazard Insurance Premium for | to | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | |
| 1001. Hazard Insurance | mo. @ $ | /mo | | |
| 1002. Mortgage Insurance | mo. @ $ | /mo | | |
| 1003. City Property Tax | mo. @ $ | /mo | | |
| 1004. County Property Tax | mo. @ $ | /mo | | |
| 1005. School taxes | mo. @ $ | /mo | | |
| 1009. Aggregate Analysis Adjustment | | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee | | | |
| 1102. Reimburse w/s printout | to Statewide Abstract Group, Inc | | 5.00 |
| 1103. Title Examination | | | |
| 1104. Title Insurance Binder | | | |
| 1105. Deed Preparation | to Statewide Abstract Group, Inc | 70.00 | |
| 1106. Notary Fees | to Statewide Abstract Group, Inc | 14.00 | 15.00 |
| 1107. Attorney's fees | | | |
| (includes above items No: | ) | | |
| 1108. Title Insurance | to Statewide Abstract Group, Inc | 868.25 | |
| (includes above items No: | ) | | |
| 1109. Lender's Policy | | | |
| 1110. Owner's Policy | 75,000.00  - 868.25 | | |
| 1111. FedEx (4) | to Statewide Abstract Group, Inc | | 100.00 |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees Deed 256.75 | ; Mortgage $ | ; Release $ | 256.75 | |
| 1202. City/County tax/stamps | Deed $2,458.50 | ; Mortgage $ | 1,229.25 | 1,229.25 |
| 1203. State Tax/stamps | Deed $750.00 | ; Mortgage $ | 375.00 | 375.00 |
| 1204. | Deed $ | ; Mortgage $ | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. 2019 Re Tax Discount | to City of Philadelphia | 1,592.29 | |
| 1302. 2012-2018 Re Tax 1504T0328 to City of Philadelphia | | | 8,686.70 |
| 1303. w/s thru 2019- 1st cycle | to City of Philadelphia | | 2,968.94 |
| 1304. Line 1305 includes all debts | to on attached Exhibit A | | |
| 1305. #6&7 CE170433021/17113300 to City of Philadelphia | | | 13,727.00 |
| 1306. Repair Lien#10120037 | to City of Philadelphia | | 195.00 |
| 1307. | | | |
| 1308. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** | (enter on lines 103, Section J and 502, Section K) | 4,405.54 | 27,301.89 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
ATLAS INVESTMENTS, LLC

BY: ELIEZER GABAY, MANGING MEMBER

ABRAHAM ITZAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____  DATE: _____

form HUD-1 (3/86) ref Handbook 4305.2

A. **Settlement Statement**

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | | | | | | |
|---|---|---|---|---|---|---|
| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | | 8. Mortgage Insurance Case Number |
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-21870 | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:06 IC

D. NAME OF BORROWER:   ATLAS INVESTMENTS, LLC
   ADDRESS:   1608 JFK Blvd, 22nd Floor, Philadelphia, PA 19103

E. NAME OF SELLER:   ABRAHAM ITUAH
   ADDRESS:   92 Robinson Avenue, Newburgh, NY 12550

F. NAME OF LENDER:
   ADDRESS:

G. PROPERTY ADDRESS:   5551 Morris Street, Philadelphia, PA 19144
   City of Philadelphia

H. SETTLEMENT AGENT:   Statewide Abstract Group, Inc
   PLACE OF SETTLEMENT:   7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152

I. SETTLEMENT DATE:   02/27/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 75,000.00 | 401. Contract sales price | 75,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,405.54 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 79,405.54 | **420. GROSS AMOUNT DUE TO SELLER** | 75,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess Deposit (see instructions) | 1,000.00 |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 27,301.89 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. No adj sewer service-bill pd | 26.88 | 506. No adj sewer service-bill pd | 26.88 |
| 207. w/s usage-Reading* | | 507. w/s usage-Reading* | |
| 208. BUYER to pay 2019- 2nd cycle | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes   01/01/19 to 02/27/19 | 248.65 | 510. City/town taxes   01/01/19 to 02/27/19 | 248.65 |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. | |
| 214. | | 514. HELD for #1 SC1202215437 | 3,600.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 1,275.53 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 32,177.42 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 79,405.54 | 601. Gross amount due to seller (line 420) | 75,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 1,275.53 | 602. Less reduction amount due seller (line 520) | 32,177.42 |
| **303. CASH FROM BORROWER** | 78,130.01 | **603. CASH TO SELLER** | 42,822.58 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-____-_____ / _____-____-_____   SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

File Number: **SA-20800**

PAGE 3

TitleExpress Settlement System  Printed 10/10/2019 at 14:04 JC

Previous editions are obsolete

## ITEMIZATION OF HUD LINE 1308

| 1500. SCHEDULE OF DISBURSEMENTS | | BUYER | SELLER |
|---|---|---|---|
| 1501. | | | |
| 1502. 2014-2018 Re Tax | to City of Philadelphia | | 5,729.52 |
| 1503. Assignment Fee | to Michael Ho | 30,000.00 | |
| 1504. 2019 Re Tax | to City of Philadelphia | 1,243.06 | |
| 1505. | | | |
| 1506. | | | |
| 1507. | | | |
| 1508. | | | |
| 1509. | | | |
| 1510. | | | |
| 1511. | | | |
| 1512. | | | |
| 1513. | | | |
| 1514. | | | |
| 1515. | | | |
| 1516. | | | |
| 1517. | | | |
| 1518. | | | |
| 1519. | | | |
| 1520. TOTAL HUD LINE 1308 EXPENSE: | | 31,243.06 | 5,729.52 |

Previous edition are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**SETTLEMENT STATEMENT**

File Number: SA-20800

PAGE 2

TitleExpress Settlement System  Printed 10/10/2019 at 14:04 JC

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price $70,000.00 =** | | |
| Division of commission (line 700) as follows: | | |
| 701. $          to | | |
| 702. $          to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee          % | | |
| 802. Loan Discount          % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From          to          @$          /day | | |
| 902. Mortgage Insurance Premium for          to | | |
| 903. Hazard Insurance Premium for          to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance          mo. @ $          /mo | | |
| 1002. Mortgage Insurance          mo. @ $          /mo | | |
| 1003. City Property Tax          mo. @ $          /mo | | |
| 1004. County Property Tax          mo. @ $          /mo | | |
| 1005. School taxes          mo. @ $          /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout          to Statewide Abstract Group, Inc | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation          to Statewide Abstract Group, Inc | 70.00 | |
| 1106. Notary Fees          to Statewide Abstract Group, Inc | 14.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No:                    ) | | |
| 1108. Title Insurance          to Statewide Abstract Group, Inc | 836.90 | |
| (includes above items No:                    ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy          70,000.00  - 836.90 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed 252.00    : Mortgage $          : Release $ | 252.00 | |
| 1202. City/County tax/stamps          Deed $2,294.60    : Mortgage $ | 2,294.60 | |
| 1203. State Tax/stamps          Deed $700.00    : Mortgage $ | 700.00 | |
| 1204.          Deed $          : Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. #1 SC-1603033508          to Lorie Patterson c/o Rachel Garland | | 4,951.00 |
| 1302. #2 CE-1612820075          to Water Revenue Bureau | | 2,417.01 |
| 1303. #3 CF-1702320301          to City of Philadelphia | | 3,307.23 |
| 1304. #4 CE-1702320300 | | |
| 1305. #5 CE-1705330178          to City of Philadelphia | | 3,809.00 |
| 1306. #6 CE-1801820326          to Water Revenue Bureau | | 1,649.98 |
| 1307. w/s thru 2018- 12th cycle          to City of Philadelphia | | 8,380.13 |
| 1308. Other Disbursements (1520) | 31,243.06 | 5,729.52 |
| **1400. TOTAL SETTLEMENT CHARGES**          (enter on lines 103, Section J and 502, Section K) | 35,410.56 | 30,263.87 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

LEVELS INVESTMENTS LLC

BY: MICHAEL KINH HO, SOLE MEMBER

ABRAHAM O. ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____          DATE: _____

A. **Settlement Statement**

B. Type of Loan

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-20800 | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown here. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:04 JC

D. NAME OF BORROWER: LEVELS INVESTMENTS LLC
ADDRESS: 1929 Goodnaw Street, Philadelphia, PA 19115

E. NAME OF SELLER: ABRAHAM O. ITUAH
ADDRESS: 92 Robinson Ave, Newburgh, NY 12550

F. NAME OF LENDER: SECURE INVESTMENT GROUP, LLC
ADDRESS: 49 LAKEVIEW DRIVE, CHERRY HILL, NJ 08003

G. PROPERTY ADDRESS: 1700 North Dover Street, Philadelphia, PA 19121
City of Philadelphia

H. SETTLEMENT AGENT: Statewide Abstract Group, Inc
PLACE OF SETTLEMENT: 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152

I. SETTLEMENT DATE: 01/08/2019

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 70,000.00 | 401. Contract sales price | 70,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 35,410.56 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 105,410.56 | **420. GROSS AMOUNT DUE TO SELLER** | 70,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 105,500.00 | 502. Settlement charges to seller (line 1400) | 30,263.87 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| | | Gelt Financial Corporation | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. Company assumes no liability | | 506. Company assumes no liability | |
| 207. for w/s usage or back billing | | 507. for w/s usage or back billing | |
| 208. Meter may be missing and | | 508. | |
| 209. ferrule may be drawn. | | 509. ferrule may be drawn. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes    01/01/19 to 01/08/19 | 23.83 | 510. City/town taxes    01/01/19 to 01/08/19 | 23.83 |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. HELD for #4 CE-1702320300 | 4,500.00 |
| 214. | | 514. HELD for w/s back usage bill | 10,000.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 105,523.83 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 44,787.70 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 105,410.56 | 601. Gross amount due to seller (line 420) | 70,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 105,523.83 | 602. Less reduction amount due seller (line 520) | 44,787.70 |
| **303. CASH TO BORROWER** | 113.27 | **603. CASH TO SELLER** | 25,212.30 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on the 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No:_____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: ____-____-____/____-____-____    SELLER(S) SIGNATURE(S):_____/_____

SELLER(S) NEW MAILING ADDRESS:_____

SELLER(S) PHONE NUMBERS:_____(H)_____(W)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

## SETTLEMENT STATEMENT

File Number: SA-21861

Title Express Settlement System  Printed 10/10/2019 at 14:07 JC

PAGE 2

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $75,000.00 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee % | | |
| 802. Loan Discount % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From to @$ /day | | |
| 902. Mortgage Insurance Premium for to | | |
| 903. Hazard Insurance Premium for to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance mo. @ $ /mo | | |
| 1002. Mortgage Insurance mo. @ $ /mo | | |
| 1003. City Property Tax mo. @ $ /mo | | |
| 1004. County Property Tax mo. @ $ /mo | | |
| 1005. School taxes mo. @ $ /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout to Statewide Abstract Group, Inc | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation to Statewide Abstract Group, Inc | 70.00 | |
| 1106. Notary Fees to Statewide Abstract Group, Inc | 10.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No: ) | | |
| 1108. Title Insurance to Statewide Abstract Group, Inc | 868.25 | |
| (includes above items No: ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy 75,000.00 - 868.25 | | |
| 1111. FedEx / Wire Fee to Statewide Abstract Group, Inc | | 25.00 |
| 1112. Title Clearance to Statewide Abstract Group, Inc | | 250.00 |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed 256.75 ; Mortgage $ ; Release $ | 256.75 | |
| 1202. City/County tax/stamps Deed $2,458.50 ; Mortgage $ | 1,229.25 | 1,229.25 |
| 1203. State Tax/stamps Deed $750.00 ; Mortgage $ | 375.00 | 375.00 |
| 1204. Deed $ ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. #1 CE-1506320026 to Satisfied | | |
| 1302. 4&6 CE1704330211/CE1711320841D on SA-21870 | | |
| 1303. w/s thru 2019- 8th cycle to City of Philadelphia | | 6,691.87 |
| 1304. Muni 292/509/092/368/067 to City of Philadelphia | | 816.61 |
| 1305. 2011-2019 Re Tax (Sept) to City of Philadelphia | | 13,055.42 |
| 1306. w/s srvc 8/3 - 8/30 to Water Revenue Bureau | | 25.92 |
| 1307. w/s usage reading 2160 NO A5p Water Revenue Bureau | | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 2,809.25 | 22,489.07 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

FLORENCE INVESTMENTS, LLC

ABRAHAM ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____  DATE: _____

**A. Settlement Statement**

B. Type of Loan

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | SA-21861 | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:07 JC

| D. NAME OF BORROWER: | FLORENCE INVESTMENTS, LLC |
|---|---|
| ADDRESS: | 1628 JFK Blvd, Suite 2200, Philadelphia, PA 19103 |
| E. NAME OF SELLER: | ABRAHAM ITUAH |
| ADDRESS: | P.O. Box 7791, Philadelphia, PA 19104 |
| F. NAME OF LENDER: | |
| ADDRESS: | |
| G. PROPERTY ADDRESS: | 2153 66th Avenue, Philadelphia, PA 19138 |
| | City of Philadelphia |
| H. SETTLEMENT AGENT: | Statewide Abstract Group, Inc |
| PLACE OF SETTLEMENT: | 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 |
| I. SETTLEMENT DATE: | 08/30/2019 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 75,000.00 | 401. Contract sales price | 75,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 2,809.25 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes    08/30/19 to 12/31/19 | 574.25 | 406. City/town taxes    08/30/19 to 12/31/19 | 574.25 |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 78,383.50 | **420. GROSS AMOUNT DUE TO SELLER** | 75,574.25 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 22,489.07 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. BUYER to pay 2019- 9th cycle | | 508. BUYER to pay 2019- 9th cycle | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. Held Escrow #W0803P5507 | 1,938.00 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 24,427.07 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 78,383.50 | 601. Gross amount due to seller (line 420) | 75,574.25 |
| 302. Less amounts paid by/for borrower (line 220) | | 602. Less reduction amount due seller (line 520) | 24,427.07 |
| **303. CASH FROM BORROWER** | 78,383.50 | **603. CASH TO SELLER** | 51,147.18 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____ ) with your correct taxpayer identification number. If you do not provide the settlement agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-_____-_____ / _____-_____-_____    SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Previous editions are obsolete

