UNITED STATES DISTRICT COURT OF APPEALS FOR THE THIRD
CIRCUIT

Abraham Ituah                    Case Number
                Appellant        23-3140    LMR

V.

RECEIVED
MAR 1 2 2024
I © Pw
U.S.C.A. 3rd. CIR

City of Philadelphia et al.
                Appellee

APPELLANT REPLY TO APPELLEES ANSWERS TO APPELLANT
BRIEF

Appellant, Abraham Ituah, a Pro se litigant, hereby forward this reply
to Appellees answers to Appellant Brief in support of Appellant
opposition to granting Appellees motion for summary judgment. The
motion was unfairly granted in favor of Defendants. Honorable
Judge granted the motion simply to complete his desire to close the
case and reigned my life. Justice for all, is no longer the case in
Philadelphia as my cases are treated differently from the way justice
prevails. It appears my case may end up by filing application for writ
of certiorari if the matter is not resolved at this court. Unfortunately,
I continue with the legal struggle since I can't afford legal
Representatives to justify how my fifth Amendment rights under the
taken clause was violated. However, the evidences in form of
exhibits, reports, history of  events showing dates revealed
Defendants  unreasonable actions and deliberate disregard of the

law to violate my constitutional rights. At the court, I submitted evidences supporting my claims but Honorable Judge Pappert did not fairly review the evidences to deliver unbiased decision. The same way the court dismissed my first complaints with prejudice in 2017. My claims were unfairly dismissed in the first action. Again, the court granted Defendants Motion for summary judgment on November 6, 2023 even when the time scheduled for the trial was not reached as indicated on the letter drafted by the city Attorney Michael. See the letter marked A attached. I am amazed at how a Federal Judge could simply dismiss a new cases filed by a citizen without due process, especially in a matter involving constitutional violations. My first lawsuit against the City of Philadelphia alleged fraudulent sale of my private property to a Greek citizen by Cynthia Starvrakis, a City Lawyer and both an American and Greek citizen. The case was dismissed with prejudice. Starvrakis held an influential position as the lawyer responsible for coordinating default tax properties and worked with the sheriff's department to sell properties ready for tax sale. She used her position to manipulate the process and placed the property for sale. Afterward, she resigned after serving as a city lawyer for about three (3) years, to silence the atrocities she committed. I initiated bankruptcy petitions and lawsuits to try recover the property, but Judge Linda Carpenter made it impossible for me to get the possession. Without due process, the property was unlawfully taken. The court docket number 1504T0504 reveals the history of how the property was simply fraudulently sold based on the judgment entered by Judge Carpenter on August 2015, Eventually, the property was hurriedly sold on September 16, 2015. Shortly after, Starvrakis resigned to hide her involvement in the scheme of fraudulently selling the subject property. Since then, I have been in a miserable situation, trying to recover the property. Consequently, I filed three (3) bankruptcy petitions and lawsuits in an attempt to get justice. The city employees perceived my actions as a challenge to their power of "absolute immunity," and they expressed hatred and anger, especially when I filed bankruptcy petition in

New York and they were required to defend their claims in New York. To preserve my rights, I filed another complaints with the U.S. District Court of Pennsylvania to seek fair justice. Honorable Pappert presided over the case and immediately dismissed all claims against Defendants with prejudice. In the same way, on November 6, 2023, Judge Pappert granted Defendants' motion for summary judgment with prejudice. Notably, he did so without referencing all the evidences I submitted to the court for consideration. Consequently, he closed my retaliation and unreasonable demolition claims that was remanded on my first appeal reviewed by three judges of the third circuit court of appeal. It's worth mentioning that the attached Exhibit Bs were intentionally omitted to favor the defendant's request. Judge Pappert made sure there was no hearing or jury trial, as I had requested in both actions.

BACKGROUND OF THE ISSUES DISPUTED

Jim Zwolak, Deputy Solicitor of tax default section refused to discuss the reason for selling my property without notice, as recommended by the State inspector General's office. After having a meeting with the the State Inspector's office to discuss my situation with the city employees. They advised that I meet with Jim Zwolak the Cynthia Stavrakis supervisor. Cynthia was responsible to compile information of tax default properties to process them for sale. She initiated cLiam's against the subject property I owned for unpaid tax of $5,468.01. The default action commenced on April 2015 through September 2015. No notices or proof of service was acknowledged by me throughout the period of the action. No received receipts signed by me was documented. Therefore, I was not given the opportunity to be heard in court throughout the hearing period. The City of Philadelphia employees sold the property located at 3843 Fairmount Avenue in Philadelphia to Dimitrious Dimopolous, a Greek citizen, a relative to Stavrakis. The City of Philadelphia and Stavrakis' department fraudulently sold the property relying on their 'absolute immunity' privilege. A sheriff's sale wasn't held as the city claimed because it couldn't have taken place without public notices. Secondly,

sheriff's sales cannot occur within one (1) month after the final judgment authorizing the sale of the property docketed in August 2015. It was blatantly false to claim that the property was sold in a sheriff's sale. The process of a sheriff's sale was explained in the below attached article. Cynthia Stavrakis masterminded the process to take the property without due process. It's pertinent to state that Stavrakis answered the motion I filed to set aside sheriff's sale and offered to pay the debt. The tax default section within the city revenue department refused. Cynthia working at the department ensured that the property was successfully transferred to the buyer, her relative. She then assisted the buyer to register a business entity called Cool Spaces LLC on October 1, 2015. See exhibits As attached.  The title of the property was transferred to the business entity on September 16 2015, which was an earlier date before the registration of the business names was finalized. See documents marked Cs attached to this brief describing the activities. Under normal circumstances, it was impossible to sell tax-defaulted property within few days after the entry of judgment. The property was illegally assigned to Dimitrious Dimiopolous for payment of $34,500. Stavrakis and the city employees claimed that it was sold in a sheriff's sale. Meanwhile, Five (5) days after the sale, I filed a motion to set aside the sheriff sale. On the 30th day of my motion, Stavrakis filed a response around 5:15 PM, and the buyer didn't file any response to my motion.  Notwithstanding, Honorable Judge Carpenter of the court of common pleas denied my motion based on Stavrakis' response. Stavrakis response was a conflict of interest for responding to my motion instead of the buyer. I immediately filed a motion for reconsideration while Stavrakis and the buyer filed an application with department of state to register a corporation with the state called Cool Space LLC in readinesses to transfer the deed to the name. On October 2015, the deed was successfully transferred to Cool Space LLC, not the name of the individual buyer. This expedited transfer of the deed made it impossible for me to successfully redeem the property, because there were existing state courts decisions preventing property redemption after the deed was

