**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3140
_____

ABRAHAM ITUAH,
                      Appellant

v.

CITY OF PHILADELPHIA; JAMES J. ZWOLAK; BRENDAN J. PHILBIN;
JOSEPH CARROL; ZACHARY G. STRASSBURGER; CARMEN SANCHEZ,
Tax Analyst ll; ROSLYN SPELLE, Rev. Collection Supervisor;
PHILADELPHIA POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-05088)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 29, 2024
Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: June 26, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Abraham Ituah, proceeding pro se, appeals the District Court's order granting defendants' motion for summary judgment. For the following reasons, we will affirm.

In January 2019, the City of Philadelphia deemed Ituah's property at 508 W. Tabor Street (the "Tabor Property") "imminently dangerous" to its occupants and the public. See City of Phila. v. Ituah, No. 181203469 (Pa. Ct. Com. Pls. Jan. 3, 2019). The home was subsequently demolished.[1] Later that year, Ituah filed a complaint pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, several City employees, and the Philadelphia Police Department, alleging various constitutional violations arising from the demolition, the City's sale of another one of his properties, and his 2018 bankruptcy filing. He brought First, Fourth, and Fifth Amendment claims, an equal protection claim, and a claim related to City tax assessments. The District Court granted the City's motion to dismiss Ituah's amended complaint.

On appeal, we affirmed in part, vacated in part, and remanded for further proceedings on Ituah's Fifth Amendment Takings Clause claim and one of his First Amendment retaliation claims. See Ituah v. City of Phila., C.A. No. 21-1213, 2022 WL

---

[1] Ituah appealed the Philadelphia County Court of Common Pleas' order authorizing demolition of the property, but he did not file a request for a stay of the demolition pending appeal. See Ituah, No. 181203469 (Pa. Ct. Com. Pls. Jan. 3, 2019). That appeal was quashed because Ituah failed to follow the relevant court rules. See City of Phila. v. Ituah, No. 47 CD 2019 (Pa. Commw. Ct. May 10, 2019). The Pennsylvania Supreme Court denied review. See City of Phila. v. Ituah, No. 78 EM 2019 (Pa. Oct. 1, 2019).

4464380 (3d Cir. Sept. 26, 2022). On remand, defendants filed a motion for summary judgment. The District Court granted the motion, and Ituah filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We will affirm the District Court's grant of summary judgment to the defendants on Ituah's claim that the demolition of the Tabor Property violated his constitutional rights.[2] The Takings Clause, which applies to state and local governments through the Fourteenth Amendment, authorizes the taking of private property for public use if just compensation is paid to the owner. See Cedar Point Nursery v. Hassid, 594 U.S. 139, 147 (2021). But the demolition of the Tabor Property did not constitute a taking. As the District Court explained, the City's action to abate a danger posed by a deteriorating structure—in an exercise of traditional police power—did not entitle Ituah to

---

[2] On appeal, Ituah argues that the Tabor Property was wrongly demolished, but our review does not encompass the merits of the Philadelphia County Court of Common Pleas order authorizing the demolition.

3

compensation. See Nat'l Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 63 (3d Cir. 2013) (recognizing that the government must pay just compensation for takings "except to the extent that background principles of nuisance and property law independently restrict the owner's intended use of the property" (citation and internal quotations omitted)); see also Willow Way, LLC v. Village of Lyons, 83 F.4th 655, 656 (7th Cir. 2023) ("[D]emolition of a dilapidated structure that constitutes a public nuisance...does not require compensation." (citing Cedar Point Nursery, 594 U.S. at 160)).

Ituah generally contends on appeal that the District Court erred in granting City attorney Pamela Thurmond summary judgment on his claim that she retaliated against him. We disagree. To prevail on a First Amendment retaliation claim, Ituah had to show that: (1) he engaged in constitutionally protected conduct; (2) there was retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal link between the protected conduct and the retaliatory action. See Conard v. Pa. State Police, 902 F.3d 178, 183 (3d Cir. 2018).

Ituah engaged in constitutionally protected conduct when he filed for bankruptcy in New York in 2018, an action that required Thurmond to participate on behalf of the City, one of Ituah's creditors. See Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 862 (4th Cir. 2001). As the District Court concluded, however, Ituah presented no evidence that Thurmond was personally involved in encouraging the City to demolish the Tabor Property, valuing another of his properties, or calculating his refund from the City's sale

4

of another property.³  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs[.]").  Although Thurmond was personally involved in Ituah's 2020 bankruptcy proceeding, wherein she filed run-of-the-mill claims and objections on behalf of the City, all of those actions took place almost two years after Ituah's 2018 filing.  Ituah thus failed to provide evidence of an "unusually suggestive temporal proximity" establishing a retaliatory motive, and he presented no other evidence suggesting a causal link between his protected conduct and Thurmond's actions.⁴  Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

Accordingly, we will affirm the judgment of the District Court.

---

³ Ituah argues that the District Court failed to consider whether Thurmond engaged in retaliatory conduct when she allegedly conspired with Ituah's bankruptcy attorney to increase Ituah's financial obligation to that attorney.  Ituah did not raise that allegation in his amended complaint and only briefly asserted it in his response to defendants' summary judgment motion, so he has forfeited it.  See United States v. Dowdell, 70 F.4th 134, 146 (3d Cir. 2023).

⁴ Ituah also asserts on appeal that the District Court's adverse ruling was the result of judicial bias.  We note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555-56 (1994), and nothing here indicates an exception to that proposition.  To the extent Ituah argues that the District Court abused its discretion in denying his request for the appointment of counsel, it is unclear to what request Ituah is referring.  Ituah did not file a motion for appointment of counsel and referred only to the District Court's ability to appoint counsel in a document he filed titled "Demand for a Jury Trial."  Dkt. No. 40.  We discern no error in the District Court's failure to recognize Ituah's desire for the appointment of counsel given his singular vague reference to it.