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

File Number: **SA-21871**

form HUD-1 (3/86) ref Handbook 4305.2

PAGE 3

TitleExpress Settlement System  Printed 10/10/2019 at 14:07 JC

## ITEMIZATION OF HUD LINE 1308

| 1500. SCHEDULE OF DISBURSEMENTS | | BUYER | SELLER |
|---|---|---|---|
| 1501. | | | |
| 1502. 2012-2019 Re Tax | to City of Philadelphia | | 7,951.62 |
| 1503. w/s thru 2019- 4th cycle | to City of Philadelphia | | 1,755.15 |
| 1504. Reimburse Search | to Prosperity Abstract | 200.00 | |
| 1505. Assignment Fee | to Prosperity Industries LLC | 8,000.00 | |
| 1506. Assignment Fee | to Keller Williams | 2,000.00 | |
| 1507. | | | |
| 1508. | | | |
| 1509. | | | |
| 1510. | | | |
| 1511. | | | |
| 1512. | | | |
| 1513. | | | |
| 1514. | | | |
| 1515. | | | |
| 1516. | | | |
| 1517. | | | |
| 1518. | | | |
| 1519. | | | |
| 1520. TOTAL HUD LINE 1308 EXPENSE: | | 10,200.00 | 9,706.77 |

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**SETTLEMENT STATEMENT**

File Number: SA-21871

PAGE 2

TitleExpress Settlement System  Printed 10/10/2019 at 14:07 JC

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION based on price $55,000.00 =** | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $ | to | | |
| 702. $ | to | | |
| 703. Commission paid at Settlement | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee | % | | |
| 802. Loan Discount | % | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. | | | |
| 806. | | | |
| 807. | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From    to    @$    /day | | | |
| 902. Mortgage Insurance Premium for    to | | | |
| 903. Hazard Insurance Premium for    to | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | |
| 1001. Hazard Insurance    mo. @ $    /mo | | | |
| 1002. Mortgage Insurance    mo. @ $    /mo | | | |
| 1003. City Property Tax    mo. @ $    /mo | | | |
| 1004. County Property Tax    mo. @ $    /mo | | | |
| 1005. School taxes    mo. @ $    /mo | | | |
| 1009. Aggregate Analysis Adjustment | | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee | | | |
| 1102. Reimburse w/s printout    to Statewide Abstract Group, Inc | | | 5.00 |
| 1103. Title Examination | | | |
| 1104. Title Insurance Binder | | | |
| 1105. Deed Preparation    to Statewide Abstract Group, Inc | | 70.00 | |
| 1106. Notary Fees    to Statewide Abstract Group, Inc | | 14.00 | 15.00 |
| 1107. Attorney's fees | | | |
| (includes above items No:    ) | | | |
| 1108. Title Insurance    to Statewide Abstract Group, Inc | | 742.85 | |
| (includes above items No:    ) | | | |
| 1109. Lender's Policy | | | |
| 1110. Owner's Policy    55,000.00 - 742.85 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees Deed 256.75 : Mortgage $    : Release $ | | 256.75 | |
| 1202. City/County tax/stamps    Deed $1,802.90 : Mortgage $ | | 901.45 | 901.45 |
| 1203. State Tax/stamps    Deed $550.00 : Mortgage $ | | 275.00 | 275.00 |
| 1204.    Deed $    : Mortgage $ | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. | | | |
| 1302. | | | |
| 1303. #9 Case ID#121202498    to PA Department of Revenue | | | 1,128.59 |
| 1304. #10 CE-1408320815    to City of Philadelphia | | | 754.75 |
| 1305. #11 CE-1410720299    to City of Philadelphia | | | 1,527.50 |
| 1306. #12 CE-1501330231    to City of Philadelphia | | | 1,073.00 |
| 1307. #13 CE-1505320704    to City of Philadelphia | | | 4,265.78 |
| 1308. Other Disbursements (1520) | | 10,200.00 | 9,706.77 |
| **1400. TOTAL SETTLEMENT CHARGES**    (enter on lines 103, Section J and 502, Section K) | | 12,460.05 | 19,652.84 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

DELCINA FUTURE, LLC

BY: MELIDA KAISES, SOLE MEMBER

ABRAHAM ITUAH

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____  DATE: _____

A. **Settlement Statement**

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

B. Type of Loan

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number SA-21871 | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 10/10/2019 at 14:07 JC

| | |
|---|---|
| D. NAME OF BORROWER: | DELCINA FUTURE, LLC |
| ADDRESS: | 2915 Bouck Avenue, Bronx, NY 10469 |
| E. NAME OF SELLER: | ABRAHAM ITUAH |
| ADDRESS: | 92 Robinson Avenue, Newburgh, NY 12550 |
| F. NAME OF LENDER: | |
| ADDRESS: | |
| G. PROPERTY ADDRESS: | 3765 North Bouvier Street, Philadelphia, PA 19140 |
| | City of Philadelphia |
| H. SETTLEMENT AGENT: | Statewide Abstract Group, Inc |
| PLACE OF SETTLEMENT: | 7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 |
| I. SETTLEMENT DATE: | 05/13/2019 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 55,000.00 | 401. Contract sales price | 55,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 12,460.05 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes      05/13/19 to 12/31/19 | 626.39 | 406. City/town taxes      05/13/19 to 12/31/19 | 626.39 |
| 107. County taxes | | 407. County taxes | |
| 108. School taxes | | 408. School taxes | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 68,086.44 | **420. GROSS AMOUNT DUE TO SELLER** | 55,626.39 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 2,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 19,652.84 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. Company assumes no liability | | 505. Payoff of second mortgage loan | |
| 206. for w/s usage. Meter may be | | 506. | |
| 207. missing and ferrule may be | | 507. | |
| 208. drawn. | | 508. | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. School taxes | | 512. School taxes | |
| 213. | | 513. | |
| 214. | | 514. HELD for w/s back billing | 4,400.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 2,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 24,052.84 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 68,086.44 | 601. Gross amount due to seller (line 420) | 55,626.39 |
| 302. Less amounts paid by/for borrower (line 220) | 2,000.00 | 602. Less reduction amount due seller (line 520) | 24,052.84 |
| **303. CASH FROM BORROWER** | 66,086.44 | **603. CASH TO SELLER** | 31,573.55 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on the 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-_____-_____   _____-_____-_____   SELLER(S) SIGNATURE(S): _____/_____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

**Comparison of Good Faith Estimate (GFE) and HUD-1 Charges**

| Charges That Cannot Increase | HUD-1 Line Number | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Our origination charge | # 801 | 0.00 | 0.00 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | 0.00 | 0.00 |
| Your adjusted origination charges | # 803 | 0.00 | 0.00 |
| Transfer taxes | # 1203 | 0.00 | 5,347.50 |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | # 1201 | 0.00 | 256.75 |
| Title services and lender's title insurance | # 1101 | 0.00 | 144.00 |
| Owner's title insurance | # 1103 | 0.00 | 1,880.00 |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | Total | 0.00 | 2,280.75 |
| | Increase between GFE and HUD-1 Charges | $ 2,280.75 or | 999.9999% |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | # 1001 | 0.00 | 0.00 |
| Daily interest charges from | # 901 $ /day | 0.00 | 0.00 |
| Homeowner's insurance | # 903 | 0.00 | 0.00 |
| | # | | |
| | # | | |
| | # | | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ |
| Your loan term is | years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $ includes ☐ Principal ☐ Interest ☐ Mortgage insurance |
| Can your interest rate rise? | [X] No. ☐ Yes, it can rise to a maximum of % The first change will be on / / and can change again every years after / / . Every change date, your interest rate can increase or decrease by %. Over the life of the loan, your interest rate is guaranteed to never be lower than % or higher than %. |
| Even if you make payments on time, can your loan balance rise? | [X] No. ☐ Yes, it can rise to a maximum of $ . |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | [X] No. ☐ Yes, the first increase can be on / / and the monthly amount owed can rise to $ . The maximum it can over rise to is $ . |
| Does your loan have a prepayment penalty? | [X] No. ☐ Yes, your maximum prepayment penalty is $ . |
| Does your loan have a balloon payment? | [X] No. ☐ Yes, you have a balloon payment of $ due in years on / / . |
| Total monthly amount owed including escrow account payments | [X] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself. ☐ You have an additional monthly escrow payment of $ that results in a total initial monthly amount owed of $ . This includes principal, interest, any mortgage insurance and any items checked below: ☐ Property taxes ☐ Homeowner's insurance ☐ Flood insurance ☐ ☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

**L. Settlement Charges**

| | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. | Total Real Estate Broker Fees | | | |
| | Division of commission (line 700) as follows: | | | |
| 701. | $0.00 | to | | |
| 702. | $0.00 | to | | |
| 703. | Commission paid at settlement | | | |
| 800. | Items Payable in Connection with Loan | | | |
| 801. | Our origination charge (includes Origination Point 0.000% or $0.00) | $ (from GFE #1) | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen | $ (from GFE #2) | | |
| 803. | Your adjusted origination charges | (from GFE A) | | |
| 804. | Appraisal fee | to (from GFE #3) | | |
| 805. | Credit report | to (from GFE #3) | | |
| 806. | Tax service | to (from GFE #3) | | |
| 807. | Flood certification | to (from GFE #3) | | |
| 808. | | to | | |
| 900. | Items Required by Lender to be Paid in Advance | | | |
| 901. | Daily interest charges from | from 08/28/2019 to 09/01/2019 @ $0.00/day (from GFE #10) | | |
| 902. | Mortgage insurance premium | months to (from GFE #3) | | |
| 903. | Homeowner's insurance | months to (from GFE #11) | | |
| 904. | | months to (from GFE #11) | | |
| 1000. | Reserves Deposited with Lender | | | |
| 1001. | Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. | Homeowner's insurance | months @ $ /month | | |
| 1003. | Mortgage insurance | months @ $ /month | | |
| 1004. | Property taxes | months @ $ 457.20/month $ | | |
| 1005. | | months @ $ /month | | |
| 1006. | School taxes | months @ $ 0.00/month $ | | |
| 1007. | Aggregate Adjustment | $ | | |
| 1100. | Title Charges | | | |
| 1101. | Title services and lender's title insurance | $ (from GFE #4) | 144.00 | |
| 1102. | Settlement or closing fee | to $ | | |
| 1103. | Owner's title insurance | $ (from GFE #5) | 1,880.00 | |
| 1104. | Lender's title insurance | $ | | |
| 1105. | Lender's title policy limit $0.00  Lender's Policy | | | |
| 1106. | Owner's title policy limit $250,000.00  Owner's Policy | | | |
| 1107. | Agent's portion of the total title insurance premium | $1,635.60 | | |
| 1108. | Underwriter's portion of the total title insurance premium | $244.40 | | |
| 1109. | Reimburse w/s printout | to Statewide Abstract Group, Inc | | 5.00 |
| 1110. | Title Clearance | to Statewide Abstract Group, Inc | | 250.00 |
| 1111. | Fedex/Wire Fee | to Statewide Abstract Group, Inc | | 25.00 |
| 1112. | Notary Fee | to Statewide Abstract Group, Inc | | 20.00 |
| 1113. | Reimburse Docet Copt | to Statewide Abstract Group, Inc | | 23.50 |
| 1200. | Government Recording and Transfer Charges | | | |
| 1201. | Government recording charges | $ (from GFE #7) | 258.75 | |
| 1202. | Deed $256.75 | Mortgage $ | Release $ | |
| 1203. | Transfer taxes | $ (from GFE #8) | 5,347.50 | |
| 1204. | City/County tax/stamps | Deed $8,195.00 | Mortgage $ | 4,097.50 |
| 1205. | State Tax/stamps | Deed $2,500.00 | Mortgage $ | 1,250.00 |
| 1206. | | Deed $ | Mortgage $ | |
| 1300. | Additional Settlement Charges | | | |
| 1301. | Required services that you can shop for | (from GFE #6) | | |
| 1302. | 2019 Re Tax September | to City of Philadelphia | | 5,751.00 |
| 1303. | #1 Case# 190202403 | to OK TO REMOVE | | |
| 1304. | #2 Case# 190303867 | to OK TO REMOVE | | |
| 1305. | #3 Case #110503223/ Mortgage Doc 513 | to TD Bank | | 160,000.00 |
| 1306. | #4 CE-1006720416 | to WITHDRAWN PER WATER DEPARTMENT | | |
| 1307. | #5 CE-1006720828 | to City of Philadelphia | | 110.00 |
| 1308. | #6 CE-1308720811 | to City of Philadelphia | | 88.00 |
| 1309. | #7 CE-1402720608 | to City of Philadelphia | | 68.00 |
| 1310. | #8 PAID SA-21870 | to PAID SA-21870 | | |
| 1311. | #9 PAID SA-21870 | to PAID SA-21870 | | |
| 1312. | #10 LT-1509114250 | to OK TO REMOVE | | |
| 1313. | 2013-2019 Refuse | to City of Philadelphia | | 3,636.98 |
| 1314. | Muni Lien #17090457 | to City of Philadelphia | | 2,981.36 |
| 1315. | Water Settlement | to City of Philadelphia | | 25,548.53 |
| 1400. | Total Settlement Charges | (enter on lines 103, Section J and 502, Section K) | 7,628.25 | 223,874.89 |

*Paid outside of closing by (B)orrower, (S)eller, (L)ender, (I)nvestor, Bro(K)er. **Credit by lender shown on page 1. ***Credit by seller shown on page 1.