transferred. At last, Judge Carpenter denied my motion for reconsideration. I then filed a motion to redeem the property, and once again, Stavrakis responded to the motion on the 30th day, after working hours referencing the state law preventing redemption after the deed was transferred. Honorable Judge Carpenter denied my motion after unfair hearings to complete their mission. On the day scheduled for hearings. I objected to the hearing and asked to give me time to get a lawyer since I realized it was necessary to have a representation at that point, because my 2 witnesses were not present in the court and my requests for production of documents and interrogatories questions submitted prior to the hearing date were not responded to. Inside the courtroom I was given photo pictures of exhibits, the buyer's lawyer provided as evidence to be tendered to the court at hearing. I noticed the atmosphere shows that the court was inclined to permanently take the property. Suddenly, Stavrakis unofficially entered the courtroom to discuss with Judge Carpenter at her bench. Judge Carpenter then resumed proceedings, she insisted that the hearing must be held on that day. At the end of the evidentiary hearing, she denied my motion to redeem, based on the photo copies of exhibits handed to me inside the courtroom justifying the property was vacant for more than 90 days. The facts my witness persons would have disputed, if not that the court continued the matter on the actual hearing date. They were present to testify but Judge change the date of hearing. The activities discussed above were documented in the court docket referenced as 1504T0504. The docket reveals the full events involving Cynthia Stavrakis, leading to the fraudulent sale of the property. In 2017, I filed the first lawsuit against the City of Philadelphia and the employees. Cynthia Stavrakis resigned from the City of Philadelphia legal team to conceal the episode. She only worked for the city from 2013 and resigned in 2017 after my lawsuit was filed with U S District Court of Pennsylvania. Honorable Judge Gerald J. Pappert presided over the civil action and unfairly dismissed the case with prejudice. There was no trial of any sort. The judge was simply bias to ordered judgment; maybe because the incident involved

Judge Carpenter and Cynthia Stavrakis. The motive for this biased decision, could be because Honorable Judge Pappert and Judge Carpenter were both graduates of Villanova or because I was a pro se litigant. The judgment entered by Judge Gerald J. Pappert grounded my efforts to recover the property fraudulently sold. Since then, my financial problems began to escalate as the city employees continued to connived destroying all I worked for in my life. Consequently, my health deteriorated rapidly, to the extent that my primary doctor prescribed Atorvastatin, Amlodipine, and Fluoxetine for depression. I was emotionally and psychologically damaged. I filed another Chapter 13 bankruptcy petition hoping to obtain relief to recover the property taken. Unfortunately, the petition was unsuccessful. On March 2018, I filed a second bankruptcy petition in New York as a pro se litigant, in an effort to possibly recover the illegally sold property. The court judge made me to understand that out-of-state property issues were usually not encouraged. As a result, I decided to request dismissal of the bankruptcy petition. The petition was terminated on December 11, 2018. On December 27, 2018, the city of Philadelphia condemned my four-unit property, which was actively occupied with rental license at the time of condemnation. At this time, my bankruptcy protection was over on December 11 2018. The building was immediately demolished within two weeks without reasonable justification or compensation. A copy of the building inspection reports are attached as Exhibit B for your perusal. My constitutional rights were unnecessarily violated. For this reason, I filed another civil action against the city of Philadelphia and the employees at the U.S. District Court of Pennsylvania again. On the day of filing, I requested a jury trial on my complaint package. For unknown reason, Honorable Judge Gerald J. Pappert, once again without a trial, he partially dismissed my claims against the defendants and asked me to file amendments twice. I then decided to ignore the instructions, believing that he was prejudiced. I filed an appeal to the 3rd Circuit Court for review. The three-judge panels vacated and revised some of Judge Pappert's decisions, and the matter was remanded to the U.S. District Court for retrial.

During the pre-trial hearing, Honorable Judge Pappert presided again. At this time, I requested at the pretrial hearing that Judge Pappert should refer the matter for jury trial trial to have fair hearings. At the end of the pre-trial section, I asked that he recuse himself because presiding over the matter would appeared to be a conflict of interest but Honorable Judge Pappert explained that it was not a conflict of interest. Judge Pappert refused to recuse himself and remained as the presiding judge to dismiss the case. As I anticipated, on November 6, 2023, Judge Pappert eventually granted summary judgment to the defendants at all cost. I strongly disagreed with Judge Pappert's decisions for agreeing that defendants' actions were justified. Meanwhile, Judge Pappert intentionally omitted the evidence I submitted justifying that there were disputed material facts to be resolved. Therefore, I filed this brief to assert that he was biased and unfair in making such decisions. I cannot remain silent as my two constitutionally protected properties were unjustifiably taken. These two properties were my hope and assurance to survive inevitable retirement age. Additionally, up to date, the city of Philadelphia employees are fully engaged in unfair business practices by posting inaccurate accounts to keep me in debt. For instance, there was a case where the city assessed a $30,000 as water bill that was intentionally created by a city employee who refused to stop water wastage, despite my official complaint to shut the water off from running since the building was vacant. At the end, I was made to pay the debt. Additionally, there were other instances where inaccurate accounts were created for me to pay. It was obvious that my constitutional protected properties, valued over $500,000 were fraudulently taken without compensation and there was nothing wrong asking for compensation or return the property illegally sold as a remedy. Furthermore, the city of Philadelphia is holding me responsible for the cost of destroying my property, which was unreasonably demolished in 15 days and they want me to pay for the cost of cleaning about $100000. Based on these facts, I strongly object to Judge Pappert's decisions for granting Defendants Motion for summary judgement and agreeing that my property