*E*

# A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0285

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File Number:<br>SA-22194 | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agents are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>DAG INVESTMENT AND DEVELOPMENT LLC<br>273 Montgomery Avenue, # 201, Bala Cynwyd, PA 19004 | E. Name & Address of Seller:<br>ABRAHAM ITUAH<br>P.O. Box 7791, Philadelphia, PA 19104 | F. Name & Address of Lender: |
|---|---|---|

| G. Property Location:<br>5229 Germantown Avenue<br>Philadelphia, PA 19144<br>City of Philadelphia | H. Settlement Agent:<br>Statewide Abstract Group, Inc<br>7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 | I. Settlement Date: 08/28/2019<br>Disbursement Date: 08/28/2019 |
|---|---|---|
| | Place of Settlement:<br>7901 Bustleton Avenue, Suite 203, Philadelphia, PA 19152 | TitleExpress<br>Printed 10/10/2019 at 2:13 pm<br>by JC |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | 250,000.00 | 401. Contract sales price | 250,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 7,628.25 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/28/2019 to 12/31/2019 | 1,893.92 | 406. City/town taxes 08/28/2019 to 12/31/2019 | 1,893.92 |
| 107. County taxes to | | 407. County taxes to | |
| 108. School taxes to | | 408. School taxes to | |
| 109. Refuse 08/28/2019 to 12/31/2019 | 103.56 | 409. Refuse 08/28/2019 to 12/31/2019 | 103.56 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | 259,625.73 | **420. Gross Amount Due to Seller** | 251,997.48 |
| **200. Amounts Paid by or in Behalf of Borrower** | | **500. Reductions in Amount Due Seller** | |
| 201. Deposit or earnest money | 10,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 223,874.89 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. School taxes to | | 512. School taxes to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. HELD ESCROW REFUSE 2013-2019 | 5,500.00 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | 10,000.00 | **520. Total Reduction Amount Due Seller** | 229,374.89 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 259,625.73 | 601. Gross amount due to seller (line 420) | 251,997.48 |
| 302. Less amounts paid by/for borrower (line 220) | 10,000.00 | 602. Less reductions in amount due seller (line 520) | 229,374.89 |
| **303. Cash ☒ From ☐ To Borrower** | 249,625.73 | **603. Cash ☒ To ☐ From Seller** | 22,622.59 |

The Public Reporting Burden for this collection of information is estimated at 15 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

# EXHIBIT A9

) *Exhibit A* )

SWPC01 12.5.01 CEC



# CITY OF PHILADELPHIA
## CODE VIOLATION ENFORCEMENT DIVISION

### DEPARTMENT OF FINANCE
P. O. BOX 56318
PHILADELPHIA, PA 19130-6318
(215) 567-2605

**Notice of Settlement Offer**

ITUAH, ABRAHAM                                                                02/05/2019
92 ROBINSON AVE
NEWBURGH NY, 12550-4402

Account Number:

| | | |
|---|---|---|
| 1102003301 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 1850003765 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 2906001700 | ITUAH, ABRAHAM O | 92 ROBINSON AVE |
| 3666008229 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 3750000419 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 3818002538 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 5924004021 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 7654000508 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 8803004624 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 8815002507 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 8885000033 | ITUAH, ABRAHAM | 92 ROBINSON AVE |
| 8918002153 | ITUAH, ABRAHAM | 92 ROBINSON ST |

Dear Sir/Madam:

Your inquiry regarding the above account(s) has been received and
reviewed. The current amount due reflects the total amount owed
on these account(s). The settlement amount due listed below is the
amount we agree to accept on these account(s) for these charges. No
monthly reminders will be sent. If payment in full is not received by
03/21/2019, the amount of these charges will reflect the previously
due amount. This agreement covers only the currently open charges; you
must respond to any newly assessed charges promptly.

Please feel free to contact the Code Unit at (215) 686-1587
if you have any questions. In addition, send your payment with a
copy of this letter to the Department of Finance, PO Box 56318,
Philadelphia, PA 19130-6318. Thank you for your cooperation in
keeping the City clean.

Returned Checks. If your check is returned unpaid for insufficient or
uncollected funds, (1) you authorize The City of Philadelphia or its
agent to make a one-time electronic fund transfer from your account to
collect a fee of $20; and (2) The City of Philadelphia or its agent may
re-present your check electronically to your depository institution for
for payment.

---

| ACCOUNT # | CVN OR CE | ISSUE DATE | PREV AMT | SETTLEMENT AMT |
|---|---|---|---|---|

1 of 5

SWPC01 12.5.01 CEC



# CITY OF PHILADELPHIA
## CODE VIOLATION ENFORCEMENT DIVISION

DEPARTMENT OF FINANCE
P. O. BOX 56318
PHILADELPHIA, PA 19130-6318
(215) 567-2605

Notice of Settlement Offer          Page: 05

YTUAH, ABRAHAM                                    02/05/2019
92 ROBINSON AVE
NEWBURGH NY, 12550-4402

| ACCOUNT # | CVN OR CE | ISSUE DATE | PREV AMT | SETTLEMENT AMT |
|-----------|-----------|------------|----------|----------------|
| 8918002153 | 18315393 | 10/15/2015 | 90.00 | 90.00 |
| 8918002153 | 17743305 | 12/29/2014 | 90.00 | 90.00 |
| 8918002153 | 17330084 | 08/18/2015 | 90.00 | 90.00 |
| 8918002153 | 17330073 | 08/18/2015 | 115.00 | 115.00 |
| 8918002153 | 61052762 | 11/09/2018 | 75.00 | 75.00 |
| 8918002153 | 61684370 | 10/02/2014 | 115.00 | 115.00 |
| 8918002153 | 61682351 | 09/11/2014 | 115.00 | 115.00 |

Current Amount Due (Prior to Settlement):     $15,727.00
                 Settlement Amount Due :     $15,727.00
                                              Letter STLT01

2 of 5

SWPC01 12.8.01 CEC



# CITY OF PHILADELPHIA
## CODE VIOLATION ENFORCEMENT DIVISION

### DEPARTMENT OF FINANCE
P. O. BOX 56318
PHILADELPHIA, PA 19130-6318
(215) 567-2605

Notice of Settlement Offer          Page: 04

ITUAH, ABRAHAM                                    02/05/2019
92 ROBINSON AVE
NEWBURGH NY, 12550-4402

| ACCOUNT # | CVN OR CB | ISSUE DATE | PREV AMT | SETTLEMENT AMT |
|---|---|---|---|---|
| 3666005229 | 41485754 | 10/28/2014 | 90.00 | 90.00 |
| 3666005229 | 41307486 | 11/24/2014 | 90.00 | 90.00 |
| 3666005229 | 41307475 | 11/24/2014 | 90.00 | 90.00 |
| 3666005229 | 41307464 | 11/24/2014 | 90.00 | 90.00 |
| 3666005229 | 39273172 | 06/13/2014 | 115.00 | 115.00 |
| 3666005229 | C1308330244 | 08/13/2013 | 730.00 | 730.00 |
| 3666005229 | C1308330243 | 08/13/2013 | 645.00 | 645.00 |
| 3750000419 | 60915341 | 07/08/2018 | 115.00 | 115.00 |
| 3750000419 | 59307054 | 08/27/2018 | 115.00 | 115.00 |
| 3750000419 | 58492875 | 10/02/2017 | 90.00 | 90.00 |
| 3750000419 | 58468911 | 09/05/2017 | 115.00 | 115.00 |
| 3750000419 | 55764516 | 04/25/2016 | 115.00 | 115.00 |
| 3750000419 | 27443441 | 04/20/2018 | 115.00 | 115.00 |
| 3750000419 | 18826942 | 08/31/2016 | 115.00 | 115.00 |
| 3750000419 | 18826916 | 08/31/2016 | 115.00 | 115.00 |
| 3818002538 | 38733295 | 06/24/2014 | 90.00 | 90.00 |
| 3818002538 | 21720366 | 06/03/2010 | 90.00 | 90.00 |
| 5924004021 | 57827862 | 08/01/2017 | 90.00 | 90.00 |
| 5924004021 | 31789310 | 02/26/2013 | 90.00 | 90.00 |
| 7654000508 | 65700051 | 11/19/2018 | 90.00 | 90.00 |
| 8803004624 | 65706852 | 01/08/2019 | 50.00 | 50.00 |
| 8803004624 | 58772195 | 05/08/2018 | 115.00 | 115.00 |
| 8803004624 | 57774662 | 07/25/2017 | 115.00 | 115.00 |
| 8803004624 | C1704330211 | 04/10/2017 | 632.00 | 262.00 |
| 8815002507 | 16687583 | 06/28/2016 | 90.00 | 90.00 |
| 8885000033 | 08792442 | 02/14/2006 | 65.00 | 65.00 |
| 8918002153 | 65462051 | 12/17/2018 | 75.00 | 75.00 |
| 8918002153 | 41561940 | 09/09/2014 | 115.00 | 115.00 |
| 8918002153 | 37326472 | 08/11/2014 | 90.00 | 90.00 |
| 8918002153 | 35885942 | 04/02/2014 | 90.00 | 90.00 |
| 8918002153 | 35879620 | 01/16/2014 | 90.00 | 90.00 |
| 8918002153 | 35878231 | 12/24/2013 | 90.00 | 90.00 |
| 8918002153 | 33393404 | 10/07/2013 | 115.00 | 115.00 |
| 8918002153 | 33052224 | 08/29/2013 | 115.00 | 115.00 |
| 8918002153 | 32609953 | 09/10/2013 | 115.00 | 115.00 |
| 8918002153 | 31600612 | 05/03/2013 | 90.00 | 90.00 |
| 8918002153 | 30720141 | 02/21/2013 | 90.00 | 90.00 |
| 8918002153 | 19247115 | 01/06/2017 | 90.00 | 90.00 |
| 8918002153 | 18315404 | 10/15/2015 | 115.00 | 115.00 |

SA-21861
Judgment
#4

3 of 5

SWPC01 12B.01 CEC



# CITY OF PHILADELPHIA
## CODE VIOLATION ENFORCEMENT DIVISION

### DEPARTMENT OF FINANCE
P. O. BOX 56318
PHILADELPHIA, PA 19130-6318
(215) 567-2605

Notice of Settlement Offer          Page: 02

ITUAH, ABRAHAM                                      02/05/2019
92 ROBINSON AVE
NEWBURGH NY, 12550-4402

| ACCOUNT # | CVN OR CE | ISSUE DATE | PREV AMT | SETTLEMENT AMT |
|---|---|---|---|---|
| 1102003301 | 57648503 | 08/08/2017 | 90.00 | 90.00 |
| 1102003301 | 26941530 | 01/04/2011 | 90.00 | 90.00 |
| 1102003301 | 13538814 | 05/05/2009 | 65.00 | 65.00 |
| 1850003765 | 41321755 | 07/10/2015 | 90.00 | 90.00 |
| 1850003765 | 36048644 | 08/21/2014 | 90.00 | 90.00 |
| 1850003765 | 18772596 | 08/01/2016 | 90.00 | 90.00 |
| 1850003765 | 18109825 | 02/02/2016 | 115.00 | 115.00 |
| 1850003765 | 17932515 | 06/29/2015 | 90.00 | 90.00 |
| 1850003765 | 17929314 | 07/13/2015 | 90.00 | 90.00 |
| 2906001700 | 35971445 | 06/16/2014 | 90.00 | 90.00 |
| 2906001700 | 35970900 | 06/11/2014 | 90.00 | 90.00 |
| 2906001700 | 35958776 | 12/05/2013 | 90.00 | 90.00 |
| 2906001700 | 28806691 | 06/14/2012 | 90.00 | 90.00 |
| 2906001700 | 18046416 | 10/06/2015 | 90.00 | 90.00 |
| 2906001700 | 18020310 | 09/08/2015 | 90.00 | 90.00 |
| 2906001700 | 14088341 | 09/17/2009 | 190.00 | 190.00 |
| 2906001700 | 13624936 | 05/14/2009 | 65.00 | 65.00 |
| 2906001700 | 13609374 | 09/03/2009 | 190.00 | 190.00 |
| 2906001700 | 13021982 | 04/15/2009 | 65.00 | 65.00 |
| 2906001700 | 12866092 | 03/26/2009 | 65.00 | 65.00 |
| 2906001700 | 12769971 | 09/17/2009 | 90.00 | 90.00 |
| 2906001700 | 12758782 | 12/11/2008 | 65.00 | 65.00 |
| 2906001700 | 11596082 | 04/10/2008 | 65.00 | 65.00 |
| 2906001700 | 09529192 | 09/14/2006 | 65.00 | 65.00 |
| 3666005229 | 56664230 | 07/06/2017 | 115.00 | 115.00 |
| 3666005229 | 39273161 | 06/13/2014 | 90.00 | 90.00 |
| 3666005229 | 39273150 | 06/13/2014 | 90.00 | 90.00 |
| 3666005229 | 38581502 | 07/14/2014 | 90.00 | 90.00 |
| 3666005229 | 38581491 | 07/14/2014 | 90.00 | 90.00 |
| 3666005229 | 37512996 | 07/29/2014 | 90.00 | 90.00 |
| 3666005229 | 37509566 | 06/05/2014 | 90.00 | 90.00 |
| 3666005229 | 37509555 | 06/05/2014 | 90.00 | 90.00 |
| 3666005229 | 37505075 | 04/24/2014 | 90.00 | 90.00 |
| 3666005229 | 37505053 | 04/24/2014 | 90.00 | 90.00 |
| 3666005229 | 37505042 | 04/24/2014 | 90.00 | 90.00 |
| 3666005229 | 37505031 | 04/24/2014 | 90.00 | 90.00 |
| 3666005229 | 37503093 | 03/28/2014 | 90.00 | 90.00 |
| 3666005229 | 36616392 | 11/26/2013 | 90.00 | 90.00 |
| 3666005229 | 36616381 | 11/26/2013 | 90.00 | 90.00 |

4 of 5

SWFC01 12.801 CBC



# CITY OF PHILADELPHIA
## CODE VIOLATION ENFORCEMENT DIVISION

### DEPARTMENT OF FINANCE
P. O. BOX 56318
PHILADELPHIA, PA 19130-6318
(215) 567-2605

Notice of Settlement Offer          Page: 03

TTUAH, ABRAHAM                                    02/05/2019
92 ROBINSON AVE
NEWBURGH NY, 12550-4402

| ACCOUNT # | CVN OR CB | ISSUE DATE | PREV AMT | SETTLEMENT AMT |
|---|---|---|---|---|
| 3666005229 | 35997920 | 06/23/2014 | 90.00 | 90.00 |
| 3666005229 | 35997916 | 06/23/2014 | 90.00 | 90.00 |
| 3666005229 | 35997905 | 06/23/2014 | 90.00 | 90.00 |
| 3666005229 | 35876665 | 12/02/2013 | 90.00 | 90.00 |
| 3666005229 | 35867882 | 05/08/2014 | 90.00 | 90.00 |
| 3666005229 | 35867871 | 05/08/2014 | 90.00 | 90.00 |
| 3666005229 | 35867860 | 05/08/2014 | 90.00 | 90.00 |
| 3666005229 | 35853871 | 11/05/2013 | 90.00 | 90.00 |
| 3666005229 | 35849203 | 07/16/2014 | 90.00 | 90.00 |
| 3666005229 | 35848816 | 06/16/2014 | 90.00 | 90.00 |
| 3666005229 | 35848805 | 06/16/2014 | 90.00 | 90.00 |
| 3666005229 | 35848794 | 06/16/2014 | 90.00 | 90.00 |
| 3666005229 | 32064712 | 10/16/2013 | 115.00 | 115.00 |
| 3666005229 | 32064701 | 10/16/2013 | 90.00 | 90.00 |
| 3666005229 | 32062682 | 09/24/2013 | 90.00 | 90.00 |
| 3666005229 | 32062671 | 09/24/2013 | 90.00 | 90.00 |
| 3666005229 | 31866435 | 06/06/2013 | 90.00 | 90.00 |
| 3666005229 | 27444476 | 04/20/2018 | 115.00 | 115.00 |
| 3666005229 | 19158775 | 10/12/2015 | 90.00 | 90.00 |
| 3666005229 | 19158764 | 10/12/2015 | 90.00 | 90.00 |
| 3666005229 | 19029006 | 09/12/2015 | 90.00 | 90.00 |
| 3666005229 | 18865186 | 05/31/2015 | 90.00 | 90.00 |
| 3666005229 | 18443251 | 02/11/2015 | 90.00 | 90.00 |
| 3666005229 | 18222374 | 12/21/2015 | 90.00 | 80.00 |
| 3666005229 | 17810074 | 04/15/2015 | 90.00 | 90.00 |
| 3666005229 | 17755942 | 12/18/2014 | 90.00 | 90.00 |
| 3666005229 | 17755931 | 12/18/2014 | 90.00 | 90.00 |
| 3666005229 | 17755920 | 12/18/2014 | 90.00 | 90.00 |
| 3666005229 | 56651221 | 10/17/2016 | 90.00 | 90.00 |
| 3666005229 | 17755916 | 12/18/2014 | 90.00 | 90.00 |
| 3666005229 | 01711330027 | 11/06/2017 | 2,415.00 | 785.00 |
| 3666005229 | 56649714 | 10/04/2016 | 90.00 | 90.00 |
| 3666005229 | 56297883 | 04/28/2016 | 90.00 | 90.00 |
| 3666005229 | 44587966 | 12/28/2015 | 90.00 | 90.00 |
| 3666005229 | 44584433 | 09/23/2015 | 90.00 | 90.00 |
| 3666005229 | 44584422 | 09/23/2015 | 115.00 | 115.00 |
| 3666005229 | 41691635 | 01/12/2015 | 90.00 | 90.00 |
| 3666005229 | 41684650 | 10/06/2014 | 90.00 | 90.00 |
| 3666005229 | 41510302 | 03/11/2015 | 90.00 | 90.00 |