was reasonably taking without compensation, as well as, disagreed the decision made to silence my property illegally taken by fraud which is exception to the principles of res judicata; the judgment was based. See explanation to the exception in the below discussion. In addition, the information below reveals that the steps taken to sell my property, which the city claimed to be on sheriff's sale not published, were false. The article authored by Joseph Bamat interviewed Jim (James) Zwolak, the Deputy city solicitor of Philadelphia revealed that the city employees engaged in fraudulent transactions based on the explanation provided by James Zwolak, in charge of tax default properties and tax sales processes at the time my property was illegally sold **"Jim Zwolak answers seven questions about Sheriff Sale on** January 16, 2018    Joseph Bamat    **Department of Revenue** Sheriff Sales have recently been in the news, and many Philadelphians want to know more about them. We asked Jim Zwolak, who handles Real Estate Tax legal matters for the City, to help explain. **What is a Sheriff Sale? Jim Zwolak:** When debts are owed to the City and the School District of Philadelphia, the City has the right to file a petition with a court to foreclose on the property associated with that debt. The City seeks permission to sell the property at an auction called a "Sheriff Sale". The purpose is to collect back Real Estate Taxes, but also other debt, such as unpaid water bills. The City takes properties to what we call a Tax Sale. Banks also foreclose on properties to collect mortgage debt. This is a second type of Sheriff Sale not associated with the City. **Why does the City have Sheriff Sales? JZ:** The City's goal is never to foreclose. Real Estate Taxes fund City services and the School District of Philadelphia. A Sheriff Sale is the last recourse it has for collecting debt when other ways haven't worked. Before a Sheriff Sale, first we try to collect taxes through billing. We also provide owners with referrals for housing counseling and legal assistance. We urge them to apply for assistance programs and payment agreements. Sometimes, the next step is placing debt with a collection agency. Initiating a Sheriff Sale often gets owners to pay back taxes or enter an agreement before the auction occurs. **When is a property taken to Sheriff Sale? JZ:** Any property where the Real Estate Taxes, or water and sewer bills, or other charges that have been liened are eligible for a Tax Sale. But the process is long and the legal standards are rigorous. We have to notify all interested parties, both by certified mail and first-class mail. We also post a notice outside the property. If the owner doesn't resolve debt by paying or entering an agreement, then we have a hearing, usually a few months after the petition is filed with the Court. If someone appears at one of these hearings, if they come into court, we will never ask the court to issue an order to sell the property. We give people an application to enter into a payment agreement. Our goal is to get them under an agreement before the next hearing. Typically, we will not ask for the court order allowing us to sell the property unless we go to a hearing and no one has done anything—no one shows up. It's not legally required, but we send mailings addressed to both the owner and to the occupant. Once we get an order to sell the property, we have to send notice to all parties by first-class mail. We also prepare a handbill of Sheriff Sale, which is a notice saying in big, block letters "this property will be sold at Sheriff Sale", and the Sheriff goes out and posts a new notice on the property. At this point, folks still have time to avoid Sheriff Sale. And again, we are not legally required to post that handbill, but we do it. We do everything we can to make sure people come in and pay in full, or get into a plan. **What do I do if I'm facing a Sheriff Sale? JZ:** You should immediately contact the Department of Revenue or the law firm that contacted you upon receiving any Tax Sale notice. The contact information will be in the letter you receive. The City works with two partner law firms to handle foreclosures, with cases about evenly distributed between the three. **Are owner-occupied homes treated differently than other types of property? JZ:** Yes. Homeowners, or anyone with an ownership interest in the place they live, can request an Owner-Occupied Payment Agreement **(OOPA)**. They

should email **revenue@phila.gov** or phone 215-686-6442. If the applicant is eligible, a monthly payment is set up based on their income. The vast, vast majority of cases that get to Sheriff Sale are not owner-occupied properties. Since 2014 around 6% of properties that went to Sheriff Sale were owner-occupied. **How can I avoid Sheriff Sale? JZ:** Keep your account current by paying your Real Estate Tax bills by March 31, or enter an agreement. Installment payment plans are based on incomes and the number of household members. There are also payment plans for delinquent taxes that can be as low as $25 a month for some low-income households" This same staff refused to meet with me after the State Attorney General's office recommended I meet with him to discuss about my property that was sold within three (3) after Judge Carpenter ordered the sale. *Jim Zwolak is a Divisional Deputy City Solicitor with the City of Philadelphia Law Department, with more than 25 years of experience working for the City. He also plays viola and bass, shoots darts in the Olde English Dart League for Mac's Tavern, and reviews restaurants for the Philadelphia Bar Reporter and on* **his website**. You can follow him on Twitter @zucchinispread"

Evidently, the selling of my constitutionally protected property within five months was handled differently from what this interview revealed. These facts were explained by the same city employee who was in charge of tax default properties at the time my property was taken. I contacted James Zwolak to discuss after my meeting with the state's inspector general office, at the time my property was fraudulently taken but he refused to meet with me to discuss the issue. Therefore on my first complaint I filed with the U.S. District Courts. I asserted that Mr Zwolak discriminated against me and the complaint was dismissed with prejudice by Honorable Judge Gerald J. Pappert without regard to judicial ethical standards. The court favors the argument raised by Defendants based on the principle of res judicata but failed to consider the exceptions to the principles which states:

- **The decree has been obtained by practicing misrepresentation or fraud on the court.**
- **The proceedings had been taken all together under a special Statute.**
- **The proceeding of a court is initiated illegally and without jurisdiction. I**
- **A pure question of law is raised in the case.**

**In these cases, the principle of res judicata would not apply" Based on the above facts. The following rule should applies "**Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons, including "mistake, inadvertence, surprise, or excusable neglect."

In a separate occasion, Defendants ignored the appeal I filed with the commonwealth court on January 3 2018; which ought to be a stay on the judgment to demolish the property located at 508 W Tabor Road for unreasonable reason. By all standard it was done to exercise the belief the city legal department had that their actions were exempt from FOIA, which states:

" The FOIA provides that when processing requests, agencies should withhold information only if they reasonably foresee that disclosure would harm an interest protected by an exemption, or if disclosure is prohibited by law. Agencies should also consider whether partial disclosure of information is possible whenever they determine that full disclosure is not possible and they should take reasonable steps to segregate and release nonexempt information. The Office of Information Policy at the Department of Justice is responsible for issuing government-wide guidance on the FOIA as part of its responsibilities to encourage all agencies to fully comply with both the letter and the spirit of the FOIA"

The explanation above provided no room for "absolute immunity" Defendants claimed city employees are authorized to destroy and charged the citizen for the cost of cleaning of a property destroyed under the city rights of absolute immunity. No portion of the FOIA states the city employees had absolute immunity. Relying on their beliefs, they avoided answering the discovery questions by claiming that they were exempt from answering the questions I raised. Defendants claimed they had a right to absolute immunity not to disclose information I requested on my discovery.

At the time Defendants demolished my property, the property was actively rented and there was no indication of collapse of the walls of the building. The property was erroneously ordered to be demolished because the building was no longer under bankruptcy protection. It is pertinent to mention, that, the subject property was

inspected on January 2 2019 by Dr. Alex with credentials in structural engineering. On his remark, he stated that the structure required fixing resulting from normal wears and tears. He did not recommend demolition of the property.