SA-
21861
ulgment
6

5 of 5

# EXHIBIT A10

DATE: 9/10/2020

TITLE NO: JEN

COVER DATE: 8/27/2020

SELLER: ABRAHAM ITUAH

PURCHASER: TO BE DETERMINED

PREMISES: 33 SOUTH 53RD ST

COUNTY: CITY OF PHILADELPHIA PA

PARCEL NUMBER: ACCOUNT 602189900

ASSESSMENT: $78,100.00

TAX INFORMATION

REAL ESTATE: PAID THRU 2019

REVENUE /NUISANCE DEPT: TO FOLLOW

WATER/SEWER: 049-88850-00033-001

ACCOUNT BREAK DOWN: CONTACT LAW DEPT

REFUSE: ATTACHED

LAST DEED: 51358794 RECORDED 1/17/2006

MORTGAGES: NONE

JUDGMENTS/LIENS/CIVIL ACTIONS:

SELLER:

1. 1201T0066-CITY OF PHILA VS. TITLE NAME ON 5229 GERMANTOWN AVE FOR $12,070.24 ENTERED 1/13/2012

2. 130830634-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST FOR $501.53 ENTERED 8.9/2013

3. CE-13-08-72-0811-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON ADDRESS FOR $1718.30 ENTERED 8/15/2013. REVIVED 12/4/2018 FOR $1640.30

4. 140130109-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST FOR $422.04 ENTERED 1/4/2014

5. 140330404-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST FOR $676.46 ENTERED 3/8/2014

6. 140432265-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST ENTERED 4/25/2014 FOR $428.79

7. 140731516-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST ENTERED 6/12/2014 FOR $776.58

8. 1504T0328-CITY OF PHILA VS. TITLE NAME ON 5551 MORRIS ST ENTERED 4/20/2015 FOR $5305.15

9. 1504T0504-CITY OF PHILA VS. TITLE NAME ON 3843 FAIRMOUNT AVE FOR $5468.01 ENTERED 4/23/2015

10. 1505R14014509-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $450.95 ENTERED 5/15/2015

11. 1505R14030127-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST FOR $1650.16 ENTERED 5/15/2015

12. 1505R14049193-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $1565.91 ENTERED 5/15/2015

13. 1512R13546414-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST ENTERED 12/3/2015 FOR $1305.36

14. 1512R12601084-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $1958.77 ENTERED 12/4/2015

15. 1512R13563378-CITY OF PHILA DEPT OF REVENUE VS TITLE NAME ON 419 W. GODFREY AVE FOR $1893.58 ENTERED 12/3/2015

16. 160300154-CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST NO AMOUNT ENTERED 3/7/2016

17. 1603R15045318-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $439.30 ENTERED 3/8/2016

18. 1603R15076841-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 13TH ST FOR $1363.96 ENTERED 3/8/2016

19. 1602R15084124-CITY OF PHILA DEPT OF REVENUE VS TITLE NAME ON 419 W. GODFREY AVE FOR $2007.64 ENTERED 3/8/2016

20. 1603R15059570-CITY OF PHILA DEPT OF REVENUE VS TITLE NAME ON 4021 NEILSON ST FOR $1437.18 ENTERED 3/8/2016

21. 1703R16103518-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $531.27 ENTERED 3/14/2017

22. 1703R16131685-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $767.87 ENTERED 3/14/2017

23. 1703R16138226-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $1194.81 ENTERED 3/14/2017

24. 1703R16138286-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1555.90 ENTERED 3/14/2017

25 . 1802R17186135-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST ENTERED 2/18/2018 FOR $761.57

26. 1802R17170022-CITY OF PHILA DEPT OF REVENUE VS, TITLE NAME ON 4021 NEILSON ST FOR $828.04 ENTERED 2/18/2018

27. 1802R17156679-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $528.94 ENTERED 2/18/2018

28. 1802R17192592-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1571.35 ENTERED 2/18/2018

29. 1802R17192520-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $2064.58 ENTERED 2/15/2018

30. 1803W17033921-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME OBN 33 S. 53RD ST FOR $4960.46 ENTERED 4/2/2018

31. 1804W17011706-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 33 S. 53RD ST FOR $49.24 ENTERED 4/8/2018

32. 1805W17082783-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $601.14 ENTERED 5/17/2018

33. 1805W17082784-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $554.37 ENTERED 5/17/2018

34. 1805W17142508-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $581.40 ENTERED 5/24/2018

19. 1602R15084124-CITY OF PHILA DEPT OF REVENUE VS TITLE NAME ON 419 W. GODFREY AVE FOR $2007.64 ENTERED 3/8/2016

20. 1603R15059570-CITYO F PHILA DEPT OF REVENUE VS TITLE NAME ON 4021 NEILSON ST FOR $1437.18 ENTERED 3/8/2016

21. 1703R16103518-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $531.27 ENTERED 3/14/2017

22. 1703R16131685-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $767.87 ENTERED 3/14/2017

23. 1703R16138226-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $1194.81 ENTERED 3/14/2017

24. 1703R16138286-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1555.90 ENTERED 3/14/2017

25 . 1802R17186135-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST ENTERED 2/18/2018 FOR $761.57

26. 1802R17170022-CITY OF PHILA DEPT OF REVENUE VS, TITLE NAME ON 4021 NEILSON ST FOR $828.04 ENTERED 2/18/2018

27. 1802R17156679-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $528.94 ENTERED 2/18/2018

28. 1802R17192592-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1571.35 ENTERED 2/18/2018

29. 1802R17192520-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $2064.58 ENTERED 2/15/2018

30. 1803W17033921-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME OBN 33 S. 53RD ST FOR $4960.46 ENTERED 4/2/2018

31. 1804W17011706-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 33 S. 53RD ST FOR $49.24 ENTERED 4/8/2018

32. 1805W17082783-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $601.14 ENTERED 5/17/2018

33. 1805W17082784-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $554.37 ENTERED 5/17/2018

34. 1805W17142508-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $581.40 ENTERED 5/24/2018

35. 1805W17174273-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $745.04 ENTERED 6/1/2018

36. 1806W17010969-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 4021 NEILSON ST FOR $204.39 ENTERED 6/7/2018

37. 1806W17022083-CITY OF PHILA. WATER REVENUE BUREAU VS. TITLE NAME ON 4021 NIELSON ST FOR $253.18 ETNERED 6/16/2018

38. 1806W17035261-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 4921 NEILSON ST FOR $275.30 ENTERED 6/21/2018

39. 1806W17034128-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 3301 A ST FOR $881.33 ENTERED 6/21/2018

40. 1806W17030609-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $2098.41 ENTERED 6/21/2018

41. 1806R16231358-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST FOR $951.38 ENTERED 6/23/2018

42. 1806W17042801-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $670.43 ENTERED 6/28/2018

43. 1806W17045659-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 3301 A ST FOR $355.77 ENTERED 6/28/2018

44. 1806W17046684-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 4021 NEILSON ST FOR $314.07 ENTERED 6/28/2018

45. 1806W17048966-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $350.59 ENTERED 6/28/2018

46. 1807W18071617-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $241.19 ETNERED 7/19/2018

47. 1807W18065955-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 3301 A ST FOR $762.03 ENTERED 7/19/2018

48. 1807W18071616-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $497.10 ENTERED 7/19/2018

49. 1807W18061913-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $585.70 ENTERED 7/19/2018

50. 1807W18029791-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 3301 A ST FOR $564.39 ENTERED 7/12/2018

51. 1807W18024055-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $840.80 ENTERED 7/12/2018

52. 1807W18051395-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $720.69 ENTERED 7/12/2018

53. 1811W18037298-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $195.00 ENTERED 11/28/2018

54. 1811W18031982-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $195.00 ENTERED 11/28/2018

55. 1811W18031981-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $195.00 ENTERED 11/28/2018

56. 1811W18037299-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $240.00 ENTERED 11/28/2018

57. 1901W18004563-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $1648.44 ENTERED 1/3/2019

58. 1901W18003490-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 4021 NEILSON ST FOR $2159.28 ENTERED 1/3/2019

59. 1903R18409251-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST FOR $840.52 ENTERED 3/4/2019

60. 1903R18423289-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $772.91 ENTERED 3/4/2019

61. 1903R18429138-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $2098.19 ENTERED 3/4/2019

62. 1903R18429198-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1596.53 ENTERED 3/4/2019

63. 1903T0162-CITY OF PHILA VS. TITLE NAME ON 508 W. TABOR RD FOR $5453.33 ENTERED 3/13/2019

64. 1903R18398119-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $536.31 ENTERED 3/4/2019

65. 1903T0199-CITY OF PHILA VS. TITLE NAME ON 4624 N. 12TH ST FOR $6243.20 ENTERED 3/14/2019

66. 1903T0364-CITY OF PHILA VS. TITLE NAME ON 419 W. GODFREY AVE FOR $14,257.10 ENTERED 3/20/2019

51. 1807W18024055-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 508 W. TABOR RD FOR $840.80 ENTERED 7/12/2018

52. 1807W18051395-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $720.69 ENTERED 7/12/2018

53. 1811W18037298-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $195.00 ENTERED 11/28/2018

54. 1811W18031982-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $195.00 ENTERED 11/28/2018

55. 1811W18031981-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $195.00 ENTERED 11/28/2018

56. 1811W18037299-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $240.00 ENTERED 11/28/2018

57. 1901W18004563-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $1648.44 ENTERED 1/3/2019

58. 1901W18003490-CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 4021 NEILSON ST FOR $2159.28 ENTERED 1/3/2019

59. 1903R18409251-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST FOR $840.52 ENTERED 3/4/2019

60. 1903R18423289-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $772.91 ENTERED 3/4/2019

61. 1903R18429138-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 419 W. GODFREY AVE FOR $2098.19 ENTERED 3/4/2019

62. 1903R18429198-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1596.53 ENTERED 3/4/2019

63. 1903T0162-CITY OF PHILA VS. TITLE NAME ON 508 W. TABOR RD FOR $5453.33 ENTERED 3/13/2019

64. 1903R18398119-CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $536.31 ENTERED 3/4/2019

65. 1903T0199-CITY OF PHILA VS. TITLE NAME ON 4624 N. 12TH ST FOR $6243.20 ENTERED 3/14/2019

66. 1903T0364-CITY OF PHILA VS. TITLE NAME ON 419 W. GODFREY AVE FOR $14,257.10 ENTERED 3/20/2019

67. 1903T0393–CITY OF PHILA VS. TITLE NAME ON 4021 NEILSON ST FOR $8382.66 ENTERED 3/22/2019

68. 190303867–DEMETIRUS JENKINS VS. TITLE NAME ENTERED 3/29/2019 (FRAUDULENT CONVEYANCE) JUDGMENT OF NON PROS ENTERED NO AMOUNT

69. 1904W18006229–CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $191.45 ENTERED 4/4/2019

70. 1904W18004888–CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $2521.30 ENTERED 4/5/2019

71. 1906T5961–CITY OF PHILA VS. TITLE NAME ON 3301 A ST FOR $4994.54 ENTERED 6/19/2019

72. 1907W19005270–CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 419 W. GODFREY AVE FOR $5833.03 ENTERED 7/3/2019

73. 1907W19003660–CITY OF PHILA WATER REVENU EBUREAU VS. TITLE NAME ON 3301 A ST FOR $6241.56 ENTERED 7/3/2019

74CE-19-07-72-0216–CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON 2507 N. 19TH ST FOR $1651.74 ENTERED 7/15/2019

75. 190202403–WILMINGTON TRUST VS TITLE NAME ON ADDRESS MORTGAGE FORECLOSURE ENTERED 2/25/2019. 2/25/2019 ENTERED FOR $42,024.14

76. 2006W19003455–CITY OF PHILA WATER REVENUE BUREAU VS. TITLE NAME ON ADDRESS ENTERED 6/23/2020 FOR $1242.27

77. 2002R19467373–CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4624 N. 12TH ST FOR $883.99 ENTERED 2/15/2020

78. 2002R19473054–CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 508 W. TABOR RD FOR $1588.84 ENTERED 2/15/2020

79. 2002R19454693–CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 4021 NEILSON ST FOR $822.78 ENTERED 2/15/2020

80. 2002R19444682–CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2507 N. 19TH ST FOR $872.54 ENTERED 2/15/2020

81. 2002R1944463–CITY OF PHILA DEPT OF REVENUE VS. TITLE NAME ON 2538 N. GRATZ ST FOR $556.93 ENTERED 2/15/2020S


PURCHASER: N/A

**RESTRICTIONS:**

UNDER AND SUBJECT TO A CERTAIN 4 FEET WIDE ALLE COMMUNICATING WITH
ANOTHER 4 FEET WIDE ALLEY WITH THE FREE AND COMMON USE OF SAME