The city inspector Honorable Judge Pappert considered as expert witness has no engineering degree but ignored my expert testimony evidence. After my expert inspection, Defendants deliberately destroyed the building based on erroneous judgment entered on January 3 2019. Evidently, the action to demolished the building was premeditated for some reason. After the judgment to demolished on January 3 2019. I immediately filed appeal but it was ignored. From that time, I started to suffer heath problems, academic, emotional, and Psychological pains because of the way the property was ordered demolished and another property taken and sold to Stavrakis Cynthia (ex-City Attorney) relation. The unreasonable demolition of the property at 508 W Tabor Road, caused serious income losses because the property was generating income. The shock of these experiences triggered my high blood pressure, depression and other related illnesses. In addition, I couldn't cope with my financial obligations and emotional pressures from the Defendants. My financial situation became worse as the city employees created fraudulent accounts for me to pay. As a result, I filed the third chapter 13 Bankruptcy petitions in attempt to control the Debt created by the Defendants. Notably, Defendants created several inaccurate accounts to keeps me in debt. Without a doubt, I have been under Defendants torture and cruel inhuman and degrading treatments. I deserve civil right protection as required by "QHRC : Right to protection from torture and cruel, inhuman or

degrading treatment" Section 2340A of title 18, United States Code, prohibits torture committed by public officials under color of law against persons within the public official's custody or control. Torture is defined to include acts specifically intended to inflict severe physical or mental pain or suffering" as I have suffered and currently still suffering from the Defendants. There I respectfully request you grant me a counsel to justify the civil right violations. The Defendant, certainly violated my constitutional rights to home ownership as stated on my original complaint.

Mr Michael Pfautz Esquire, now the former city lawyer on this case was replaced by Meghan Byrnes, Esquire because they are all familiar with the legal matters in within their legal department handled. Therefore, lawyer within the department could be asked to do the same work because they have links as a term. Without a doubt, there are job links between about 250 lawyers working with the city of Philadelphia legal department, because they work as a legal terms. For Defendant Thurmond and Judge Pappert to assert that there was no "casual link" between Defendant Thurmond and Philbin was a valid argument or facts. Defendant Philbin and Thurmond were engaged in an action to demolished my property. Any contrary argument is simply unbelievable. In the same way, my decision to file chapter 13 Bankruptcy in New York state required the city of Philadelphia to personally attend hearing as a creditors because I refused to agree with telephone hearings. As a result, Defendants was legally required to attend hearings outside their jurisdiction. The experience definitely triggered a major discussions within the legal department. This experiences was challenging to the Defendants. As a repercussions. Defendants felt they could

exercise absolute immunity to destroy my dreams. Defendants then took the actions to exercise absolutely immunity to demolished my property. Dr Alex, an expert, recommended the property for repairs, not demolition. A contractor I contacted to do the work asked for $27000 to complete the repairs and my home insurance company was inform to fix the problem. It is important to note that there was no part of the building to suggest immediate collapsed or collapsing. The surrounding of the building was free from any part of the building debris. Unfortunately, Honorable Judge Pappert, dismissed both separate actions with bias. None of the complaints deceived to be dismissed with prejudice. His actions was unfair and lacked the extreme ethical standards described below:

"Judges are meant to be held to extremely high ethical standards. Any qualified judge is expected to remain unbiased and neutral in the courtroom…

- Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
- Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.
- Nondiscriminatory Membership. A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin. In addition to those standards, understanding the definition of "bias" (or unfair) gives a clear picture of how certain actions can call into question whether or not a judge is upholding his or her expected standards. A definition for bias reads: "Inclination; bent; prepossession: a preconceived opinion; a predisposition to decide a cause or an issue in a certain way, which does not leave the mind perfectly open to conviction."

In light of the above facts, Honorable Gerald J. Pappert's dismissal of my actions with prejudice, without a trial, were unfair and biased. I respectfully request this court to fairly address these issues that have deeply affected my well-being and causing significant emotional distress impacting my hope for survival and good health as I journey to my elder age. Presently, I am constantly experiencing severe depression and psychological damages due to these episodes. I implore you

to help assist to preserve my constitutional rights to property ownership and health. I firmly believe that I deserve compensation for the two (2) properties intentionally taken from me by the city of Philadelphia employees, without regard to my constitutional rights. In case, these issues are not resolved at this stage, I intend to report the episodes to the president or file Writ of certiorari. I hereby request for appointed counsel to justify the constitutional right violations. Your assistance to rectify these injustices would be greatly appreciated.

Respectfully Submitted,

Abraham Ituah

Date: March 12, 2024     Appellant

CERTIFICATE OF SERVICE

I, Abraham Ituah, hereby certify that I caused to served today the forgoing Appellant Reply to Appellees Answer to Appellant Brief upon Defendants city of Philadelphia and the employees in the manner indicated below:

VIA FIRST CLASS MAIL:

Meghan Byrnes, Esq.
1515 Arch Street, 17th Floor
Philadelphia PA 19102
(215) 683 - 5011
Meghan.byrne@philla.gov

Date: 3/12/2024     Abraham Ituah
                    Appellant

# EXHIBIT A



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**DIANA CORTES**
Philadelphia City Solicitor
(215) 683-5003
Diana.Cortez@phila.gov

**Michael Pfautz**
Deputy City Solicitor
Aff. & Special Litigation
(215) 683-5233
michael.pfautz@phila.gov

October 23, 2023

The Honorable Gerald J. Pappert
United States District Court Judge
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:**   *Abraham Ituah v City of Philadelphia et al., 19-cv-5088*

Dear Judge Pappert:

I write regarding the remaining trial-related deadlines in the above-captioned matter.

Pursuant to the Court's Scheduling Order, ECF No. 32, Defendants filed a motion for summary judgment on September 12, 2023. Plaintiff filed a Response in Opposition on October 2, 2023, Defendants filed a Reply in Support on October 10, 2023, and Plaintiff filed a Sur-Reply in Opposition on October 17, 2023. That fully dispositive motion is now fully briefed and pending before the Court. The current Scheduling Order also directs motions in limine be filed by October 24, 2023, pretrial submissions be filed by November 3, with trial scheduled to commence November 14, 2023.

Given the pending dispositive motion, and the extent to which disposition of this motion will affect the scope of any eventual trial, I write to request that the remaining trial-related deadlines be stayed pending disposition of the motion for summary judgment. Because the scope of the issues and parties before the Court could vary significantly depending on the outcome of this motion, Defendants submit there is good cause to abstain from pretrial preparation when the issues to be tried are not yet clear. Defendants were unable to obtain Plaintiff's position on this request.

I thank the Court for its consideration of this request.