**CHAIN**

GRANTEE: JP MORGAN F/K/A THE CHASE MANHATTAN BANK RECORDED
10/18/2005 #51292470
GRANTOR: JOHN D. GREEN, SHERIFF
SHERIFF DEED

GRANTEE:  ERIC BROWN RECORDED 9/14/20000 #50139001
GRANTOR: CYNTHIA E. BROWN
FEE SIMPLE DEED

GRANTEE: CYNTHIA E. BROWN RECORDED 7/18/2000 #50111910
GRANTOR: RONNIE W. WILLIAMS
FEE SIMPLE DEED

GRANTEE: RONNIE W. WILLIAMS RECORDED 4/2/1985 FHS-111 PAGE 336
GRANTOR: SAMUEL R. PIERCE, HUD
FEE SIMPLE DEED

GRANTEE: SECRETARY OF HOUSING AND URBAN DEVELOPMENT RECORDED
12/14/1983 EFP-908 PAGE 575
GRANTOR: JOSEPH A. SULLIVAN, SHERIFF
SHERIFF DEED

GRANTEE:  GRADY CHANCE AND BETTY M H/W RECORDED 5/14/1971 PLMCS-265
PAGE 132
GRANTOR: SHERR REALTY CO OF DELAWARE VALLEY
FEE SIMPLE DEED

GRANTEE:  SHERR REALTY CO OF DELAWARE VALLEY RECODED 11/27/1970
PLMCS-143 PAGE 72
GRANTOR: RICHARD A. WOOD AND CATHERINE S H/W
FEE SIMPLE DEED

GRANTEE:  RICHARD A. WOOD AND CATHERINE S H/W RECORDED 10/15/1970
PLMCS-106 PAGE 227
GRANTOR: JAMES C. WINTERS EXECUTOR OF ESTATE OF ANNA KRIDER SPOERL
DECEASED AND JAMES C. WINTERS
FEE SIMPLE DEED

GRANTEE:  JAMES C. WINTERS RECORDED 8/5/1968 JRS-173 PAGE 593
GRANTOR: ANNA KRIDER SPOERL
FEE SIMPLE DEED

RESTRICTIONS:

UNDER AND SUBJECT TO A CERTAIN 4 FEET WIDE ALLE COMMUNICATING WITH
ANOTHER 4 FEET WIDE ALLEY WITH THE FREE AND COMMON USE OF SAME

## CHAIN

GRANTEE: JP MORGAN F/K/A THE CHASE MANHATTAN BANK RECORDED
10/18/2005 #51292470
GRANTOR: JOHN D. GREEN, SHERIFF
SHERIFF DEED

GRANTEE: ERIC BROWN RECORDED 9/14/20000 #50139001
GRANTOR: CYNTHIA E. BROWN
FEE SIMPLE DEED

GRANTEE: CYNTHIA E. BROWN RECORDED 7/18/2000 #50111910
GRANTOR: RONNIE W. WILLIAMS
FEE SIMPLE DEED

GRANTEE: RONNIE W. WILLIAMS RECORDED 4/2/1985 FHS-111 PAGE 336
GRANTOR: SAMUEL R. PIERCE, HUD
FEE SIMPLE DEED

GRANTEE: SECRETARY OF HOUSING AND URBAN DEVELOPMENT RECORDED
12/14/1983 EFP-908 PAGE 575
GRANTOR: JOSEPH A. SULLIVAN, SHERIFF
SHERIFF DEED

GRANTEE: GRADY CHANCE AND BETTY M H/W RECORDED 5/14/1971 PLMCS-265
PAGE 132
GRANTOR: SHERR REALTY CO OF DELAWARE VALLEY
FEE SIMPLE DEED

GRANTEE: SHERR REALTY CO OF DELAWARE VALLEY RECODED 11/27/1970
PLMCS-143 PAGE 72
GRANTOR: RICHARD A. WOOD AND CATHERINE S H/W
FEE SIMPLE DEED

GRANTEE: RICHARD A. WOOD AND CATHERINE S H/W RECORDED 10/15/1970
PLMCS-106 PAGE 227
GRANTOR: JAMES C. WINTERS EXECUTOR OF ESTATE OF ANNA KRIDER SPOERL
DECEASED AND JAMES C. WINTERS
FEE SIMPLE DEED

GRANTEE: JAMES C. WINTERS RECORDED 8/5/1968 JRS-173 PAGE 593
GRANTOR: ANNA KRIDER SPOERL
FEE SIMPLE DEED

# EXHIBIT A / /

| | | Selections: | Sort Options: | | | Report Date |
|---|---|---|---|---|---|---|
| | | | Date | | | 5/17/2022 10:40:21 PM |

| | Defendant Information | Plantiff Information | Date Filed Revised Date | Court | Case # Amount |
|---|---|---|---|---|---|
| 1 | ITUAH, ABRAHAM | COMMONWEALTH OF PENNSYLVANIA, CITY OF PHILADELPHIA | 10/4/2021 | | 1006720416 |
| | 19144,5229 GERMANTO | | 10/5/2010 | CE | $6,042.58 |
| 2 | ITUAH, ABRAHAM | CITY OF PHILADELPHIA LAW DEPARTMENT, WATER REVENUE | 7/6/2021 | | 1510720844 |
| | 19134,3301 A ST | | 6/6/2016 | CE | $6,144.54 |
| 3 | ITUAH, ABRAHAM | CITY OF PHILADELPHIA LAW DEPARTMENT, WATER REVENUE | 7/6/2021 | | 1512720658 |
| | 19124,4021 NEILSON | | 6/6/2016 | CE | $1,981.19 |
| 4 | ITUAH, ABRAHAM | CITY OF PHILADELPHIA LAW DEPARTMENT, WATER REVENUE | 7/6/2021 | | 1512720875 |
| | 19120,508 W TABOR RD | | 6/6/2016 | CE | $9,624.79 |
| 5 | ITUAH, ABRAHAM | CITY OF PHILADELPHIA LAW DEPARTMENT, WATER REVENUE | 2/1/2021 | | 1503720887 |
| | 19144,5229 GERMANTOW | | 1/25/2016 | CE | $4,009.40 |
| 6 | ITUAH, ABRAHAM | CITY OF PHILADELPHIA LAW DEPARTMENT, WATER REVENUE | 8/29/2019 | | 1907720216 |
| | 19132,2507 N 19TH ST | | 8/29/2019 | CE | $1,583.99 |

# EXHIBIT A12

CITY OF PHILADELPHIA, LAW DEPARTMENT
BY: CYNTHIA E. STAVRAKIS, ESQUIRE
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 314409
1401 JFK BLVD., 5TH FLOOR
PHILADELPHIA, PA. 19102
(215) 686-0522
Cynthia.Stavrakis@Phila.Gov

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| CITY OF PHILADELPHIA, **Plaintiff,** | : |
| v. | : |
| ABRAHAM ITUAH, **Defendant.** | : APRIL TERM 2015 |
| | : NO. T0504 |

## THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO ABRAHAM ITUAH'S MOTION TO REDEEM PREMISES

The City of Philadelphia (the "City"), by and through its undersigned counsel, submits this memorandum of law in support of the City's Response to Abraham Ituah's (the "Petitioner") Motion to Redeem Premises ("Petition") and requests this Honorable Court deny the Petition as the Property is not subject to redemption because it has been vacant for at least two (2) years and Petitioner is unable to demonstrate a financial ability and readiness to make payments as is required under the Municipal Claims and Tax Liens Act ("MCTLA").

## I.    MATTER BEFORE THE COURT

Before this Honorable Court, is the Petitioner's Motion to Redeem Premises located at 3843 Fairmount Avenue, Philadelphia, PA (the "Property") which was sold at Sheriff Sale (the "Tax Sale") on September 16, 2015.

1

Case ID: 1504T0504
Control No.: 15117059

## II.    STATEMENT OF QUESTIONS INVOLVED

Should the Court <u>deny</u> Petitioner's Motion because the Property is not subject to redemption pursuant to the MCTLA?

*Yes.*

Should the Court <u>deny</u> Petitioner's Motion because Petitioner is unable to demonstrate a financial ability and readiness to make payments as is required under the MCTLA?

*Yes.*

## III.    SUMMARY OF FACTS

On April 22, 2015, the City petitioned this Court for a Rule to show cause why the Property shouldn't be sold free and clear of all encumbrances at the sheriff's sale due to delinquent real estate tax liens. This Court issued a Rule on May 13, 2015. The Property was posted on July 5, 2015 and the Affidavit of Posting was filed with the Court on July 9, 2015. The Affidavit of Service of the Petition was filed with the Court on August 4, 2015 which certified that all interested parties for the Property were served by certified and First class mail on July 20, 2015. As there was no response to the Rule and this Court was satisfied that service of the Rule and Petition were properly made, this Court entered a Decree on August 10, 2015, to sell the Property at the Tax Sale.

The Property sold at the September 16, 2015 Tax Sale to Cool Spaces, LLC. The Sheriff's deed from the Tax Sale was acknowledged by the Sheriff of Philadelphia County on October 21, 2015 and recorded on November 14, 2015. *See* Exhibit A, Sheriff's Deed. On September 21, 2015, Petitioner filed a Motion to Set Aside the Tax Sale. *See* Exhibit B, Petitioner's Motion to Set Aside the Sheriff Sale. That motion was denied by this Court pursuant to an Order dated October 23, 2015. On November 17, 2015, Petitioner filed a Motion for

2

Reconsideration which was denied by this Court on November 18, 2015. On December 2, 2015,

Petitioner filed this instant Petition.

## IV.    ARGUMENT

This Court should deny Petitioner's Motion to Redeem Property as he has not met his

burden of demonstrating the Property is eligible for redemption per 53 P.S. § 7293.

Furthermore, Petitioner has not convincingly evinced a financial ability and readiness to pay the

redemption money.

### A. THIS PROPERTY CANNOT BE REDEEMED AS IT HAS BEEN VACANT AND HAS NOT CONTINUOUSLY BEEN OCCUPIED AS A RESIDENCE AS IS REQUIRED BY 53 P.S. §7293.

This Court should deny this Motion to Redeem because the property has been vacant

since November 2013, approximately two (2) years before it was sold at Tax Sale on September

16, 2015. The MCTLA affords owners of property a right to redeem that property after it has

been sold at Tax Sale. 53 P.S. § 7293. Section 7293(a) states, in pertinent part, "The owner of

any property sold under a tax or municipal claim . . . may, except as provided in subsection (c) of

this section, redeem the same at any time within nine months . . . ." 53 P.S. § 7293(a).

Subsection (c) provides an important exception limiting the property subject to redemption.

Section 7293(c) states, in pertinent part:

> There shall be no redemption of vacant property by any person
> after the date of the acknowledgment of the sheriff's deed
> therefor...property shall be deemed to be "vacant property" unless
> it was continuously occupied by the same individual or basic
> family unit as a residence for at least ninety days prior to the date
> of the sale and continues to be so occupied on the date of the
> acknowledgement of the sheriff's deed therefor.

53 P.S. § 7293(c) (emphasis removed).

3

Among the conditions placed on any owner's right to redeem is that the property must be non-vacant property occupied as a residence, currently and continuously starting ninety (90) days prior to the sale. 53 P.S. § 7293(c); See *Paul J. Dooling Tire Co. v. City of Philadelphia*, 789 A.2d 364, 366 (Pa.Cmwlth. 2001) (finding "the language of Subsection (c) of the [Act] is unambiguous and limits redemption to non-vacant property occupied as a residence."); See also *First Union Nat. Bank v. Estate of Shevlin*, 897 A.2d 1241, 1435 (Pa.Super. 2006) (finding that an adjoining parcel of property containing only a swimming pool and non-residential accoutrements is vacant as it was not occupied on a continuous basis). Here, Petitioner has not met his burden of demonstrating that the Property was not vacant. Petitioner, himself, filed a Motion to Set Aside the Tax Sale with this Court and alleged that the property had been vacant since November 2013. *See* Exhibit B, Petitioner's Motion to Set Aside the Sheriff Sale.

Petitioner states that he has the right to redeem the Property as long as the property owner exercises the right to redeem prior to the acknowledgment of the Sheriff's deed. *City of Philadelphia v. F.A. Realty Investors*, 95 A.3d 377 (Pa.Cmwlth. 2014). This does not apply to Petitioner because the Sheriff's deed was acknowledged on October 21, 2015 and Petitioner filed this Petition on December 1, 2015. *See* Exhibit A, Sheriff's deed. Therefore, this Property is not eligible to be redeemed.

### B. PETITIONER HAS NOT PROVIDED ANY EVIDENCE OF READINESS AND ABILITY TO PAY THE RELATED FEES TO REDEEM.

Even if this Property is subject to the right to redeem, this Motion should be denied as the Petitioner cannot convincingly show his readiness to pay the redemption money as is required under Section 7293(b) of the MCTLA. In order to redeem a property under the MCTLA, a petitioner is required to evince his readiness to pay the redemption money, including but not limited to the amount of the bid at such sale, all taxes and municipal claims, and other necessary

4

## VERIFICATION

I, JAMES J. ZWOLAK, hereby verify that I am a DIVISIONAL DEPUTY CITY SOLICITOR of the Law Department of the City of Philadelphia, party herein; that I am authorized to make this affidavit on its behalf; and that the aforesaid facts are true and correct to the best of my knowledge, information and belief. This statement is being made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.


BY: _James J. Zwolak_

Date: 07/10/2018

JAMES J. ZWOLAK
DIVISIONAL DEPUTY CITY SOLICITOR
For the City of Philadelphia

## LAW OFFICES OF PETER GEORGE MYLONAS
### A PROFESSIONAL CORPORATION
### MARPLE EXECUTIVE CENTER
### 2725 WEST CHESTER PIKE
### BROOMALL, PENNSYLVANIA 19008

(610) 355-1000
FAX (610) 355-2470
E-MAIL: PETER.MYLONAS@MYLONASLAW.COM

PETER GEORGE MYLONAS
Member of Pennsylvania & New Jersey Bar

NEW JERSEY OFFICE
12 WHITE BIRCH ROAD
TURNERSVILLE, NEW JERSEY 08012

(609) 822-9422
REFER TO FILE NUMBER: 2016-118

March 16, 2016

## INTERIM BILLING STATEMENT FOR LEGAL SERVICES RENDERED

**TO:**  Dimitrios Dimopoulos
105 Academy Lane
Broomall, PA 19008

**FROM:** LAW OFFICES OF PETER GEORGE MYLONAS, P.C.

**RE:**  CITY OF PHILADELPHIA v. ABRAHAM ITUAH
PHILADELPHIA COUNTY C.C.P., APRIL TERM 2015, NO. T0504

I. FOR PROFESSIONAL SERVICES RENDERED:                $3,000.00


NET BALANCE DUE FOR LEGAL SERVICES:                   $3,000.00

(Balances over 30 days are subject to a finance charge of 1% per month.)