Sincerely,

*/s/ Michael Pfautz*

Deputy City Solicitor
City of Philadelphia Law Department

Cc: Plaintiff Abraham Ituah (via email and mail)

# EXHIBIT B



CITY-1



01/02/19

| BUILDING PERMIT | City of Philadelphia | Permit Number: 939999 | |
|---|---|---|---|
| This permit may be revoked if the information has been misrepresented or not provided. | Department of Licenses and Inspections 1401 John F. Kennedy Blvd. Philadelphia, PA 19102 | Fee: $0.00 | Date Issued: 01/11/19 |

**Location of work:  00508 W TABOR RD PHILADELPHIA, PA 19120-2718**
**COMPLETE DEMO CITY**

**Contractual Services Unit (CSU)**

**Phone Number: 215-686-2588**

| Owner: | Licensed Contractor: | Area: | Estimated Cost: |
|---|---|---|---|
| ITUAH ABRAHAM 00508 W TABOR RD PHILADELPHIA,PA 19120-2718 | PEDRO PALMER CONSTRUCTION INC 2971 N EMERALD STREET PHILADELPHIA,PA 19134- (267)972-4210 x | 1200 S.F. | $52,222.00 |
| | | **Plan Examiner: PAUL POESSL** | |

## If no Licensed Contractor is named, the Owner assumes all responsibility for compliance with the Code.

Description of work authorized by this permit:

FOR THE COMPLETE DEMO OF A VACANT SFD AS PART OF THE CITY OF PHILADELPHIA DEPT. OF LICENSES & INSPECTIONS DEMOLITION PROGRAM. Additional Specs: 1 stucco c/w 510 W Tabor RD.

 

## INSPECTIONS

The owner or contractor is required to notify the District Office listed above prior to starting any work, and at least 24 hours in advance of the required inspections.  Failure to notify the District will result in the issuance of a $75 ticket by the Department.  Inspections will not be made unless the Department-Approved plans are on the job.

The Department is authorized by the Code to Charge a $100 reinspection fee if:
  1.The inspection reveals that the work is not constructed in accordance with the Code;
  2.The work is not ready for inspection; or
  3.Access to the work to be inspected is not provided.

## THIS PERMIT REQUIRES THE FOLLOWING INSPECTIONS:
## INITIAL/SITE - UNDER SLAB/FLOOR - PREFINAL/WALLBOARD - FRAMING/CLOSE-IN - FINAL

Separate permits are required for plumbing, electrical, fire suppression, and for the use of streets and sidewalks, including shelter platforms, scaffolding, dumpsters, closures, etc.

**Limitation:** For permits issued in connection with imminently dangerous structures or conditions, the permit shall become invalid if the work does not commence within 48 hours after issuance or does not progress continuously until the structure or condition is made safe, unless the permit is otherwise extended by the Department.

**PA ONE CALL SYSTEM** is required to be notified by PA Act 38 of 1991, three (3) working days prior to disturbing the earth with any type of powered equipment.  Also, this permit does not constitute approval from any State or Federal agency, if required.

Where a Certificate of Occupancy (C.O.) is required, such buildings and spaces shall not be occupied until Final Inspection is made and the Certificate is issued by the Department.

All provisions of the Code and other City Ordinances must be complied with, whether specified herein or not.

This Permit does not constitute Zoning Approval.

## WORK MUST BEGIN WITHIN 10 DAYS OF ISSUANCE OF THIS PERMIT
UNLESS ORDERED BY THE DEPARTMENT TO BEGIN SOONER, AND CONTINUE UNTIL THE STRUCTURE IS DEEMED SAFE BY THE DEPARTMENT.
Protection of the public way and adjacent structures are to be implemented IMMEDIATELY. Contact the Contractual Services Unit for inspection  or approval of any revisions to this schedule at 215-686-2588.

## POST A TRUE COPY OF THIS PERMIT IN A CONSPICUOUS LOCATION ON THE PREMISES
FAILURE TO POST THIS PERMIT WILL RESULT IN THE ISSUANCE BY THE DEPARTMENT OF A $75 TICKET

81-490A      FOR ALL NEW CONSTRUCTION, ADDITIONS, AND WHERE A CERTIFICATE OF OCCUPANCY IS REQUIRED, THE ASSOCIATED
ZONING / USE PERMIT SHALL BE  POSTED ALONGSIDE THIS BUILDING PERMIT.

G



**CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES AND
INSPECTIONS**

Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2480
CSU@phila.gov

### FINAL NOTICE OF VIOLATION AND ORDER
### IMMINENTLY DANGEROUS BUILDING

ITUAH ABRAHAM
508 W TABOR RD
PHILADELPHIA PA 19120-2718

PROPERTY IN VIOLATION: 508 W TABOR RD SIDE BEARING W

Case Number:668607
Date of Notice:12/27/18

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on 12/27/18 and has declared it **IMMINENTLY DANGEROUS**, in whole or in part, pursuant to Section PM15-110.1 of the Philadelphia Property Maintenance Code. The results are included in the violation section below.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the structure to remove the imminently dangerous condition. Failure to comply with this order forthwith shall result in the City taking action to demolish the structure and stucco remaining party walls exposed by the demolition as per Department policy. You, the owner, will be billed for all costs incurred by the City, including administrative fees.

This is your final notice, if you have any questions regarding this matter please contact: INSPECTOR CARROLL at JOSEPH.CARROLL@phila.gov or the district office noted above.

## VIOLATIONS:

STRUCTURES OR COMPONENTS THEREOF THAT HAVE REACHED THEIR LIMIT STATE PM-304.1(3)
LOCATION: Side Bearing Wall

You are hereby ordered to obtain the services of a Pennsylvania Licensed Professional Engineer to serve as the design professional in responsible charge pursuant to Administrative Code Section A-304, and maintain, at a minimum, the following responsibilities:
1) Immediately assess the structure to determine the extent of the structural defects and submit those findings along with a timeline of corrective actions to the Department.
2) Design and observe the immediate installation of temporary protections of the public way and adjacent properties.
3) Develop a remediation plan, detailing the extent of the required removal and replacement of structural components and temporary shoring required for the remediation. The remediation plan must contain adequate construction details to confirm code compliance as well as provide the responsible contractor with necessary direction in approaching and completing the necessary repairs.
4) Submit such remediation plan with details to the Department along with an application for a building

Case ID: 181203469
Control No.: 19010128



**FOREMOST**
INSURANCE COMPANY
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™**
**DECLARATIONS PAGE**

*Rebeta gut* F3

30121501058

616974888

700 9273901

POLICY NUMBER: 381-0091201668-02
RENEWAL OF: 381-0091201668-01
POLICY PERIOD BEGINNING 02/17/17    ENDING 02/17/18    12:01 A.M. STANDARD TIME

YOU AS NAMED INSURED AND YOUR ADDRESS:

ABRAHAM ITUAH
PO BOX 48024
PHILADELPHIA PA 19144-8024

YOUR POLICY IS SERVICED BY:

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

AGENCY CODE:
372430039

TELEPHONE:
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

| LOCATION # 1 |
| --- |

| IMPORTANT RATING INFORMATION |
| --- |

PREMISES
DESCRIPTION: 508 W TABOR RD
PHILADELPHIA PA 19120-2718

| CONSTRUCTION: | BRICK/MASONRY | | |
| --- | --- | --- | --- |
| FAMILIES: | 2 | TERRITORY: | B | |
| OCCUPANCY: | RENTAL | PROT. CLASS: | 1 | YR. BUILT: 1949 |
| HYDRANT: | WITHIN 1,000 FEET | RESP. FIRE DEPT.: | PHILA ENG 61 | FORM: DF1 |
| FIRE DEPT.: | WITHIN 5 MILES | COUNTY: | PHILADELPHIA | |

**SECTION I COVERAGES**

| | | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
| --- | --- | --- | --- | --- |
| A. | DWELLING | $ 100,000 | | |
| | SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF: $5,000 ALL PERILS | | $ | 715.00 |

**SECTION II COVERAGES**

| | | LIMIT OF LIABILITY | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
| --- | --- | --- | --- | --- |
| F. | PREMISES LIABILITY | $ 300,000 EA ACCIDENT | | |
| G. | MEDICAL PAYMENTS | $ 500 EA PERSON | $ | 165.00 |
| | | $ 10,000 EA ACCIDENT | | INCLUDED |

**FORMS/ENDORSEMENTS THAT APPLY TO LOCATION # 1**

| | | | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
| --- | --- | --- | --- | --- |
| 11001 | 03/06 | DWELLING FIRE ONE – LANDLORD | | |
| 11010 | 05/10 | REDUCTION IN COV WHEN VACANT/UNOCC. | | |
| 11110 | 11/13 | REQUIRED CHANGE – PENNSYLVANIA | | |


**FOREMOST®**
INSURANCE COMPANY
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST BASICS™**
**DECLARATIONS PAGE**

*Linda F2 Adjuste*
*(215) 901.8281*

*Claim# 301 2/50058*

AMENDED DECLARATION * EFFECTIVE 09/27/18
SUPERSEDES ANY PREVIOUS DECLARATION PAGE BEARING
THE SAME POLICY NUMBER FOR THIS POLICY PERIOD.
REASONS FOR CHANGE FOLLOW:
- CHANGE/CORRECTION OF THE INSURED'S MAILING ADDR

POLICY NUMBER: 381-0091201668-03
RENEWAL OF:
POLICY PERIOD BEGINNING 02/17/18    ENDING 02/17/19    12:01 A.M. STANDARD TIME

**YOU AS NAMED INSURED AND YOUR ADDRESS**

ABRAHAM ITUAH
PO BOX 7791
PHILADELPHIA PA 19101-7791

**YOUR POLICY IS SERVICED BY**

AMERICAN BEST INSURANCE AGENCY, LLC
1625 WASHINGTON AVE STE 202
PHILADELPHIA PA 19146-2045

AGENCY CODE:
372430039

TELEPHONE:
(215) 268-6495

**COVERAGES:** Coverage is provided only where an Amount of Insurance or a Limit of Liability is shown and a premium is stated for the Peril Insured Against. Detailed descriptions and any limitations will be found in your policy.

## LOCATION # 1

### IMPORTANT RATING INFORMATION

| | | | | |
|---|---|---|---|---|
| PREMISES DESCRIPTION: | 508 W TABOR RD PHILADELPHIA PA 19120-2718 | | | |
| CONSTRUCTION: | BRICK/MASONRY | | | |
| FAMILIES: | 2 | TERRITORY: | B | |
| OCCUPANCY: | RENTAL | PROT. CLASS: | 1 | YR. BUILT: 1949 |
| HYDRANT: | WITHIN 1,000 FEET | RESP. FIRE DEPT.: | PHILA ENG 61 | FORM: DF1 |
| FIRE DEPT.: | WITHIN 5 MILES | COUNTY: | PHILADELPHIA | |

### SECTION I COVERAGES

| | | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|---|
| A. | DWELLING | $ 100,000 | | $ 715.00 |

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:   $5,000 ALL PERILS

### SECTION II COVERAGES

| | | LIMIT OF LIABILITY | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|---|
| F. | PREMISES LIABILITY | $ 300,000 EA ACCIDENT | | $ 165.00 |
| G. | MEDICAL PAYMENTS | $ 500 EA PERSON | | INCLUDED |
| | | $ 10,000 EA ACCIDENT | | |

Policy Number: 381 -0091201668 -03

INSURED COPY





# EARTHA

January 1, 2019

Abraham Ituah
508 W Tabor Rd
Philadelphia, PA 19120

(CONT'D   **Proposal for the Removal & Rebuilding of the
Eastside Bearing Wall at 508 W Tabor Road
Phila., PA 19120**

## COST BREAKDOWN

1. Additional inspections, engineers report and design and application for building permit.
2. Shoring exterior and interior.                                          5,200.00
3. Demolition of masonry wall, 1st thru 3rd floors.         9,500.00
4. Reconstruction of 8" CMU wall with stucco.             11,000.00

                                                                                     27,000.00

We declare that we will supply all labor and material, scaffoldings, necessary tools and apparatus for the undertaking of the above-mentioned project.

Eartha Construction Company, LLC appreciates the opportunity given to bid on this project.

Please call if you have any questions.

Yours truly,

*B.D.*

Barry Davidson
Construction Manager



## *AR* Engineers
191 Presidential Blvd., #616, Bala Cynwyd, PA 19004
Telephone No.: 610-368-8234 / Email: arengineers@hotmail.com

January 10, 2019

Mr. Abraham Atiuah
508 W. Tabor Road
Philadelphia, PA 19148
Telephone No.: 267-481-5511
Email: aituah@aol.com

Subject: Inspection 508 W. Tabor Road, Philadelphia, PA 19120

Dear Mr. Atiuah:

Alex Rong and Victor Rong of *AR* Engineers inspected the property at 508 W. Tabor Road, Philadelphia, PA 19120 on January 7, 2019. The building structure consisted of masonry bearing walls and wood floor framing.

The scope of our work was limited to inspecting the readily visible and accessible areas of the east wall and determining its structural condition. The scope of work did not cover inspection of any other structural or non-structural elements such as roofing, electrical elements, etc.

During the time of inspection, we noted serious bulging and deterioration of the east wall (see Photos No. 4-6) and the tilted chimney (see Photo No. 7). Based on the field inspection and engineering judgment, it is concluded that the rear 28-feet section of the east wall is in imminent danger of collapse and it should be removed and replaced immediately. The tilted chimney should be repaired. Temporary shoring made of 2x6 wood studs at the spacing of 16-inch shall be installed approximately 2.5-feet from the east wall to support the floor framing of the 1st floor framing, 2nd floor framing, and roof framing, prior to demolishing and rebuilding the east wall. The temporary shoring shall be installed at the basement, 1st floor and 2nd floor.