We accept Visa, MasterCard, Discover
& American Express for a small convenience fee

**LAW OFFICES OF PETER GEORGE MYLONAS**
A PROFESSIONAL CORPORATION
MARPLE EXECUTIVE CENTER
2725 WEST CHESTER PIKE
BROOMALL, PENNSYLVANIA 19008

(610) 355-1000
FAX (610) 355-2470
E-MAIL: PETER.MYLONAS@MYLONASLAW.COM

PETER GEORGE MYLONAS
Member of Pennsylvania & New Jersey Bar

NEW JERSEY OFFICE
12 WHITE BIRCH ROAD
TURNERSVILLE, NEW JERSEY 08012

(609) 822-9422

REFER TO FILE NUMBER: 2016-118

March 16, 2016

Dimitrios Dimopoulos
105 Academy Lane
Broomall, PA 19008

RE:    CITY OF PHILADELPHIA v. ABRAHAM ITUAH
      PHILADELPHIA COUNTY C.C.P., APRIL TERM 2015, NO. T0504

Dear Dimitrios:

Enclosed herewith please find an Interim Billing Statement for Legal Services rendered, for your perusal and records. Kindly place same in line for payment at your earliest convenience.

Please do not hesitate to contact me should you have any questions. Thank you for allowing me to be of legal service to you.

Cordially yours,

LAW OFFICES OF PETER GEORGE MYLONAS, P.C.

BY: _____
       PETER GEORGE MYLONAS, ESQUIRE

PGM/cb
Enclosure



EXHIBIT

1509-115

ATTACHED TO AND FORMING A PART OF TAX INFORMATION CERTIFICATE
Order Number: LTS2433603
Client Number: 114660

**FRONTAGE:** 16' x 90'

## LEGAL DESCRIPTION:

All that certain lot or piece of ground with the buildings and improvements thereon erected.

Situate in the North side of Fairmount Avenue at the distance of 226 feet Eastward from the East side of 39th Street in the 24th Ward of the City of Philadelphia.

Containing in front or breadth on the said Fairmount Avenue 16 feet and extending in length or depth Northward of that width 90 feet to a certain 4 feet wide alley leading into another 4 feet wide alley leading into Olive Street.

Being Tax Id # 57-N-12-189-3843 - FAIRMOUNT AVE.

BEING THE SAME PREMISES VESTED IN Abraham Ituah, by Deed from Wells Fargo Bank Minnesota, N.A., sbm to Norwest Bank Minnesota, N.A., as Trustee, of Salomon Brothers Mortgage Securities, VII, Inc., Floating Rate Mortgage Pass-and Through Certificates, Series 1999-AQ1 Under The Pooling and Servicing Agreement Dated as of March 1, 1999 By Amc Mortgage Services Its Attorney In Fact, dated 07/11/2005, recorded 11/18/2005 in Document ID 51316961.

Case ID: 1504T0504

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS, Sheriff of the County of Philadelphia in the Commonwealth of*

*Pennsylvania, for and in consideration of the sum of Thirty-four Thousand Five Hundred*

*($34,500.00), to me in hand paid, do hereby grant and convey to Cool Spaces, LLC*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the North side of Fairmount Avenue at the distance of 226 feet Eastward from the East side of 39th Street in the 24th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Fairmount Avenue 16 feet and extending in length or depth Northward of that width 90 feet to a certain 4 feet wide alley leading into another 4 feet wide alley leading into Olive Street.

BEING TAX ID NO.: 57-N-12-189-3843 - Fairmount Ave.

BEING THE SAME PREMISES VESTED IN Abraham Ituah, by Deed from Wells Fargo Bank Minnesota, N.A., sbm to Norwest Bank Minnesota, N.A., as Trustee, of Salomon Brothers Mortgage Securities, VII, Inc., Floating Rate Mortgage Pass-and Through Certificates, Series 1999-AQ1 Under The Pooling and Servicing Agreement Dated as of March 1, 1999 by Amc Mortgage Services its Attorney in Fact, dated 07/11/2005, recorded 11/18/2005 in Document ID 51316961.

FRONTAGE: 16' x 90'

BEING NO.: 3843 Fairmount Avenue

1

EXHIBIT
"B"

*The same having been sold, on the 16th day of September Anno Domini Two Thousand and Fifteen after due advertisement, according to the law, under and by virtue of a writ of Execution issued/Decree entered on the 7th day of August Two Thousand and Fifteen out of the Court of Common Pleas as of April Term, Two Thousand Fifteen Number T0504 at the suit of*

City of Philadelphia

Vs.

Abraham Ituah

In  witness  whereof, I have hereunto affixed my signature, this 21st day of October Anno Domini Two Thousand and Fifteen

**SEALED AND DELIVERED**
**IN THE PRESENCE OF**

Marilyn R Franks

Joseph C. Vignola

Richard Tyer

**Jewell Williams, SHERIFF**

2

Book No. <u>1509</u>
Writ No. <u>115</u>
Control No. _____

# Deed = Poll

JEWELL WILLIAMS          SHERIFF

TO

Cool Spaces, LLC

City of Philadelphia

vs.                                    Apr. T. <u>2015</u>

Abraham Iruah                    No. <u>T0504</u>

PREMISES: 3843 Fairmount Avenue
Philadelphia, PA

The Address of the within-named
Grantee is _____
    <u>105 Academy Lane</u>
    <u>Broomall, PA 19008</u>
On behalf of the Grantee

James Zwolack, Esq.
1401 John F. Kennedy Boulevard
Suite 518
Philadelphia, PA 19103

Commonwealth of Pennsylvania :
County of Philadelphia          :

On this, the Nov 5, 2015 _____, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS UNDERSHERIFF, Joseph C. Vignola, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

*Steven G. Wilke*
Office of Judicial Records
Steven J. Wilko
Deputy Director

# PHILADELPHIA REAL ESTATE

# TRANSFER TAX CERTIFICATION

| BOOK NO. | PAGE NO. |
|---|---|
| | |

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

NAME
CITY LINE ABSTRACT CO.

TELEPHONE NUMBER

15 ST. ASAPH'S ROAD, BALA CYNWYD, PA 19004

**B. TRANSFER DATA**

DATE OF ACCEPTANCE OF DOCUMENT

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| Sheriff of PHILADELPHIA County | Cool Spaces, LLC |
| STREET ADDRESS | STREET ADDRESS |
| 100 SOUTH BROAD STREET | 105 Academy Lane |
| CITY STATE ZIP CODE | CITY STATE ZIP CODE |
| PHILADELPHIA, PA 19110 | Broomall, PA 19008 |

**C. PROPERTY LOCATION**

| STREET ADDRESS | CITY, TOWNSHIP, BOROUGH |
|---|---|
| 3843 Fairmount Avenue | |
| COUNTY | SCHOOL DISTRICT | TAX PARCEL NUMBER |

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $34,500.00 | | = $34,500.00 |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| $92,500.00 | 1.01 | = $93,425.00 |

**E. EXEMPTION DATA**

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED |
|---|---|
| | |

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or intestate succession _____
                           *(NAME OF DECEDENT)*                    *(ESTATE FILE NUMBER)*

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $_____

☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____. Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| *Nicaole Lynch* | |



**CITY OF PHILADELPHIA**
**DEPARTMENT OF LICENSES AND**
**INSPECTIONS**

Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2583
CSU@phila.gov

INITIAL NOTICE OF VIOLATION AND ORDER
UNSAFE BUILDING

COOL SPACES LLC
105 ACADEMY LA
BROOMALL PA 19008

Case Number:   411983

PROPERTY IN VIOLATION: 3843 FAIRMOUNT AVE          Date of Notice:12/30/15

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on 12/30/15 and has declared it UNSAFE, in whole or in part, pursuant to Section PM15-108.1 of the Philadelphia Property Maintenance Code. The results are included in the violation section below.  A reinspection will occur on or about 01/29/16 to determine compliance with this order.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the structure to remove the unsafe condition in order to address public safety. Failure to comply with this order within 30 days may result in the City taking action to demolish the structure and to stucco remaining party walls exposed by the demolition. You, the owner, will be billed for all costs incurred by the City, including administrative fees.

If you have any questions regarding this matter please contact: INSPECTOR COLLINS at VICTOR.COLLINS@phila.gov or the district office noted above.

## VIOLATIONS:

Licenses shall be kept on the premises designated therein at all times and shall be readily available for inspection by the code official. (See Section A-302.8)

LOCATION: site

The developer or contractor's certificate of insurance is not posted at this construction site.
The holder of any permit authorizing construction activity must post a true copy of the developer or contractor's certificate of insurance along with the permit authorizing construction activity and must ensure that the certificate remains on the site of the operations, open to public inspection during the entire time that the construction permit is to be posted.
You must post the certificate of insurance as required.
(See A-302.8)

LOCATION: site

The floor/ceiling assembly between the indicated floor and the floor below of the subject structure is fire damaged and in danger of collapse.  The structure has therefore been designated as unsafe in accordance with Section 307 of the Philadelphia Property Maintenance Code.  You must repair the floor/ceiling assembly or



demolish the structure in whole or in part.  Please see additional important information below.  [See PM-307.1]

LOCATION: First floor

The Department has inspected the subject dwelling and designated it as unfit for human habitation in accordance with Section 307 of the Philadelphia Property Maintenance Code.  Although evacuation is not required at this time you are denied the right to collect rent or admit new tenants for the duration of this unfit designation.

Continued existence of the conditions contributing to the unfit designation may require evacuation of the building. (See PM-307.3 et seq.)

Important additional information:

If you fail to comply with this order the City may eliminate the conditions contributing to the unfit designation using its own forces or by contract and the owner will be billed for all costs incurred including an administrative fee.  Failure to pay such bill will result in a lien being placed against the property.

(See PM-307.6)

This designation will remain until the conditions contributing to the unfit designation are corrected or eliminated.

If you intend to appeal this violation, you must apply at Boards Administration, Public Services Concourse, Municipal Services Building, 1401 John F. Kennedy Blvd., Philadelphia, PA 19102, within five days of the date of this notice.  You will need to refer to the account number on this notice to file an appeal.

(See A-801.2)

Note: If you intend to demolish or rehabilitate the structure, or any part of it, you must obtain all required permits in advance of beginning such work.

LOCATION: E-duty throughout

A true copy of the permit(s) authorizing construction activity shall be posted on the site of the operations during the entire time of the prosecution of the work for which the permit has been issued.

(See A-302.8)

LOCATION: site

Every vacant building must be secured against entry or it is deemed unsafe.  The Department has inspected the subject vacant premises and designated it as unsafe in accordance with Section 307 of the Philadelphia Property Maintenance Code.

(See PM-307.1)

All building doors, windows and openings from the roof, or other areas must be kept in good repair.  Where such doors or windows or entrance to openings are readily accessible to trespassers, they must be kept securely locked, fastened or otherwise secured.

During the period of the vacancy or rehabilitation you must maintain the premises in a clean, safe, and secure condition. The premises must be kept free of debris.  The roof and drainage system must be maintained so as to prevent damage to this or adjoining premises.  (See PM-306.1, PM-306.2, and PM-301.2)

Please see Important Additional Information for Unsafe Conditions elsewhere on this notice.

LOCATION: Throughout

Front and rear windows and doors. House was on fire

RIGHT TO APPEAL

You have the right to appeal these violations within five (5) days for Unsafe or Imminently Dangerous violations. Appeals must be submitted in writing on approved forms to the Boards Administration Unit 11th floor Municipal Services Building 1401 John F Kennedy Blvd Philadelphia PA 19102.The appeal form can be downloaded from the

L&I website at www.phila.gov/li. If you have any questions call (215) 686-2427.

Please Note: To appeal Fire Code violations submit your appeal to the Board of Safety and Fire Prevention at the Fire Administration Building, 240 Spring Garden St. Philadelphia, PA 19123. For questions on appeals to the Board of Fire Safety call (215) 686-1356. A copy of the appeal form can be downloaded from the Fire Department's website at www.phila.gov/fire/pdfs/variance_letter.pdf.

PENALTIES AND FEES
Fines shall be imposed from 12/30/15 and shall be assessed in the amount of $150 to $2000 per violation each and every day the violation remains uncorrected.

Your failure to correct the violations may result in the revocation or suspension of certain licenses and permits.

Your failure to correct the violations may also result in the City filing a legal action against you to obtain compliance, an injunction, and the imposition of fees and fines.

3/7/2016

**PNC** *Online Banking*

| Date | Description | Amount | Account |
|------|-------------|--------|---------|
| 02/11/2016 | Check 1014 | $1,294.82 | 8622730389 |

This is an image of a check, substitute check, or deposit ticket. Refer to your posted transactions to verify the status of the item. For more information about image delivery click here or to speak with a representative call: 1-888-PNC-BANK (1-888-762-2265) Monday - Friday: 7 a.m. - 10 p.m. ET, Saturday & Sunday: 8 a.m. - 5 p.m. ET.

**COOL SPACES LLC**

1014

3-5910
650

DATE 1/25/16

PAY TO THE ORDER OF _Cto Department of Revenue_ $ 1,294 82/100

_One thousand two hundred & Ninety Four_ 82/100 DOLLARS

**PNCBANK**

PNC Bank, N.A.    020

FOR _24-3-013900    ID 33280-03843_

⑈001014⑈ ⑆031000053⑆ 8622730389⑈                    ⑈0000129482⑈

02/18/2016    1010149 0136
63 011    0000473013900 068 FOR DEPOSIT ONLY
CITY OF PHILA WELLS FARGO 2000011007166

WELLS FARGO BANK NA PHL
20100219 E5663    CHT 63
▶0910-0001-94
6054903490

© Copyright 2010. The PNC Financial Services Group, Inc. All Rights Reserved.