The findings and conclusions of this report with respect to the inspection of the east wall of the property on are based on normal visual observations of the readily visible and accessible areas. ᵒ conclusions, expressed or implied, shall represent that *AR* Engineers has made an evaluation ʰe material, fabrication, or erection deficiencies beyond that which would be detectable by a ᵃl visual inspection. Please feel free to contact me if you have any questions. Thank you.



gineers

1



Photo No. 5. East Side Wall of 508 W. Tabor Road, Philadelphia



Photo No. 1. Aerial View of 508 W. Tabor Road, Philadelphia



Map No. 1. Location of 508 W. Tabor Road, Philadelphia



Photo No. 7. Tilted Chimney of 508 W. Tabor Road (on east side wall)



Photo No. 6. East Side Wall of 508 W. Tabor Road, Philadelphia



Photo No. 4. East Side Wall of 508 W. Tabor Road, Philadelphia



Photo No. 2. Front View of 508 W. Tabor Road, Philadelphia



Photo No. 3. Rear View of 508 W. Tabor Road, Philadelphia

# EXHIBIT C

# Select Business Entity

Search Results for term *cool space llc* type: *Starting with*

Show
entries

Filter Records ʏ

| Business Entity Name | Name Type | Address | Entity Number | Entity Type | Status | Citizenship |
|---|---|---|---|---|---|---|
| COOL SPACE LOCATOR | Current Name | 50 S 14TH ST PITTSBURGH ALLEGHENY PA 15203-0 | 3054320 | Fictitious Names | Active | Domestic |
| COOL SPACES, LLC | Current Name | 105 Academy Lane BROOMALL PA 19008 | 6304812 | Limited Liability Company | Active | Domestic |

Showing 1 to 2 of 2 entries
Previous1Next
Please click on an entity name or number for viewing details

# Order Business Documents

# Order Business Documents

**Date:** 01/19/2016

## Business Name History

| Name | Name Type |
|---|---|
| COOL SPACES, LLC | Current Name |

### Business Entity Details
### Officers

| Name | |
|---|---|
| | COOL SPACES, LLC |

| | |
|---|---|
| **Entity Type** | Limited Liability Company |
| **Status** | Active |
| **Citizenship** | Domestic |
| **Entity Creation Date** | 10/01/2015 |
| **Effective Date** | 10/01/2015 |
| **State Of Inc** | PA |
| **Address** | 105 Academy Lane<br>BROOMALL<br>PA<br>19008 |

| Address: | MARPLE EXECUTIVE CENTER 2725 WEST CHESTER PIKE BROOMALL PA 19008 (610)355-1000 | Aliases: | none | |
|---|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 22-APR-2015 05:15 PM | ACTIVE CASE | | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | E-Filing Number: 1504046124 | | | |
| 22-APR-2015 05:15 PM | COMMENCEMENT OF CIVIL ACTION | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | none. | | | |
| 22-APR-2015 05:15 PM | AMENDED TAX CLAIM FILED | ZWOLAK, JAMES J | $5,468.01 | 23-APR-2015 10:37 AM |
| **Documents:** | Click link(s) to preview/purchase the documents 3843 Fairmount Avenue.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AMENDED CLAIM FILED. FOR RULE INFORMATION, SEE RECORD. | | | |
| 22-APR-2015 05:15 PM | CITY CHARGE | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | none. | | | |



Book No. 1509
Writ No. 115
Control No. _____

# Deed = Poll

JEWELL WILLIAMS          SHERIFF

TO

Cool Spaces, LLC

City of Philadelphia

vs.                                    Apr. T. 2015

Abraham Irиah                          No. T0504

PREMISES: 3843 Fairmount Avenue
Philadelphia, PA

The Address of the within-named
Grantee is _____
    105 Academy Lane
    Broomall, PA 19008
On behalf of the Grantee

James Zwolack, Esq.
1401 John F. Kennedy Boulevard
Suite 518
Philadelphia, PA 19103

Commonwealth of Pennsylvania :
County of Philadelphia         :
                               :

On this, the Nov 5, 2015 _____, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS UNDERSHERIFF, Joseph G. Piginelle, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Steven L. Phillo
Office of Judicial Records
Steven L. Phillo
Deputy Director

*The same having been sold, on the 16th day of September Anno Domini Two Thousand and Fifteen after due advertisement, according to the law, under and by virtue of a writ of Execution Issued/Decree entered on the 7th day of August Two Thousand and Fifteen out of the Court of Common Pleas as of April Term, Two Thousand Fifteen Number T0504 at the suit of*

City of Philadelphia

Vs.

Abraham Ituah

In witness whereof, I have hereunto affixed my signature, this 21st day of October Anno Domini Two Thousand and Fifteen

SEALED AND DELIVERED
IN THE PRESENCE OF

_Marilyn R Franks_
Marilyn R Franks

_Joseph C. Vignola_
Joseph C. Vignola

_Richard Tyer_
Richard Tyer

Jewell Williams, SHERIFF

2

Commissioner of Records   Doc Code: DS
State RTT: $934.25     Local RTT: $2,802.75

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in consideration of the sum of Thirty-four Thousand Five Hundred ($34,500.00), to me in hand paid, do hereby grant and convey to Cool Spaces, LLC*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the North side of Fairmount Avenue at the distance of 226 feet Eastward from the East side of 39th Street in the 24th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Fairmount Avenue 16 feet and extending in length or depth Northward of that width 90 feet to a certain 4 feet wide alley leading into another 4 feet wide alley leading into Olive Street.

BEING TAX ID NO.: 57-N-12-189-3843 - Fairmount Ave.

BEING THE SAME PREMISES VESTED IN Abraham Iluah, by Deed from Wells Fargo Bank Minnesota, N.A., sbm to Norwest Bank Minnesota, N.A., as Trustee, of Salomon Brothers Mortgage Securities, VII, Inc., Floating Rate Mortgage Pass-and Through Certificates, Series 1999-AQ1 Under The Pooling and Servicing Agreement Dated as of March 1, 1999 by Amc Mortgage Services its Attorney in Fact, dated 07/11/2005, recorded 11/18/2005 in Document ID 51316961.

FRONTAGE: 16' x 90'

BEING NO.: 3843 Fairmount Avenue

1


EXHIBIT
"B"

BOOK NO. PAGE NO.

# PHILADELPHIA REAL ESTATE

# TRANSFER TAX CERTIFICATION

CASE RECORDED

CITY RECORD

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed; (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

A. CORRESPONDENT - All inquiries may be directed to the following person:

NAME

CITY LINE ABSTRACT CO.