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:
Abraham O. Hirsch
92 Robinson Ave
Newburgh NY 12550

One piece of ordinary mail addressed to:
The City Attorney
Municipal Service Bldg
1401 JFK Blvd, 5th
Philadelphia PA 1910

PS Form 3817, Mar. 1989

U.S. POSTAGE
PHILADELPHIA, PA
19104
JUL 06 18
AMOUNT
$1.40
R2305H126327-1

---

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:
Abraham O. Hirsch
92 Robinson Ave
Newburgh NY 12550

One piece of ordinary mail addressed to:
Sara A. Tilzer
565 Taxter Road
Elmsford NY 10523
(914) 345-3020

PS Form 3817, Mar. 1989

U.S. POSTAGE
PHILADELPHIA, PA
19104
JUL 06 18
AMOUNT
$1.40
R2305H126327-9

---

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:
Abraham O. Hirsch
92 Robinson Ave
Newburgh NY 12550

One piece of ordinary mail addressed to:
Michael Chetkin
Shapiro, DiCaro & Barak
250 Mile Crossing Road
Rochester NY 14624

PS Form 3817, Mar. 1989

U.S. POSTAGE
PHILADELPHIA, PA
19104
JUL 06 18
AMOUNT
$1.40
R2305H126327-1

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Abraham O. Hirsh
92 Robinson Ave
Newburgh NY 12550

One piece of ordinary mail addressed to:

Dimitros Primopoulos
Peter Kylenec Esq.
105 Academy Road
Broomall PA 19008

PS Form 3817, Mar. 1989

U.S. POSTAGE
PAID
PHILADELPHIA, PA
19104
JUL 09 18
AMOUNT
**$1.40**
R2305H12932?-1
1000

---

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Abraham O. Hirsh
92 Robinson Ave
Newburgh NY 12550

335.1 —

One piece of ordinary mail addressed to:

Stern & Eisenberg, PC
Wilmington Trust
485 B - Route 1 South, Suite 3...
Iselin NJ 08830

PS Form 3817, Mar. 1989

U.S. POSTAGE
PAID
PHILADELPHIA, PA
19104
JUL 09 18
AMOUNT
**$1.40**
R2305H12932?-97
1000

---

**U.S. POSTAL SERVICE    CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Abraham O. Hirsh
92 Robinson Ave
Newburgh NY 12550

One piece of ordinary mail addressed to:

Z & S Financial Service Contr
6053 Castor Ave
Philadelphia PA 19197

PS Form 3817, Mar. 1989

U.S. POSTAGE
PAID
PHILADELPHIA, PA
19104
JUL 09 18
AMOUNT
**$1.40**
R2305H12932?-97
1000

From: **ITUAH ABRAHAM** aituah@aol.com
Subject: **Brief**
Date: **Jan 23, 2024 at 11:30:53 PM**
To: **ITUAH ABRAHAM** aituah@aol.com

**2. Statement of the case: Explain the proceedings in the district court or before the agency (I.e. what the district court or the agency did in deciding your case)**

Appellant, Abraham Ituah, a pro se sued the City of Philadelphia and individual City employees, alleging constitutional violations arising from the City's fraudulent sale of the property at 3843 Fairmount Avenue as the court of common pleas records docket 1504T0504 reveals and premeditated demolition of my property at 508 W. Tabor Street shortly after my chapter 13 bankruptcy petition in New York involving a Deputy city solicitor to officially attend a hearing in New York court. The Honorable Judge Pappert with bias dismissed all claims against Defendants responsible for the fraudulent sale of my property with prejudice. No hearing or Jury trial took place as I requested on my complaint.
See evidence marked A attached.

On this my second lawsuit against the city of Philadelphia and the employees. Honorable Judge Pappert attempted to dismiss all claims. I filed appeal when I realized Honorable Judge Pappert was biased about to dismissing my claims against some of the defendants after I was asked to file amended complaint by the court. I immediately filed appeal before the Judge entered the final unfair judgment. After review, the Third Circuit Court of Appeals affirmed and vacated the dismissal of the First Amendment retaliation claim against attorney Pamela Thurmond Deputy city Attorney and Fifth Amendment Takings Clause claim against attorney Brendan Philbin and Joseph Carrol, All Defendants work with the City of Philadelphia and the case was remanded to the U S District Court for retrial. Unfortunately, Honorable Judge Pappert was again assigned to preside over the matter. At the pretrial hearing, I was not in agreement having him preside. He did because there was no other options. Therefore, I requested that Honorable Gerald J. Pappert recuse himself from the case because I felt justice would not be served as the matter was previously decided by him and it was a conflict of interest for him to preside. I then shared my concerns with Honorable Judge Pappert and asked what different result would I expect if he takes up the matter he attempted to dismiss earlier before the three panel of Judges vacated his judgment for retrial. Honorable Judge responded that it wasn't a conflict of interest for him to retrial the case. I said to him, I have no legal right to challenge his expert opinion but I have a reservation to believe it wasn't conflict of interest. I therefore requested for jury trial. Honorable judge explained that the matter can go to jury trial after Defendant motion for summary judgment failed. Honorable Judge Pappert shown no interest to recuse himself. I then asked if there was alternative ways to resolve the matter. Honorable Judge Pappert agreed to arrange for settlement conference to try if we can reached settlement. The settlement conference was unsuccessful as the city Attorneys were unwilling to put the matter to rest especially as I am a pro se litigant. During discovering, the Defendants refused to provide reasonable responses to my interrogatories and production of documents and their counsel responses was that the defendants have absolute immunity not to provide me with their Answers. As a result, no meaningful Answers was received from the Defendants, while I responded to every

On this my second lawsuit against the city of Philadelphia and the employees. Honorable Judge Pappert attempted to dismiss all claims. I filed appeal when I realized Honorable Judge Pappert was biased about to dismissing my claims against some of the defendants after I was asked to file amended complaint by the court. I immediately filed appeal before the Judge entered the final unfair judgment. After review, the Third Circuit Court of Appeals affirmed and vacated the dismissal of the First Amendment retaliation claim against attorney Pamela Thurmond Deputy city Attorney and Fifth Amendment Takings Clause claim against attorney Brendan Philbin and Joseph Carrol, All Defendants work with the City of Philadelphia and the case was remanded to the U S District Court for retrial. Unfortunately, Honorable Judge Pappert was again assigned to preside over the matter. At the pretrial hearing, I was not in agreement having him preside. He did because there was no other options. Therefore, I requested that Honorable Gerald J. Pappert recuse himself from the case because I felt justice would not be served as the matter was previously decided by him and it was a conflict of interest for him to preside. I then shared my concerns with Honorable Judge Pappert and asked what different result would I expect if he takes up the matter he attempted to dismiss earlier before the three panel of Judges vacated his judgment for retrial. Honorable Judge responded that it wasn't a conflict of interest for him to retrial the case. I said to him, I have no legal right to challenge his expert opinion but I have a reservation to believe it wasn't conflict of interest. I therefore requested for jury trial. Honorable judge explained that the matter can go to jury trial after Defendant motion for summary judgment failed. Honorable Judge Pappert shown no interest to recuse himself. I then asked if there was alternative ways to resolve the matter. Honorable Judge Pappert agreed to arrange for settlement conference to try if we can reached settlement. The settlement conference was unsuccessful as the city Attorneys were unwilling to put the matter to rest especially as I am a pro se litigant. During discovering, the Defendants refused to provide reasonable responses to my interrogatories and production of documents and their counsel responses was that the defendants have absolute immunity not to provide me with their Answers. As a result, no meaningful Answers was received from the Defendants, while I responded to every questions they asked. Because of the constitutional violation. I asked the Court to appoint for me a counsel to address the constitutional violation element and I petition the court to

From: **ITUAH ABRAHAM** aituah@aol.com
Subject: **Brief**
Date: **Jan 23, 2024 at 11:30:53 PM**
To: **ITUAH ABRAHAM** aituah@aol.com

2. Statement of the case: Explain the proceedings in the district court or before the agency (I.e. what the district court or the agency did in deciding your case)

Appellant, Abraham Ituah, a pro se sued the City of Philadelphia and individual City employees, alleging constitutional violations arising from the City's fraudulent sale of the property at 3843 Fairmount Avenue as the court of common pleas records docket 1504T0504 reveals and premeditated demolition of my property at 508 W. Tabor Street shortly after my chapter 13 bankruptcy petition in New York involving a Deputy city solicitor to officially attend a hearing in New York court. The Honorable Judge Pappert with bias dismissed all claims against Defendants responsible for the fraudulent sale of my property with prejudice. No hearing or Jury trial took place as I requested on my complaint.
See evidence marked A attached.

On this my second lawsuit against the city of Philadelphia and the employees. Honorable Judge Pappert attempted to dismiss all claims. I filed appeal when I realized Honorable Judge Pappert was biased about to dismissing my claims against some of the defendants after I was asked to file amended complaint by the court. I immediately filed appeal before the Judge entered the final unfair judgment. After review, the Third Circuit Court of Appeals affirmed and vacated the dismissal of the First Amendment retaliation claim against attorney Pamela Thurmond Deputy city Attorney and Fifth Amendment Takings Clause claim against attorney Brendan Philbin and Joseph Carrol, All Defendants work with the City of Philadelphia and the case was remanded to the U S District Court for retrial. Unfortunately, Honorable Judge Pappert was again assigned to preside over the matter. At the pretrial hearing, I was not in agreement having him preside. He did because there was no other options. Therefore, I requested that Honorable Gerald J. Pappert recuse himself from the case because I felt justice would not be served as the matter was previously decided by him and it was a conflict of interest for him to preside. I then shared my concerns with Honorable Judge Pappert and asked what different result would I expect if he takes up the matter he attempted to dismiss earlier before the three panel of Judges vacated his judgment for retrial. Honorable Judge responded that it wasn't a conflict of interest for him to retrial the case. I said to him, I have no legal right to challenge his expert opinion but I have a reservation to believe it wasn't conflict of interest. I therefore requested for jury trial. Honorable judge explained that the matter can go to jury trial after Defendant motion for summary judgment failed. Honorable Judge Pappert shown no interest to recuse himself. I then asked if there was alternative ways to resolve the matter. Honorable Judge Pappert agreed to arrange for settlement conference to try if we can reached settlement. The settlement conference was unsuccessful as the city Attorneys were unwilling to put the matter to rest especially as I am a pro se litigant. During discovering, the Defendants refused to provide reasonable responses to my interrogatories and production of documents and their counsel responses was that the defendants have absolute immunity not to provide me with their Answers. As a result, no meaningful Answers was received from the Defendants, while I responded to every questions they asked. Because of the constitutional violation. I asked the Court to appoint for me a counsel to address the constitutional violation element and I petition the court to relate my emergency oversea's assignment. I was to return on December 2nd 2023. I received no response to these request. I received no response. On the day I returned, I received a letter from the defendants briefing the court about the trial scheduled set to

# BUILDING PERMIT

**CITY OF PHILADELPHIA**
**DEPARTMAENT OF**
**LICENSES & INSPECTIONS**
1401 JOHN F KENNEDY BLVD
PHILADELPHIA, PA 19102-1667

**PERMIT NUMBER**
667937

SUBJECT TO REVOCATION IF FULL INFORMATION IS MISREPRESENTED OR NOT PROVIDED

| FEE $107.00 | DATE 02/04/16 |
|---|---|

| DISTRICT CSU | PHONE NO 215-686-2583 |
|---|---|

| AREA 108 | COST $2,000.00 |
|---|---|

**LOCATION OF WORK:** 3843 FAIRMOUNT AVE PHILADELPHIA, PA 19104-1819

**OWNER**
COOL SPACES LLC
105 ACADEMY LA
BROOMALL PA, 19008

**CONTRACTOR**
COOL SPACES LLC
105 ACADEMY LANE
BROOMALL, PA. 19008
(267)258-7140 x

**PLAN EXAMINER:**

**APPROVAL MAY BE REQUIRED PRIOR TO   OCCUPANCY**

IF NO LICENSED CONTRACTOR IS NAMED,THE OWNER ASSUMES ALL RESPONSIBILITY FOR COMPLIANCE WITH THE CODE.

**DESCRIPTION OF WORK AUTHORIZED BY PERMIT**
MAKE SAFE PERMIT - For THE REPLACEMENT OF THREE (3) FIRE-DAMAGED JOISTS to resolve case 411983. Abutting sidewalk must be closed with fencing a minimum of 6' in height. Separate Streets Department permit required for sidewalk closure. A Separate permit is required for any additional alterations that are not specifically addressed on case 411983.

## INSPECTIONS

THE DEPARTMENT IS AUTHORIZED BY THE CODE TO CHARGE A $100.00 REINSPECTION FEE IF THE INSPECTION REVEALS THAT THE WORK IS NOT  CONSTRUCTED IN ACCORDANCE WITH THE CODE; THE WORK IS NOT READY FOR INSPECTION; OR ACCESS TO THE WORK TO BE INSPECTED IS NOT PROVIDED FOR ANY OF THE FOLLOWING REQUIRED INSPECTIONS:

**INITIAL SITE - FOUNDATION -  UNDERSLAB/FLOOR -  FRAMING/CLOSE-IN -  INSULA'**

THE OWNER OR CONTRACTOR IS REQUIRED TO NOTIFY THE DISTRICT OFFICE ABOVE PRIOR TO STARTING ANY WORK AND AT LEAST 24 HOURS IN ADVANCE OF THE REQUIRED INSPECTIONS.  FAILURE TO NOTIFY WILL RESULT IN THE ISSUANCE BY THE DEPARTMENT OF A $75 TICKET.  INSPECTIONS WILL NOT BE MADE UNLESS THE DEPARTMENT-APPROVED PLANS ARE ON THE JOB.

## WORK MUST BEGIN WITHIN 10 DAYS OF ISSUANCE OF THIS PERMIT

AND CONTINUE UNTIL THE STRUCTURE IS DEEMED SAFE BY THE DEPARTMENT. METHODS OF PROTECTION OF THE PUBLIC WAY AND ADJACENT STRUCTURES ARE TO BE IMPLEMENTED IMMEDIATELY. CONTACT THE CONTRACTUAL SERVICES UNIT FOR INSPECTION OR APPROVAL OF ANY REVISIONS TO THIS SCHEDULE - (215) 686-2588.

THE WORK AUTHORIZED BY THIS PERMIT RELATES ONLY TO THE REMOVAL OF UNSAFE CONDITIONS. FAILURE TO COMPLY WITH THE WORK SCHEDULE WILL RENDER THIS PERMIT INVALID AND RESULT IN FINES AND/OR PROSECUTION OR DEMOLITION OF THE STRUCTURE IN VIOLATION.

RIGHT OF ENTRY: SECTION A-401 AUTHORIZES THE DEPARTMENT TO INSPECT THE CONSTRUCTION ASSOCIATED WITH THIS PERMIT.

SEPARATE PERMITS ARE REQUIRED FOR THE USE OF STREETS AND SIDEWALKS, INCLUDING SHELTER PLATFORMS, SCAFFOLDING, DUMPSTERS, CLOSURES, ETC.

THIS PERMIT DOES NOT CONSTITUTE APPROVAL FROM ANY STATE OR FEDERAL AGENCY, IF REQUIRED.