TELEPHONE NUMBER

15 ST. ASAPH'S ROAD, BALA CYNWYD, PA 19004

**B. TRANSFER DATA**

DATE OF ACCEPTANCE OF DOCUMENT

GRANTOR(S)/LESSOR(S)

Sheriff of PHILADELPHIA County

STREET ADDRESS

100 SOUTH BROAD STREET

CITY, STATE, ZIP CODE

PHILADELPHIA, PA 19110

GRANTEE(S)/LESSEE(S)

Cool Spaces, LLC

STREET ADDRESS

105 Academy Lane

CITY, STATE, ZIP CODE

Bromall, PA 19008

**C. PROPERTY LOCATION**

STREET ADDRESS

3843 Fairmount Avenue

CITY, TOWNSHIP, BOROUGH

**D. VALUATION DATA**

COUNTY

SCHOOL DISTRICT

TAX PARCEL NUMBER

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $34,500.00 | | = $34,500.00 |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| $92,500.00 | 1.01 | = $93,425.00 |

**E. EXEMPTION DATA**

1a. AMOUNT OF EXEMPTION

1b. PERCENTAGE OF INTEREST CONVEYED

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____ (NAME OF DECEDENT) _____ (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ ____

☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____, Page Number ____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed.)

☐ Corrective deed (Attach copy of the prior deed.)

☐ Other (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete:

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY

Nissale Lynch

DATE

6797313407-500    53289145-1000
6797313406-500    6797313405-500    6328943-1000

# RECEIPT
### SHERIFF SALE OF REAL ESTATE

**JEWELL WILLIAMS,** *SHERIFF*
PHILADELPHIA COUNTY
100 SOUTH BROAD STREET • PHILADELPHIA, PA 19110

| | | |
|---|---|---|
| DATE 9-16-15 | BOOK NO. 1509 | WRIT NO. 115 | RECEIPT NO. JW 000038550 |

AMOUNT BID
$ 34,500-

DEPOSIT PAID
$ 3,500

☑ CHECK
☐ CASH
☐ JUDICIAL SALES UNIT

PURCHASER'S NAME (PLEASE PRINT)

Dimitrios Dimopoulos   267-258-7140

PURCHASER'S ADDRESS (NO., STREET)

105 Academy Ln          PAID SEP 16 2015

CITY, STATE, ZIP CODE

Broomall, PA 19008

RECEIVED BY (DEPUTY)   MW

12-103 (Rev. 1/14)

3843 Fairmount          CUSTOMER

EXHIBIT
"A"



CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE
TAX REVENUE BUREAU

## CERTIFICATE OF COMPLIANCE

TO THE OFFICE OF THE SHERIFF OF PHILADELPHIA:

The subject taxpayer/purchaser is in compliance with the Sheriff's Conditions of Tax Sale for the purpose of settling the following bid(s):

NAME OF PURCHASER: _Dimitrias Dimopoulos_

SALE DATE: _9/16/15_

ADDRESS OF PROPERTY: _3843 Fairmount Ave_

WRIT NUMBER: _1509-115_

SIGNATURE: _____

DATE: _10/6/15_

TSI
OCT 6 2015
#11

B.B.
10.7.15

PHILA. SHERIFF'S OFFICE REAL ESTATE
2015 OCT -7 NO: 31



# CERTIFICATE OF COMPLIANCE

TO THE OFFICE OF THE SHERIFF OF PHILADELPHIA:

The subject taxpayer/purchaser is in compliance with the Sheriff's Conditions of Tax Sale for the purpose of settling the following bid(s):

NAME OF PURCHASER: _Cool Space LLC_

SALE DATE: _9/16/15_

ADDRESS OF PROPERTY: _3843 Fairmount Ave_

WRIT NUMBER: _1509-115_

SIGNATURE: _____

DATE: _10/6/15_

TSI
OCT 6 2015
#11

B.B.
10.7.15



# OFFICE OF THE SHERIFF
## City and County Philadelphia
The land title building
100 S. Broad Street 5th Floor
Philadelphia, Pa 19110
Phone (215)-686-3534 Fax (215) 686-3971

## *SHERIFF JEWELL WILLIAMS*

## Sheriff's Office Real Estate Division
### *Assignment of Bid*

BOOK: 1509     WRIT: 115     RECEIPT NUMBER JW00003 8550

SHERIFF SALE PROPERTY: 3843 Fairmount Ave

I Dimitrios Dimopoulos Successful Bidder from the Sheriff Sale conducted

on 9/16/15 relinquish all interest and Claims to Book/Writ and Property

address sold at Sheriff Sale and assigns all claims and interest to the assignee below.

Assigned to:

Name / Business COOL SPACES, LLC
Address: 105 Academy Lane     City: Broomall     State: PA
Phone: 267 258 7140     10 6 15

Sworn to and subscribed
before me this 6 day
of October, 2015

_____     _____
Signature of successful Bidder          Notary Public

SHERIFF RECEIVED

DATE: 10.7.15

My Commissions Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN D. LIBERT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 7, 2018

Sheriff's Clerk: Rahiyah Beasley     Witness:

Phone (215) 686-3534     100 S. Broad Street 5th Fl Philadelphia Pa 19110     Fax (215) 686-3971

REV.1100 EX (1-66)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
POST OFFICE BOX 8910
HARRISBURG, PA 17105-8910

REALTY TRANSFER TAX
STATEMENT OF VALUE

STATEMENT OF VALUE

RECORDER'S USE ONLY

| | |
|---|---|
| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

See Reverse for Instructions.

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on: (1) family relationship or (2) public utility easement. If more space is needed, attach additional sheets.

**A   CORRESPONDENT – All inquiries may be directed to the following person:**

Name: CITY LINE ABSTRACT CO.
Grantee(s)/Lessee(s)
15 ST. ASAPH'S ROAD, BALA CYNWYD, PA 19004

**B   TRANSFER DATA**

Grantor(s)/Lessor(s)

Date of Acceptance of Document

Sheriff of PHILADELPHIA County

Grantee(s)/Lessee(s)
Cael Spaces, LLC

Street Address
100 SOUTH BROAD STREET

Street Address
105 Academy Lane

City                    State            Zip Code
PHILADELPHIA, PA 19110

City
Bradnall, PA 19008

State            Zip Code

**C   PROPERTY LOCATION**

Street Address
3843 Fairmount Avenue

City, Township, Borough

County

School District

Tax Parcel Number

**D   VALUATION DATA**

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $34,500.00 | + $ | = $34,500.00 |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
| $92,500.00 | X    1.01 | = $93,425.00 |

**E   EXEMPTION DATA**

1a. Amount of Exemption Claimed

1b. Percentage of Interest Conveyed

2.  Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____ _____
                                    (Name of Decedent)        (Estate File Number)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____ Page Number _____

☐ Corrective deed (Attach copy of the prior deed).

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

Signature of Correspondent or Responsible Party

*Miccale Lynch*                                                Date