NOTIFICATION TO PA ONE CALL SYSTEM IS REQUIRED BY PA ACT 38 OF 1991: THREE WORKING DAYS PRIOR TO DISTURBING THE EARTH WITH ANY TYPE OF POWERED EQUIPMENT. CALL 1-800-242-1776
ALL PROVISIONS OF THE CODE AND OTHER CITY ORDINANCES MUST BE COMPLIED WITH, WHETHER SPECIFIED HEREIN OR NOT.

## THIS BUILDING PERMIT DOES NOT CONSTITUTE ANY ZONING APPRO

## POST A TRUE COPY OF THIS PERMIT IN A CONSPICUOUS LOCATION ON THE P

FAILURE TO POST THIS PERMIT WILL RESULT IN THE ISSUANCE BY THE DEPARTMENT OF A $75 TICKET



**EXHIBIT**
"G"

**Case Docket View : CE-13-08-72-0811**

| Parties |
|---|
| **Complaint claim** |

| Commonwealth of Pennsylvania, City of Philadelphia | *Plaintiff*<br>Water Revenue Bureau<br>Philadelphia, PA 19102 | ABRAHAM ITUAH<br>Disposed | *Defendant #1*<br>508 W TABOR RD<br>PHILADELPHIA, PA 19120 |
|---|---|---|---|
| Marco A Muniz | | | |

| Additional Information |
|---|
| **Revenue Case ID** |
| 20130720238 |

| Docket Entries | | | | |
|---|---|---|---|---|
| # | Filing Date | Description | Results / Comments | Parties Involved |
| 1 | 08/15/2013 | Code Enforcement Complaint | Hearing Scheduled: 11/18/2013 10:30 AM Hearing Room 4 Fee: $78.00 Amount at Issue: $1,640.30 | Marco Muniz   Filer<br>Commonwealth of  P<br>Pennsylvania, City<br>of Philadelphia<br>ABRAHAM ITUAH   D1PWS |
| 2 | 08/15/2013 | ADA – ADA Notice | ADA | Marco Muniz   Filer<br>Commonwealth of  P<br>Pennsylvania, City<br>of Philadelphia<br>ABRAHAM ITUAH   D1 |
| 3 | 08/15/2013 | Instruction Notice - Instructions for Agency 72 | Instructions | Marco Muniz   Filer<br>Commonwealth of  P<br>Pennsylvania, City<br>of Philadelphia<br>ABRAHAM ITUAH   D1 |
| 4 | 09/23/2013 | Affidavit of Service | Service made for: ABRAHAM ITUAH | CMS User   Filer<br>ABRAHAM ITUAH   D1 |
| 5 | 11/18/2013 | Disposition - Judgment for Plaintiff by Default | Judgment for Plaintiff by Default. Judgment in the amount of $1,640.30, plus $78.00 Costs. Entered 11/18/2013 11:08 AM. | Marsha H. Neifield   Filer<br>ABRAHAM ITUAH   D1 |
| 6 | 11/18/2013 | Notice - Notice of Judgment | | Marsha H. Neifield   Filer<br>ABRAHAM ITUAH   D1 |

EXHIBIT
tabbies
1

**Case Docket View : CE-14-02-72-0608**

Parties
**Complaint claim**

| Commonwealth of Pennsylvania, City of Philadelphia | *Plaintiff* Water Revenue Bureau Philadelphia, PA 19102 | **ABRAHAM ITUAH** Disposed | *Defendant #1* 508 W TABOR ROAD PHILADELPHIA, PA 19120 |
|---|---|---|---|

Marco A Muniz

Additional Information
**Revenue Case ID**
20140118026

Docket Entries

| # | Filing Date | Description | Results / Comments | Parties Involved | |
|---|---|---|---|---|---|
| 1 | 02/10/2014 | Code Enforcement Complaint | Hearing Scheduled: 06/09/2014 10:30 AM Hearing Room 4 Fee: $78.00 Amount at Issue: $1,485.01 | **Marco Muniz** Commonwealth of Pennsylvania, City of Philadelphia ABRAHAM ITUAH | Filer P D1PWS |
| 2 | 02/10/2014 | ADA - ADA Notice | ADA | **Marco Muniz** Commonwealth of Pennsylvania, City of Philadelphia ABRAHAM ITUAH | Filer P D1 |
| 3 | 02/10/2014 | Instruction Notice - Instructions for Agency 72 | Instructions | **Marco Muniz** Commonwealth of Pennsylvania, City of Philadelphia ABRAHAM ITUAH | Filer P D1 |
| 4 | 02/28/2014 | Affidavit of Service | Service made for: ABRAHAM ITUAH | **CMS User** ABRAHAM ITUAH | Filer D1 |
| 5 | 06/09/2014 | Disposition - Continued By Subpoena | Continued By Subpoena To 07/31/2014 01:15 PM In Room: 6. All parties appeared. | **Marsha H. Neifield** ABRAHAM ITUAH | Filer D1 |
| 6 | 07/31/2014 | Disposition - Continued By Subpoena | Continued By Subpoena To 10/23/2014 01:15 PM In Room: 6. All parties appeared. | **Roger Gordon** ABRAHAM ITUAH | Filer D1 |
| 7 | 10/23/2014 | Disposition - Continued By Subpoena | Continued By Subpoena To 01/29/2015 01:15 PM In Room: 6. All parties appeared. | **William A. Meehan, Jr.** ABRAHAM ITUAH | Filer D1 |
| 8 | 12/11/2014 | Disposition - Continued | Continued To 03/05/2015 01:15 PM In Room: 6. Courtroom closed Parties Appearing: . | **Marsha H. Neifield** ABRAHAM ITUAH | Filer D1 |
| 9 | 12/11/2014 | Notice - Notice of Continuance | | **Marsha H. Neifield** Commonwealth of Pennsylvania, City | Filer P |

**EXHIBIT**
"2"

| | | | | | |
|---|---|---|---|---|---|
| | | | of Philadelphia | | |
| | | | ABRAHAM ITUAH | D1 | |
| 10 | 03/06/2015 | Disposition – Continued | Continued To 03/26/2015 1:15 PM in Room: 6. CONTINUED DUE TO SNOW DAY | **Marsha H. Neifield** | Filer |
| | | | Parties Appearing: . | ABRAHAM ITUAH | D1 |
| 11 | 03/06/2015 | Notice – Notice of Continuance | | **Marsha H. Neifield** | Filer |
| | | | | Commonwealth of Pennsylvania, City of Philadelphia | P |
| | | | | ABRAHAM ITUAH | D1 |
| 12 | 03/13/2015 | Exhibit – Continuance Request | Multipe continuances **Marked for Judicial Review.** | **ABRAHAM ITUAH** | Filer |
| | | | | ABRAHAM ITUAH | D1 |
| 13 | 03/26/2015 | Disposition – Judgment for Plaintiff by Default | TapeID: 6 Start Position: 2:21 End Position: 2:23 Judgment for Plaintiff by Default. Judgment in the amount of $1,485.01, plus $0.00 Costs. CONTINUANCE REQUEST IS DENIEDEntered 03/26/2015 02:23 PM. Parties Appearing: Commonwealth of Pennsylvania, City of Philadelphia, Marco Muniz. | **MARVIN WILLIAMS, SR.** | Filer |
| | | | | ABRAHAM ITUAH | D1 |
| 14 | 03/26/2015 | Notice – Notice of Judgment | | **MARVIN WILLIAMS, SR.** | Filer |
| | | | | ABRAHAM ITUAH | D1 |

Pamela Elchert Thurmond, Esq.
Deputy City Solicitor
Direct Dial: (215) 686-0508
Fax: (215) 686-0588
Email: Pamela.Thurmond@phila.gov

<u>VIA CERTIFIED MAIL</u>
Krista M. Preuss
Chapter 13 Trustee
P.O. Box 613707
Memphis. TN 38101-3707

<u>In re: Abraham Ituah, Docket No. 18-35408 (CGM), SDNY-Poughkeepsie</u>

August 8, 2018

Dear Ms. Preuss:

The property located at 3843 Fairmount Ave, Philadelphia, PA was sold at Sheriff's Sale on September 16, 2015. The title distribution policy obtained by the Philadelphia Sheriff's Department on July 11, 2018 shows the Debtor is owed $11,112.54 in excess proceeds as result of that Sheriff's Sale. The City believes these proceeds are property of the bankruptcy estate and therefore, pursuant to Section 542 of the Bankruptcy Code is turning over the excess proceeds to you.

Attached please find:

1. A check payable to you in the amount of $11,112.54; and,
2. The title distribution policy dated July 11, 2018.

The City is sending the original check to your Memphis TN lockbox with a copy of the check and the distribution policy to be sent to your White Plains, NY office.

Sincerely,

PAMELA ELCHERT THURMOND,
Deputy City Solicitor

*H*

| | |
|---|---|
| Payee Name: | ABRAHAM ITUAH C/O KRISTA M PREUSS |
| Case Number: | 1509-115 |
| Request Type: | Tax Delinquent |
| Plaintiff: | CITY OF PHILADELPHIA |
| Defendant: | ABRAHAM ITUAH |
| Category: | Distribution Costs - Unused Proceeds |
| Memo: | ABRAHAM ITUAH C/O KRISTA M. PREUSSSCHAPTER 1 STANDING TRUSTEE399 KNOLLWOOD ROADWHITE PLAINS, NY 10603 |

**Date:** 01 Aug 2018
**Amount:** $11,112.54

Property Address:
3843 FAIRMOUNT AVE, PHILADELPHIA, PA 19104-1819

---

73583

**PHILADELPHIA SHERIFF'S OFFICE**
J.E.W.E.L.L. DELINQUENT TAX ACCOUNT
100 S. BROAD STREET, 5TH FLOOR
PHILADELPHIA, PA 19110



**TD Bank**
America's Most Convenient Bank®

3-180/360

MEMO  ABRAHAM ITUAH C/O KRISTA M. PREUSSSCHAPTER 1 STANDING TRUSTEE399 KNOLLWOOD ROADWHITE !

*** ELEVEN THOUSAND ONE HUNDRED TWELVE AND 54 / 100 *** Dollars

**DATE** 8/1/18       **AMOUNT** $11,112.54

VOID AFTER 60 DAYS

PAY TO THE ORDER OF   ABRAHAM ITUAH C/O KRISTA M PREUSS

Docket No. 18-35408

⑈073583⑈ ⑈036001808⑈ 36 052814 5⑈

PETER GEORGE MYLONAS, ESQUIRE
ID. 52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
MARPLE EXECUTIVE CENTER
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Intervenor, Dimitrios Dimopoulos

### PHILADELPHIA COUNTY COURT OF COMMON PLEAS

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | ) | APRIL TERM 2015 |
|     Plaintiff | ) | NO. T0504 |
|     vs. | ) | |
| ABRAHAM ITUAH | ) | |
|     Defendant | ) | |

*[handwritten: Rooker-Feldman doctrine]*

### THIRD PARTY PURCHASER/INTERVENOR, DIMITRIOS DIMOPOULOS' EXHIBIT LIST

## I. INTERVENOR'S EXHIBITS CONTRA DEFENDANT'S REDEMPTION MOTION:

**Exhibit 1:** Philadelphia Municipal Court Docket: CE-13-08-72-0811, <u>Commonwealth of Pa, City of Philadelphia v. Abraham Ituah,</u> 9/23/2013: Defendant <u>admits</u> his address/residence is: 508 W. Tabor Road, Philadelphia, PA;

**Exhibit 2:** Philadelphia Municipal Court Docket: CE-14-02-72-0608, <u>Commonwealth of Pa. City of Philadelphia v. Abraham Ituah,</u> 2/28/2014: Defendant <u>admits</u> his address/residence is: 508 W. Tabor Road, Philadelphia, PA;

**Exhibit 3:** Philadelphia Municipal Court Docket: CE-15-03-72-0598, <u>City of Philadelphia Law Department, Water Revenue Bureau v. Abraham Ituah,</u> 8/6/2015: Defendant <u>admits</u> his address/residence is: 5551 Morris Street, Philadelphia, PA 19144;

**Exhibit 4:** Philadelphia Municipal Court Docket: CE-15-06-82-0038, <u>Commonwealth of Pa, City of Philadelphia v. Abraham Ituah,</u> 8/8/2015: Defendant <u>admits</u> his address <u>was</u> 4021 Neilson Street, Philadelphia, PA and is changed to 5229 Germantown Avenue, Philadelphia, PA 19144;

**Exhibit 5:** <u>City of Philadelphia v. Abraham Ituah,</u> Docket No. 1504T0504, Re: Defendant's Motion to Set Aside Tax Sale, 9/21/2015: Defendant <u>admits</u> his address is: 5229 Germantown Avenue, Philadelphia, PA 19144;

**Exhibit 6:** Philadelphia Water Revenue Bureau Reading History Re: 3843 Fairmount Avenue, depicting <u>zero</u> water usage by Defendant;

**Exhibit 7:** Superpages Internet Listing for Defendant, Abraham Ituah showing "no results" in City of Philadelphia for Defendant, Abraham Ituah;

## II. INTERVENOR'S EXHIBITS: REDEMPTION CHARGES/EXPENSES ACTUALLY PAID:

**Exhibit A:** Intervenor's Sheriff's Sale of Real Estate Receipt, dated 9/16/15, together with related Sheriff's Sale documentation;   **$34,500.00**

**Exhibit B:** Sheriff's Deed, 11/5/2015;

**Exhibit C:** Sheriff's Invoice, dated 12/16/15; together with Sale Cost Worksheet, Docket Report and Memorandum;

**Exhibit D:** Intervenor's Homeowner's Insurance Common Policy Declarations Re: 3843 Fairmount Avenue, Philadelphia, PA;   **$617.15**

**Exhibit E:** City of Philadelphia Department of Licenses & Inspections' Initial Notice of Violation and Order Unsafe Building, dated 12/30/2015;

**Exhibit F:** City and School District 2016 Real Estate Tax Bill, together with Intervenor's confirmation of payment of same;   **$1,294.82**

**Exhibit G:** City of Philadelphia Building Permit, dated 2/4/2016;

**Exhibit H:** City of Philadelphia Department of Licenses & Inspections Building Permit Receipt, dated 2/4/2016 together with Intervenor's confirmation of payment of same;   **$107.00**

**Exhibit I:** Demolition Invoice, dated 3/7/2016;   **$10,170.00**

**Exhibit J:** Mahdi Drafting and Construction Management Invoice and Statement, dated 2/6/2016;   **$5,950.00**

**Exhibit K:** Photographs of renovations 3843 Fairmount Avenue, Philadelphia, PA;

**Exhibit L:** Intervenor's reasonable attorney's fees:
Law Offices of Peter George Mylonas, PC;   <u>**$3,000.00**</u>

**TOTAL INTERVENOR EXPENSES:   $55,638.97**